# UNITED STATES BANKRUPTCY COURT
## District of Colorado

FILED
CLERK OF COURT
MAY 10
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No. |
| | 17-17630-MER |
| Debtor. | |
| | Chapter |
| Address:    2792 Greatwood Way | 7 |
| Highlands Ranch, CO 80126 | |
| | |
| SSN:    XXX-XX-4130 | |
| | |
| NOEL WEST LANE III | |
| Plaintiff | Adv. Proc. No. |
| | 21- 001100- MER |
| MATTHEW CURTIS WITT, DEFENDANT, | |
| AND | |
| MATTHEW CURTIS WITT, PRESIDENT AND SR. | |
| LOAN OFFICER, SILVER LEAF MORTGAGE, INC. | |
| SILVER LEAF MORTGAGE, INC. | |
| NICOLE WITT | |
| NICOLE WITT, OWNER SILVER LEAF | |
| MORTGAGE, INC. | |
| ALL AMERICAN RECORDS MANAGEMENT | |
| DELTA SOLUTIONS | |
| DAVID KAHN | |
| DAVID KAHN, OWNER DELTA SOLUTIONS | |
| TORREY LIVENICK | |
| TORREY LIVENICK, ESQ. | |
| LIVENICK LAW | |
| MILLER & LAW P.C. | |
| DAVID B. LAW | |
| DAVID B. LAW, MILLER & LAW P.C. | |
| DAVID OPPENHEIMER | |
| DAVID OPPENHEIMER, MILLER & LAW P.C. | |
| DAVID OPPENHEIMER, DAVID S. OPPENHEIMER | |
| LAW | |
| GLENN MERRICK | |
| GLENN MERRICK & ASSOCIATES | |
| GLENN MERRICK, MERRICK, SHANER, | |
| BERNSTEIN, LLC | |
| FIVE (5) DOES | |

1 0 MAY 21   8:04AM

Defendants

---

## NOTICE OF MOTION AND MOTION TO CORRECT TYPOGRAHICAL ERRORS IN COMPLAINT ENTERED MAY 5, 2021 AND SUBMIT CORRECTED COMPLAINT HEREIN

---

Plaintiff Noel West Lane III by his own Notice of Motion and Motion to Correct Typographical Errors in Complaint Entered May 5, 2021 and Submit Corrected Complaint Herein, all parties having been served, submits his Complaint with Typographical Errors Corrected and states as follows:

**NOTE: Typographical corrections were made in Paragraphs 32, 58, 76, and 77. No other change was made to the Complaint.**

### CORRECTED COMPLAINT

### <u>JURISDICTION</u>

1.   This Court has subject matter jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e).

2.   This Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(b)(2)(I).

3.   Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4.   This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

5.   The Plaintiff does consent to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third party claim.

### <u>PARTIES</u>

6.   The Plaintiff is Noel West Lane III, an individual.

7.   Defendant Debtor Matthew C. Witt ("Witt") is an individual whose residence address is 2792 Greatwood Way, Highlands Ranch, Colorado 80126.

8.   Defendant Silver Leaf Mortgage, Inc. is a Colorado corporation ("SLM") whose address is 6972 S. Vine St #366, Centennial, CO 80122.

9.   Defendant Matthew Curtis Witt, is President and Sr. Loan Officer, of SLM.

10. Defendant Nicole Witt ("NWit") is an individual whose residence is 2792 Greatwood Way,

2

Highlands Ranch, Colorado 80126.

11. Defendant SLM is owned by NWitt.

12. Defendant All American Records Management, Inc., is a Colorado corporation ("AARM") whose address is 15580 E. Hinsdale Circle, Centennial, Colorado 80112.

13. Defendant David Kahn ( "Kahn") is an individual whose address is 1114 Neon Forest Circle, Longmont, Colorado 80504.

14. Defendant David Kanh DBA Delta Solutions.com, whose address is 1114 Neon Forrest Circle, Longmont, Colorado 80504.

15. Defendant Torrey Livenick is an individual whose address is 730 17th St Ste 900, Denver, CO 80202.

16. Defendant Torrey Livenick, Esq. whose address is 730 17th St Ste 900, Denver, CO 80202.

17. Defendant Livenick Law whose address is 730 17th St Ste 900, Denver, CO 80202.

18. Defendant Miller & Law P. C. a professional corporation whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

19. Defendant David B. Law, Miller & Law P.C. whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

20. Defendant David B. Law an individual whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

21. Defendant David Oppenheimer an individual whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

22. Defendant David Oppenheimer, Miller & Law P.C. whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

23. Defendant David Oppenheimer, David S. Oppenheimer Law whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

24. Defendant Glenn w. Merrick an individual whose address is 5360 Preserve Parkway, South, Greenwood Village, Colorado 80121.

25. Defendant Glenn Merrick & Associates whose address is 6300 S. Syracuse Way, Suite 220 Greenwood Village, CO 80111.

26. Defendant Glenn W. Merrick, Merrick, Shaner, and Bernstein LLC a limited liability Company whose address is 4600 S. Syracuse Street, 9th Floor Denver, CO 80237.

27. Defendant Five (5) Does

## GENERAL ALLEGATIONS

### CCI Bankruptcy and Adversary Proceeding 17-1548-MER

28. On August 17, 2017 (the "Petition Date"), Witt filed for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

29. Tom H. Connolly is the duly appointed Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate.

30. Lane is a party in interest of the Debtor in 17-cv-31212 and 19-cv-30951. 19-cv-30951 is the subject matter of 2020CA1068 on appeal. 19-cv-30951 has at issue among other things, the custody and preservation of 44 Boxes of evidence ("Evidence") containing Witt's abandoned personal and business records. 17-1548-MER has at issue among other things, the custody and preservation of the evidence of Evidence of Witt's abandoned personal and business records at issue in 19-cv-30951, 17-1548-MER, and 2020CA1068.

31. The Evidence is under multiple custody and preservation Orders among other Orders issued ("Orders") by this Court, Colorado District Court Jefferson County {"Jeffco"), and Colorado Court of Appeals ("CoA").

32. On April 13, 2021, Witt confessed in writing to violating Orders. Witt confessed to the willful destruction of the Evidence on or about October 13, 2020, and Witt confessed in writing to the willful violation of Lane's procedural due process rights as enumerated under the 14th Amendment and its equal protection and due process clauses and their reciprocals in Colorado Law and Statute on or about April 13, 2021, when Witt confessed in writing to spoliation of the Evidence and the destruction of Evidence at least 2 months following Notice on Appeal being entered in 2020CA1068.

33. Lane's Motion for Hearing in 17-1548-MER was entered on April 26, 2021 (Doc# 156).

34. Final Order in 17-1548-MER was entered on April 30, 2021 (Doc# 158).

### CCI Bankruptcy Case

35. On or around March 28, 2005, Articles of Incorporation for Commercial Capital Inc. ("CCI") were filed with the Secretary of State.

36. The registered agent of CCI was Witt.

37. Witt was the 100% shareholder, president, and CEO of CCI.

38. CCI filed a Chapter 11 bankruptcy case on or around April 22, 2009, Case Number

09-17238-MER, United States Bankruptcy Court District of Colorado.

39. James T. Markus, was elected chapter 11 trustee for CCI and his notice of appointment was filed on December 22, 2010.

40. Witt was an insider of CCI as defined by the Bankruptcy Code.

41. Witt was an affiliate of CCI as defined by the federal and state securities laws.

42. Lane's Complaint against Witt alleges Witt willfully caused spoliation of Evidence and willfully destroyed Evidence in violation of Orders and in violation of Lane's civil rights.

43. Lane's Complaint alleges Witt's lawyers as Witt's representatives ("Defendants") knowingly and willfully committed malpractice among other things when Defendants licensed to practice in Colorado, violated Colorado Rules of Professional Conduct, and represented Witt in matters adverse to Lane.

44. Lane's Complaint alleges Witt's lawyers, the Defendants, assisted Witt in the spoliation and destruction of the Evidence.

45. Lane's Complaint alleges Kahn and Delta Solutions.com, also Defendants, knowingly and willfully assisted Witt in the spoliation and destruction of the Evidence.

46. Lane's Complaint alleges Livenick and Livenick Law, lawyers and also Defendants willfully assisted Witt in the spoliation and destruction of the Evidence.

47. Lane's Complaint alleges Livenick and Livenick Law as Kahn's representatives committed malpractice among other things when Defendants licensed to practice in Colorado, violated Colorado Rules of Professional Conduct, and assisted Witt in the spoliation and destruction of Evidence.

48. Lane's Complaint alleges NWitt and SLM also Defendants, willfully assisted Witt in the spoliation and destruction of Evidence.

49. Lane's Complaint alleges AARM knew and should have known as their business is records management, that the Evidence was under Orders from multiple Courts of Jurisdiction, and therefore AARM willfully assisted Witt in the spoliation and destruction of the Evidence.

50. Lane's Complaint alleges Five (5) Does assisted Witt in the spoliation and destruction of the Evidence.

51. Witt's bankruptcy is discharged.

52. Witt was granted In Pro se status in 2020CA1068 on April 12, 2021.

53. Lane's Complaint alleges that Witt in his capacity as In Pro se, confessed to the willful

spoliation and destruction of the Evidence in violation of Orders among other things.

54.  Lane's Complaint alleges that Witt in his capacity as In Pro se in 2020CA1068 confessed to his willful spoliation and destruction of the Evidence for the expressed purpose of willfully violating Lane's Constitutional Rights and willful violation of Colorado Law and Statute at least six (6) months before Witt in his capacity as in Pro se in the matter of 2020CA1068 was ordered by the Colorado Appeals Court to file a Reply Brief on May 10, 2021 regarding the custody and preservation of the Evidence among other things at issue in 2020CA1068.

55.  Lane alleges that Witt's current and past representatives and Defendants including Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does violated Colorado State Law and Statute and Lane's Procedural Due Process rights guaranteed under the 14th Amendment's equal protection and due process clause and it reciprocals in Colorado Law and Statute, when they entered into attorney client relationships with Witt, and/or NWitt, and/or SLM, which by C.R.P.C. Rules, such attorney client relationships are adverse to Lane in the minimum.

56.  Lane alleges that Miller & Law after billing Lane for hundreds of thousands of dollars in legal and professional fees in matters of Witt's alleged mortgage fraud on Lane on or about May 18, 2008, recommended that Lane cease his adversary proceeding, 09-1530-MER and file for business bankruptcy, and subsequently due to Defendants' error, Lane was forced into personal bankruptcy in 13-10453-HRT without recourse due to Miller & Law legal directions to Lane.  Lane further alleges that subsequent to Lane's discharge of bankruptcy and loss of adversary and other legal rights given up in bankruptcy at Miller & Laws' recommendation, Defendants entered into professional relationships with Witt and/or Witt's wife, NWitt, and/or SLM in matters adverse to Lane's prior legal representation by Defendants including but not limited to assisting Witt in his successful effort to cause spoliation and destroy the Evidence of Witt's mortgage fraud on Lane.

57.  Lane alleges Defendants had intimate knowledge of Witt's alleged mortgage fraud on Lane vis-à-vis Defendants' prior representation of Lane and that Defendants intimate knowledge of Lane through prior representation was adverse to Lane and violated C.R.P.C.

58.  Lane alleges that no greater representation of legal malpractice by Defendants can be presented to the Court for ruling than the very fact that Lane's argument in adversary proceeding 09-1530-MER, Witt's mortgage fraud on Lane contained in the CCI loan requirements was 1) not fully prosecuted by Defendants to Lane's detriment, 2) Defendants after failing fully to prosecute Witt's mortgage fraud on Lane, advised Lane to file bankruptcy, then 3) Defendants entered into legal relationships with Witt's wife, Witt, and SLM and directly and indirectly assisted Witt in the spoliation of the Evidence and Witt's mortgage fraud on Lane.

59.  Lane alleges that Witt's current and past lawyers, Defendants including Does, represented Lane in prior legal matters of Witt, CCI, Denver Haslam, 5301 S. University, Greenwood Village, Colorado ("Arson Home"), and Witt's alleged mortgage fraud on Lane as confirmed in the Evidence, and Witt's bankruptcy of CCI, 09-17238-MER, include:

a. Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does began representing Lane in matters of Witt, CCI, Denver Haslam ("Haslam"), 5301 S. University, Greenwood Village, commencing at least in 2009.

b. Further, Lane alleges Defendants knew or should have known that 1) Witt intended to cause spoliation of the Evidence in matters of 17-1548-MER among other things, arising from a) Witt's bankruptcy of CCI of which he was President and sole shareholder, in 09-17238-MER, 09-17437-MER, b) matters of the Arson Home confirmed in the Evidence, of Witt's mortgage fraud on Lane in 1:09-cv-00724-WDH-MEH and Lane's adversary proceeding in 09-1530-MER, and c) Defendants knew or should have known that they were in material violation of Rule 1.7 and Rule 1.9 and that their representation of Witt in 17-1548-MER among others, was directly adverse to Lane.

c. Lane maintains that he did not provide informed consent to Miller & Law P.C., David B. Law, David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does for Defendants to enter into legal relationships with Witt, NWitt, and/or SLM.

60. Lane alleges 1) In Pro se Witt confessed to the destruction of the 44 Boxes of evidence which Evidence is under court order(s) to be maintained in third party custody and to be protected and preserved from spoliation, and 2) Witt's Defendants' committed malpractice and violation of C.R.P.C. as Amended through Rule Change 2021(3) effective March 29, 2021. Lane alleges Defendants, violated:

a. Rule 1.2. Scope of Representation and Allocation of Authority between Client and Lawyer, (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent. Lane alleges that Defendants, in addition to being guilty of alleged malpractice for violating Rule 1.9, Duties to Former Clients, knew or should have known of Witt's intention to destroy the Evidence, a criminal act.

b. Rule 1.7. Conflict of Interest: Current Clients (b), shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be adverse to another client. Lane alleges the representation of Witt, NWitt, and SLM is adverse to Lane.

c. Rule 1.9. Duties to Former Clients a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person unless the former client gives informed consent in writing. Lane maintains Lane gave no informed consent in writing to Defendants.

d. Rule 3.3. Candor Toward the Tribunal (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer (in this case, In Pro se Witt's destruction of the Evidence 6 months prior to 4/13/21); (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel, in this matter at issue, In Pro se Witt and Defendants. Lane alleges Defendants are aware of In Pro se Witt in the instant case bound by C.R.P.C., failing to disclose to the tribunal legal authority in the controlling jurisdiction(s) known to the lawyer to be adverse to the position of the former client, Lane.

e. Rule 4.1. Truthfulness in Statements to Others In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6. Lane alleges Defendants knew or should have known at minimum six (6) months before the CoA issued its 4/12/21 Order initiating Lane's filing of this Complaint, that their client would, and did destroy the Evidence supporting Lane's assertion that Witt committed mortgage fraud on Lane on or about May 18, 2008, a criminal act. Lane alleges that Defendants, due to their willful violation of C.R.P.C. as enumerated above, knowingly and willfully accepted the consequences of their engagement as Witt's attorneys in the matters at hand, when they accepted payment from Witt, and/or NWitt, and/or SLM for services rendered to Witt in his capacity as President and Sr. Loan Officer of SLM, in violation of C.R.P.C., and assisted Witt directly and/or indirectly for at least 45 days in Witt's concealment of Witt's spoliation and destruction of the Evidence, and in concealing Witt's spoliation and destruction of the Evidence, allegedly concealed Witt's violation of Lane's right to Procedural Due Process as guaranteed by the equal protection and due process clause of the 14th Amendment and its reciprocal in State Law and Statute.

61. Lane alleges that AARM is in the business of records storage for the purpose of among other things, satisfying protective orders against spoliation and maintaining third party custody. Lane alleges AARM knew or should have known that the Evidence was the subject matter of multiple jurisdictions' orders to maintain "the third party" custodian of the Evidence and to protect the Evidence from spoliation, even that caused or ordered by In Pro se Witt. Lane alleges AARM knowingly, or should have known, they were assisting Witt in the violation of multiple Court Orders when AARM and Witt conspired separately and together, and caused the removal from the third party custodian and the destruction of the Evidence as attested by Witt on 4/13/21. Lane alleges that AARM is at minimum culpable and liable for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court, and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Complaint.

62. Lane alleges that Witt's lawyers, Defendants, are in the business of providing legal and other professional services to clients, subject to a minimum in the case at bar to the enumerated C.R.P.C. Rules in Paragraph 60, a through e inclusive. Lane alleges that at minimum in the case

at bar, Defendants are responsible to Lane, and culpable and liable to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court, and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Complaint.

63.  Lane alleges that Witt, NWitt, and SLM are responsible to Lane and culpable and liable at minimum to Lane for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court, and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Complaint.

64.  Lane alleges that David Kahn and Torrey Livenick are responsible to Lane and are culpable and liable to Lane for the destruction of the Evidence and are responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court, and other Courts of Jurisdiction in the matter of Evidence destruction at issue in Lane's Complaint, because Kahn and Livenick knew or should have known that Witt in all his capacities including President and Sr. Loan Officer for SLM, was more likely than not to destroy the Evidence. Lane alleges Kahn and Livenick conspired together with Witt to aid and abet in the destruction by Witt of the Evidence, and did knowingly and willingly aid and abet Witt in the destruction of the Evidence.

65.  Lane alleges that Witt confessed to his personal culpability and his personal liability to Lane in In Pro se Witt's written Debtor's Confession made to, 1) Lane, 2) Matt Witt as President and Sr. Loan Officer of SLM, 3) Torrey Livenick Bar Number 52787, and 4) David Kahn:

"Hi Noelle, Where are you? Cat got your tongue? Please respond. Your ramblings make my day and week brighter. I personally love your appeal due to your pro-se and ICES rights being unconstitutional. My legal ownership of the 44 boxes which I CERTIFY NOW THAT I HAD DESTROYED 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights! Is that the 28TH Amendment or the 100th that you refer to? Or maybe the New Lain Amendment? Your constitutional ramblings are the butt of jokes in the legal community. Please send more unconstitutional defense and appeals." *Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT Samsung Email* [1]

---

[1] Matthew Curtis Witt's April 13, 2021, 9:53 PM MDT written confession made in his sole discretion in his individual capacity and capacity In Pro se, and in his capacity as President and Sr. Lending Officer of Silver Leaf Mortgage. Silver Leaf Mortgage is owned by Nicole Witt, Witt's wife. The Assignment of the Box Sharing Agreement was purchased by Silver Leaf Mortgage with a Silver Leaf Mortgage Check.

66. Lane maintains that Witt confessed to causing spoliation and destruction of the Evidence on April 13, 2021.  C.R.S. § 13-80-101(c)(j) part 6, Article 4 identifies three (3) years as the term in which action must be taken.  Lane is in compliance with C.R.S. § 13-80-101(c)(j) part 6, Article 4.

67. Lane maintains that Judge Romero presides over Witt's bankruptcy(s) which include among the 16 trial court cases, 17-1548-MER which was a pending proceeding pursuant to C.R.C. Title 18 at the time of Witt's confession to spoliation and destruction of the Evidence. The Evidence the trial court removed from Lane's custody by minute order on July 3, 2019 contains evidence used in trial against Witt in 17-1548-MER.  The Evidence was obtained from Lane under bankruptcy court order for trial by parties to the 16 related trial court cases. The bankruptcy court ordered the Evidence to be returned to Lane.

68. Lane alleges that Defendants, and Livenick and Livenick Law are the members of the legal community identified in Witt's Debtor's Confession of April 13, 2021, who are advising Witt in the matter at issue, how to directly and/or indirectly violate Court(s) Orders and cause spoliation and destruction of the Evidence in violation of 1) C.R.P.C., 2) 11 U.S.C. § 105(a) and Bankruptcy Code § 542 and § 543, 3) in Violation of Colorado Court of Appeals ("CoA") April 12, 2021 Order in 2020CA1068 Regarding Third Party Custody and Protection of the 44 Boxes of Evidence ("Evidence") from Spoliation, 4) in Violation of C.R.C. Title 18 Criminal Code 18-8-610, and 5) Tampering with Evidence..

69. Lane herein incorporates by reference Notice of Compliance with Order of June 24, 2019 filed 7/11/19 U.S. Bankruptcy Court, District of Colorado.

70. Lane herein incorporates by reference Noel West Lane III In Pro se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and Other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and, 44.1, and Their Colorado Counterparts in 19CA656, and Mathew Curtis Witt's Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A), filed 3/10/20, Jeffco.

**FACTUAL BACKGROUND OF ALLEGED SPOLIATION OF EVIDENCE**

71. Lane alleges Witt concealed the destruction of the Evidence from 1) District Court Jefferson County Colorado ("Jeffco"), 2) Judge Romero in 17-1548-MER, 3) the CoA, and 4) Lane for six months by his own admission, to cause Lane and Lane's wife and children irreparable harm and damage in mental, emotional, physical and financial matters arising from his concealment of his destruction of the Evidence.  Lane maintains that Witt caused spoliation and destroyed the Evidence for among other things to conceal his mortgage fraud on Lane and conceal his fraud on the courts.

72. Lane maintains that on April 12, 2021 at 6:30 PM MDT the CoA granted Law One's

request for withdrawal and granted Witt in pro se status and further granted Witt an enlargement to time, 28 days, to May 10, 2021 to file his Reply Brief. Lane maintains that Witt is bound by the Colorado Rules of Professional Conduct and the Colorado Rules of Civil Procedure in his capacity as In Pro se representative in 2020CA1068 from April 12, 2021 forward. Lane alleges that Witt violated C.R.C.P. and C.R.P.C. when Witt acknowledged on 4/13/21 that he willfully destroyed the Evidence . The CoA 4/12/21 Order governed the fourteen (14) interim and minute orders issued by Jeffco that are the subject matters of the appeal. To reiterate, the 14 district court Orders each and all flow from the Replevin under appeal in 2020CA1068 and each were entered on or between June 19, 2019 and May 15, 2020. Also to reiterate, Lane alleges that the Replevin filed by Witt was governed by the custody of the Evidence and its protection and preservation by a third party custodian.

73. Lane alleges that on April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed that, "Any district court order regarding the location and the condition of evidence remains in full force and effect.", Witt in his sole discretion as In Pro se in the matters of 2020CA1068, confessed to spoliation and destruction of the Evidence, and Witt in his sole discretion as President and Senior Lending Officer of Silver Leaf Mortgage confessed in writing to spoliation and destruction of the Evidence. Further, Lane alleges Witt confessed to violation of Lane's Constitutional Rights guaranteed under the 14th Amendment and its reciprocals in Colorado Law and Statute, violation of the U.S. Bankruptcy Code, violation of the Federal Rules of Evidence and their counterparts in Colorado State Law and Statute.

74. Lane alleges that Witt's confessions to spoliation and destruction of the Evidence gives rise to the application of Federal Rules of Evidence, Rule 201 [2].

75. Lane alleges Witt confessed to his spoliation and destruction of Evidence in writing to 1) Lane, 2) Matt Witt <mattw@silverleafmortgage.com>, 3) David Kahn <email@davekahn.com>, 4) Torrey Livenick <torrey@livenicklaw.com>, and 5) <torreylivenickesq@gmail.com>, on April 13, 2019 at 9:53 PM MDT, less than 24 hours after the CoA issued its April 12, 2021 Order granting Law One's motion to withdraw and affirmed Witt's status as In Pro se.

---

[2] (a) **Scope**. This rule governs judicial notice of an adjudicative fact only, not a legislative fact. (b) **Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (c) **Taking Notice**. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information. (d) **Timing**. The court may take judicial notice at any stage of the proceeding. (e) **Opportunity to Be Heard**. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard. (f) **Instructing the Jury**. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

76.  Federal Rules of Evidence, Rule 201 Judicial Notice of adjudicative facts:  Witt maintains in his confession to destroying the Evidence that he caused the Evidence to be destroyed and states the Evidence was in fact destroyed "6 months ago…" prior to the date of April 13, 2021.  Lane alleges that Witt confessed to destroying the Evidence on or before October 13, 2020, 5 months following Notice of Appeal being entered in 2020CA1068, and 3 months following Lane's July 20, 2020, Amended Notice of Appeal.  Lane's Amended Notice of Appeal identifies all 16 trial court orders being appealed, with specificity.  The appealed trial court orders include the issues of third party custody and preservation of Evidence.

77. Lane alleges that Witt confessed to destroying the Evidence eight (8) months in advance of filing his Answer Brief due May 10, 2021 in 2020CA1068.

78.  Lane alleges Witt concealed the destruction of the Evidence from 1) Jeffco, 2) Judge Romero in 17-1548-MER, 3) the CoA, and 4) Lane for six months by his own admission, to cause Lane and Lane's wife and children irreparable harm and damage in mental, emotional, physical and financial matters arising from his concealment of his destruction of the Evidence. Lane alleges that Witt destroyed the Evidence for among other things to conceal evidence confirming his mortgage fraud on Lane and conceal his fraud on the courts.

79.  Lane maintains that Witt's Reply Brief is due May 10, 2021 per the Clerk of the Court.

80. Lane maintains that the subject matter of Witt's Replevin action, the custody of the Evidence, is filed under 19-cv-30951. Replevin was filed June 19, 2019. The disputed Assignment by David Kahn to Witt, of the Kahn Lane Box Sharing Agreement for $1,000.00 drawn on Silver Leaf Mortgage's checking account, was made on May 30, 2020 and notarized on May 31, 2020.

81.  Lane alleges that on April 13, 2021 Witt confessed in his sole capacity as In Pro se in 2020CA1068  in his sole capacity as President and Senior Lending Officer of Silver Leaf Mortgage, that he destroyed the Evidence whose custody is on appeal in 2020CA1068 and whose custody and preservation is governed under district court Orders, Federal Rules of Evidence and its reciprocals in Colorado Law and Statute, 11 U.S.C. §105(a), Bankruptcy Code § 542 and § 543, CoA 4/12/21 Order, C.R.C. Title 18, Criminal Code § 18-8-610, Tampering with physical evidence [3], and 6) Spoliation of Evidence.

---

[3] (1)  A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he: (a) Destroys, mutilates, conceals, removes, or alters physical evidence with intent to impair its verity or availability in the pending or prospective official proceeding; or (b)  Knowingly makes, presents, or offers any false or altered physical evidence with intent that it be introduced in the pending or prospective official proceeding., (2)  "Physical evidence", as used in this section, includes any article, object, document, record, or other thing of physical substance;  except that "physical evidence" does not include a human body, part of a human body, or human remains subject to a violation of section 18-8-610.5., (3)  Tampering with physical evidence is a class 6 felony.

82.  Lane alleges that Tampering with the 44 Boxes of evidence, indeed the total destruction of all 44 Boxes of evidence by Witt is a class 6 felony and Witt must be made subject to the maximum of 18 months in prison and the maximum fine of $100,000.00 per occurrence (44 Boxes x $100,000.00 = $4,400,000.00).

83.  Lane alleges that Witt confessed to Spoliation of the Evidence in 1) violation of the 4/12/21 CoA Order, and 2) in violation of each or any or all, of the 14 district court orders governed by CoA's 4/12/21 Order ordering any district court orders to be in full force and effect.

84.  Lane alleges that Witt destroyed the Evidence to conceal Witt's mortgage fraud on Lane on or about May 18, 2008 because among other things Lane alleges that Witt's mortgage fraud on Lane was the cause of Lane's $33 million plus bankruptcy in 13-10453-HRT and Lane's business failure.  Lane alleges that Witt confessed to violating C.R.C. Title 18. When Witt confessed to spoliation and destruction of the Evidence  in violation of CoA Order and Bankruptcy Court Order after obtaining possession in 19-cv-30951.

85.  Lane alleges that the orders governed under CoA's 4/12/21 Order, in addition to the governance identified above to protect and preserve the Evidence whose custody is under appeal, requires the Evidence to remain in the custody of "the third party" and be protected from spoliation. [4]

---

[4] Colorado courts have broad discretion to impose for spoliation of evidence.  Pursuant to *Castillo v. The Chief Alternative LLC,* 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, ***"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."*** See, id. (emphasis added).

These sanctions may be used both to punish a party and to remediate the harm to the injured party resulting from the loss of the evidence, including by such things as permitting the fact finder to draw an adverse inference, up to and including the ultimate penalty of a default judgment or dismissal of a case.  See, id.  A Court may "sanction a party who willfully destroys evidence relevant to a contested issue", even if the court does not find that the evidence was destroyed in bad faith, or even if the party has not acted intentionally, so long as the action is reckless or grossly negligent. See, id.  In fact, the Supreme Court of Colorado has held that there is no useful distinction between these types of destruction of evidence, because "regardless of the destroying party's mental state, the opposing party will suffer the same prejudice." See, *Aloi v. Union Pacific Railroad Corp.*, 129 P.3d 999, 1003 (Colo. 2006).  The sanction for such actions should be "commensurate with the seriousness of the disobedient party's conduct. See, *Pfantz v. Kmart Corp.*, 85 P.3d 564, 568 (Colo. App. 2003).

Courts in Colorado have ordered severe sanctions, even when the conduct is not intentional, even when there is no direct violation of a discovery order, and even when the moving party's expert has had a full opportunity to view the evidence, videotape it, and make a report. For example, in Pfantz, a case where a customer sat on a bench owned by Kmart and was injured, the

86.   Lane maintains that the subject matter of 2020CA1068 is among other things whether the trial court was in error when it removed custody of the Evidence from Lane.  Lane alleges that 1) the Evidence is related to Witt and the 16 trial court cases Witt has commenced against Lane, all arising from Witt's 2009 bankruptcy of Witt's commercial lending company and Witt's alleged mortgage fraud on Lane on or about May 18, 2008, and 2) whether the trial court violated Lane's procedural due process rights guaranteed under the equal protection and due process clause of the 14th Amendment and its counterparts in Colorado Law and Statute.

87.   Lane alleges that the evidence contained in Evidence confirms Witt's mortgage fraud against Lane in 1:09-cv-00724-DME-MEH, the Arson Home, and Witt's fraud on the Court(s) and Lane, in 16 trial court cases arising from Witt's 2009 bankruptcies presided over by Judge Michael E. Romero in 09-17238-MER and 09-17437-MER.   Judge Romero presides over Witt's bankruptcy(s) which include among the 16 trial court cases, 17-1548-MER which was a pending proceeding pursuant to C.R.C. Title 18 when Witt confessed to spoliation and destruction of the Evidence.  The Evidence the trial court removed from Lane's custody by minute order on July 3, 2019 is the same Evidence used in 17-1548-MER.  The Evidence was obtained from Lane under bankruptcy court order for trial by parties to the 16 related trial court cases.  The bankruptcy court ordered the Evidence to be returned to Lane.

88.   Lane maintains that Jeffco's May 15, 2020 order, one of the 14 district court orders CoA

---

bench in question was maintained in use for over two years, it was inspected and videotaped by the Plaintiff's expert, and was only substantially destroyed later, inadvertently, after it was removed from use and employees who did not know of the lawsuit disassembled it. See, id. at 567. The Court of Appeals affirmed the trial Court's findings that Kmart's actions in this case were 'either intentional or so reckless that it must be held accountable.' See, id.  It affirmed the trial court's imposition of sanctions against Kmart, which was a judicial finding in the instructions to the jury that the "the bench is presumed to be defective, and Kmart is presumed to be the cause of the defective condition." See, id. The Appellate Court held that these sanctions were appropriate remedial measures. See, id. at 570.

In *Aloi,* a case where an employee tripped on a mat and was injured, the company's inspection and maintenance records were relevant, and they were destroyed pursuant to the company's 92-day destruction policy, inadvertently due to a change in personnel.  See, *Aloi,* 129 P.3d at 1000-1001. The Colorado Supreme Court affirmed the lower court's findings that, although there was no discovery order, the company had notice that the documents would be relevant to the litigation well-prior to the expiration of the 92-day period, and this was enough to impose sanctions.  See, id. at 1003.  The Supreme Court also affirmed that it was unnecessary to find evidence of bad faith. See, id.  The lower court authorized, and the Supreme Court affirmed, an "adverse inference" instruction, even after the company stipulated to negligence; the instruction was issued three separate times during the trial, stating, in part, "…You are instructed you may infer, by reason of the Defendant's failure to produce these documents, that the evidence contained in such documents was unfavorable to Defendant." See, id. at 1001.

found in full force and effect, contains the provision stated by Jeffco, "The Court awarded possession of the boxes but ordered Plaintiff not to destroy or otherwise alter the boxes."

89. Lane maintains that spoliation and destruction of the Evidence is governed in part under the auspices of, C.R.C. Title 18. Criminal Code § 18-8-610 Pursuant to *Castillo v. The Chief Alternative LLC,* 140 P.3d 234, 236 (Colo. App. sanctions 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, *"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."* See, id. (emphasis added)., See Judicial Notice of Adjudicative Facts, F.R.E. Rule 201, and 11 U.S.C. § 105(a), Power of the Court.

90. Lane alleges that In Pro se Witt was made aware of pending litigation regarding the custody of the 44 Boxes pursuant to C.R.C. Title 18 § 18-8-610 in at least seven (7) separate instances of Jeffco conversing with Lane and Plaintiff-Appellee in hearing(s) transcript(s) and identifying that the trial court fully expected appeal in 19-cv-30951. Pending Proceeding, Notice of Appeal was filed July 20, 2020. Lane alleges that Witt confessed to destroying the Evidence 2 months later in October 2020. Lane alleges that the seven separate instances of In Pro se Witt's being aware of pending proceedings pursuant to C.R.C. Title 18 in addition to the additional 2 pending proceedings, 9 pending proceedings in total, are identified in 1) "you are free to appeal whatever you like…" Jeffco R at 1812 line 12, 2) I am going to extend Judge Romero's Order…But, at this point, the boxes, should be continued to be maintained through this Court's next hearing date on August 27… Jeffco R at 0327, lines 9-18, 3) "Well I can't litigate other things, but if you need the contents of those boxes to prepare for the appellate action, then you'll need to let the CoA know that this Court, well, first that the bankruptcy court has actually required that these boxes be put in a facility and that this Court has required that the boxes be maintained until we can set this for a full hearing." Jeffco R at 0327, lines 23-25, R at 0328, lines 1-4, 4) Plaintiff-Appellee, "There has been a very recent court order, … but, Judge Romero did address it again, once Centurion refused to take the boxes back and Lane refused to give the boxes to anyone else. Judge Romero addressed it and issued an order instructing Mr. Lane to give the boxes to, and pardon me, Your Honor, to a different third party set up by Mr. Witt himself… All American Records Management ("AARM").", Plaintiff-Appellee R at 318, lines 23-25, R at 319, line 2., 5) "So what is the order (of Judge Romero)? Jeffco R at 0320, line 5, "Your honor the order states that the boxes are to be returned to Lane at the end of 14 days once All American Records Management obtained possession of them. Plaintiff-Appellee R at 0320, lines 6-7, 6) "So we'll maintain the status quo imposed by Judge Romero…", Jeffco R at 0329, lines 16-17, and 7) "I am establishing my record for appeal.", Lane R at 1803, lines 14-19.

91. Lane alleges AARM did not return the Evidence to Lane pursuant to Judge Romero's Order. Further, Lane alleges that pursuant to Witt's confession to spoliation and destruction of the Evidence, Witt abused the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 when Witt used Judge Romero's bankruptcy order to liquidate contract disputes or otherwise demand assets when the

title to the Evidence is in dispute. " Debtor cannot use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute." [5]

92.  Lane maintains that the bankruptcy court order referred to by the trial court, Jeffco, Colorado ("Jeffco") in its July 3, 2019 Minute Order (See Exhibit B) is the bankruptcy court order requiring the Evidence to be returned to Lane and subsequently by additional bankruptcy court order returned to a third-party custodian, All American Records Management, after its use by other parties including Witt, in 17-1548-MER.   17-1548-MER is an adversary proceeding arising from Witt's 17-17630-MER personal bankruptcy filed to gain stay from debt collection in 17-cv-31212. Lane was granted relief from stay by the bankruptcy court in 17-17630-MER to proceed with adjudication of 17-cv-31212, and subsequently 19CA656 and 2020SC516.

93. Lane alleges that among other things, Witt filed 19-cv-30951 for the purpose of denying Lane's State Law, Statute, and US Constitutional Rights on appeal in 19CA656 and to conceal mortgage fraud and fraud on the court(s).

94. Lane alleges that Witt confessed to destroying the Evidence for all the above reasons and to deny Lane's State Law, Statute, and US Constitutional Rights, on appeal.

95.  Lane alleges Law One's attorneys have been Witt's lawyers, paid for by Silver Leaf Mortgage and its owner Nicole Witt, Witt's wife, in Witt's matters in the least commencing in 2017.   Lane maintains that Law One represented Witt in creditor committee hearing in 17-17630-MEH.  17-17630-MEH arose from Witt's dismissed complaint against Lane in 17-cv-31212.  17-cv-31212 is the subject matter of 19CA656 and 2020SC516.  The others are 16 trail court cases of Witt.  The 16 trial court cases of Witt are all related matters.  Lane alleges the evidence of Witt's mortgage fraud on Lane and Witt's fraud on the Court(s) is contained in the Evidence.

96. The Evidence's possession is the subject matter of 2019-cv-30951 which is under appeal

---

[5] *United States v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991); *see Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.)*, 913 F.2d 1575 (11th Cir. 1990); *FLR Co. v. Brant Constr. Co. (In re FLR Co.)*, 58 B.R. 632 (Bankr. W.D. Pa. 1985). *But see Nat'l Enters., Inc. v. Koger P'ship, Ltd. (In re Nat'l Enters., Inc.)*, 128 B.R. 956 (E.D. Va. 1991) (debt may be both matured, and thus fall within scope of turnover proceedings, and nonetheless disputed by defendant, and thus, for action to be turnover proceeding, it is not relevant that defendant disputes existence of debt by, perhaps, denying complaint's allegations, as long as those allegations state existence of matured debt); *Calhoun v. Copeland Corp. (In re Gordons Transports, Inc.)*, 51 B.R. 633 (Bankr. W.D. Tenn. 1985) (terms "matured, payable on demand, and payable to order" refer to debts that are presently payable, as opposed to those that are contingent and become payable only upon occurrence of certain act or event; thus, existence of dispute as to whether debt is owing does not preclude debt from being one that is "matured, payable on demand, or payable to order").

in 2020CA1068.   2019-cv-30951 is a replevin action of Witt to repossess his previously abandoned personal and business records which Lane alleges contain evidence that confirms Witt's mortgage fraud on Lane.   Lane alleges that Witt, sole shareholder and president of Commercial Capital, Inc., and President and Senior Lending Officer of Silver Leaf Mortgage, filed his replevin action against Lane for the purpose of spoliation of the evidence of Witt's mortgage fraud among other things, on Lane as contained in the Evidence.

97. Lane alleges that the evidence in the 44 Boxes confirms Witt's and his business partner Haslam's mortgage fraud and fraud against Lane on or about May 18, 2008 when Witt required Lane to personally guarantee CCI construction and development loans that Witt, under Lane's personal guarantee, and then used to withdraw unauthorized funds from the construction and development loans from CCI that Lane personally guaranteed. Lane alleges that Witt used the unauthorized loan funds to pay for his, Haslam's, and CCI's mortgage payments, homeowner's insurance payments, maintenance and repair costs, and CCI debts for the Arson Home.

98. Lane alleges that 09-17238-MER was filed in April 2009 to among other things conceal Witt's mortgage fraud on Lane in the matter of the Arson Home, more than 12 years ago to this day.

## FIRST CLAIM FOR RELIEF
(Violation of C.R.P C. as Amended through Rule Change 2021(3) effective March 29, 2021, Rules 1.2 , 1.7, 1.9, 3.3 and 4.1 )

99. Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 96 as though more fully set forth in this Claim for Relief.

100.  Witt's current and past Defendants individually, include Miller & Law P.C., David B. Law,
David B. Law Miller & Law P.C., David Oppenheimer, David Oppenheimer Miller & Law P.C., Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick Merrick, Shaner, and Bernstein, LLC and 5 Does violated Colorado State Law and Statute and Lane's Procedural Due Process rights guaranteed under the 14th Amendment's equal protection and due process clause and it reciprocals in Colorado Law and Statute, when they entered into attorney client relationships with Witt, and/or NWitt, and/or SLM, which by C.R.P.C. Rules, such attorney client relationships are adverse to Lane in the minimum.

101.  Miller & Law after billing Lane for hundreds of thousands of dollars in legal and professional fees, then entered into professional relationships with Witt, and/or Witt's wife, and/or SLM in matters adverse to Lane's prior legal representation by Defendants including assisting Witt in his successful effort to cause spoliation and destruction of the Evidence.

102.  Defendants, each and individually, violated C.R.P.C. Rules 1.7, 1.9, 3.3, and 4.1 and received compensation from Witt's wife, and/or Witt, and/or SLM  for Defendants' direct and indirect assistance to Witt to cause spoliation and destruction of the Evidence.

103.  Witt's current and past Defendants previously identified, each and individually, are in

the business of providing legal and other professional services to clients, subject to a minimum in the case at bar to the enumerated C.R.P.C. Rules in Paragraph 60, a through e inclusive. Defendants each and individually are responsible to Lane, and culpable and liable to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court in the matter of Evidence spoliation and destruction.

## SECOND CLAIM FOR RELIEF
(Violation of C.R.P C. as Amended through Rule Change 2021(3) effective March 29, 2021, Rules 1.2)

104. Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 103 as though more fully set forth in this Claim for Relief.

105. Livenick and Livenick Law each and individually violated C.R.P.C. Rule 1.2 and received compensation from Kahn, when Livenick and Livenick Law counseled Kahn to engage in a criminal act with Witt, spoliation and destruction of Evidence. Livenick and Livenick Law violated Rule 1.2. Scope of Representation and Allocation of Authority between Client and Lawyer, (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent. Livenick Law and Livenick, knew or should have known of Witt's intention to destroy the Evidence, a criminal act.

106. Livenick and Livenick Law each and individually violated C.R.C.P. Rule 1.2 and each and individually are responsible to Lane, and culpable and liable to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court in the matter of Evidence spoliation and destruction.

## THIRD CLAIM FOR RELIEF
(Violation of C.R.C. Title 18, Criminal Code § 18-8-610)

107. Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 106 as though more fully set forth in this Claim for Relief.

108. AARM is in the business of records storage for the purpose of among other things, satisfying protective orders against spoliation and maintaining third party custody.

109. AARM knew or should have known that the Evidence was the subject matter of multiple jurisdictions' orders to maintain "the third party" custodian of the Evidence and to protect the Evidence from spoliation, even that caused or ordered by In Pro se Witt. Lane maintains AARM knowingly, or should have known they were assisting Witt in the violation of multiple Court Orders when AARM and Witt conspired separately and together, and caused the removal from the third party custodian and the destruction of the Evidence as attested to by Witt on 4/13/21.

110.  AARM is at minimum culpable and liable for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court in the matter of Evidence destruction at issue in Lane's Complaint.

## FOURTH CLAIM FOR RELIEF
(Violation of  C.R.C. Title 18, Criminal Code § 18-8-610)

111.  Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 110 as though more fully set forth in this Claim for Relief

112.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, Witt, NWitt, and SLM violated of  C.R.C. Title 18, Criminal Code § 18-8-610 when each and individually in their own capacities assisted Witt in the spoliation and destruction of the Evidence.

113.  Witt, NWitt and SLM authorized payment of compensation to Kahn for the purpose of obtaining the Evidence for spoliation and destruction, and violation of C.R.C. Title 18, Criminal Code § 18-8-610.

114.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, NWitt and SLM knew or should have known that Witt would cause spoliation and destruction of the Evidence.

115.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, and SLM are responsible to Lane and culpable and liable at minimum to Lane for damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court, in the matter of Evidence destruction at issue in Lane's Complaint.

## FIFTH CLAIM FOR RELIEF
(Tampering with Evidence, A Class 6 Felony)

116.  Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 115 as though more fully set forth in this Claim for Relief

117.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually committed Tampering with Evidence when they conspired with Witt to obtain the Evidence for Witt's purpose of spoliation and destruction of the Evidence.

118.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM each, together and individually, knew or should of known of Witt's intention to cause spoliation and destruction of the Evidence.

119.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually committed Tampering with Evidence because Kahn and Livenick knew or should have known that Witt in all his capacities including President and Sr. Loan Officer for SLM, was more likely than not to destroy the Evidence.  Kahn and Livenick conspired together with Witt to aid and abet in the destruction by Witt of the Evidence, and did knowingly and willingly aid and abet Witt in the destruction of the Evidence.

120.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually committed Tampering with Evidence And are responsible to Lane and are culpable and liable to Lane for the destruction of the Evidence and are responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court.

## SIXTH CLAIM FOR RELIEF
(Spoliation of the Evidence)

121.  Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 120 as though more fully set forth in this Claim for Relief

122.  Witt individually, and Witt in his capacity as In Pro se in 2020CA1068, confessed in writing to spoliation of the Evidence on April 13, 2021.

123.  Witt confessed on April 13, 2021 to his personal culpability and his personal liability to Lane in Witt's written Debtor's Confession of spoliation and destruction of the Evidence.

124.  Witt confessed to spoliation and destruction of the Evidence in writing when Witt sent his written confession to Lane, Matt Witt as President and Sr. Loan Officer of SLM, Torrey Livenick Bar Number 52787, and David Kahn on April 13, 2021.

125.  Witt responsible to Lane and is culpable and liable to Lane for the destruction of the Evidence and is responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court.

## SEVENTH CLAIM FOR RELIEF
(Violation of the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543)

126.  Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 125 as though more fully set forth in this Claim for Relief

127.  Witt violated the Power of the Bankruptcy Court as granted under Bankruptcy Code §

105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 when Witt used Judge Romero's bankruptcy order to liquidate contract disputes or otherwise demand assets when the title to the Evidence is in dispute. " Debtor cannot use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute."

128.   Witt confessed on April 13, 2021 to his violation of Bankruptcy Code § 105, when Witt utilized Bankruptcy Code § 542 and Bankruptcy Code § 543 to liquidate contract disputes or otherwise demand assets when the title to the Evidence is in dispute.

129.   Witt confessed to his violation of Bankruptcy Code § 105, when Witt utilized Bankruptcy Code § 542 and Bankruptcy Code § 543 to liquidate contract disputes and caused spoliation and destruction of Evidence.

130.   Witt confessed his violation of Bankruptcy Code § 105 and the spoliation and destruction of the Evidence in writing when Witt sent his written confession to Lane, Matt Witt as President and Sr. Loan Officer of SLM, Torrey Livenick Bar Number 52787, and David Kahn on April 13, 2021.

131.   Witt is responsible to Lane and is culpable and liable to Lane for violation of Bankruptcy Code § 105 when Witt caused spoliation and destruction of the Evidence.  Witt is responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court.

## EIGHTH CLAIM FOR RELIEF
(Violation of the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543)

132.   Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 131 as though more fully set forth in this Claim for Relief

133.   Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually conspired with Witt and assisted Witt in Violation of the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 when they each and individually assisted Witt to cause spoliation and destruction of the Evidence.

134.   Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM each, together and individually, knew or should of known of Witt's intention to use the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 to cause spoliation and destruction of the Evidence.

135.   Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually assisted Witt in Violation of the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and

Bankruptcy Code § 543, when they each and individually assisted Witt to cause spoilation and destruction of the Evidence.

136.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually directly and/or indirectly conspired with Witt to violate the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543, because Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM knew or should have known that Witt in all his capacities including President and Sr. Loan Officer for SLM, was more likely than not to destroy the Evidence.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM conspired together and/or individually with Witt to aid and abet in the destruction by Witt of the  Evidence, and did knowingly and willingly aid and abet Witt in the destruction of the Evidence.

137.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually violated the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105 and are responsible to Lane and are culpable and liable to Lane for the spoilation and destruction of the Evidence and are responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court.

## **NINTH CLAIM FOR RELIEF**
(Spoilation of the Evidence)

138.  Lane herein incorporates by this reference the statements and allegations contained in paragraph's 1 through 137 as though more fully set forth in this Claim for Relief

139.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM each, together and individually, knew or should of known of Witt's intention to use the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543 to cause spoilation and destruction of the Evidence.

140.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually assisted Witt in Violation of the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543, when they each and individually assisted Witt to cause spoilation and destruction of the Evidence.

141.  Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually directly and/or indirectly conspired with Witt to violate the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105, to utilize Bankruptcy Code § 542 and Bankruptcy Code § 543, because Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM knew or should have known that Witt in all his capacities including President and Sr. Loan Officer for SLM, was more

likely than not to cause spoliation and destroy the Evidence. Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM conspired together and/or individually with Witt to aid and abet in the destruction by Witt of the Evidence, and did knowingly and willingly aid and abet Witt in the spoliation and destruction of the Evidence.

.

142. Defendants, Kahn, Delta Solutions.com, Livenick, Livenick Law, Witt, NWitt, SLM, and AARM together, and/or each and individually violated the Power of the Bankruptcy Court as granted under Bankruptcy Code § 105 and are responsible to Lane and are culpable and liable to Lane for the spoliation and destruction of the Evidence and are responsible to Lane for at minimum, damages to Lane calculated at $4.4 million (44 Boxes x $100,000 per each occurrence of Evidence destruction) pursuant to C.R.C. Title 18, Criminal Code § 18-8-610 and other fees, penalties, costs, and/or exemplary awards deemed appropriate by the Bankruptcy Court pursuant to 11 U.S.C. § 105(a), Power of the Court.

**Wherefore**, for all the reasons set forth in the paragraphs identified above and incorporated by reference herein, Lane respectfully requests this Court enter judgement in his favor and against Defendant and Defendants, determining that the Claims for Relief against Witt and Defendants are not in violation of Witt's Discharge in 17-17630-MER. Further that the Claims for Relief against Witt and Defendants include reasonable reimbursement for Lane's actual and estimated incurred legal fees and costs during the 12 years commencing in 2009 with Witt's bankruptcy of CCI, and estimated legal fees and costs associated with Lane's defense against Defendant's and Defendants' nefarious actions and violation of Lane's Procedural Due Process rights enumerated in the 14th Amendment of the U.S. Constitution and its equal protection and due process clause, and violation of Colorado Laws and Statute as enumerated above. And for such other and further relief as the Court deems appropriate.

Respectfully submitted this 10th day of May 2021.

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

### Counsel for the Plaintiff

Plaintiff In Pro se:
Noel West Lane III
In Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2021 I mailed a copy Plaintiff's Motion to File Motion to Amend Complaint and First Amended Complaint was served via US Mail to the following parties and hand delivered to the Clerk of the Court:

| **Attorneys for** | **Attorneys and Address** |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |
| Trustee | Tom H. Connolly<br>950 Spruce Street, Suite 1C<br>Louisville, Colorado 80027 |

Defendant
1.   Matthew Curtis Witt
2792 Greatwood Way,
Highlands Ranch, Colorado 80126, and

Defendants:

2.   Silver Leaf Mortgage, Inc.
6972 S. Vine St #366,
Centennial, CO 80122.

3.   Matthew Curtis Witt, President and Sr. Loan Officer
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

4.   Nicole Witt
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

5.   All American Records Management, Inc
15580 E. Hinsdale Circle
Centennial, Colorado 80112.

6.   David Kahn
1114 Neon Forest
Circle, Longmont, Colorado 80504.

7.   David Kahn DBA Delta Solutions.com

1114 Neon Forrest
Circle, Longmont, Colorado 80504.

8. Torrey Livenick
730 17th St Ste 900,
Denver, CO 80202.

9. Torrey Livenick, Esq.
730 17th St Ste 900,
Denver, CO 80202.

10. Livenick Law
730 17th St Ste 900,
Denver, CO 80202.

11. Miller & Law P. C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

12. David B. Law,
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

13. David B. Law
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

14. David Oppenheimer
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

15. David Oppenheimer,
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

16. David Oppenheimer,
David S. Oppenheimer Law
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

17. Glenn W. Merrick
5360 Preserve Parkway, South,
Greenwood Village, Colorado 80121.

18. Glenn Merrick & Associates
6300 S. Syracuse Way, Suite 220
Greenwood Village, CO 80111.

19. Glenn W. Merrick,
Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

20. Defendant Five (5) Does