IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:   MATTHEW CURTIS WITT | ) | |
| | ) | Case No. 17-17630 MER |
| Debtor. | ) | |
| _____ | ) | |
| NOEL WEST LANE III | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 21-001100 MER |
| MATTHEW CURTIS WITT, *et al.* | ) | |
| Defendants. | ) | |

_____

**MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION**
_____

Pursuant to Fed.R.Bankr.P. 7012, and Fed.R.Civ.P. 12(b)(1), Defendants Glenn W. Merrick ("Merrick") and Merrick Shaner & Bernstein, LLC ("MSB"),[1] collectively referred to as the "Merrick Defendants," respectfully move this Court to dismiss all claims and causes of action that have been alleged against any of the Merrick Defendants in the Adversary Complaint and the Corrected Adversary Complaint (collectively referred to as the "Complaint") for lack of subject matter jurisdiction. As grounds for this Motion to Dismiss, the Merrick Defendants advise the Court as follows:

1. The Complaint alleges that on August 18, 2017, the Debtor filed a voluntary petition seeking relief under the provisions of chapter 7 of title 11, U.S.C. *Complaint at ¶28.*

2. The Complaint alleges that Tom H. Connolly is the duly appointed trustee for the chapter 7 estate. *Complaint at ¶29.*

3. The Chapter 7 Trustee is not a party to this adversary proceeding.

---

[1] The Adversary Complaint and the Corrected Adversary Complaint erroneously refer to Glenn Merrick & Associates and Glenn W. Merrick, Merrick, Shaner and Bernstein, LLC. Merrick and MSB do not believe that either of these named entities exist. Rather, MSB is a Colorado limited liability company which changed its name from G.W. Merrick & Associates, LLC.

4.  The Complaint does *not* allege that the Plaintiff holds a pre-petition claim against the Debtor.  The Complaint does *not* allege that the Plaintiff is a party in interest in the underlying chapter 7 case.

5.  The Complaint does allege that the Debtor has received a discharge. *Complaint at ¶51*.  That discharge entered on January 2, 2018.  Accordingly, even if the Complaint did allege that Plaintiff holds a pre-petition claim against the Debtor (which it does not), it does not survive because the Complaint does *not* allege that any such claim has been excepted from the Debtor's discharge.

6.  The gravamen of the Complaint is that on April 13, 2021, the Debtor sent an email to Plaintiff stating that the Debtor had destroyed "44 boxes of evidence" six months antecedent to April 13, 2021.  *Complaint at ¶¶30, 65*.  The Complaint does not allege that these "44 boxes of evidence" are property of the chapter 7 estate.  Indeed, if the boxes were property of the estate the party with standing in this Court to challenge their destruction would be the trustee, not the Plaintiff.[2]

7.  The Complaint does purport to allege nine fantastic and fanciful claims for relief in which Plaintiff asserts that *he* is entitled to recover money damages.  *Complaint at ¶¶99-142*.  However, none of the relief sought would inure to the benefit of the chapter 7 estate.

8.  The Complaint does not contain a jurisdictional allegation as required by Fed.R.Bankr.P. 7008 and Fed.R.Civ.P. 8(a)(1).  Nor does the Complaint contain the statement as to consent required by Fed.R.Bankr.P. 7008.

9.  This Court's subject matter jurisdiction is limited by 28 U.S.C. §1334.  This Court does not have jurisdiction to adjudicate this adversary proceeding under 28 U.S.C. §1334(a) as "arising under" the Bankruptcy Code because Plaintiff does not assert any causes of action created by the Bankruptcy Code.  *In re Midway Gold US, Inc.,* 575 Bankr. 475, 517 (Bankr. D. Colo. 2017)(Romero, C.J.).

10.  Similarly, this Court does not have "arising in" subject matter jurisdiction to adjudicate Plaintiff's claims for relief under 28 U.S.C. §1334(b) because the causes of action alleged by Plaintiff exist outside of a bankruptcy case.  *Id.*

11.  Finally, this Court does not have "related to" subject matter jurisdiction because the outcome of the adversary proceeding will not impact the handling and administration of the chapter 7 bankruptcy case.  *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir. 1990); In re Midgard Corp., 204 Bankr. 764, 771 (B.A.P. 10th 1997); *Midway Gold US,* 575 Bankr. at 519.

---

[2]  The undersigned has been informed in a recent telephone call to the Debtor that the 44 boxes have *not* been destroyed and that remain intact at the location where they have been stored.

WHEREFORE, the Merrick Defendants respectfully move this Court under Fed.R.Bankr.P. 7012 and Fed.R.Civ.P. 12(b)(1) to dismiss the captioned adversary proceeding for want of subject matter jurisdiction. The Merrick Defendants further request this Court to grant them such other and further relief as may be just and appropriate under the prevailing circumstances.

Dated: May 24, 2021.

/s/ Glenn W. Merrick
Glenn W. Merrick, No. 10042
MERRICK SHANER & BERNSTEIN, LLC
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: (720) 378-4031
Email: gwm@msbfirm.com

ATTORNEYS FOR DEFENDANTS GLENN W. MERRICK AND MERRICK SHANER & BERNSTEIN, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 24, 2021, I caused a true and correct copy of the foregoing MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION to be served upon the Plaintiff by U.S. mail, first class, postage prepaid, addressed to:

Noel West Lane III
1960 Ingalls Street
Lakewood, Colorado 80214

/s/ Joseph T. Bernstein
Joseph T. Bernstein