## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: MATTHEW CURTIS WITT, | Case No. 17-17630-MER |
| Debtor. | |
| Address: 2792 Greatwood Way Highlands Ranch, CO 80126 | Chapter 7 |
| SSN: XXX-XX-4130 | |
| NOEL WEST LANE III<br>Plaintiff | Adversary Proceeding No. 21-001100-MER |
| MATTHEW CURTIS WITT, DEFENDANT, AND<br>MATTHEW CURTIS WITT, PRESIDENT AND SR. LOAN OFFICER, SILVER LEAF MORTGAGE, INC.<br>SILVER LEAF MORTGAGE, INC.<br>NICOLE WITT<br>NICOLE WITT, OWNER SILVER LEAF MORTGAGE, INC.<br>ALL AMERICAN RECORDS MANAGEMENT<br>DELTA SOLUTIONS<br>DAVID KAHN<br>DAIVD KAHN, OWNER DELTA SOLUTIONS<br>TORREY LIVENICK<br>TORREY LIVENICK, ESQ.<br>LIVENICK LAW<br>MILLER & LAW P.C.<br>DAVID B. LAW<br>DAVID B. LAW, MILLER & LAW P.C.<br>DAVID OPPENHEIMER<br>DAVID OPPENHEIMER, MILLER & LAW P.C.<br>DAVID OPPENHEIMER, DAVID S. OPPENHEIMER LAW<br>GLENN MERRICK<br>GLENN MERRICK & ASSOCIATES<br>GLENN MERRICK, MERRICK, SHANER, BERNSTEIN, LLC<br>FIVE (5) DOES<br>Defendants. | |

**DEFENDANTS MILLER & LAW P.C., DAVID B. LAW AND DAVID S. OPPENHEIM'S JOINT OBJECTION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT MILLER & LAW'S MOTION TO DISMISS**

Defendants, Miller & Law P.C. ("M&L"), David B. Law and David S. Oppenheim, hereby Jointly Object to Plaintiff's Notice of Motion and Motion to Strike Defendant Miller & Law's Motion to Dismiss [Docket No. 17] (the "Motion to Strike"), and as grounds for its Objection states as follows:

**Attempt to confer prior to filing Motion:** Prior to filing this Objection, the undersigned attempted to confer with Noel West Lane III ("Mr. Lane") about the substance of the Motion to Strike. Mr. Lane has refused to withdraw his Motion to Strike and therefore M&L is filing this Objection. M&L is not aware of any attempt on Lane's part to confer with M&L or any of its attorneys prior to his filing of the Motion to Strike.

### I. INTRODUCTION AND STATEMENT OF THE CASE

1. Mr. Lane filed this case under the mistaken belief that certain boxes of documents belonging to Matthew Curtis Witt ("Mr. Witt") had been destroyed ("The Boxes"). Again, as stated in Miller & Law, P.C.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Docket No. 10], (the "M&L Motion to Dismiss") they have not been destroyed. Mr. Lane asserts that the Boxes contain evidence of an alleged mortgage fraud that Mr. Witt committed against him in 2008. *See Complaint at 64*. Mr. Lane has also made baseless accusations of misconduct against Mr. Witt's and his own former attorneys. Mr. Lane filed his Amended Complaint [Docket No. 7] on May 10, 2021.

2. M&L filed it's the M&L Motion to Dismiss on May 26, 2021.

3. Mr. Lane filed his Notice of Motion and Motion to Strike Defendant Miller & Law's Motion to Dismiss [Docket No. 17] on June 4, 2021. The Motion to Strike requests that the Court strike the M&L Motion to Dismiss in its entirety but offers no legitimate grounds (in a similar fashion to the underlying Amended Complaint filed by Mr. Lane). The Motion to Strike is procedurally defective on its face because a motion to dismiss a complaint is not a pleading which can be the subject of a motion to strike.

4. Typically, a motion to strike is brought pursuant F.R.C.P. 12(f) and is directed at one or more individual allegations contained in a pleading and not the entire pleading. However, Mr. Lane makes no reference at all to F.R.C.P. 12(f) in his Motion to Strike. He does not assert that any of what is stated in M&L's Motion to Dismiss should be stricken because it is redundant, immaterial, impertinent or scandalous. Similar to the content of Mr. Lane's Amended Complaint, it is difficult to determine precisely what grounds Mr. Lane is asserting as the basis for striking M&L's Motion to Dismiss because the Motion to Strike is mostly filled with repetitive and largely irrelevant factual allegations against the undersigned.

5. To the best of M&L's ability to determine, it is apparent Mr. Lane simply does not like M&L's Motion to Dismiss and it appears that he asserts two grounds for which he requests that M&L's Motion to Dismiss be stricken: (1) M&L is not represented by "outside counsel" which he claims is required under C.R.S. §13-1-127 See Motion para 54-55; and, (2) M&L violated Colorado Rules of Professional Conduct 1.7 and/or 1.9 in representing Matthew C. Witt and 3.3 by not fully informing the court of its prior representations of Mr. Witt, which in turn, Mr. Lane contends somehow violates his rights under the Fourteenth Amendment. *See Motion para 51-53 & 56*. Neither of these alleged grounds is factually correct and even if they were, offer no legal reason to strike M&L's Motion to Dismiss. Further, Mr. Lane has made

false statements about the requirements of C.R.S. §13-1-127 and the case law he offers in support of his argument. Regardless of whether Mr. Lane's false statements about the law are deliberate or the end product of incompetence, negligence or ignorance, he should be sanctioned by this Court.

## II. LEGAL STANDARDS APPLICABLE TO MOTIONS TO STRIKE

6. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler–Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993). 15.

7. Motions to strike under Rule 12(f) are generally disfavored and the decision of whether or not such a motion should be granted rests within the sound discretion of the court. *FDIC v. Isham,* 782 F.Supp. 524, 529 (D. Colo. 1992); see also *United States v. Shell Oil Co.,* 605 F.Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)). Striking portions of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice. […] The motion to strike should be granted only when the [allegations] to be stricken ha[ve] no possible relation to the controversy." *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). 16.

8. When a party seeks to strike allegations on the grounds that they are impertinent and immaterial, it is well-settled that "the motion will be denied, unless it can be shown that no

4

evidence in support of the allegation would be admissible." *Shell Oil*, 605 F.Supp. at 1085 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). Only allegations "so unrelated to plaintiff's claims as to be unworthy of any consideration" should be stricken. *Id*. (quoting *EEOC v. Ford Motor Co.*, 529 F.Supp. 643, 644 (D. Colo. 1982)).

### III.  ARGUMENT

*A.  Mr. Lane's Motion is Procedurally Defective Because a Motion to Strike cannot be brought with respect to a Motion to Dismiss a Complaint.*

9.  A motion to strike may only be filed against a pleading and may not be filed against a motion:

> . . .the Court must first ask whether Fed.R.Civ.P. 12(f) is the proper mode for attempting to strike Clarendon's aforementioned papers. Pursuant to Rule 12(f), a motion may be made by a party, or by the court sua sponte, to have "stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). For the purposes of Rule 12(f), what constitutes a pleading must be determined with respect to Fed.R.Civ.P. 7(a). An answer is explicitly defined as a pleading, and therefore may be appropriately stricken pursuant to Rule 12(f). On the other hand, a motion is not a pleading, and therefore "it is not proper under Fed.R.Civ.P. 12(f) to make a motion to strike a motion." 61A *Am.Jur.2d Pleading* § 507 (2007*); see also Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.").

*Structural Concrete Products, LLC v. Clarendon America Ins. Co.*, 244 F.R.D. 317, 321 (D.C. E.D.Vg 2007).  *See also Knight v. U.S.,* 845 F.Supp. 1372, (D. Ariz. 1993) *affed.* 77 F.3d 489,

*cert. denied* 117 S.Ct. 238, 519 U.S. 894, 136 L.Ed.2d. 168. (Motions to strike apply only to pleadings and not to motions.).

10. The *Motion* to Strike should never have been filed and must be immediately denied and dismissed by the Court. It is so procedurally defective as to be substantially frivolous, vexatious and completely unreasonable. M&L should never have had to spend its time and resources addressing the Motion to Strike and should be awarded all of its costs and attorney's fees incurred in the process of this Objection.

B. *Mr. Lane's statements about C.R.S. §13-1-127 and supporting case law are false.*

11. In paragraph 54 of the Motion to Strike, Mr. Lane falsely asserts that C.R.S. §13-1-127 requires that a corporation like M&L must be represented by "outside counsel" and cites the case of "Weston v. T & T, LLC, App.2001, 271 P3d 552" in support. This is an entirely false statement of the law. The phrase "outside counsel" does not appear anywhere in C.R.S. §13-1-127 and it is not ever used in *Weston*. Copies of C.R.S. §13-1-127 and the Weston case are attached hereto and incorporated by this reference as **Exhibits 1 & 2.** The only requirement for counsel set forth in C.R.S. §13-1-127 is that they be a "licensed attorney." *See Weston at 556-557*.

12. *Weston* describes the public policy behind requiring corporations to be represented by licensed attorneys and in doing so brings to light the very problem Mr. Lane has created in this case:

> "Thus, unlike a natural person, it generally cannot appear or act in a judicial proceeding in person, but must be represented by a licensed attorney." *Keller Corp. v. Kelley*, 187 P.3d 1133, 1136 (Colo.App.2008). One of the public policy motivations for this and similar statutory provisions that regulate the practice of law is to prevent laying "open

6

the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652, 653 (Colo.App.1988) (*quoting Union Sav. Ass'n v. Home Owners Aid, Inc.,* 23 Ohio St.2d 60, 262 N.E.2d 558, 561 (1970)). Such regulations are also meant to protect "citizens and litigants in the administration of justice, against the mistakes of the ignorant ... and the machinations of [the] unscrupulous." *Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 588, 216 P. 718, 719 (1923).

*Id.*

13. In this instance, it does not matter if Mr. Lane's false statement of the law is a "mistake of the ignorant" or the "machinations of the unscrupulous." Mr. Lane has made a false statement of the law to the Court and all parties in this case and he must face consequences for that (in the same fashion as he should face the consequences of commencing this lawsuit to begin with). The Motion to Strike must be immediately denied and Mr. Lane should be sanctioned by the Court for his misrepresentation of the law.

C. *Mr. Lane's allegations that M&L has violated the Colorado Rules of Professional Conduct offers no basis to strike the Motion to Dismiss.*

14. M&L denies *in the strongest possible terms* that it (or any attorney working with M&L) has violated *any* of the Rules of Professional Conduct at any time in its representation of Mr. Lane or any other party. However, if M&L had violated any such rules (which, again, it has not), such violations do not give rise to any private causes of action or offer any legal basis to strike a motion to dismiss a complaint. M&L incorporates the citations and argument set forth in paragraphs 23 & 24 of the Motion to Dismiss as if fully set forth herein.

7

15. Mr. Lane offers no supporting statutes, rules of civil procedure or citations to case law to support the idea that his allegations of violated rules of professional conduct give rise to grounds for striking M&L's Motion to Dismiss. He can offer no such support for his arguments *because no such support exists*. M&L cannot offer any case law citations to show that Mr. Lane's arguments are invalid because extensive research has not uncovered a single case which has given Mr. Lane's argument sufficient weight to even consider it.

### III.   CONCLUSION

16. Lane's Motion to Strike is based upon false factual and legal premises, is procedurally defective, and must be denied.

17. Defendants David Law and David Oppenheim, who joined in M&L's Motion to Dismiss, also join in and fully support this Objection.

WHEREFORE, Defendant Miller & Law P.C. respectfully requests the Court enter an order denying the Motion to Strike and grant such other and further relief as the Court deems appropriate.

Dated: June 17, 2021

Respectfully Submitted,

 */s/ Shaun A. Christensen*
Shaun A. Christensen, #23131
**MILLER & LAW, P.C.**
1900 West Littleton Boulevard
Littleton, Colorado 80120
Telephone: (303) 722-6500
Facsimile: (303) 722-9270
sac@millerandlaw.com
*Attorney for Defendant*

Joining

*/s/ David B. Law*
David B. Law, #27370
**MILLER & LAW, P.C.**
1900 West Littleton Boulevard
Littleton, Colorado 80120
Telephone: (303) 722-6500
Facsimile: (303) 722-9270
dbl@millerandlaw.com
*Defendant*

*/s/ David S. Oppenheim*
David S. Oppenheim, #11004
**MILLER & LAW, P.C.**
1900 West Littleton Boulevard
Littleton, Colorado 80120
Telephone: (303) 722-6500
Facsimile: (303) 722-9270
dso@millerandlaw.com
*Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2021, a true and correct copy of the forgoing **DEFENDANTS MILLER & LAW P.C., DAVID B. LAW AND DAVID S. OPPENHEIM'S JOINT OBJECTION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT MILLER & LAW'S MOTION TO DISMISS** was served via the CM/ECF system and via U.S. Mail, first class, postage pre-paid, pursuant to applicable Fed. R. Bankr. P. and the L.B.R. addressed to the following:

**VIA CM/ECF:**

Kelsey Jaime Buechler
jamie@kjblawoff.com;Sharon@kjblawoffice.com

Torrey Livenick
torrey@livenicklaw.com

Glenn W. Merrick
gwm@msbfirm.com; jtb@msbfirm.com

Samuel J. Stoorman
lawfirm@stoorman.com

**VIA U.S. MAIL:**

Delta Solutions
1114 Neon Forrest Circle
Longmont, CO 80504

Defendant Five (5) Does
NO ADDRESS PROVIDED

David Kahn
1114 Neon Forest Circle
Longmont, Colorado 80504

David Kahn
Owner Delta Solutions
1114 Neon Forest Circle
Longmont, Colorado 80504

Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214-2129

Matthew Curtis Witt
2792 Greatwood Way
Highlands Ranch, Colorado 80126

Nicole Witt
Owner Silver Leaf Mortgage, Inc.
2792 Greatwood Way
Highlands Ranch, CO 80126

Trustee
Tom H. Connolly
950 Spruce Street, Suite 1C
Louisville, Colorado 80027

Charles S. Parnell
4891 Independence Street, Suite 240
Wheat Ridge, Colorado 80033

**MILLER & LAW, P.C.**

 */s/ Emily M. Hare*
Emily M. Hare, Paralegal