# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re: MATTHEW CURTIS WITT<br><br>Debtor.<br><br>Address: 2792 Greatwood Way<br>Highlands Ranch, CO 80126<br><br>SSN: XXX-XX-4130 | Case No.<br>17-17630-MER<br><br>Chapter<br>7 |
| NOEL WEST LANE III<br>Plaintiff<br><br>MATTHEW CURTIS WITT, DEFENDANT,<br>AND<br>MATTHEW CURTIS WITT, PRESIDENT AND SR. LOAN OFFICER, SILVER LEAF MORTGAGE, INC.<br>SILVER LEAF MORTGAGE, INC.<br>NICOLE WITT<br>NICOLE WITT, OWNER SILVER LEAF MORTGAGE, INC.<br>ALL AMERICAN RECORDS MANAGEMENT<br>DELTA SOLUTIONS<br>DAVID KAHN<br>DAVID KAHN, OWNER DELTA SOLUTIONS<br>TORREY LIVENICK<br>TORREY LIVENICK, ESQ.<br>LIVENICK LAW<br>MILLER & LAW P.C.<br>DAVID B. LAW<br>DAVID B. LAW, MILLER & LAW P.C.<br>DAVID OPPENHEIM<br>DAVID OPPENHEIM, MILLER & LAW P.C.<br>DAVID OPPENHEIMER, DAVID S. OPPENHEIM LAW<br>GLENN MERRICK<br>GLENN MERRICK & ASSOCIATES<br>GLENN MERRICK, MERRICK, SHANER, BERNSTEIN, LLC<br>FIVE (5) DOES | Adv. Proc. No.<br>21- 001100- MER |

7JUL 21 9:17AM

Defendants

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE TORREY LIVENICK, TORREY LIVENICK, ESQ., AND LIVENICK LAW, LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT AND CLERICAL ERROR CORRECTION**

Plaintiff Noel West Lane III ("Lane") In Pro se, by his own Notice of Motion and Motion to Strike Torrey Livenick, Torrey Livenick Esq., and Livenick Law, LLC's (collectively "Livenick LLC") Motion to Dismiss Adversary Complaint ("Motion to Dismiss") and Clerical Error Correction ("Motion to Strike"), states as follows:

**NOTE: Clerical Error Correction occurred in Paragraph 2. No other change was made.**

## <u>JURISDICTION</u>

1. This Court has subject matter jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e). [1]

2. This Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(a). [2]

---

[1] 17-17630-MER is Matthew Curtis Witt. 17-17630-MER arises under the jurisdiction of Judge Michael E. Romero's U.S. Bankruptcy Court, District of Colorado and in continuity with the original filing of 09-17238-MER, 09-17437-MER in April 2009 and related cases including 09-01530-MER. 09-01530-MER is Fall River Village Communities. The 16 Trial Court Cases identified in Doc# 156 of 17-01548-MER which include Witt's multiple bankruptcies as filed, are related cases to Witt and related cases to the case at bar. Merrick Defendants are identified as counsel to Witt in 17-01548-MER

[2]Section 157(a) allows district courts to refer to bankruptcy courts bankruptcy matters over which the district court has jurisdiction. Section 1334 provides that district courts have subject matter jurisdiction over all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The jurisdictional statute thus offers three types of bankruptcy proceedings cognizable in bankruptcy court: "relating to," "arising in," and "arising under." *See, e.g., In re Rodriguez,* 396 B.R. 436, 448 (S.D. Tex 2008).

Jurisdiction over matters arising under title 11 and arising in cases under title 11 are generally referred to as a bankruptcy court's "core" jurisdiction. *In re Southmark Corp.,* 163 F.3d 925, 930 (5th Cir.1999). Proceedings involving substantive bankruptcy rights and the integrity of the bankruptcy courts fall within this core jurisdiction. *In re Rodriguez,* 396 B.R. at 448; *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987)("If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding…"); *accord Carter v. Rodgers,* 220 F.3d 1249, 1253 (11th Cir.2000). A matter "arises under" title 11 "if it invokes a substantive right provided by title 11." *In re Southmark,* 163 F.3d at 930. ***Claims that "arise in" a bankruptcy case are claims that by their nature, not their particular factual circumstances, could only arise in the context of a***

3. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4. This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

5. The Plaintiff does consent to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third party claim.

## CERIFICATION OF CONFERRAL

6. Lane was unable to confer with Livenick LLC following initial conferral with Livenick LLC in the case at bar for among other things, reasons contained in Lane's Motion to Strike.

## PLAINTIFF'S MOTION TO STRIKE LIVENICK LLC'S MOTION TO DISMISS

### Background Narrative

7. Lane herein incorporates by reference Lane's Corrected Complaint (Doc#6) 21-001100-MER, entered on May 10, 2021. See Paragraph 2

8. Lane herein incorporates by reference Lane's Motion to Set Hearing (Doc# 156), 17-01548-MER), filed by Noel West Lane III (related document(s) 79 Order on Motion to Intervene). (Attachments: # 1 Exhibit (ek) (Entered 04/26/2021); reference: The 16 Trial Court Cases and the Orders of the courts of jurisdiction governing the 3rd party custody and preservation of the evidence at issue in 19-cv-30951 under appeal in 2020CA1068.

9. Lane herein incorporates by reference Miller & Law's Joint Objection, Exhibit 1 filed on June 17, 2021(Doc# 31) re: C.R.S.A. § 13-1-127 (2)(a):

"Except as otherwise provided in section 13-6-407, a closely held entity may be represented before any court of record or any administrative agency by an officer of such closely held entity if:

(a) The amount at issue in the controversy or matter before the court or agency does not exceed fifteen thousand dollars, exclusive of costs, interest, or statutory penalties on or after August 7, 2013.

10. Lane maintains the amount at issue in the controversy or matter before the court exceeds fifteen thousand dollars, exclusive of costs, interest, or statutory penalties on or after August 7, 2013.

---

***bankruptcy case. Stoe v. Flaherty, 436 F.3d 209, 218 (3rd Cir.2006)*** (emphasis added) State law claims are not "core proceedings" because the proceedings do not invoke "a substantive right provided by title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Seven Fields*, 505 F.3d at 256.

**11.** Lane herein incorporates by reference Livenick LLC's first paragraph of, **I. Statement of Facts** contained in Livenick LLC's Motion to Dismiss Adversary Complaint (Doc# 22):

"Torrey Livenick, Esq. is the same individual as Torrey Livenick. Livenick Law, LLC is a Colorado Limited Liability Company formed May 15, 2019. Torrey Livenick is the sole member of Livenick Law, LLC."

12. Lane maintains Livenick LLC's Motion to Dismiss was filed in violation of C.R.S. § 13-1-127, "a corporation or LLC cannot appear in court unless it is represented by outside counsel", See *Weston v. T & T, LLC*, App.2011, 271 P.3d 552.

13. Lane maintains that 1) Torrey Livenick, and/or Torrey Livenick Esq., and/or Livenick LLC are not outside counsel(s) and Livenick LLC cannot represent Livenick LLC in the case at bar pursuant to C.R.C.P. rules including Rule 121, and /or C.R.S. § 13-1-127

14. Lane maintains that Livenick LLC among other things in Livenick LLC's Motion to Dismiss violates Lane's Equal Protection and Due Process clause of the 14th Amendment and its reciprocals in State Law and Statute by knowingly violating C.R.P.C. and C.R.P.C. among other State Law and Statute, and violating F.R.C.P. and its reciprocals in State Law and Statute.

## ARGUMENT

### Standard of Review

Since Equal Protection is fundamental to Court's power to rule, the Standard of Review for Equal Protection matters is de novo. *Grutter v. Bollinger*, 539 U.S. 306 (2003). Since Statutory interpretation is a question of Law, the Standard of Review is also de novo. *Bd. Of County Com'r of Rio Blanco v ExxonMobile*, 192 P.3d at 585 (2008). [We] interpret Colorado Rules of Civil Procedure de novo. *DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187, 1193. We review due process violations de novo. See, e.g., *Quintano v. People*, 105 P.3d 585, 592 (Colo. 2005).

15. Livenick LLC's Motion to Dismiss is in violation of C.R.S. § 13-1-127(a) and for this reason Livenick LLC's Motion to Dismiss should be stricken:

"a corporation or LLC cannot appear in court unless it is represented by outside counsel", See *Weston v. T & T, LLC*, App.2011, 271 P.3d 552.

16. Livenick LLC's Motion to Dismiss is in violation of : C.R.S.A. § 13-1-127 (2)(a) because the amount at issue exceeds fifteen thousand dollars and for this reason should be stricken:

"Except as otherwise provided in section 13-6-407, a closely held entity may be represented before any court of record or any administrative agency by an officer of such closely held entity if:

(b) The amount at issue in the controversy or matter before the court or agency does not exceed fifteen thousand dollars, exclusive of costs, interest, or statutory penalties on or after August 7, 2013."

**Wherefore**, for all the reasons set forth in the paragraphs and exhibits identified above and incorporated by reference herein, Lane respectfully requests this Court Strike Livenick LLC's Motion to Dismiss and if Lane's Motion to Strike is not granted, grant Lane an additional 14 days to reply to Livenick LLC's Motion to Dismiss. And for such other and further relief as the Court deems appropriate.

Respectfully submitted this 7th day of July 2021.

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

**Counsel for the Plaintiff**

Plaintiff In Pro se:
Noel West Lane III
In Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2021 I mailed a copy Plaintiff's Response to All American Records Management's Reply to Plaintiff's Objection to Motion to Dismiss and Correction of Clerical Error via US Mail to the following parties and hand delivered to the Clerk of the Court:

| **Attorneys for** | **Attorneys and Address** |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |

| **Attorney for** | **Attorneys and Address** |
|---|---|
| | Kelsey Jamie Buechler<br>999 18th St. Ste., 1230 S<br>Denver, CO 8020 |

Defendant

1. Matthew Curtis Witt, 2792 Greatwood Way, Highlands Ranch, Colorado 80126, and — see above

Defendants:

2. Silver Leaf Mortgage, Inc. 6972 S. Vine St #366, Centennial, CO 80122. — see above

3. Matthew Curtis Witt, President and Sr. Loan Officer, Silver Leaf Mortgage 6972 S. Vine St #366 Centennial, CO 80122. — see above

4. Nicole Witt, Silver Leaf Mortgage 6972 S. Vine St #366 Centennial, CO 80122. — see above

| **Attorney For:** | **Attorney Address:** |
| --- | --- |
| | Samuel J. Stoorman<br>3400 E. Bayaud Ave., # 400<br>Denver, CO 80209 |

Defendant

5. All American Records Management, Inc. 15580 E. Hinsdale Circle Centennial, Colorado 80112.

6. David Kahn, In Pro se 1114 Neon Forest Circle #2 Longmont, Colorado 80504.

7. David Kahn DBA Delta Solutions.com, 1114 Neon Forrest Circle #2 Longmont, Colorado 80504. — In Pro se

8. Torrey Livenick, 730 17th St Ste 900, Denver, CO 80202. — In Pro se

| | |
|---|---|
| 9. Torrey Livenick, Esq,<br>730 17th St Ste 900,<br>Denver, CO 80202. | In Pro se |
| 10. Livenick Law,<br>730 17th St Ste 900,<br>Denver, CO 80202. | In Pro se |
| **Attorney for** | **Attorneys and Address**<br>Shaun A. Christensen, #23131<br>Miller & Law P.C.<br>1900 W. Littleton Blvd.<br>Littleton, CO 80120 |
| <u>Defendants</u><br>11. Miller & Law P. C.<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | |
| 12. David B. Law,<br>Miller & Law P.C.<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | David B. Law<br>1900 West Littleton Boulevard<br>Littleton, Colorado 80120. |
| 13. David B. Law<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | see above |
| **Attorney for** | **Attorneys and Address** |
| <u>Defendants</u><br>14. David Oppenheim<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | David Oppenheim<br>1900 W. Littleton Blvd.<br>Littleton, Co 80120 |
| 15. David Oppenheim,<br>Miller & Law P.C.<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | see above |
| 16. David Oppenheim,<br>David S. Oppenheimer Law<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | see above |
| **Attorney for** | **Attorney and Address** |

<u>Defendant</u>

17. Glenn W. Merrick
5360 Preserve Parkway, South,
Greenwood Village, Colorado 80121.

Glenn W. Merrick #10042
Merrick, Shaner, and Bernstein, LLC
4600 S. Syracuse St., 9th Floor
Denver, CO 80237

18. G. W. Merrick & Associates
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

see above

19. Glenn W. Merrick,
Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

see above

20. Defendant Five (5) Does

7 JUL 21 9:17AM

**Insert this side up into time stamper.**

*(gray bar here)*

PLEASE COMPLETE THIS FORM AND INCLUDE WITH ANY PAYMENTS OR DOCUMENTS PLACED IN BOX.
A RECEIPT WILL BE MAILED TO YOU.

**Please write legibly**

Case Number: 21-001100-MER

Name: Noel Lane

Phone Number: ______

Amount Enclosed: $______

What is payment for: ______