# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW CURTIS WITT, | ) | Case No. 17-17630-MER |
| | ) | |
|           Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| NOEL WEST LANE, III, | ) | Adv. Proc. No. 21-001100 MER |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW CURTIS WITT, DEFENDANT AND | ) | |
| MATTHEW CURTIS WITT, PRESIDENT AND SR. LOAN OFFICER, SILVER LEAF MORTGAGE, INC. | ) | |
| SILVER LEAF MORTGAGE, INC., | ) | |
| NICOLE WITT | ) | |
| NICOLE WITT, OWNER SILVER LEAF MORTGAGE, INC. | ) | |
| ALL AMERICAN RECORDS MANAGEMENT | ) | |
| DELTA SOLUTIONS | ) | |
| DAVID KAHN | ) | |
| DAVID KAHN, OWNER DELTA SOLUTIONS | ) | |
| TORREY LIVENICK | ) | |
| TORREY LIVENICK, ESQ. | ) | |
| LIVENICK LAW | ) | |
| MILLER & LAW, P.C. | ) | |
| DAVID B. LAW | ) | |
| DAVID B. LAW, MILLER & LAW, P.C. | ) | |
| DAVID OPPENHEIMER | ) | |
| DAVID OPPENHEIMER, MILLER & LAW, P.C. | ) | |
| DAVID OPPENHEIMER, DAVID S. OPPENHEIMER LAW | ) | |
| GLENN MERRICK | ) | |
| GLENN MERRICK & ASSOCIATES | ) | |
| GLENN MERRICK, MERRICK, SHANER BERNSTEIN, LLC | ) | |

–1–

| | |
|---|---|
| FIVE (5) DOES | ) |
| | ) |
| Defendants. | ) |

**THE WITT PARTIES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND REQUEST FOR SANCTIONS**

Defendant Matthew Curtis Witt ("Mr. Witt"), Nicole Witt ("Ms. Witt"), and Silver Leaf Mortgage Company, Inc. ("Silver Leaf") (Mr. Witt, Ms. Witt, and Silver Leaf collectively referred to as the "Witt Parties") [1] through their undersigned counsel, pursuant to Rule 7012(b), Fed.R.Bankr.P., Rule 12(b)(6), Fed.R.Civ.P., and Rule 9011, Fed.R.Bankr.P., respectfully move this Court for an Order dismissing the instant action against the Witt Parties and entering sanctions against Plaintiff Noel West Lane III ("Plaintiff"), and states as follows:

**Certification of Conferral and Compliance with Rule 9011(c)(1)(A)**

On June 23, 2021, counsel undersigned mailed and emailed a copy of this Motion to Plaintiff. Counsel undersigned also conferred with Plaintiff regarding the relief requested. Plaintiff *opposes* the relief sought herein and did not withdraw the Complaint within twenty-one (21) days.

**I.    Introduction**

In a continuation of his long-pursued personal vendetta against Mr. Witt, Plaintiff filed the instant Complaint on May 5, 2021. *Docket No. 1*. The Complaint alleges causes of action against the Witt Parties and others for purported violations of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543. The claims against the Witt Parties are based entirely on an email from Mr. Witt to Plaintiff where Mr. Witt states he allegedly destroyed certain boxes of documents, which

---

[1] Plaintiff's complaint also lists "Matthew Curtis Witt, President and Sr Loan Officer, Silver Leaf Mortgage, Inc." and "Nicole Witt, Owner Silver Leaf Mortgage, Inc." Neither has a separate legal existence from Mr. Witt and Ms. Witt, and therefore both should be dismissed from the case. Nevertheless, to the extent the Court treats each as separate entities, the instant motion is applicable to those entities as well.

–2–

Plaintiff has been pursuing with a singular focus for years. The boxes, however, have not been destroyed. *See Defendant Miller & Law's Motion to Dismiss*, Docket No. 10, pg. 6 and Ex. 1.

Flowing from this wholly incorrect factual predicate, Plaintiff alleges causes of action for which he lacks standing to assert and requests damages totaling $44,000,000 from a host of parties (including several fictitious entities conjured up by Plaintiff). *See generally, Complaint*. A number of Defendants have conferred with Plaintiff regarding the merits of his claims and have provided him with clear, unequivocal evidence and argument his Complaint lacks any merit whatsoever. *See e.g. Docket No. 10, pg. 2; Docket No. 11, pg. 2, and Docket No. 12, pg. 2.* Nevertheless, Plaintiff refuses to withdraw his Complaint, thereby forcing the Witt Parties, the other 15+ named defendants, and the Court to expend significant time, expense, and effort addressing Plaintiff's baseless claims.[2] *See e.g. Docket Nos. 9-12, 18, and 25*.

As argued below, the Witt Parties are entitled to an order dismissing Plaintiff's causes of action against them for failing to state a claim upon which relief may be granted. Moreover, an award of attorneys' fees and costs in favor of the Witt Parties, along with an injunction precluding Plaintiff from further filings absent court order, is warranted as a sanction for Plaintiff's persistent, frivolous litigation tactics.

II.     **Standard of Review**

    A.     **Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content

---

[2] Not only has Plaintiff failed to withdraw the Complaint, he has exacerbated the waste of resources through the filing of unauthorized pleadings, such as his recent "Response to All American Record Management's Reply". *See Docket No. 36.*

–3–

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. However, mere conclusory allegations are not entitled to an assumption of truth. *Id*. at 681. In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim. *Peterson v. Grisham,* 594 F.3d 723, 727 (10th Cir. 2010).

### B. Sanctions

Whether to enter sanctions against a party is judged by an objective standard. *In re Faires*, 123 B.R. 397, 404 (Bankr. D. Colo. 1991); *see also*, *In re Byrd, Inc*., 927 F.2d 1135, 1137 (10th Cir. 1991). Subjective good faith is not relevant. *Id*. A court must determine if "the attorney or signing party made a reasonable inquiry to determine the factual and legal legitimacy of the document." *In re Olympia Holding Corp*., 189 B.R. 846, 851 (Bankr. M.D. Fla. 1995). Stated otherwise, "signers have a personal duty to 'stop, think and investigate' before filing any pleading." *In re Faires*, 123 B.R. at 404 (Bankr. D. Colo. 1991). If a court finds a party has violated Rule 9011, the imposition of sanctions is mandatory. *Id*. However, the court has significant discretion in determining what sanction is appropriate. *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1136 (10th Cir. 1991).

### III. Argument

#### A. Plaintiff has failed to state a claim upon which relief may be granted.

##### 1. The factual basis for Plaintiff's Claims against the Witt Parties is demonstrably false.

In an email from Mr. Witt to Plaintiff dated April 13, 2021, Mr. Witt stated he had allegedly destroyed 44 boxes of documents (the "Boxes"). The Boxes had been subject to a years long

–4–

dispute between Mr. Witt and Plaintiff. Without verifying whether Mr. Witt had actually destroyed the Boxes, Plaintiff first moved this Court in Case No. 17-1548-MER for a hearing regarding the alleged destruction of "evidence" (the "Motion"). The Motion was dismissed as moot on May 3, 2021.

The next day, Plaintiff then filed the instant complaint. As with the Motion, Plaintiffs' Claims against the Witt Parties are premised entirely on the allegation Mr. Witt did, in fact, destroy the Boxes. This allegation is demonstrably false. As set forth in *Defendant Miller & Law, P.C.'s Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted* ("M&L Motion to Dismiss"), the Boxes have not been destroyed. *See M&L Motion to Dismiss*, pgs. 4 and 6, and *Affidavit of Shaun A. Christensen* Ex. 1, pg. 3, ¶¶6-8 and photos attached thereto. Notably, Mr. Christensen attested to the following: 1) he had previous knowledge of the appearance and content of the Boxes; 2) he personally verified the Boxes were still being maintained by Mr. Witt at Silver Leaf's offices; and 3) there is no evidence any documents had been destroyed. *Id*., Ex. 1. Mr. Christensen's affidavit and photos remain uncontroverted.

The key factual predicate underlying Plaintiff's claims is false. The claims against the Witt Parties' should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## 2. There is no private cause of action for violations of C.R.S. §18-8-610.

Assuming *arguendo* the Boxes were destroyed, the Witt Parties remain entitled to an order to dismissing the claims based on C.R.S. §18-8-610 as the statute does not allow for a private cause of action. Colorado Revised Statutes §18-8-610 provides:

> (1) A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he:

(a) Destroys, mutilates, conceals, removes, or alters physical evidence with intent to impair its verity or availability in the pending or prospective official proceeding; or

(b) Knowingly makes, presents, or offers any false or altered physical evidence with intent that it be introduced in the pending or prospective official proceeding.

(2) "Physical evidence", as used in this section, includes any article, object, document, record, or other thing of physical substance; except that "physical evidence" does not include a human body, part of a human body, or human remains subject to a violation of section 18-8-610.5.

(3) Tampering with physical evidence is a class 6 felony.

Absent from C.R.S. §18-8-610 is any explicit reference to a private cause of action. Instead, a violation is considered a class 6 felony. Class 6 felonies are only punishable by a minimum of 1 year in prison and require a mandatory one-year period of parole. CRS §18-1.3-401(1)(a)(V.5)(A). If "a statute creates legal duties and provides a particular means for their enforcement, the designated remedy excludes all others." *Silverstein v. Sisters of Charity of Leavenworth Health Services Corp.*, 559 P.2d 716 (Colo. App. 1976). Where the means of enforcement is limited criminal sanctions, the court lacks "authority to impose civil liability." *Id*.

The Colorado legislature provided a particular means for enforcing violations of C.R.S. §18-8-610—namely, the penalties for a class 6 felony. Accordingly, there is no private cause of action for violating C.R.S. §18-8-610. Plaintiff's claims against the Witt Parties based on purported violations of C.R.S. §18-8-610 should be dismissed.

### 3. Plaintiff has no cause of action under 11 U.S.C. §542.

Plaintiff likewise has no claim under 11 U.S.C. §542. Section 542 sets forth the requirements by which a party must turnover property belonging to the bankruptcy state and payment of debts owed to the estate. The obligation to turnover property of the estate is "self-operative and mandatory." *Matter of Larimer*, 27 B.R. 514, 516 (Bankr. D. Idaho 1983).

Where a party fails to voluntarily turnover property of the state, §542 authorizes an action to compel turnover. This authority is limited to the trustee, a debtor-in-possession in a Chapter 11 proceeding, and a debtor in a Chapter 13 bankruptcy. *See e.g.*, *In re Price*, 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) ("A turnover action under section 542 is one facet of a trustee's general duty under section 704(1) to 'collect and reduce to money the property of the estate.'"); *Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d 962, 965-966 (5th Cir. 1983) (Debtor-in-possession in Chapter 11 proceeding has the rights, powers, and duties set forth in 11 U.S.C. §542.); *In re Sharon*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999) ("To the extent a Chapter 13 debtor can then use property of the estate under §363, the debtor succeeds to the mandate in §542(a) that compels delivery of property that is usable under §363.").

It is unclear from the Complaint how the Witt Parties allegedly violated §542 given the Trustee in Mr. Witt's bankruptcy has not sought turnover of the Boxes. What is clear is Plaintiff does not, under any circumstances, have standing to bring a cause of action under §542. Plaintiff's claims against the Witt Parties for purported violations of 11 U.S.C. §542 should be dismissed.

### 4. **Plaintiff has no cause of action under 11 U.S.C. §543.**

Plaintiff also has no claim under §543. Section 543 requires a custodian of estate property, upon learning of the commencement of an action, to turn over estate property to the trustee or debtor. Once again, it is unclear from the Complaint how the Witt Parties supposedly violated §543. As with his claims under §542, Plaintiff does not have standing to assert any cause of action under §543, as the authority to compel turnover is limited to the trustee (or a Chapter 11 debtor-in-possession or Chapter 13 debtor). *See* 11 U.S.C. §543(b)(1) ("A custodian shall deliver to the trustee any property of the debtor held by or transferred to such custodian…").

Even if Plaintiff had standing to pursue turnover under 11 U.S.C. §543 (which is denied), none of the Witt Parties are a "custodian" for purposes of §543. 11 U.S.C. §101(11) defines "custodian" as:

> (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;
>
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
>
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

Mr. Witt is the debtor in the core proceeding. Neither Ms. Witt nor Silver Leaf has been appointed as a receiver or trustee of Mr. Witt in any proceeding, nor are they an assignee for the benefit of the debtor's creditors.[3] The Witt Parties are not custodians under §543.

Plaintiff is not afforded a cause of action under §543. Eve if he were, none of the Witt Parties are a custodian for purposes of §543. Plaintiffs' causes of action against the Witt Parties for alleged violations of 11 U.S.C. §543 should be dismissed for failure to state a claim.

**B.      Plaintiff should be sanctioned pursuant to Rule 9011.**

Sanctions under Rule 9011 are mandatory where the signing party fails to make a reasonable inquiry to determine the factual and legal legitimacy of a pleading. *In re Olympia Holding Corp.*, *supra*.; *In re Faires, supra*. Sanctions may be monetary or non-monetary, including an order barring a party from appearing for a time, dismissal of baseless claims, or reprimand. *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir. 1988). Although provided significant discretion as to the type of sanctions entered, Courts are

---

[3] Additionally, neither Ms. Witt nor Silver Leaf have possession or control of the Boxes. Although housed in Silver Leaf's offices, the Boxes remain under the exclusive ownership, possession, and control of Mr. Witt.

directed to impose the minimum sanctions necessary to deter the violative behavior. *White v. General Motors*, 908 F.2d 675, 684-85 (10th Cir. 1990).

It is beyond doubt Plaintiff failed to undertake *any* independent inquiry or verification as to whether the Boxes were destroyed. Instead, upon receipt of Mr. Witt's email, Plaintiff almost immediately filed a "Motion for Hearing" in Case No. 17-01548 based on the purported destruction of the Boxes. When the request for hearing was denied on May 3rd, Plaintiff quickly revised his motion and filed the instant ill-conceived, frivolous action on May 4, 2021. Plaintiff had not one, but two separate chances to independently verify the status of the Boxes. He failed to do so both times.

Furthermore, it is equally evident Plaintiff failed to exercise any due diligence whatsoever as to whether the claims alleged against the Witt Parties had any basis in the law. Even a cursory review of C.R.S. §18-8-610 would inform Plaintiff it is a criminal statute without any private cause of action. Similarly, the plain language of 11 U.S.C. §§542 and 543 shows the right to bring a turnover action is vested exclusively with the trustee (or the debtor in certain circumstances). Although Plaintiff will likely attempt to hide behind his *pro se* status, the Court has first-hand knowledge Plaintiff has been (unsuccessfully) representing himself in bankruptcy, civil, and appellate proceedings against Mr. Witt for years. He understands very well how to conduct legal research. No benefit of the doubt should be afforded to Plaintiff as a result of his *pro se* status.

It is clear Plaintiff failed to perform any due diligence as to whether his claims had factual or legal support. Sanctions are mandatory. Factors to consider in determining the type and/or amount of sanctions to enter include the minimum amount needed to deter the behavior; ability to pay; the offending party's history and experience; the degree of the violation; any bad faith or

malice involved; the risk of chilling the type of litigation at issue; and any other factors applicable to the circumstances. *Id*. at 685.

After considering the foregoing factors, sanctions requiring Plaintiff to pay the Witt Parties' attorneys' fees and costs incurred in this matter and an order enjoining Plaintiff from further filings without first obtaining approval from the Court are warranted. Plaintiff has shown he simply refuses to accept he has no claim against the Witt Parties. He has pursued Mr. Witt for nearly 15 years, through multiple corporate bankruptcies, Mr. Witt's personal bankruptcy, multiple adversary proceedings, multiple state lawsuits, and several appeals. He has not achieved even a scintilla of success. Mr. Witt, meanwhile, has incurred hundreds of thousands of dollars in attorneys' fees and costs successfully defeating Plaintiff's frivolous filings. A monetary sanction coupled with an injunction preventing future filings absent approval from the Court represents the minimum sanction needed to deter Plaintiff.[4]

Plaintiff's violations of Rule 9011 are significant. He never undertook any independent investigation as to the factual and legal bases of his claims. Compounding his lack of diligence is the number of parties he has now involved in this matter. Mr. Witt's email, although an understandable product of the frustration of dealing with Plaintiff's frivolous crusade, was perhaps ill-advised. This does not, however, provide Plaintiff with *carte blanche* to allege baseless claims against 11 other parties. Again, monetary and injunctive sanctions offer the best means of deterring Plaintiff given the gravity of his violations. Finally, there is no risk an award of sanctions would chill or otherwise deter parties from filing adversary complaints in the future.

---

[4] Although counsel undersigned is aware this Court cannot prevent further filings at the state court level, precluding Plaintiff from additional filings in the bankruptcy courts absent approval from the Court would forestall additional frivolous filings in at least one venue.

For these reasons, sanctions requiring Plaintiff to pay the Witt Parties' fees and costs incurred in responding to Plaintiff's complaint. The Witt Parties also seek an order enjoining Plaintiff from any future filings in Mr. Witt's bankruptcy case or any other related cases, including opening additional adversary proceedings, absent court approval or employment of counsel. Such sanctions represent the minimum necessary to deter Plaintiff's conduct.

## IV.     Conclusion

The factual predicate underlying Plaintiff's claims—Mr. Witt destroyed the Boxes—is demonstrably untrue. On this basis alone, Plaintiffs' claims against the Witt Parties should be dismissed for failing to state a claim. Even assuming the Boxes were destroyed, Plaintiff's claims must still be dismissed as there is no private cause of action under C.R.S. §18-8-610. Likewise, the right to bring a turnover action under 11 U.S.C. §§542 and 543 is vested exclusively with the bankruptcy trustee (or debtors-in-possession in Chapter 11 proceedings or Chapter 13 debtors).

Sanctions pursuant to Rule 9011, Fed.R.Bankr.P., are warranted as it is clear Plaintiff did not perform any due diligence as to the factual and legal bases of his claims prior to filing. Requiring Plaintiff to pay the Witt Parties' fees and costs incurred in responding to the Complaint and enjoining any future filings in Mr. Witt's bankruptcy without approval of the Court represent the minimum sanctions needed to deter Plaintiff's behavior.

WHEREFORE, the Witt Parties move this Court for an Order dismissing Plaintiff's causes of action against them and for sanctions directing Plaintiff to pay the Witt Parties' fees and costs incurred in this matter and enjoining Plaintiff from future filings in Mr. Witt's bankruptcy unless first approved by the Court or he retains counsel, along with such other relief as this Court deems appropriate.

<table>
<tr><td>DATED this 15th day of July, 2021</td><td>Respectfully submitted,<br>Buechler Law Office, LLC<br><br>/s/ K. Jamie Buechler<br>_____<br>K. Jamie Buechler, #30906<br>Michael C. Lamb, #33295<br>999 18th Street, Suite 1230-S<br>Denver, Colorado 80202<br>720-381-0045 / 720-381-0382 FAX<br>Jamie@kjblawoffice.com<br>mcl@kjblawoffice.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2021, I served by prepaid first class mail [or other acceptable means, i.e. via hand delivery] a copy of **THE WITT PARTIES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND REQUEST FOR SANCTIONS**, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

All American Records Management, Inc
15580 E. Hinsdale Circle
Centennial, Colorado 80112

1114 Neon Forrest Circle
Longmont, CO 80504

Glenn Merrick & Associates
6300 S. Syracuse Way, Suite 220
Greenwood Village, CO 80111

David Kahn
1114 Neon Forest Circle
Longmont, Colorado 80504

Charles S. Parnell
4891 Independence Street, Suite 240
Wheat Ridge, Colorado 80033

David Kahn
Owner Delta Solutions
1114 Neon Forest Circle
Longmont, Colorado 80504

Noel West Lane III
Attn Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214-2129

Torrey Livenick
730 17th St, Ste 900
Denver, CO 80202

Torrey Livenick, Esq.
730 17th St, Ste 900
Denver, CO 80202

Glenn W. Merrick
5360 Preserve Parkway South
Greenwood Village, Colorado 80121

Tom H. Connolly
Trustee
950 Spruce Street, Suite 1C
Louisville, Colorado 80027

Glenn W. Merrick, Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237

Defendant Five (5) Does
NO ADDRESS PROVIDED

By:   */s/ Rosalie Martinez*
      For Buechler Law Office, LLC

–13–