**UNITED STATES BANKRUPTCY COURT**
**District of Colorado**

| | |
|---|---|
| In re: MATTHEW CURTIS WITT<br>Debtor.<br><br>Address: 2792 Greatwood Way<br>Highlands Ranch, CO 80126<br><br>SSN: XXX-XX-4130 | Case No.<br>17-17630-MER<br><br>Chapter<br>7 |
| NOEL WEST LANE III<br>Plaintiff<br><br>MATTHEW CURTIS WITT, DEFENDANT,<br>AND<br>MATTHEW CURTIS WITT, PRESIDENT AND SR. LOAN OFFICER, SILVER LEAF MORTGAGE, INC.<br>SILVER LEAF MORTGAGE, INC.<br>NICOLE WITT<br>NICOLE WITT, OWNER SILVER LEAF MORTGAGE, INC.<br>ALL AMERICAN RECORDS MANAGEMENT<br>DELTA SOLUTIONS<br>DAVID KAHN<br>DAVID KAHN, OWNER DELTA SOLUTIONS<br>TORREY LIVENICK<br>TORREY LIVENICK, ESQ.<br>LIVENICK LAW<br>MILLER & LAW P.C.<br>DAVID B. LAW<br>DAVID B. LAW, MILLER & LAW P.C.<br>DAVID OPPENHEIM<br>DAVID OPPENHEIM, MILLER & LAW P.C.<br>DAVID OPPENHEIMER, DAVID S. OPPENHEIM LAW<br>GLENN MERRICK<br>GLENN MERRICK & ASSOCIATES<br>GLENN MERRICK, MERRICK, SHANER, BERNSTEIN, LLC<br>FIVE (5) DOES | Adv. Proc. No.<br>21- 001100- MER |

26JUL 21 11:26AM

Defendants |

**PLAINTIFF'S RESPONSE TO WITT PARTIES' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND REQUEST FOR SANCTIONS**

Plaintiff Noel West Lane III ("Lane") In Pro se, by his own Response ("Response") to Witt Parties' ("Matt Witt" and/or "Nicole Witt" and/or "Silver Leaf Mortgage") [1] Reply in Support of Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") and Request for Sanctions ("Sanctions") (collectively "Reply"), states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e). [2]

2. This Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(a). [3]

[1] For Purpose of identifying the parties to Adversary Complaint 21-001100-MER to which Lane's reply is applied, a) Matthew Curtis Witt and Matthew Curtis Witt, President and Senior Loan Officer, Silver Leaf Mortgage, Inc. are "Matt Witt" or "Witt", b) Nicole Witt and Nicole Witt, Owner of Silver Leaf Mortgage, Inc. are "Nicole Witt", and Silver Leaf Mortgage, Inc. is "Silver Leaf Mortgage" or "SLM" and together Matt Witt and/or Nicole Witt, and/or Silver Leaf Mortgage are "Witt Parties").

[2] 17-17630-MER is Matthew Curtis Witt. 17-17630-MER arises under the jurisdiction of Judge Michael E. Romero's U.S. Bankruptcy Court, District of Colorado and in continuity with the original filing of 09-17238-MER, 09-17437-MER in April 2009 and related cases including 09-01530-MER. 09-01530-MER is Fall River Village Communities. The 16 Trial Court Cases identified in Doc# 156 of 17-01548-MER which include Witt's multiple bankruptcies as filed, are related cases to Witt and related cases to the case at bar.

[3]Section 157(a) allows district courts to refer to bankruptcy courts bankruptcy matters over which the district court has jurisdiction. Section 1334 provides that district courts have subject matter jurisdiction over all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The jurisdictional statute thus offers three types of bankruptcy proceedings cognizable in bankruptcy court: "relating to," "arising in," and "arising under." *See, e.g., In re Rodriguez,* 396 B.R. 436, 448 (S.D. Tex 2008).

Jurisdiction over matters arising under title 11 and arising in cases under title 11 are generally referred to as a bankruptcy court's "core" jurisdiction. *In re Southmark Corp.,* 163 F.3d 925, 930 (5th Cir.1999). Proceedings involving substantive bankruptcy rights and the integrity of the bankruptcy courts fall within this core jurisdiction. *In re Rodriguez,* 396 B.R. at 448; *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987)("If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding..."); *accord Carter v. Rodgers,* 220 F.3d 1249, 1253 (11th

3. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4. This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

5. The Plaintiff does consent to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third party claim.

**CERIFICATION OF CONFERRAL**

6. Conferral is not required in the matter of Lane 's Response to Witt Parties' Reply. Lane advised Witt Parties' in writing on July 26, 2021 of Lane's in an abundance of caution, notice of intent to file for Default Judgement pursuant to C.R.C.P. Rule 55 and C.R.C.P. Rule 12 for alleged failure to file Witt Parties' Answer(s) in the matter at issue on July 23, 2021 pursuant to this Court's Order. Lane indicated to Witt Parties on July 26, 2021 that Lane would object to a motion filed out of time in the matter(s) of the Answer(s).

**PLAINTIFF'S RESPONSE TO WITT PARTIES' REPLY IN SUPPORT OF MOTION TO DISMISS AND SANCTIONS**

7. Lane maintains that there are triable issues of material fact in dispute, therefore the Motion to Dismiss must be denied and thus Sanctions must be denied.

8. Lane maintains that Lane is not in violation Doc# 79 Order dated July 3, 2019 in 17-1548-MER. Lane's Complaint does not allege ownership claims regarding the Evidence. Ownership claims are to be litigated in district court. Ownership claims are the subject matter of 19-cv-30951 on appeal in 2020CA1068.

9. Lane's Complaint alleges violation of Court(s) Order(s) and Tampering with the evidence of Evidence in a pending proceeding, and the material altering and destruction of the Evidence in a pending proceeding. Thus Lane's complaint alleges Witt and Witt Parties caused spoliation of the Evidence, a triable issue of material fact in dispute.

10. Lane maintains that among the matter(s) at issue before the Court in 21-001100-MER are Witt's and Witt Parties' violation of Court Order(s) to protect and preserve the 44 Boxes of evidence ("Evidence") in a pending proceeding and maintain 3rd party custody of the Evidence in

---

Cir.2000). A matter "arises under" title 11 "if it invokes a substantive right provided by title 11." *In re Southmark*, 163 F.3d at 930. ***Claims that "arise in" a bankruptcy case are claims that by their nature, not their particular factual circumstances, could only arise in the context of a bankruptcy case. Stoe v. Flaherty, 436 F.3d 209, 218 (3rd Cir.2006)*** (emphasis added) State law claims are not "core proceedings" because the proceedings do not invoke "a substantive right provided by title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Seven Fields*, 505 F.3d at 256.

a pending proceeding, and Witt's and Witt Parties' admission to Tampering with and altering the Evidence in a pending proceeding. See Doc# 39 in 21-001100-MER

11. Lane reiterates Lane's assertion that Witt's and Witt Parties' allegations of Lane's "vendetta" against Witt and Witt Parties and Lane's "vexatious" lawsuits against Witt and Witt Parties are patently false and creations solely of Witt and Witt Parties.

12. Lane maintains that Witt's and Witt Parties' allegations of Lane's "vendetta" against Witt and Witt Parties and Lane's "vexatious" lawsuits against Witt and Witt Parties are made by Witt Parties in contravention of the record of the court(s). See Doc# 47 and its Exhibits

13. Lane maintains that Witt's and Witt Parties' allegations of Lane's "vendetta" against Witt and Witt Parties and Lane's "vexatious" lawsuits against Witt and Witt Parties are in contravention of the writings of Witt and Witt Parties (See Doc# 47 and its Exhibits).

14. Lane maintains that Doc#47 and its Exhibit C, April 30, 2021, 1:23 PM email from Shaun A. Christensen Miller & Law ("SAC Miller & Law") in 17-1548-MER which Witt and Witt Parties introduced into the case at bar through Witt's and Witt Parties' allegations of Lane's vendetta against Witt et al, clearly shows that Witt In Pro se, Witt as Plaintiff and Witt Parties' representatives were in communication with named parties in the case at bar in pending proceedings and which pending proceedings were matters adverse to Lane.

15. Lane maintains Witt and Witt Parties were in communication with other parties in matters adverse to Lane in pending proceedings without Lane's written informed consent. Lane calls attention to the person initiating the April 30, 2021 1:23 PM email to Witt, SAC Miller & Law and the copy sent concurrently to Glenn Merrick, Merrick, Shaner, & Bernstein. See Exhibit C, April 30, 2021, 1:23 PM, (i.e. Pending Proceedings).

16. Further, Lane maintains that as additional material evidence of the matters in dispute, specificity and particularity of attention is directed to Witt's and Witt Parties' representative's written statement on December 15, 2017 that "Witt filed the lawsuits against Lane". See Exhibit A

17. Lane's attached Exhibit A and Witt's and Witt Parties' representative's letter regarding matters of Witt Parties in 2016, 2017, and 2019, including 17-cv-31212 and 17-17630-MER which are cases included among the 16 Trial Court Cases, Law One's Joseph Elio states on December 15, 2017 in Paragraph 2, first sentence,

***"You (Lane) have been unsuccessful in your attempts to complicate the lawsuits Mr. Witt filed against you."*** (emphasis added)

See Doc# 47, Paragraph 28(f)(1)(2)(3): 16-cv-01303-CBS Dismissed, 17-cv-31212 Dismissed, and 19-cv-30951 on Appeal in 2020CA1068.

18. Lane maintains that Witt and Witt Parties initiated all complaints against Lane in the 16

Trial Court Cases as Plaintiff and Witt and Witt Parties named Lane as a defendant or the defendant in the requisite 16 Trial Court Cases and then engaged others adverse to Lane in pending proceedings to aid and abet Witt and Witt Parties in the Tampering with the evidence of the Evidence and its altering and spoliation.

19. Lane maintains that there are triable facts in dispute in the case at bar. Lane maintains that the veracity of Witt's and Witt Parties' facts are in dispute and triable in the Case at bar.

20. Lane maintains that in the matters of Witt's and Witt Parties' 16 Trial Court Cases herein made a part of the matters of Witt and Witt Parties at issue in 21-001100-MER, it is Witt and/or Witt Parties who are confirmed by Witt's and Witt Parties' representative that Witt filed the "vendetta" lawsuits against Lane. See Exhibit A, Paragraph 2, 1st Sentence.

21. Lane maintains that Witt and Witt Parties violated Lane's Procedural Due Process Rights to equal protection and due process guaranteed under the 14th Amendment of the Constitution and its reciprocals in State Law and Statute among other things when Witt admitted to Tampering with Evidence in a pending proceeding among other things.

22. Witt Parties' maintain that Lane violated Witt and Witt Parties procedural due process rights in its Reply and its cites contained therein. Witt and Witt Parties maintain by inference and by statement that Lane violated Witt and Witt Parties right to equal protection and due process in Lane's filing of Lane's Complaint.

23. Lane maintains that there can be no more egregious evidence of an act violating Procedural Due Process and thus violating Lane's right to equal protection and due process as guaranteed under the 14th Amendment and its reciprocals in State Law and Statute, than Witt's admission that Witt and Witt Parties caused the altering and spoliation of the evidence of Evidence which Evidence is under Court(s) Order(s) to be protected and preserved and maintained in 3rd party custody.

24. Lane maintains that the Witt Parties failure to deny Lane's claims made in 21-001100-MER which failure to deny comes in the form of Witt Parties' assertion that Lane violated Witt Parties' procedural due process protection under Rule 12(b)(6) among others and Witt Parties' cites, are nothing more than confirmation of Lane's claims made vis-à-vis Witt Parties' opposing claims that Lane violated Witt Parties' due process rights ***after the fact*** (emphasis added) of Witt's and Witt Parties' admission to Tampering with Evidence, destroying evidence, and otherwise causing the altering of evidence governed by Order(s) of this Court and other courts of jurisdiction in pending actions at issue before the court(s).

## CONCLUSION

25. Lane's Complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

26. Lane's Complaint is well plead and the court must accept all well pleaded facts as true and

must view the allegations of the complaint in the light most favorable to the non-moving party. *Hemmann Management Services v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo.App.2007).

27. Lane's claims made are supported by substantive law. *Western Innovations* at 1159.

28. Material facts are in dispute vis-à-vis among other things, Witt's admission to Tampering with the Evidence which evidence of Tampering admitted to by Witt is supported by AARM delivery documents among other material facts.

29. Witt Parties Motion to Dismiss and Sanctions must be denied because Lane's claims for relief have sufficient factual mater to be plausible on its face, Lane's claims are supported by substantive law, and Lane's Complaint is well plead and his facts are true.

**Wherefore**, for all the reasons set forth in the paragraphs and exhibits identified above and incorporated by reference herein, Lane respectfully requests this Court to deny Witt Parties' Motion to Dismiss and Sanctions, and grant Lane any and all further relief as the Court deems appropriate.

Respectfully submitted this 26th day of July 2021.

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

**Counsel for the Plaintiff**

Plaintiff In Pro se:
Noel West Lane III
In Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2021 I mailed a copy Plaintiff's Objection to Witt Parties' Motion to Dismiss for Failure to State a Claim and Request for Sanctions via US Mail to the following parties and hand delivered to the Clerk of the Court:

**Attorneys for** | **Attorneys and Address**

Debtor

Charles S. Parnell
4891 Independence Street, Suite 240
Wheat Ridge, Colorado 80033

**Attorney for** | **Attorneys and Address**

Kelsey Jamie Buechler
999 18th St. Ste., 1230 S
Denver, CO 8020

Defendant
1. Matthew Curtis Witt, — see above
6972 S. Vine St. #366
Centennial, Colorado 80122, and

Defendants:

2. Silver Leaf Mortgage, Inc. — see above
6972 S. Vine St #366,
Centennial, CO 80122.

3. Matthew Curtis Witt, President and Sr. Loan Officer, — see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

4. Nicole Witt, — see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

**Attorney For**: | **Attorney Address:**

Samuel J. Stoorman
3400 E. Bayaud Ave., # 400
Denver, CO 80209

Defendant
5. All American Records Management, Inc.
15580 E. Hinsdale Circle

Centennial, Colorado 80112.

6. David Kahn, In Pro se
1114 Neon Forest Circle #2
Longmont, Colorado 80504.

7. David Kahn DBA Delta Solutions.com, In Pro se
1114 Neon Forrest Circle #2
Longmont, Colorado 80504.

8. Torrey Livenick, In Pro se
730 17th St Ste 900,
Denver, CO 80202.

9. Torrey Livenick, Esq, In Pro se
730 17th St Ste 900,
Denver, CO 80202.

10. Livenick Law, In Pro se
730 17th St Ste 900,
Denver, CO 80202.

| **Attorney for** | **Attorneys and Address** |
|---|---|
| Defendants<br>11. Miller & Law P. C.<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | Shaun A. Christensen, #23131<br>Miller & Law P.C.<br>1900 W. Littleton Blvd.<br>Littleton, CO 80120 |
| 12. David B. Law,<br>Miller & Law P.C.<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | David B. Law<br>1900 West Littleton Boulevard<br>Littleton, Colorado 80120. |
| 13. David B. Law<br>1900 West Littleton Boulevard,<br>Littleton, Colorado 80120. | see above |

| **Attorney for** | **Attorneys and Address** |
|---|---|
| Defendants<br>14. David Oppenheim | David Oppenheim |

1900 West Littleton Boulevard,
Littleton, Colorado 80120.

1900 W. Littleton Blvd.
Littleton, Co 80120

15. David Oppenheim,
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

see above

16. David Oppenheim,
David S. Oppenheimer Law
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

see above

**Attorney for** | **Attorney and Address**

<u>Defendant</u>

17. Glenn W. Merrick
5360 Preserve Parkway, South,
Greenwood Village, Colorado 80121.

Glenn W. Merrick #10042
Merrick, Shaner, and Bernstein, LLC
4600 S. Syracuse St., 9th Floor
Denver, CO 80237

18. G. W. Merrick & Associates
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

see above

19. Glenn W. Merrick,
Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

see above

20. Defendant Five (5) Does

Exhibit A

Exhibit A

LAW ONE

Phone | 303.831.8313
Fax | 720.500.0241
Website | elawone.net
Address | 1499 Blake Street Suite 1J
Denver, Colorado 80202

December 15, 2017

*Via Email and US Mail*: lane3co@outlook.com

Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214

RE: CRE 408 Settlement Discussions

Dear Mr. Lane:

As you know, this firm represents Matthew C. Witt. It is our understanding that you have recently threatened to commence additional litigation with regard to Mr. Witt's wife (Nicolle), entities owned by Mrs. Witt and other individuals. You have never had any dealings with Mrs. Witt or her businesses and cannot possibly have a claim against them. You also do not have any viable claims against Mr. Witt and are barred by his bankruptcy filing from suing him.

You have been unsuccessful in your attempts to complicate the lawsuits Mr. Witt filed against you. You will not be successful in the future. Mr. and Mrs. Witt will aggressively respond to any groundless and frivolous litigation you bring against either of them, and they would seek recovery of attorney fees and costs. That includes your recently filed frivolous Motion for Relief from Stay. You have no claims against Mr. Witt, did not list as an asset in your own bankruptcy filing any such claims, and you are absolutely forever barred from suing Mr. Witt by your failure to file a timely complaint in his bankruptcy case with respect to any alleged liability he might have to you.

We have conducted some research and are confident that you have assets upon which we could execute a judgement for awarded attorneys' fees. If you are planning any future litigation with regard to Mr. or Mrs. Witt, we urge you to reconsider immediately.

We are still interested in some settlement discussions, however, those would necessarily include a provision that you would agree to cooperate with our law firm, on behalf of Mr. Witt, with regard to the actions of Charles D. Snider Jr. and your communications with him. This cooperation would include, but not be limited to, information regarding Mr. Snider's pledge to seek revenge against Mr. Witt for the rest of his life, information regarding Mr. Snider's role in purchasing the judgment against Mr. Witt, interactions Mr. Snider had regarding Denver Haslam, and other information related to the litigation currently pending in Jefferson County District Court.

We believe that it may be in your best interest as well as Mr. Witt's to move on to more productive ventures.

Very truly yours,

Joseph M. Elio
Law One
JME/kc