## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW CURTIS WITT, | ) | Case No. 17-17630-MER |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| NOEL WEST LANE, III, | ) | Adv. Proc. No. 21-001100 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW CURTIS WITT, DEFENDANT | ) | |
| AND | ) | |
| MATTHEW CURTIS WITT, PRESIDENT | ) | |
| AND SR. LOAN OFFICER, SILVER LEAF | ) | |
| MORTGAGE, INC. | ) | |
| SILVER LEAF MORTGAGE, INC., | ) | |
| NICOLE WITT | ) | |
| NICOLE WITT, OWNER SILVER LEAF | ) | |
| MORTGAGE, INC. | ) | |
| ALL AMERICAN RECORDS | ) | |
| MANAGEMENT | ) | |
| DELTA SOLUTIONS | ) | |
| DAVID KAHN | ) | |
| DAVID KAHN, OWNER DELTA | ) | |
| SOLUTIONS | ) | |
| TORREY LIVENICK | ) | |
| TORREY LIVENICK, ESQ. | ) | |
| LIVENICK LAW | ) | |
| MILLER & LAW, P.C. | ) | |
| DAVID B. LAW | ) | |
| DAVID B. LAW, MILLER & LAW, P.C. | ) | |
| DAVID OPPENHEIMER | ) | |
| DAVID OPPENHEIMER, MILLER & | ) | |
| LAW, P.C. | ) | |
| DAVID OPPENHEIMER, DAVID S. | ) | |
| OPPENHEIMER LAW | ) | |
| GLENN MERRICK | ) | |
| GLENN MERRICK & ASSOCIATES | ) | |
| GLENN MERRICK, MERRICK, SHANER | ) | |
| BERNSTEIN, LLC | ) | |

–1–

| | |
|---|---|
| FIVE (5) DOES | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT AND AFFIDAVIT OF SUPPORT OF PLAINTIFF'S ENTRY OF DEFAULT AGAINST MATTHEW CURTIS WITT**

Defendant Matthew Curtis Witt ("Mr. Witt"), Nicole Witt ("Ms. Witt"), and Silver Leaf Mortgage Company, Inc. ("Silver Leaf") (Mr. Witt, Ms. Witt, and Silver Leaf collectively referred to as the "Witt Parties") through their undersigned counsel, respond to Plaintiff's Motion for Default and Affidavit in Support of Plaintiff's Entry of Default Against Matthew Curtis Witt, and states as follows:

1. Plaintiff filed his initial complaint in this matter on May 4, 2021. *Docket No. 1*. Plaintiff filed an amended complaint on May 10, 2021. *Docket No. 7*. By order dated June 7, 2021, the Court extended the Witt Parties' deadline to file an answer or other response to the Amended Complaint until July 9, 2021. *Docket No. 21*. By order dated July 9, 2021, the Court extended the Witt Parties' deadline to file an answer or other response to July 23, 2021. *Docket No. 41*.

2. The Witt Parties' Motion to Dismiss and Request for Sanctions was filed on July 15, 2021. *Docket No 46*. The Witt Parties timely responded to Plaintiff's Complaint.

3. The timely filing of a motion to dismiss precludes entry of default judgment:

    A defendant normally has 21 days after proper service (or 60 days for a federal officer) in which to answer a complaint. *See* Fed.R.Civ.P. 12(a)(1), (2). However, in lieu of an answer, a defendant may move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(a)(4). If a Rule 12(b) motion is filed, an answer is not due until 14 days after notice of the court's denial of the motion. *See* Fed.R.Civ.P. 12(a)(4). Here, the district court granted Attorney General Holder an extension of

–2–

       time in which to respond to the complaint and he filed a motion to dismiss prior to the extended deadline. Similarly, Amarr obtained extensions of time in which to respond to both the initial complaint and amended complaint. Both its motions to dismiss were filed within the extended time permitted by the court. Therefore, no answer was due from either Attorney General Holder or Amarr until the court denied the motions. As the district court correctly determined, a default judgment was not warranted.

*Robles v. Amarr Garage Doors*, 509 F. App'x 741, 743–44 (10th Cir. 2013)

4. Plaintiff was advised any attempt to seek default judgment against any of the Witt Parties was improper. *See* Emails among Michael C. Lamb, K. Jamie Buechler, and Plaintiff, attached as Exhibit 1.

5. Leaving the admonitions provided by counsel for the Witt Parties aside, it is evident Plaintiff understands he has no legal grounds to seek default judgment against Mr. Witt. First, he did not seek entry of default judgment against Silver Leaf and/or Ms. Witt even though the remaining Witt Parties were subject to the various orders extending the Witt Parties time to respond to the complaint and each was a party to the Motion to Dismiss and Request for Sanctions.

6. Second, seven other defendants timely filed motions to dismiss in lieu of an answer (or otherwise joined in pending motions to dismiss). *See Docket Nos. 9, 10, 11, 12, 19, 25, and 56*. Plaintiff has only sought default judgment against one other party—David Kahn, who only recently filed a joinder to pending motions to dismiss. *See Docket Nos. 56 – 59*.

7. Plaintiff has specifically targeted Mr. Witt with a frivolous, vexatious filing, thereby causing the Witt Parties to incur additional fees unnecessarily. In addition, this is now the fourth time Plaintiff has added to the Court's docket with an unauthorized filing. *See also Docket Nos. 36, 50, and 54*.

–4–

8. Plaintiff's Request for Entry of Default Judgment against Mr. Witt should be denied and sanctions entered against Plaintiff due to his intentional targeting of Mr. Witt with a vexatious, frivolous filing.

WHEREFORE, the Witt Parties request Plaintiff's Motion for Entry of Default Judgment be denied; sanctions be entered against Plaintiff for his targeted harassment of Mr. Witt; and for such further relief as the Court deems property.

DATED this 10th day of August, 2021

Respectfully submitted,
Buechler Law Office, LLC

*/s/ Michael C. Lamb*

_____
K. Jamie Buechler, #30906
Michael C. Lamb, #33295
999 18th Street, Suite 1230-S
Denver, Colorado 80202
720-381-0045 / 720-381-0382 FAX
Jamie@kjblawoffice.com
mcl@kjblawoffice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 10, 2021, I served by prepaid first class mail [or (other acceptable means, i.e. via hand delivery] a copy of the **RESPONSE TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

All American Records Management, Inc
15580 E. Hinsdale Circle
Centennial, Colorado 80112

1114 Neon Forrest Circle
Longmont, CO 80504

Glenn Merrick & Associates
6300 S. Syracuse Way, Suite 220
Greenwood Village, CO 80111

David Kahn
1114 Neon Forest Circle
Longmont, Colorado 80504


Charles S. Parnell
4891 Independence Street, Suite 240
Wheat Ridge, Colorado 80033


Tom H. Connolly
Trustee
950 Spruce Street, Suite 1C
Louisville, Colorado 80027

Defendant Five (5) Does
NO ADDRESS PROVIDED

David Kahn
Owner Delta Solutions
1114 Neon Forest Circle
Longmont, Colorado 80504

Noel West Lane III
Attn Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214-2129

Torrey Livenick
730 17th St, Ste 900
Denver, CO 80202

Torrey Livenick, Esq.
730 17th St, Ste 900
Denver, CO 80202

Glenn W. Merrick
5360 Preserve Parkway South
Greenwood Village, Colorado 80121

Glenn W. Merrick, Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237


By:   */s/ Sharon E. Fox*
      For Buechler Law Office, LLC