## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW CURTIS WITT, | ) | Case No. 17-17630-MER |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| NOEL WEST LANE, III, | ) | Adv. Proc. No. 21-001100 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW CURTIS WITT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## THE WITT PARTIES' MOTION FOR SANCTIONS

Defendant Matthew Curtis Witt ("Mr. Witt"), Nicole Witt ("Ms. Witt"), and Silver Leaf Mortgage Company, Inc. ("Silver Leaf") (Mr. Witt, Ms. Witt, and Silver Leaf collectively referred to as the "Witt Parties")[1] through their undersigned counsel, pursuant to Fed.R.Bankr.P. 9011, respectfully move this Court for an Order entering sanctions against Plaintiff Noel West Lane III ("Plaintiff"), and states as follows:

### Certification of Conferral and Compliance with Rule 9011(c)(1)(A)

On June 23, 2021, undersigned counsel served the prior Motion by mail and email, upon Plaintiff. Attached hereto as **Exhibit A** is a copy of a *Letter from Mr. Lamb to Plaintiff, dated June 23, 2021,* Plaintiff was sent both a letter and a copy of the Witt Parties' Motion to Dismiss for

---

[1] Plaintiff's complaint also lists "Matthew Curtis Witt, President and Sr Loan Officer, Silver Leaf Mortgage, Inc." and "Nicole Witt, Owner Silver Leaf Mortgage, Inc."   Neither has a separate legal existence from Mr. Witt and Ms. Witt.   Nevertheless, to the extent the Court treats each as separate entities, the instant motion is applicable to those entities as well.

⎯1⎯

Failure to State a Claim and Request for Sanctions (the "Motion"). A copy of the Witt Parties' *Motion to Dismiss and Request for Sanctions*, is attached hereto as **Exhibit B**.[2]   Counsel undersigned also conferred with Plaintiff regarding the relief requested.   Plaintiff *opposed* the relief sought the Motion and did not withdraw the Complaint within twenty-one (21) days. *Id.*   As a result, the Witt Parties assert they have complied with Fed.R.Bankr.P. 9011©(1)(A) as Fed.R.Bankr.P. 7004(b)(1) permits nationwide service of process by mail.

I.   **Introduction**

Plaintiff commenced this Adversary Proceeding by filing his Complaint on May 5, 2021. *Docket No. 1*.  The Complaint alleges causes of action against the Witt Parties and others for purported violations of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543.   Mr. Lane's causes of action against the Witt Parties are based entirely on an email from Mr. Witt to Plaintiff.   Sent out of frustration, Mr. Witt's email claims he allegedly destroyed certain boxes of documents. Plaintiff has been pursuing these boxes with a singular focus for years.   The boxes, however, were not destroyed.   *See Defendant Miller & Law's Motion to Dismiss*, Docket No. 10, pg. 6 and Ex. 1.

Relying on this incorrect factual pretext, Plaintiff alleged causes of action for which he lacked standing to assert and requested damages totaling $44,000,000 from a host of parties (including several fictitious entities conjured up by Plaintiff).   *See generally, Complaint*.   A number of Defendants conferred with Plaintiff regarding the merits of his claims, including the Witt Parties. The Witt Parties provided Plaintiff with clear, unequivocal evidence and argument showing his Complaint lacked any merit whatsoever.   *See e.g., Docket No. 10, pg. 2; Docket No. 11, pg. 2, and Docket No. 12, pg. 2*.   Nevertheless, Plaintiff refused to withdraw his Complaint.

---

2 This Motion is substantially similar to the Witt Parties' original motion, albeit with the arguments on dismissal removed.

The Witt Parties and several other Defendants were thus forced to file motions to dismiss, with the Witt Parties combining their Motion to Dismiss with a request for sanctions.[3]  *See e.g., Docket Nos. 9-12, 18, and 25*.

By order dated November 24, 2021, the Court dismissed Plaintiff's Complaint.  *Dkt. No. 68.*  The Court noted Rule 9011 requires a request for sanctions to be filed by separate motion and served pursuant to Fed.R.Bankr.P. 7004, and that it would consider any request for sanctions filed "under the proper procedural mechanisms."  *Id.*  The Witt Parties now file such motion.

## II.   <u>Standard of Review</u>

Whether to enter sanctions against a party is judged by an objective standard.  *In re Faires*, 123 B.R. 397, 404 (Bankr. D. Colo. 1991); *see also*, *In re Byrd, Inc*., 927 F.2d 1135, 1137 (10th Cir. 1991).  Subjective good faith is not relevant.  *Id.*  A court must determine if "the attorney or signing party made a reasonable inquiry to determine the factual and legal legitimacy of the document."  *In re Olympia Holding Corp*., 189 B.R. 846, 851 (Bankr. M.D. Fla. 1995).  "[S]igners have a personal duty to 'stop, think and investigate' before filing any pleading."  *In re Faires*, 123 B.R. at 404 (Bankr. D. Colo. 1991).  If a court finds a party has violated Rule 9011, the imposition of sanctions is mandatory.  *Id.*

This Court has significant discretion in determining what sanction is appropriate. *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1136 (10th Cir. 1991).  Sanctions may be monetary or non-monetary, including an order barring a party from appearing for a time, dismissal of baseless claims, or reprimand.  *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d

---

[3] Plaintiff failed to withdraw his frivolous Complaint.   He then compounded the waste of resources through the filing of numerous unauthorized pleadings.  *See e.g Docket No. 36*.

191, 194 (3rd Cir. 1988).   Courts, however, should impose the minimum sanctions necessary to deter the violative behavior.   *White v. General Motors*, 908 F.2d 675, 684-85 (10th Cir. 1990).

## III.   <u>Plaintiff should be sanctioned pursuant to Rule 9011.</u>

Plaintiff failed to undertake *any* independent inquiry or verification as to whether the Boxes were destroyed.   Instead, upon receipt of Mr. Witt's email, Plaintiff almost immediately filed a "Motion for Hearing" in Case No. 17-01548 based on the purported destruction of the Boxes. When the request for hearing was denied on May 3rd, Plaintiff quickly revised his motion and filed this adversary proceeding on May 4, 2021.   Plaintiff had two separate chances to independently verify the status of the Boxes.   He failed to do so.

Plaintiff also failed to exercise any due diligence whatsoever as to whether the claims alleged against the Witt Parties had any basis in the law.   Plaintiff alleged causes of action against the Witt Parties for purported violations of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543.   Even a cursory review of C.R.S. §18-8-610 would inform Plaintiff it is a criminal statute without any private cause of action.   Similarly, the plain language of 11 U.S.C. §§542 and 543 shows the right to bring a turnover action is vested exclusively with the trustee (or the debtor in certain circumstances).   The plain text of the statutes cited by Plaintiff should have informed Plaintiff he lacked basis to bring any of his claims against the Witt Parties.

From a broader perspective, Plaintiff's Complaint is notable for its complete lack of merit as to claim against to *any* party.   *Every* Defendant either filed or joined in a motion to dismiss. Each motion raised a different basis for dismissal.   The Court found merit in all or most of nearly every motion.   Plaintiff's failure to perform due diligence as to any of his claims was profound.

Although Plaintiff will likely attempt to hide behind his *pro se* status, the Court has first-hand knowledge Plaintiff has (unsuccessfully) represented himself in bankruptcy, civil, and

appellate proceedings against Mr. Witt for years.   He understands very well how to conduct legal research.   No benefit of the doubt should be afforded to Plaintiff as a *pro se* litigant.   Shell v. Am. Fam. Rts. Ass'n, 899 F. Supp. 2d 1035, 1044, fn. 2 (D. Colo. 2012) ("*[P]ro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.").

Plaintiff failed to perform any due diligence as to whether his claims had factual or legal support as to any party.   Sanctions are therefore mandatory.   Factors the Court should consider in determining the type and/or amount of sanctions to enter include the minimum amount needed to deter the behavior; ability to pay; the offending party's history and experience; the degree of the violation; any bad faith or malice involved; the risk of chilling the type of litigation at issue; and any other factors applicable to the circumstances.   *White*, 908 F.2d at 685.   These factors weigh in favor of entering sanctions.

First, an order requiring Plaintiff to pay the Witt Parties' attorneys' fees and costs incurred and enjoining Plaintiff from further filings without first obtaining approval from the Court is the minimum sanction to deter Plaintiff.   Plaintiff simply refuses to accept he has no claim against the Witt Parties.   He has pursued Mr. Witt for nearly 15 years, through multiple corporate bankruptcies, Mr. Witt's personal bankruptcy, multiple adversary proceedings, multiple state lawsuits, and several appeals.   He has not achieved even a modicum of success.   Mr. Witt, meanwhile, has incurred hundreds of thousands of dollars in attorneys' fees and costs successfully defeating Plaintiff's frivolous filings.   A monetary sanction coupled with an injunction preventing future filings absent Court approval represents the minimum sanction needed to deter Plaintiff.[4]

---

[4] Although counsel undersigned is aware this Court cannot prevent further filings at the state court level, precluding

Second, Plaintiff's history and experience support the above-described sanctions.   He has relentlessly pursued Mr. Witt for years.   He is a serial filer, submitting motion after motion to this Court, irrespective of whether Plaintiff's filings have any legal or factual basis.   Plaintiff's history strongly favors the requested sanctions.

Third, Plaintiff's violations of Rule 9011 are significant.   He never undertook any independent investigation as to the factual and legal bases of his claims before filing his Complaint against 15 parties.   Mr. Witt's email was perhaps ill-advised.   This does not, however, provide Plaintiff with *carte blanche* to allege baseless claims against 11 other parties.   Both monetary and injunctive sanctions are appropriate given the gravity of his violations.

Fourth, there is no risk an award of sanctions would chill or otherwise deter parties with good faith claims from filing adversary complaints in the future, since any such order would only apply to Plaintiff.

For these reasons, sanctions directing Plaintiff to pay the Witt Parties' fees and costs incurred in responding to Plaintiff's Complaint are required.   The Witt Parties also seek an order enjoining Plaintiff from any future filings in connection with Mr. Witt's bankruptcy case or any other related cases [5], including commencing additional adversary proceedings, absent court approval or employment of counsel.   Such sanctions represent the minimum necessary to deter Plaintiff's egregious conduct.

## IV.   **Conclusion**

The factual predicate underlying Plaintiff's claims—Mr. Witt destroyed the Boxes—was demonstrably untrue.   Plaintiff, however, made no attempt verify the status of the boxes.

---

Plaintiff from additional filings in This Court absent approval from the Court would prevent additional frivolous filings in at least one venue.

[5] This includes, but is not limited to, *In re Commercial Capital, Inc.* and *In re CCI Funding I, LLC*, case nos. 09-bk17238-MER and 09-bk-17437, respectively.

Likewise, he did not perform any due diligence as to whether any of his claims were well taken. Sanctions pursuant to Fed.R.Bankr.P. 9011, are mandatory.   Requiring Plaintiff to pay the Witt Parties' fees and costs incurred in responding to the Complaint and enjoining any future filings in Mr. Witt's bankruptcy without approval of the Court represent the minimum sanctions needed to deter Plaintiff's behavior.

WHEREFORE, the Witt Parties move this Court for an Order directing Plaintiff to pay the Witt Parties' attorney fees and costs incurred in this matter as may be approved after application to the Court, and an Order enjoining Plaintiff from future filings in Mr. Witt's bankruptcy unless approved by the Court or he retains counsel, along with such other relief as this Court deems appropriate.

DATED December 13, 2021                         Respectfully submitted,

Buechler Law Office, LLC

*/s/ K. Jamie Buechler*

_____
K. Jamie Buechler, #30906
Michael C. Lamb, #33295
999 18th Street, Suite 1230-S
Denver, Colorado 80202
720-381-0045 / 720-381-0382 FAX
Jamie@kjblawoffice.com
mcl@kjblawoffice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 13, 2021, I served by prepaid first class mail [or other acceptable means, i.e. via hand delivery] a copy of **THE WITT PARTIES' MOTION FOR SANCTIONS** , on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

**Via U.S. Mail**:

Noel West Lane III
Attn Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214-2129

**Via CM/ECF**

Shaun a. Christensen                    David B. Law

Torrey Livenick                         Glenn W. Merrick

Davis S. Oppenheim                      Samuel J. Stoorman

By:  ___/s/ Sharon E. Fox_____
           For Buechler Law Office, LLC