# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No. |
| | 17-17630-MER |
| Debtor. | |
| | Chapter |
| Address:    2792 Greatwood Way | 7 |
| Highlands Ranch, CO 80126 | |



SSN:    XXX-XX-4130

|  |  |
|---|---|
| NOEL WEST LANE III | |
| Plaintiff | |
| | Adv. Proc. No. |
| MATTHEW CURTIS WITT, DEFENDANT, | 21- 001100- MER |
| AND | |
| MATTHEW CURTIS WITT, PRESIDENT AND SR. | |
| LOAN OFFICER, SILVER LEAF MORTGAGE, INC. | |
| SILVER LEAF MORTGAGE, INC. | |
| NICOLE WITT | |
| NICOLE WITT, OWNER SILVER LEAF | |
| MORTGAGE, INC. | |
| ALL AMERICAN RECORDS MANAGEMENT | |
| DELTA SOLUTIONS | |
| DAVID KAHN | |
| DAVID KAHN, OWNER DELTA SOLUTIONS | |
| TORREY LIVENICK | |
| TORREY LIVENICK, ESQ. | |
| LIVENICK LAW | |
| MILLER & LAW P.C. | |
| DAVID B. LAW | |
| DAVID B. LAW, MILLER & LAW P.C. | |
| DAVID OPPENHEIM | |
| DAVID OPPENHEIM, MILLER & LAW P.C. | |
| DAVID OPPENHEIMER, DAVID S. OPPENHEIM | |
| LAW | |
| GLENN MERRICK | |
| GLENN MERRICK & ASSOCIATES | |
| GLENN MERRICK, MERRICK, SHANER, | |
| BERNSTEIN, LLC | |
| FIVE (5) DOES | |

Defendants

---

**PLAINTIFF NOEL WEST LANE III'S OBJECTION TO WITT PARTIES' MOTION FOR RULE 9011 SANCTIONS. IN THE ALTERNATIVE PLAINTIFF ASKS THE COURT TO RULE ON WITT PARTIES ADMISSION OF ALMALGAMATION AS CODEFENDANTS. IN LIGHT OF THAT ADMISSION PLAINTIFF REQUESTS THE COURT TO ISSUE A DEFAULT FOR DEFENDANTS' FAILURE TO ANSWER 21-001100-MER'S FULLY BRIEFED 9TH CLAIM FOR RELIEF PURSUANT TO RULE 7012 WHICH POSTURES THE ALMALGAMATED WITT PARTIES' "INTENT TO DEPRIVE" CONTAINED IN THE 9TH CLAIM FOR RELIEF PURSUANT TO RULE 37(E)**

---

Plaintiff Noel West Lane III ("Lane") In Pro se, by his own Objection to Witt Parties' Motion for Sanctions.  In the Alternative Plaintiff asks the Court to Rule on Witt Parties' Admission of Amalgamation as Codefendants.   In Light of that Admission Plaintiff Requests the Court to Issue a Default for Defendants' Failure to Answer 21-001100-MER's Fully Briefed 9th Claim for Relief Pursuant to Rule 7012 [1] which Postures the Amalgamated Parties' "Intent to Deprive" Contained in the 9th Claim for Relief Pursuant to Rule 37(e), and as such states the following:

## <u>JURISDICTION</u>

1.   This Court has subject matter jurisdiction in the matter of Sanctions against Lane and Lane's 9th Claim for Relief [2] a matter remaining unruled and arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e),

**"(b)**   Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts

---

[1] Rule 7012(a)(b)

[2] The Parties to 21-001100-MER's 9th Claim for Relief are identified by the Court as Witt, Nicole Witt, and Silver Leaf Mortgage, Inc. as the "Witt Parties", All American Records Management as "AARM", Delta Solutions as "Delta", David Kahn as "Kahn", and Torrey Livenick and Livenick Law "as the Livenick Parties.

shall have original but ***not exclusive jurisdiction*** (emphasis added) of all civil proceedings arising under title 11 or arising in or related to cases under title 11." [3] [4] [5]

2.  This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

3.  The Plaintiff does consent to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third party claim.

### PLAINTIFF'S STATEMENT REGARDING 21-001100-MER DOC# 68, ORDER OF DISMISSAL, AND PLAINTIFF'S STATEMENT IN SUPPORT OF OBJECTION TO WITT PARTIES' MOTION FOR SANCTIONS PURSUANT TO RULE 9011

4.  Complaint (Doc#6) 21-001100-MER contains nine claims for relief and was entered on May 10, 2021.

5.  Lane's Claims for Relief 1-6 were dismissed for lack of jurisdiction.

6.  Lane's Claims for Relief 7 and 8 were dismissed for failure to state a claim upon which relief can be granted.

7.  Lane's 9th Claim for Relief remains unruled at this time. See Order: Conclusion

8.  Lane maintains that The Witt Parties' Motion to Dismiss for Failure to State a Claim and Request for Sanctions ( Doc# 10-1) is a partial motion as in the minority view expressed in *Gerlach v. Michigan Bell Telephone Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978).

    a.  Lane maintains that Witt Parties filed its Rule 12(b) motion to interrupt discovery. [6]

---

[3] Rule 11(b) and 11(c)

[4] Lane notes that the Court addressed jurisdiction over "*all* claims asserted by Lane" in its Order of Dismissal and in its address of court jurisdiction for all claims, the Court left Lane's 9th Claim for Relief unruled. Witt Parties reintroduced Lane's Complaint to the Court including the unruled 9th Claim by making Exhibit Doc# 70-2 Motion to Dismiss for Failure to State a Claim and Request for Sanctions a part of Doc#70, Motion for Sanctions, 21-001100-MER.

[5] In the Court's **Conclusion** contained in its Order of Dismissal the Court dismisses Claims One through Six in exercise of the Court's jurisdiction discretion to abstain (See Order Doc# 68, Analysis, B) and the Court dismisses Claims Seven and Eight for failure to state a claim for which relief can be granted. The Court did not abstain from nor did the Court rule on Claim Nine. Further, the Court noted that Witt Parties and Defendants failed to answer Lane's 9th Claim for Relief. Additionally, the Court noted that Witt Parties, AARM, Delta, Kahn, and Livenick Parties failed to answer or deny Lane's 9th Claim for Relief.

[6] See *Lisenbee & Moberly*, supra note 6, at 62

9.   Lane maintains that Witt, Nicole Witt, and Silver Leaf Mortgage, Inc, collectively the Witt Parties must be amalgamated.  Witt Parties should be amalgamated under the Single Business Enterprise Theory.  An action to amalgamate parties lies in equity. See *Pertuis v. Front Roe Rests., Inc.*, 423 S.C. 640, 648, 817 S.E.2d 273, 277 (2018) (noting equitable principles govern the application of amalgamation).

10. Lane understands this Court's Order of Dismissal and acknowledges the Court's emphasis that, "disputes relating to the Boxes are more appropriately heard by the State Court.".

11. Lane offers as explanation and asks for the Court's indulgence in Lane's Objection to Witt Parties' Motion for Sanctions because Sanctions against Lane are not warranted, for the following reasons:

   a. Lane filed 21-001100-MER in this Court upon information and belief and under Lane's presumption that,

"the matters of 21-001100-MER were proper in bankruptcy court and that the issues of 21-001100-MER flowed from the Bankruptcy Court's Order regarding the evidence of the 44 Boxes ("Evidence") and therefore Lane believed all subsequent pleadings and orders whether from district court or state court flowed from this Court's original order regarding the Evidence, thus Lane filed 21-001100-MER in bankruptcy court because Lane believed jurisdiction was proper in this Court."

   b. Lane filed 21-001100-MER in this Court upon information and belief and under Lane's presumption that,

"Lane must file an action immediately to preserve Lane's rights under the statute of limitations for fraud, thus Lane filed 21-001100-MER in this Court under the presumption that Federal Bankruptcy Fraud's [7] statute of limitations is five years from the moment of discovery, and since Lane's alleged Witt fraud discovery occurred in April, May, and June of 2016 when Lane took possession of the Boxes, and since Lane's appeal of the possession of the Evidence in 2020CA1068 filed in July 2020 remained unruled, thus in belief of expiration of the statute of limitations, Lane filed 21-001100-MER in this Court per Paragraph 8.a. on May 4, 2021 and Lane's Complaint was entered on May 10, 2021." [8]

   c. Further, Plaintiff filed his complaint 21-001100-MER on May 10, 2021, in this Court based on his information and belief as expressed in Paragraph 8.a. above in an abundance of caution that Lane's ability to raise the issues of the Evidence he believed evidenced Witt Parties' fraud were quickly expiring.

---

[7] 18 U.S.C. § 157

[8] See Paragraph 28, Timeline and Listing of Case Numbers and Docket Report Numbers Referenced in Lane's Objection to Sanctions.

4

d. Lane's caution was also caused by Witt Parties' intentional admission to spoliation of the Evidence which Lane maintains contains evidence of Witt Parties alleged fraud and which Evidence is the subject matter of 2020CA1068 on appeal and which admission to spoliation of the Boxes of evidence by Witt Parties' was based on Lane's belief that Witt Parties among other things were utilizing at least two court jurisdictions to intentionally complicate In pro se Lane's understanding of procedural due process in multiple jurisdictions for other intentions.

e. Lane maintains that these Witt and Witt Parties' actions either by design and/or convenience were for the alleged purpose of among other things, causing or assisting Lane to forfeit his 14th Amendment right among other rights through inadvertent procedural due process errors in differing jurisdictional venues." See Order of Dismissal – Analysis, Lane's Failure to File

f. Lane filed 21-001100-MER because of Witt Parties' perceived intention to cause spoliation of the Evidence and the proofs of Witt Parties' fraud contained therein.

g. Further, Lane filed 21-001100-MER because Lane's fully briefed appeal in the matter of possession of the Boxes, 2020CA1068, had as yet not been ruled on and as such Lane was of the belief that Witt would and did cause spoliation of the Evidence with "intent to deprive" to 1) deny Lane equal protection and due process, and 2) in violation of 42 U.S.C. § 1983

h. Lane filed a Motion for Judicial Notice of Judge Romero's Order of Dismissal with the CoA on December 9, 2021. The CoA denied Lane's Notice of Motion and Motion for Judicial Notice on December 20, 2021. See Paragraph 35(a), Timeline

12. Lane filed 21-001100-MER in the same fashion and manner as Lane replied in his responsive pleadings in all three actions brought by Witt against Lane for the sole purpose of defending Lane and his family from Witt's threats and perceived revenge. [9] Lane always replied to Witt's allegations in an abundance of caution caused by Lane's fear of being found in default of Witt Parties' claims made in any court's venue for failure to answer pursuant to Rule 7012 and its reciprocals in state law and state.

13. Lane has never commenced a complaint against Witt in over six years of Witt's legal, libelous, and slanderous attacks on Lane's good name and Lane's wife and family, that is until Lane filed 21-001100-MER. 21-001100-MER was entered almost seven years after Witt brought his first RICO claim against Rekon/Snider and Lane et al in federal district court in 2016.

14. Lane filed 21-001100-MER to protect and preserve the Evidence *and the content of the*

---

[9] In February 2009 during the period that Lane was briefly employed by Witt as Commercial Capital, Inc.'s ("CCI") Chief Operating Officer Lane disclosed to the North American governing board of West LB allegations of mortgage fraud by Witt as President and sole shareholder of CCI, and following CCI's filing for bankruptcy in 09-17238-MER, Lane disclosed to the Court and the U.S. Trustee allegations of mortgage fraud committed by Witt and CCI.

*Evidence* (emphasis added) (hereinafter Evidence or evidence) from Witt Parties' "intent to deprive" pursuant to Lane's beliefs as stated in Paragraph 8.a. and to protect and preserve the evidence and its content vis-à-vis spoliation and the Court's discretion, while the possession of the evidence remains in dispute and under appeal.

15. Lane named the Witt Parties, AARM, Kahn, Delta, and Livenick in his 9th Claim for Relief upon the information and belief that each of these parties was complicit in Witt Parties' spoliation of the evidence and in Lane's desire to protect and preserve the Evidence while possession is under appeal.

16. Lane, despite the Court's warning about state court issues, believed that the bankruptcy court was Lane's court of last resort regarding the Evidence out of fear that Witt would, and/or did cause spoliation of the Evidence together with the assistance of others, while the Evidence was in Witt's possession even though the possession of the Evidence in a pending proceeding was under appeal.

17. Lane filed 21-001100-MER upon information and belief in Witt and Witt Parties' written statements and Witt and Witt Parties' written and perceived threats to cause financial and emotional harm to Lane, Lane's wife and family, and Witt and Witt Parties' intentional damage to Lane's good name by Witt Parties' acts of slander and/or libel as enumerated in Lane's responsive pleadings made in contradiction of Witt Parties' assertion of vendetta against Witt by Lane, by Witt's admitted and evidenced in responsive pleadings of the case at bar, spoliation of the Evidence.

18. Lane filed 21-001100-MER after Lane used proper due diligence and duly investigated Witt's written statement of intentionally causing spoliation of the Evidence.

    a.   Lane verified the alleged spoliation occurred by, 1) through direct contact at AARM's place of business with AARM's employees, and 2) receipt from AARM's employees copies of the invoices and written orders evidencing Witt Parties' premeditated decision to cause spoliation to the Evidence under appeal by directing AARM to deposit an unspecified number of the remaining Boxes of evidence in an unsupervised public location on an unsupervised loading dock which loading dock was not a contiguous part of SLM's office spaces. Thus, chain of custody was broken and the preservation of the integrity of the Evidence was made impossible and forevermore unverifiable.

    b.   Further, Plaintiff understands the Court's reasoning when it identified deficiencies in Lane's complaint vis-à-vis 17-17630-MER and prior cases. Lane acknowledges his failure to preserve certain rights. Lane offers as explanation to the Court Lane's in-experience in all the varying facets of procedural due process in multiple jurisdictions and thus, Lane's failure to preserve certain rights when granted relief from stay by this Court.

19. Lane submits to the Court that Lane undertook his actions as in pro se representative to

avoid being in jeopardy from default for failing to answer Witt's complaints and thus be exposed to monetary penalty because,

    a.  Lane undertook his actions In Pro se upon information and belief that if Lane did not continue to respond to Witt's complaints which were commenced and dismissed against Lane in 2016 in federal district court, commenced and dismissed against Lane in 2017 in District Court of Jefferson County, Colorado ("Jeffco"),  and commenced against Lane in 2019 in Jeffco and under appeal in the Colorado Court of Appeals in 2020, 2021, and 2022 in a pending proceeding, Lane would be found in default and Witt Parties' would continue their acts of exacting revenge on Lane (for CCI disclosures and disclosure of the Arson Home allegations) in furtherance of Witt's and Witt Parties' "vendetta" [10]  to cause financial ruin and emotional distress on Lane and Lane's family, and

    b.  Lane is In Pro se since 2013 because Lane no longer has the financial wherewithal to engage counsel for defense against Witt Parties' constant litigation against Lane which commenced in 2016 with Witt filing his RICO action against Snider/Rekon and Lane et al.  Witt's RICO was dismissed, however Witt immediately followed the RICO dismissal by filing a COCCA action against Snider/Rekon and Lane et al in 2017, followed 8 days after filing with Witt's filing for Chapter 7 bankruptcy protection.

  20. Lane submits to the Court that he complied with Rule 9011 and its counterpart in Rule 11(b) and 11(c) and that his due diligence in investigating Witt Parties' alleged spoliation of the Boxes of Evidence prior to filing his complaint is thoroughly evidenced in the responsive pleadings which are a part of 21-001100-MER with specific reference to the September 15, 2020 AARM exhibit document and the Witt Parties' statement of "Intent to Deprive" made on April 13, 2020.

    a.  The referenced responsive pleadings are fully briefed and of record in 21-001100-MER Doc#'s 46 – 65. [11] [12]

_____

[10] See Witt Parties allegation of "vendetta" by Lane against Witt Parties contained in 21-001100-MER Doc# 10-1 and Lane's rebuttal of Witt's allegation of vendetta contained in 21-001100-MER Doc#'s 44 through 65.

[11] See Doc# 46 Motion Witt Parties' Motion to Dismiss for Failure to State a Claim, 07/19/21 Doc# 47 Plaintiff's Objection to Motion to Dismiss, 07/22/21 Doc# 48 Reply to Plaintiff's Objection, 07/26/21 Doc# 50 Plaintiff's Response to Reply, 07/30/21 Doc# 51 Motion for Default against Witt, 7/30/21 Doc# 52 Plaintiff's Affidavit in Support of Default, 08/02/21 Doc# 53 Witt Parties Motion to Strike Plaintiff's Response, 08/04/21 Doc# 55 Plaintiff's Objection to Motion to Strike, 08/10/21 Doc# 60 Response filed by Witt Parties, 08/11/21 Doc# 61 Plaintiff's Reply to Witt Response to Request for Default, 08/12/21 Doc# 62 Reply by Witt to Motion for Default, 08/16/21 Doc# 63 Plaintiff's Motion for Leave to file Surreply, 08/17/21 Doc# 64 Order Granting Surreply, and 08/19/21 Doc #65 Plaintiff's Surreply.

[12] See Paragraph #35, Timeline and Listing of Case Numbers and Docket Report Numbers Referenced In Lane's Objection to Sanctions

21. Lane submits to the Court that Lane's inexperience in the aspects of due process in different jurisdictions and the naivete of his belief in the simplicity of the rights guaranteed under the 14th Amendment and its reciprocals in state law and statute which Witt repeatedly mocks, is easily seen in his early responsive pleadings commencing in 2016 which responsive pleadings were made in Lane's belief that

    a. Witt was covering up his alleged fraud on the court(s) and Lane,

    b. Lane's failure to reply to every legal assault made by Witt Parties on Lane would be a cause of default,

    c. Lane's sole defense to avoid further legal and financial ruin from Witt's revenge was to reply to every Witt Parties' claim as Lane's and Lane Family's In Pro se representative [13], and

    d. that by filing counterclaims against the Witt Parties Lane could obtain discovery for the purpose of obtaining further evidence to prove Witt's nefarious actions including Witt Parties' intentional fraud on the Court(s) and on Lane.

22. Lane submits to the Court that there is no reasonable man standard that would cause Lane or any other person to believe anything other than that after more than 6 years of Witt initiated litigation, Witt 's statement attesting to causing spoliation of the evidence under appeal was true and correct,

    a. Because it came from Witt in his capacity as an In Pro se officer of the court and in his capacity as President and Senior Loan Officer of SLM, and because Lane exercised good due diligence when Lane went directly to AARM to obtain hard copy evidence of Witt's intent to cause spoliation to the Evidence which spoliation did occur on September 15, 2020 as disclosed in the 21-001100-MER AARM responsive pleading and exhibits among other pleadings.

23. Lane submits to the Court that Lane and the Court have no reason to doubt Witt's admission to spoliation of the Evidence because following Witt's claim of spoliation, Lane communicated directly with AARM employees and from those AARM employees Lane received specific AARM documentation identifying the date of delivery and the location of delivery of an unknown number

---

[13] Lane has previously submitted evidence in multiple jurisdictions attesting his income status from SSN and Military Disability pension and his lack of available funds to engage counsel. In 17-cv-31212 the Court required Lane to engage counsel to defend RhonLan, LLC a defunct Colorado limited corporation that was falsely accused by Witt as a co-conspirator in the alleged COCCA claims made in 17-cv-31212 and other claims which all were subsequently dismissed. Lane borrowed $25,000 dollars to comply with Judge Pilkington's Order to engage counsel to defend RhonLan separately as a defendant in 17-cv-31212. As was Witt's RICO complaint filed against Lane in Honorable Judge Marcie Krieger's Court, 17-cv-31212 against both Lane and RhonLan was also dismissed.

of Boxes of evidence to an unsupervised, public loading dock not contiguous to SLM's office from AARM employees confirming that Witt's claim of causing spoliation of the Evidence was in fact true and correct.  See AARM Docs#'s, Paragraph 35(d) AARM

24. Finally, Lane had no reason to doubt his reasonable man's understanding of the revenge motivation of Witt's filings against Lane and Witt's threatened attacks on his wife and family because,

"Witt repeatedly threatened Lane and Lane's family with financial ruin and threatened Lane's mental and emotional health with libelous and slanderous statements of pedophilia (See Doc#'s 47, 48, and 50) among others and disparaged Lane's good name and business reputation in his continuing efforts to obfuscate the alleged fraud evidence of the Boxes and Witt's subsequent admission to tampering with evidence and causing the altering and spoliation of the evidence of the Boxes which Lane believed flowed from and was governed under this Court's Order."

25. Upon information and belief and based on at least six years of continuous litigation all initiated against Lane and Lane's family by Witt commencing in 2016 in federal district court followed by other litigation commenced against Lane, and

  a.  filed in multiple jurisdictions by Witt,

  b.  financed by Witt Parties' in 1) 17-17630-MER (Law One Creditor Committee Testimony) and 2) SLM purchase of Boxes in 19-cv-30951,

  c.  continued against Lane as a legal strategy in multiple jurisdictions with multiple attorneys and multiple law firms, and was

  d.  allegedly crafted for the "intent to deprive" Lane of his 14th Amendment Rights which Lane alleges is a violation of 42 U.S.C. § 1983, and

  e.  culminated in Witt's admission to spoliation of the Evidence in a pending proceeding, thus forever depriving Lane of his right to due process and equal protection based on the Evidence contained therein.

26. Lane submits to the Court that Lane had no reason to doubt that Witt's and Witt Parties' threats to bury Lane in litigation and sanctions was a "vendetta" in every sense of the word used by Witt Parties against Lane in 21-001100-MER Doc# 10-1.

27. Lane submits to the Court that when consideration is given to Witt's surreptitious and public attacks on Lane's character and good name and family as stated publicly by Witt and identified in Witt's electronic communications which are a part of the court record contained in the responsive pleadings of the case at bar, Lane under tremendous emotional, physical, and mental duress inflicted by Witt's *repeat filings* (emphasis added), could come to no other possible conclusion other than that every filing of Witt against Lane included a crafted strategy to augment Witt's litigation against Lane with Witt's continuing threats to Lane's family of financial ruin and ruin of Lane's good name.

28. Lane submits to the Court that Witt utilized his intimate knowledge of Lane's emotional, physical, mental, and financial condition in premeditation to craft a strategy which included copied and blind copied email mailings to Lane, multiple attorneys, and other parties, and then juxtaposition Witt's surreptitious actions and claims to then make the claim that Lane initiated the "vendetta" against Witt by Lane's many filings.

29. Lane submits to the Court that Lane's responsive pleadings in the case at bar were made solely to,

    a.   protect and preserve the Evidence and its content whose possession is under appeal, and

    b.   establish the basis for a court ruling as to the Evidence to which Witt admitted he caused spoliation.

### Summary of Plaintiff's Statements

30. Lane understands this Court's order dismissing 21-001100-MER Claims 1 through 6 for reasons of jurisdiction properly belonging to state court. Further Lane now understands why Claims 7 and 8 were dismissed and the Court's reasoning in identifying various deficiencies in Lane's complaint caused by Lane's inexperience in procedural processes of the bankruptcy court.

31. Upon information and belief, Lane's understanding of the Court's dismissal of Lane's Claims 1 through 8, and the Court's lack of ruling on Lane's 9th Claim gives rise to the cause of Lane's alternative request for ruling on amalgamation and his 9th Claim for Relief and Lane's Objection to Sanctions.

32. Upon information and belief, Lane maintains that amalgamation and ruling on Claim 9 is necessary so that Witt Parties' partial motion for sanctions may be addressed and replied to by Lane for final ruling by the Court on Witt Parties' Motion for Sanctions against Lane.

33. Upon information and belief, Lane maintains that amalgamation is proper for ruling on Lane's 9th Claim.

34. Upon information and belief, Lane submits that this Court has the discretionary jurisdiction to rule on the issue of spoliation of evidence because spoliation of evidence in any pending proceeding undermines the foundation of our legal system, the 14th Amendment's equal protection and due process, and Witt and Witt Parties' admission to spoliation of the Evidence is a violation of Lane's constitutionally guaranteed 14th Amendment right to equal protection and due process.[14]

### Timeline and Listing of Case Numbers and Docket Report Numbers Referenced In Lane's Objection to Sanctions

---

[14] See Doc# 156 of 17-1548-MER

35. Lane herein incorporates the following case numbers and their respective responsive pleadings and the docket numbers and dates of the pleadings, and the Timeline of Filings for reference in support of Lane's Objection to Witt Parties' Motion for Sanctions. [15] [16]

### a. Timeline of Filings

1. **July 11, 2019 – 17-17630-MER**, Notice of Compliance with June 24, 2019 Romero Order regarding the 44 Boxes and their consolidation by AARM and Lane to 42 Boxes on July 2, 2019 for AARM pickup from Lane's address. See Exhibit D

2. **July 20, 2020 – 2020CA1068**, Lane Amended Notice of Appeal Re: Possession of the 44 Boxes

3. **January 19, 2021 – 2020CA1068**, Lane Opening Brief Re: Possession of the 44 Boxes

4. **March 17, 2021 – 2020CA1068**, Law One Requests Withdrawal from Witt Representation in 2020CA1068

5. **March 31, 2021 – 2020CA1068**, Lane Objection to Law One Withdrawal See Exhibit A

6. **April 12, 2021 – 2020CA1068**, Law One is Granted Withdrawal

7. **April 12, 2021 – 2020CA1068**, Witt Granted In Pro se Status

8. **April 13, 2021 –** In Pro se Witt Admission to Spoliation of 44 Boxes of Evidence

9. **May 10, 2021 – 2020CA1068**, Witt Files Answer Brief

10. **May 10, 2021 – 21-001100-MER** filed in US Bankruptcy Court

11. **May 28, 2021 – 2020CA1068**, Lane Reply Brief and Lane Disclosure to CoA of Witt Spoliation

12. **November 24, 2021 – 21-001100-MER,** Romero Dismissal and Notice

---

[15] Lane's listing of the pending proceedings is made to establish from this Court's proceedings, the veracity of Lane's 9th Claim for Relief in 21-001100-MER and the timeline in which alleged spoliation of the 42 Boxes of Evidence occurred and the specific docket report entries that serve to confirm Lane's assertion that spoliation of the Evidence occurred.

[16] The case numbers and docket report entries serve to cast doubt on the veracity of Christensen's Affidavit (see 21-001100-MER, Doc# 87) made on May 26, 2021 in support of Witt Parties' responsive pleadings and in contradiction of the AARM and Witt Parties' documents entered in the record of this Court in 17-17630- MER, 17-1548-MER, and 21-001100-MER.

13. **December 9, 2021 – 2020CA1068**, Request for Judicial Notice, Existence of 21-001100-MER See Exhibit B

14. **December 13, 2021 – 21-001100-MER,** Witt Motion for Sanctions

15. **December 20, 2021 – 2020CA1068**, Order Denying Lane's Request for Judicial Notice  See

Exhibit C

### b. 17-17630-MER

**Lane:**
O6/17/19 Doc# 214 Notice of Compliance with 6/10/19 Order re: Boxes

### c. 17-1548-MER

**Lane:**
04/23/21 Doc# 156 Motion to Set Hearing re: issues of 21-001100-MER
05/03/21 Doc# 161 Order Denying Hearing
07/11/19 Doc#  87 Notice of Compliance with 6/24/19 Order, released 42 Boxes to AARM on 7/2/19

### d. 21-001100-MER

**Witt Parties:**
05/26/21 Doc# 10 Motion to Dismiss
05/26/21 Doc# 10-1 Christensen Affidavit [17]
05/26/21 Doc# 11 Supplemental Certificate
06/04/21 Doc# 18 Motion to Extend
06/09/21 Doc# 28 Courts Notice
07/07/21 Doc# 39 Plaintiff's May 10, 2021 Correction of Complaint
 07/08/21 Doc# 40 Motion to Extend

---

[17] The veracity of Christensen's Affidavit is suspect for the following reasons,  1) Christensen makes no notice for 23 months to any Court having jurisdiction over the Boxes that the Boxes of pending proceedings' evidence is altered despite Christensen's representation of the Witt Parties and his knowledge of his client's and other's pending proceedings in matters of the Boxes, 2) Christensen's Affidavit that no spoliation occurred to the Boxes of evidence was not made until 23 months following AARM's receipt of the evidence on July 2, 2019, 3) Christensen's Affidavit was convenient in its attest in support of Witt and the condition of the evidence in that Christensen's Affidavit was not made until 22 days following Lane's filing of 21-001100-MER, and 4) Christensen's Affidavit that no spoliation occurred to the Boxes of Evidence, now reduced by 5 Boxes to 39 Boxes by Christensen's own attest made on May 26, 2021, is made 9 months following AARM's delivery of an unknown quantity of the Boxes of evidence to an unsupervised public location on a public loading dock not contiguous to SLM's office on September 15, 2020. See 21-001100-MER Doc# 10-1."

07/09/21 Doc# 41 Order granting Motion to Extend
07/11/21 Doc# 42 Courts Notice
07/12/21 Doc# 45 Notice of Change of Address
07/15/21 Doc# 46 Motion Witt Parties' Motion to Dismiss for Failure to State a Claim
07/19/21 Doc# 47 Plaintiff's Objection to Motion to Dismiss
07/22/21 Doc# 48 Reply to Plaintiff's Objection
07/26/21 Doc# 50 Plaintiff's Response to Reply
07/30/21 Doc# 51 Motion for Default against Witt
07/30/21 Doc# 52 Plaintiff's Affidavit in Support of Default
08/02/21 Doc# 53 Witt Parties Motion to Strike Plaintiff's Response
08/04/21 Doc# 55 Plaintiff's Objection to Motion to Strike
08/10/21 Doc# 60 Response filed by Witt Parties
08/11/21 Doc# 61 Plaintiff's Reply to Witt Response to Request for Default
08/12/21 Doc# 62 Reply by Witt to Motion for Default
08/16/21 Doc# 63 Plaintiff's Motion for Leave to file Surreply
08/17/21 Doc# 64 Order Granting Surreply
08/19/21 Doc #65 Plaintiff's Surreply
08/19/21 Doc#66 Courts Notice
11/24/21 Doc# 68 Order regarding Dismissal of Complaint

**Kahn:**
08/05/21 Doc# 56 Joinder to Miller & Law
08/09/21 Doc# 57 Plaintiff's Motion for Default
08/09/21 Doc# 58 Plaintiff's Objection to Kahn Joinder
08/09/21 Doc# 59 Plaintiff's Affidavit in Support of Default
11/24/21 Doc# 68 Order regarding Dismissal of Complaint

**Delta Solutions:**
08/09/21 Doc# 57 Plaintiff's Motion for Default
11/24/21 Doc# 68 Order regarding Dismissal of Complaint

**AARM:**
06/04/21 Doc# 19 Motion to Dismiss
06/04/21 Doc# 20 Entry of Appearance
06/16/21 Doc# 30 Plaintiff's Objection to Motion to Dismiss
06/23/21 Doc# 34 AARM's Reply
07/06/21 Doc# 36 Plaintiff's Response
07/07/21 Doc# 39 Plaintiff's May 10, 2021 Correction of Complaint
11/24/21 Doc# 68 Order regarding Dismissal of Complaint

**Livenick Parties:**
06/07/21 Doc# 22 docket error modified on 6/8/21
06/07/21 Doc# 24 Motion to Extend
06/07/21 Doc# 25 Motion to Dismiss
06/08/21 Doc# 26 Notice of Electronic filing error
06/07/21 Doc# 27 Order Granting Motion to Extend

06/11/21 Doc# 29 Courts Notice
06/17/21 Doc# 32 Plaintiff's Motion to Extend
07/07/21 Doc# 38 Plaintiff's Motion to Strike
07/07/21 Doc# 39 Plaintiff's May 10, 2021 Correction of Complaint
07/22/21 Doc# 49 Response to Motion to Strike
08/04/21 Doc# 54 Plaintiff's Reply to Livenick Response
11/24/21 Doc# 68 Order regarding Dismissal of Complaint

## ARGUMENT

### Lane Complied with Fed. R. Bankr. P. 9011

36. Lane's claims for relief made in 21-001100-MER and the allegations contained in Lane's 9th Claim for Relief are based upon Lane's information and belief verified by Lane's due diligence in investigating the veracity of Witt's assertions which Witt assertions Lane confirmed appeared true and correct based upon Lane's independent inquiry to AARM employees and Lane's review of the AARM Boxes storage and delivery documents provided to Lane by AARM.

37. Lane's complied with Fed. R. Bankr. P. 9011 and its reciprocal C.R.C.P. 11 and Lane maintains damages, in this case Sanctions, cannot be certified under C.R.C.P. 54(b) and its reciprocal and substantially identical rule, Fed. R. Civ. P. 54(b). See *Faris v. Rothenberg*, 648 P.2d 1089 (Colo. 1982)

### No Certification of Damages

38. Lane maintains that Witt Parties' Motion for Sanctions cannot be certified under Fed. R. Civ. P. 54(b) because Federal courts have concluded that sanction orders for discovery or litigation abuses, may not be certified under the federal rule because such orders do not resolve any substantive claim for relief. Rather, like the division in Henry v. Kemp, supra, the federal courts hold that such orders are incidental to the substantive claims asserted in an action. See *Estate of Drayton v. Nelson*, 53 F.3d 165 (7th Cir.1994); *M.A. Mortenson Co. v. United States*, 877 F.2d 50 (Fed.Cir.1989); *Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co.*, 742 F.2d 369 (7th Cir.1984), cert. denied, 470 U.S. 1037, 105 S. Ct. 1409, 84 L. Ed. 2d 798 (1985); *Seigal v. Merrick*, 619 F.2d 160 (2d Cir.1980).

### Independent Inquiry

39. Witt Parties Motion for Sanctions Pursuant to Rule 9011 fails in its assertion that, "Plaintiff failed to undertake *any* (Witt Parties' emphasis) independent inquiry or verification as to whether the Boxes were destroyed.".

<u>Definition of Destroy and Definition of Spoliation</u>

Oxford Languages – Destroy: a verb; past tense: destroyed; past participle: destroyed
"put an end to the existence of (something) by damaging or attacking it."

Merriam-Webster – Legal Definition of Spoliation
"the destruction, alteration, or mutilation of evidence especially by a party for whom the evidence is damaging."

a. Lane relied on the representations of Witt in his capacity as In Pro se in 2020CA1068 following the withdrawal of Law One as Witt's attorney, that Witt destroyed the evidence.

b. Lane relied on Witt's representations and Lane had no reason to doubt that Witt's use of the past tense verb "destroyed" meant that Witt had caused the Evidence to be altered. (i.e. damaging evidence removed for the Evidence).

c. Lane had no reason to doubt that Witt's use of the past tense verb destroyed meant that Witt had with premeditation caused the spoliation of the Evidence, by his own words.

   1. Lane had no reasonable man's reason to doubt the veracity of Witt's claim to have had the Boxes destroyed because Lane maintains the Boxes contained damaging evidence against Witt.

   2. Lane accepted Witt's claim of destruction of the Boxes on its face because Witt himself wrote Witt's April 13, 2021 written communication to Lane and at least two other parties one of which, Livenick Parties, is an officer of the court and a party in other related matters of the Boxes in other courts having jurisdiction.

40. Lane complied with Fed. R. Bankr. P. 9011 and specifically (a) and (b) because,

a. Lane signed the complaint,

b. The allegations and other factual contentions of Lane's 9th Claim for Relief have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

c. The evidence of the Boxes was at issue in a pending proceeding.

41. Lane filed 21-001100-MER after Lane used proper due diligence and duly investigated Witt's written statement of intentionally causing spoliation of the Evidence when,

a. Lane verified the alleged spoliation occurred by,

   1. Lane's direct contact at AARM's place of business with AARM's employees and their statements in person and via their email communications with Lane regarding the Boxes, and

   2. Lane's review of the documentation pertaining to the status of the Boxes receipted from AARM's employees which include copies of the invoices and written orders

evidencing Witt Parties' premeditated decision to cause spoliation to the Evidence under appeal,

"by directing AARM to deposit an unspecified number of the remaining Boxes of evidence in an unsupervised public location on an unsupervised loading dock which loading dock was not a contiguous part of SLM's office spaces."

42. Lane filed 21-001100-MER after verifying via the statements of AARM employees to Lane and following Lane's review of the documents AARM employees provided to Lane in support of their statements, that Witt caused spoliation of the evidence of the Boxes when Witt caused the chain of custody of the Boxes to broken. Witt caused the chain of custody of the Evidence to be broken when Witt directed AARM to deposit an unspecified number of the remaining Boxes of evidence in an unsupervised public location on an unsupervised loading dock which loading dock was not a contiguous part of SLM's office spaces." Thus, chain of custody was broken and the preservation of the integrity of the Evidence was made impossible and forevermore unverifiable.

**Partial Motion to Dismiss, Rule 12(b), and Default – Witt Parties Failure to Answer**

43. The Witt Parties' Motion to Dismiss for Failure to State a Claim and Request for Sanctions (Doc# 10-1) is a partial motion as in the minority view expressed in *Gerlach v. Michigan Bell Telephone Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978).

44. Federal Rules clearly require a defendant to answer or otherwise respond within 21 days after being served with a summons and complaint. Rule 12(a)(4)(A) provides that the filing of a Rule 12 motion, including a Rule 12(b) motion to dismiss, automatically extends the defendant's time to answer the complaint until fourteen days after notice of the court's resolution of the motion (unless the court sets a different date). However, the Federal Rules do not squarely address what is required of a defendant that responds to a complaint with a partial motion to dismiss. No federal appellate court has ever addressed this issue, nor have the federal district courts in at least 32 states, or any state court whose procedural rules are patterned after Rule 12.5. In *Gerlach v. Michigan Bell Telephone Co.* the minority view holds that Rule 12(a) does not suspend a defendant's obligation to respond to the plaintiff's claims that are not the subject of the defendant's partial motion to dismiss. The Federal court agreed that the defendant should be "entitled to narrow the scope of the litigation," it stated that such an effort did not suspend its obligation to respond to the counts remaining in the complaint. The court held that "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under [Rule] 12(b)."12

    a. Witt Parties did not answer Lane's 9th Claim for Relief within the time frames specified.

    b. Witt Parties did not: (1) seek dismissal of only some of the plaintiff's claims by filing a motion for partial judgment on the pleadings under Rule 12(c); (2) file a partial answer simultaneously with its partial motion to dismiss; or (3) move to dismiss the entire complaint. See *Lisenbee & Moberly*, supra note 6, at 72-80. See also *Belinfante*, supra note 6, at 21

c. Witt Parties did not inform the court of its intentions when it filed its partial motion for sanctions and attached The Witt Parties Motion to Dismiss for Failure to State a Claim and Sanctions. Witt Parties attached its motion and Doc# 10-1 with the knowledge that the Court has not ruled on Lane's 9th Claim for Relief.

d. The Court has discretion to enter default against Witt Parties for Failure to Answer Lane's 9th Claim for Relief.

## 28 U.S. Code § 1927 - Counsel's liability for excessive costs

45. Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)

a. Lane did not multiply the proceedings unreasonably or vexatiously as is clearly evident in Lane's responsive pleadings which confirm Lane's belief that 21-001100-MER must be filed in bankruptcy court, the origin of the Boxes Order.

b. Conversely based on Lane's Argument contained herein, Lane maintains that it is Witt Parties whose Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011 , "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

c. Witt Parties Motion for Sanctions is a continuation of the Witt Parties' "vendetta" against Lane and also Lane's family [18] and is made in an act of unreasonable and vexatious revenge.

d. Witt Parties is the only Defendant to refile for Sanctions in 21-001100-MER.

## 42 U.S.C. § 1983

46. Witt Parties created a federal cause of action when under color of law and with knowledge of pending proceedings, Witt admitted to causing spoliation of the Evidence and his "intent to deprive" and thereby violated Lane's 14th Amendment right to equal protection and due process.

## Amalgamation (Single Business Enterprise Theory)

47. An action to amalgamate parties lies in equity. See *Pertuis v. Front Roe Rests., Inc.*, 423

---

[18] Taking frivolous legal positions and making scandalous accusations. *Blair v. Shenandoah Women's Center, Inc.*, 757 F.2d 1435, 1438 (4th Cir. 1985)

S.C. 640, 648, 817 S.E.2d 273, 277 (2018) (noting equitable principles govern the application of amalgamation). The standard of review on this issue is de novo and allows the court to find facts in accordance with the view of the preponderance of the evidence. *Oskin*, 400 S.C. at 397, 735 S.E.2d at 463. South Carolina first recognized the theory of amalgamation in *Kincaid v. Landing Development Corp.*, 289 S.C. 89, 96, 344 S.E.2d 869, 874 (Ct. App. 1986), in which the court of appeals held "an amalgamation of corporate interests, entities, and activities . . . blur[red] the legal distinction between [three related] corporations and their activities . . . ." The amalgamation theory is recognized and refined in *Pertuis*, where the amalgamation theory is referred to as "the single business enterprise theory." 423 S.C. at 651, 817 S.E.2d at 278.

   **Wherefore,** for all the reasons set forth in the paragraphs and exhibits identified above and incorporated by reference herein, Lane respectfully requests this Court to:

1. Issue a finding of Amalgamation for the Witt Parties, and

2. Deny Witt Parties' Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011, and/or

3. Issue Default on the Witt Parties' Failure to Answer Lane's 9th Claim for Relief, and

4. Issue a finding of "intent to deprive" pursuant to 42 U.S.C. § 1983, and

5. Grant Lane any and all further relief as the Court deems appropriate.

   Respectfully submitted this 3rd day of January, 2022.

Noel West Lane Ill, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

<u>Counsel for the Plaintiff</u>

Plaintiff In Pro se:
Noel West Lane 111
In Pro Se

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 3rd day of January, 2022 I mailed a copy Plaintiff's Objection to Witt Parties' Motion for Sanctions.  In the Alternative Plaintiff asks the Court to Rule on Witt Parties' Admission of Amalgamation as Codefendants.   In Light of that Admission Plaintiff Requests the Court to Issue a Default for Defendants' Failure to Answer 21-001100-MER's Fully

Briefed 9th Claim for Relief Pursuant to Rule 7012 [19] which Postures the Amalgamated Parties'
"Intent to Deprive" Contained in the 9th Claim for Relief Pursuant to Rule 37(e) via US Mail to
the following parties and hand delivered to the Clerk of the Court:

| **Attorneys for** | **Attorneys and Address** |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |

| **Attorney for** | **Attorneys and Address** |
|---|---|
| | Kelsey_Buechler<br>999 18th St. Ste., 1230,<br>Denver, CO 8020 |

Defendant
1.   Matthew Curtis Witt,                                      see above
6972 S. Vine St. #366
Centennial, Colorado 80122, and

Defendants:

2.   Silver Leaf Mortgage, Inc.                           see above
6972 S. Vine St #366,
Centennial, CO 80122.

3.   Matthew Curtis Witt, President and Sr. Loan Officer,   see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

4.   Nicole Witt,                                               see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

**Attorney For:**                                   **Attorney Address:**
Samuel           J.           Stoorman
3400   E.   Bayaud   Ave.,   #   400
Denver, CO 80209

---

[19] Rule 7012(a)(b)

Defendant

5. All American Records Management, Inc.
15580 E. Hinsdale Circle
Centennial, Colorado 80112.

6. David Kahn, In Pro se
1114 Neon Forest Circle #2
Longmont, Colorado 80504.

7. David Kahn DBA Delta Solutions.com,            In Pro se
1114 Neon Forrest Circle #2
Longmont, Colorado 80504.

8. Torrey Livenick,                               In Pro se
730 17th St Ste 900,
 Denver, CO 80202.

9. Torrey Livenick, Esq,                   In Pro se
730 17th St Ste 900,
Denver, CO 80202.

10. Livenick Law,                        In Pro se
730 17th St Ste 900,
Denver, CO 80202.

**Attorney for**                **Attorneys and Address**
                                Shaun A. Christensen, #23131
                                Miller & Law P.C.
                                1900 W. Littleton Blvd.
                                Littleton, CO 80120

Defendants
11. Miller & Law P. C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

12. David B. Law,                      David B. Law
Miller & Law P.C.                      1900 West Littleton Boulevard
1900 West Littleton Boulevard,         Littleton, Colorado 80120.
Littleton, Colorado 80120.

13. David B. Law                       see above
1900 West Littleton Boulevard,
 Littleton, Colorado 80120.

**Attorney for**                **Attorneys and Address**

20

Defendants

14. David Oppenheim      David Oppenheim
1900 West Littleton Boulevard,   1900 W. Littleton Blvd.
 Littleton, Colorado 80120.     Littleton, Co 80120

15. David Oppenheim,      see above
Miller & Law P.C.
1900 West Littleton Boulevard,
 Littleton, Colorado 80120.

16. David Oppenheim,      see above
David S. Oppenheimer Law
1900 West Littleton Boulevard,
 Littleton, Colorado 80120.

**Attorney for**          **Attorney and Address**

Defendant
17. Glenn W. Merrick       Glenn W. Merrick #10042
5360 Preserve Parkway, South,   Merrick, Shaner, and Bernstein, LLC
 Greenwood Village, Colorado 80121.  4600 S. Syracuse St., 9th Floor
                       Denver, CO 80237

18. G. W. Merrick & Associates   see above
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

19. Glenn W. Merrick,       see above
Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

20. Defendant Five (5) Does

Exhibits A, B, C, D

21

Exhibit A

| COURT OF APPEALS<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>1300 Broadway<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
|---|---|
| Jefferson County District Court<br>Honorable Lily Wallman Oeffler<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>Case Number: 2019-cv-30951 | |
| **Plaintiff/Appellee:**<br><br>MATTHEW CURTIS WITT<br><br>**Defendant/Appellant:**<br><br>NOEL WEST LANE III | |
| Noel West Lane III<br>In Pro Se<br>1060 Ingalls Street<br>Lakewood, CO 80214<br>Phone: 303-697-0462<br>E-mail: lane3co@outlook.comm | Court of Appeals Case Number: 2020CA1068 |

**OBJECTION TO WITHDRAWAL OF COUNSEL OF RECORD, JOSEPH M. ELIO AND JUSTIN DAVIS OF LAW ONE**

Defendant-Appellant Noel West Lane III ("Lane"), by his own objection In Pro se submits his Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One (collectively "Law One") in the matter of 2020CA1068, and as such states the following:

## Factual Narrative of Lane's Objection to Law One Withdrawal as Counsel of Record ("Withdrawal") in 2020CA1068

1

Lane herein incorporates by reference Lane's Opening Brief in the matter of his objection to Law One's Withdrawal.

Lane maintains that granting Law One's Withdrawal *at this time* (emphasis added) would violate Lane's right to equal protection and due process as guaranteed under the 14th Amendment to the US Constitution and its counterparts in Colorado Law and Colorado Statute. 2020CA1068 is at issue. Witt's Reply Brief is due April 9, 2021. The subject matter of Witt's Replevin action is governed under two orders. Both Orders require the Evidence to remain in the custody of "the third party", and be protected from spoliation. [1]

---

[1] Colorado courts have broad discretion to impose sanctions for spoliation of evidence. Pursuant to *Castillo v. The Chief Alternative LLC,* 140 P.3d 234, 236 (Colo. App. 2006), this includes broad discretion to impose sanctions for spoliation of evidence both when there is a specific discovery order, and even when there is not, *"so long as the party knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation."* See, id. (emphasis added). These sanctions may be used both to punish a party and to remediate the harm to the injured party resulting from the loss of the evidence, including by such things as permitting the fact finder to draw an adverse inference, up to and including the ultimate penalty of a default judgment or dismissal of a case. See, id. A Court may "sanction

a party who willfully destroys evidence relevant to a contested issue", even if the court does not find that the evidence was destroyed in bad faith, or even if the party has not acted intentionally, so long as the action is reckless or grossly negligent. See, id.  In fact, the Supreme Court of Colorado has held that there is no useful distinction between these types of destruction of evidence, because "regardless of the destroying party's mental state, the opposing party will suffer the same prejudice."  See, *Aloi v. Union Pacific Railroad Corp.*, 129 P.3d 999, 1003 (Colo. 2006).  The sanction for such actions should be "commensurate with the seriousness of the disobedient party's conduct.  See, *Pfantz v. Kmart Corp.*, 85 P.3d 564, 568 (Colo. App. 2003).

Courts in Colorado have ordered severe sanctions, even when the conduct is not intentional, even when there is no direct violation of a discovery order, and even when the moving party's expert has had a full opportunity to view the evidence, videotape it, and make a report. For example, in Pfantz, a case where a customer sat on a bench owned by Kmart and was injured, the bench in question was maintained in use for over two years, it was inspected and videotaped by the Plaintiff's expert, and was only substantially destroyed later, inadvertently, after it was removed from use and employees who did not know of the lawsuit disassembled it. See, id. at 567.  The Court of Appeals affirmed the trial Court's findings that Kmart's actions in this case were 'either intentional or so reckless that it must be held accountable.' See, id.  It affirmed

3

the trial court's imposition of sanctions against Kmart, which was a judicial finding in

the instructions to the jury that the "the bench is presumed to be defective, and Kmart

is presumed to be the cause of the defective condition." See, id. The Appellate Court

held that these sanctions were appropriate remedial measures. See, id. at 570.

In *Aloi,* a case where an employee tripped on a mat and was injured, the company's

inspection and maintenance records were relevant, and they were destroyed pursuant

to the company's 92-day destruction policy, inadvertently due to a change in personnel.

See, *Aloi,* 129 P.3d at 1000-1001. The Colorado Supreme Court affirmed the lower

court's findings that, although there was no discovery order, the company had notice

that the documents would be relevant to the litigation well-prior to the expiration of the

92-day period, and this was enough to impose sanctions. See, id. at 1003. The Supreme

Court also affirmed that it was unnecessary to find evidence of bad faith. See, id. The

lower court authorized, and the Supreme Court affirmed, an "adverse inference"

instruction, even after the company stipulated to negligence; the instruction was issued

three separate times during the trial, stating, in part, "…You are instructed you may

infer, by reason of the Defendant's failure to produce these documents, that the

evidence contained in such documents was unfavorable to Defendant." See, id. at

1001.

4

The subject matter of 2020CA1068 is among other things 1) whether the trial court erred in removing custody from Lane, of 44 boxes of evidence (hereinafter "Evidence") related to Witt and the 16 trial court cases Witt has commenced against Lane, all arising from Witt's 2009 bankruptcy of Witt's commercial lending company, and 2) whether the trial court violated Lane's procedural due process rights guaranteed under the equal protection and due process clause of the 14th Amendment and its counterparts in Colorado Law and Statute. Lane maintains the evidence contained in Evidence confirms Witt's mortgage fraud against Lane in 1:09-cv-00724-DME-MEH and Witt's fraud on the Court(s) and Lane in 16 related trial court cases arising from Witt's 2009 bankruptcies presided over by Judge Michael E. Romero in 09-17238-MER and 09-17437-MER. Judge Romero presides over Witt's bankruptcy(s) which include among the 16 trial court cases, 17-1548-MER which is awaiting the bankruptcy court's ruling at this time. 17-1548-MER flows from Witt's personal bankruptcy to avoid debt collection arising from Witt's 2009 bankruptcies and alleged fraud on the bankruptcy court, and are included in the issues to be decided in adversary proceeding 17-1548-MER. The Evidence the trial court removed from Lane's custody by minute order on July 3, 2019 is the same Evidence used in trial against Witt in 17-1548-MER for fraudulent transfer among other things in bankruptcy. The Evidence is under two Orders, 1) the bankruptcy court in 17-1548-MER, and 2) the 19-cv-30951 July 3, 2019 Minute Order of District Court, Jefferson County. The Evidence was obtained from

5

Lane under bankruptcy court order for trial by parties to the 16 related trial court cases. The bankruptcy court ordered the Evidence to be returned to Lane. The bankruptcy court order (See Exhibit A) referred to by the trial court, District Court Jefferson County Colorado (hereinafter "Jeffco") in its July 3, 2019 Minute Order (See Exhibit B) is the bankruptcy court order requiring the Evidence be returned to Lane and subsequently by additional bankruptcy court order returned to a third-party custodian, All American Records Management, after its use by other parties including Witt, in 17-1548-MER. 17-1548-MER is an adversary proceeding arising from Witt's 17-17630-MER personal bankruptcy filed to gain stay from debt collection in 17-cv-31212. Lane was granted relief from stay by the bankruptcy court in 17-17630-MER to proceed with adjudication of 17-cv-31212, and subsequently 19CA656 and 2020SC516. Lane maintains that among other things, Witt filed 19-cv-30951 for the purpose of denying Lane's State Law, Statute, and US Constitutional Rights on appeal in 19CA656.

Lane maintains that the custodian of the Evidence is clearly stated by Jeffco in its July 3, 2019 Minute Order which reads in part,

"The Court Orders that all electronic and paper files included in the boxes shall be maintained by the third party."

For the record, "the third party" identified in the 7/3/19, 19-cv-30951 Minute Order is:

All American Records Management
15580 E Hinsdale Circle

6

Centennial, CO 80112

Also for the record, All American Records Management is "the third party" identified in the record of the bankruptcy court order:

Matthew Curtis Witt, ORDER 17-17630-MER, Adversary 17-1548-MER
Discovery Dispute Hearing Rule 7026-1(d) (Dkt# 126)
Re: Pickup and Return of Boxes

Upon information and belief, Lane maintains that Witt has caused spoliation of the Evidence. Lane maintains that he has been unable to confirm whether "the third party", All American Records Management has and continues to retain custody of the Evidence. Lane made direct email contact with Law One on March 22, 2021 and requested that Law One confirm and/or deny that its client Witt was in compliance with Jeffco's July 3, 2019 Order to maintain "the third party" as custodian of the Evidence and to confirm that Witt had not removed or altered evidence from the Evidence. Lane followed his March 22, 2021 email request with Law One on March 23, 2021 by letter via US Mail (See Exhibit C) to Law One with copies by email to all parties noticed in 2020CA1068. Lane requested Law One's answer on or before Friday, March 26, 2021 so as to provide Lane time to form an opinion about whether to object to Law One's Withdrawal.

7

Law One has not replied to Lane's request for confirmation of it's client's compliance with the July 3, 2019 Minute Order as of the date of Lane's objection to Law One's Withdrawal.  Thus, Lane objects to Law One's Withdrawal.

Lane maintains that Law One has knowledge that its client, Witt, may have violated District Court Jefferson County Colorado (hereinafter "Jeffco") July 3, 2019 Minute Order and in so doing Witt caused spoliation of the evidence in Evidence. Evidence is the subject matter of 19-cv-30951.  Lane maintains that Law One raised the issue of alleged spoliation of the Evidence in its Amended Motion to Withdraw as Counsel of Record because:

1.  Law One has not replied to Lane's written request of March 23, 2021 to confirm that its client is in full and complete compliance with trial court's July 3, 2019 Minute Order, and that Witt has not caused spoliation of the Evidence, so that Lane may form an opinion as to whether to object to Law One's Withdrawal.

2.  Law One stated in its Amended Motion to Withdraw as Counsel of Record that, "there have been difficulties with communication between the attorney and the client rendering further representation impossible."  Lane maintains that the difficulties with communication include Witt's failure to comply with the July 3, 2021 Minute Order of the trial court.

8

3. Law One brought 19-cv-30951 against Lane on behalf of Witt. Law One obtained the July 3, 2019 Minute Order from the trial court on behalf of Witt.

4. Law One has represented Witt against Lane in state and federal legal matters since 2017 all of which are related in part to each other and to all of the 16 trial court cases. 2020CA1068 arises in part from the issue of custody of the Evidence and its preservation from spoliation.

5. Law One has stated in its Amended Motion to Withdraw as Counsel of Record that it will only provide specific reasons for its motion by order of the Court.

6. Lane maintains that confirmation that its client is in compliance with all trial court orders prior to granting its motion for withdrawal, specifically the preservation of the Evidence by "the third party", is sufficient reason to for the Court to order that Law One confirm Witt's compliance with the July 3, 2019 Minute Order and for the record disclose the custody, the location, and condition of the Evidence prior to granting Law One's request for Withdrawal as Counsel of Record.

7. Law One's attorneys have been Witt's attorneys, paid for by Silver Leaf Mortgage and its owner Nicole Witt, Witt's wife, in Witt's matters in the least commencing in 2017. Law One represented Witt in creditor committee hearing in 17-17630-MEH. 17-17630-MEH arose from Witt's dismissed

9

complaint against Lane in 17-cv-31212. 17-cv-31212 is the subject matter of 19CA656 and 2020SC516. Law One represents Witt in 19-cv-30951, 19CA656, and 2020SC516, among others. The others are 16 trail court cases of Witt. The 16 trial court cases of Witt are all related matters. Lane maintains the evidence of Witt's mortgage fraud on Lane and Witt's fraud on the Court(s) is contained in the Evidence. The Evidence's possession is the subject matter of 2019-cv-30951 which is under appeal in 2020CA1068. 2019-cv-30951 is a replevin action of Witt to repossess his previously abandoned personal and business records which Lane maintains contain evidence that confirms Witt's mortgage fraud on Lane. Lane maintains Witt, sole shareholder and president of Commercial Capital, Inc. ("CCI") filed his replevin action against Lane for the purpose of spoliation of the evidence of Witt's mortgage fraud on Lane contained in the Evidence.

**Wherefore**, for all the reasons stated in the paragraphs and exhibit(s) identified and incorporated by reference herein, Defendant-Appellant Lane respectfully objects to Law One's Motion to Withdraw. Lane will respectfully withdraw his objection to Law One's Withdrawal at such time as Law One 1) confirms Witt's compliance with the July 3, 2019 Minute Order, and 2) confirms to the Court of Appeals the location, custodian, and condition of the Evidence. In the alternative should Law One and/or Witt refuse to confirm the status of the Evidence, Lane respectfully requests that

10

Withdrawal be denied, a sanctions hearing scheduled, and any/all other consideration the Court deems appropriate.

Respectfully submitted this 31st day of March, 2021.

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

## **Counsel for the Plaintiff**

Plaintiff In Pro se:

Noel West Lane III
In Pro Se
1060 Ingalls Street
Lakewood, Colorado 80214

E-mail: lane3co@outlook.com

## **Counsel(s) for the Defendants**

Law One
Joseph M. Elio
James Anderson
1499 Blake Street, Suite 1J
Denver, CO 80202

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

## **CERTIFICATE OF SERVICE**

11

The undersigned hereby certifies that on March 31, 2021 I filed the foregoing in person with the Clerk of the Court and emailed and mailed a copy of the filing by USPS to all counsel of record:

Law One
Joseph M. Elio
1499 Blake Street, Suite 1J
Denver, CO 80202

*Attorneys for Plaintiff Matthew C. Witt*

Kenneth J. Buechler, Esq.
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorneys for Defendant Nicole Witt*

Gordon Rees Scully Mansukhani LLP
Edward M. Hafer
John R. Mann
John M. Palmeri
555 17th Street, Ste. 3400
Denver, CO 80202

*Attorneys for Defendant Damon M. Semmens*

David E. Keil
191 University Blvd., Suite 250
Denver, CO 80206

*Pro Se Defendant*

Jonsen Law Firm, LLC
Eric Richard Jonsen
555 Eldorado Blvd., Suite 200
Broomfield, CO 80021

*Attorney for Charles D. Snider, Jr., Charles D. Snider III, and Rekon, LLC*

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

*Attorney for David Kahn*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

Exhibits A, B, and C

13



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>MAITHEW CURTIS WIT,<br>　　　　Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |
| REKON, LLC,<br><br>　　　　Plaintiff. | Adv. Case No. 17-01548 MER |
| MATTHEW CURTIS WITT,<br>　　　　Defendant. | |

## ORDER

THIS MATTER comes before the Court on the request by Defendant Matthew ("Defendant") for a discovery dispute hearing pursuant to this Court's Local Bank 7026-I(d).

Having reviewed the written discovery dispute report submitted by Defendant and the correspondence to the Court sent by Noel West Lane, III ("Lane"), the Court determines a discovery dispute hearing is unnecessary. In lieu of such a hearing, the Court orders as follows:

1) Defendant and Plaintiff Rekon, LLC shall, per this Court's June 10, 2019 Minutes of Proceeding,[1] be permitted a period of fourteen (14) days to complete review of the boxes of documents in Lane's possession.

2) All American Records Management ("AARM") shall take possession of the boxes of documents on or before Friday, June 28, 2019. Lane shall make the boxes of documents available and turnover the boxes of documents to AARM by that date. Defendant and Plaintiff shall have until July 12, 2019 (or 14 days from the date AARM takes possession of the documents)

---

[1] In re Matthew Curtis Witt, Case No. 17-17630 MER, ECF No. 212.

017122

6760401713901 5

to complete their review. The boxes of documents shall be returned to Lane by AARM at the earlier of one day after Defendant and Plaintiff complete review of the documents or July 13, 2019.

3) Except for making arrangements for AARM to take possession of and return the boxes of documents, Lane shall have no contact with AARM or its agents or representatives.

4) The costs of transportation and storage of the boxes of documents by AARM shall be borne by the Defendant.

IT IS SO ORDERED.

BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

Dated June 24, 2019

FILE DATE    SCHEDULED EVENT DESCRIPTION    SCHD DATE    TIME    ROOM PRI
Objection to Forthwith Motion for Telephone Testimony of David Kahn
7/01/2019    Objection                        Event ID: 000025    E-Filed: J
    DEF/    LANE, NOEL WEST III
Objection to Matthew Curtis Witt's Verified Complaint for Replevin
7/02/2019    Waiver of Service                Event ID: 000026    E-Filed: J
    PTF/    WITT, MATTHEW
Subpoena to Attend to David Kahn and Executed Waiver of Service A0172A85E6C93
7/03/2019    Motion                           Event ID: 000027    E-Filed: J
    DEF/    LANE, NOEL WEST III
Defendant's Motion for Interim Relief and Preliminary Injunction to Maintain
Possession of 44 boxes
7/03/2019    Proposed Order                   Event ID: 000028    E-Filed: J
    DEF/    LANE, NOEL WEST III
Re Defendant's Motion for Interim Relief and Preliminary Injunction to
Maintain Possession of 44 boxes
7/03/2019    Minute Order (print)             Event ID: 000029    E-Filed: N
REPLEVIN HEARING                 OEFFLER/ORTIZ/DIGITAL 4:28 PM
PLNT ATTNY J ANDERSON
PET APPEARS BY TELEPHONE
DEF NOEL WEST, III APPEARS PRO SE
PTF'S COUNSEL ADDRESSES THE COURT IN REGARD TO THE PETITION.
THE COURT REVIEWED THE CASE THAT WAS HEARD BY JUDGE PILKINGTON.
THE COURT REVIEWED THE APPELLATE REVIEW AND THE ORDER FROM BANKRUPTCY COURT.
DEF ADDRESSES THE FILINGS THAT HE FILED EARLIER TODAY.
DISCUSSION OF THE TESTIMONY OF DAVID KAHN.
THE COURT ORDERS THAT ALL DIGITAL COPIES OF THE DOCUMENTS AND ALL OF THE
PAPER COPIES IN BOXES WILL BE PUT INTO THE CUSTODY OF A THIRD PARTY CUSTODIAN.
DEF PRESENTS A RECEIPT OF THE BOXES TO THE COURT AND COUNSEL.
THIS MATTER WILL BE CONTINUED TO GRANT DEF TIME TO PREPARE.
MATTER SET OVER TO AUGUST 27, 2019 AT 1:00 PM
THE COURT EXTENDS JUDGE ROMERO'S ORDER. THE BOXES AND DOCUMENTS WILL BE
MAINTAINED THROUGH AUGUST 27, 2019. THE ORDER WILL THEN BE AUTOMATICALLY
EXTENDED TO A FURTHER DATE IF SOMETHING OCCURS AND PARTIES CAN NOT APPEAR ON
AUGUST 27, 2019.
BANKRUPTCY COURT HAS REQUIRED THAT THE BOXES BE PUT IN A FACILITY, THIS COURT
HAS ORDERED THAT THE BOXES REMAIN IN A FACILITY UNTIL THIS CASE CAN BE
LITIGATED.
RULIN GOF THE COURT: ANY PAPER OR ELECTRONIC COPIES OF DOCUMENTS WILL HAVE TO
BE MAINTAINED AT THE FACILITY. THE COURT WILL MAKE A DECISION ON AUGUST 27 IN
REGARD TO WHO WILL RECEIVE THE BOXES AND THE DOCUMENTATION THAT IS IN SAID
BOXES.
THE COURT WILL REVIEW THE MOTIONS FILED BY DEF AND WILL ALLOW A REPLY.
THE COURT HAS ORDERED THAT THE BANKRUPTCY COURT ORDER IS EXTENDED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
PTF REQUESTS THAT THE DEF IS PUT ON THE RECORD AND INDICATES THAT THERE HAS
BEEN NO DOCUMENTS REMOVED OR ALTERED.
DEF INDICATES THAT DURING THE TIME THE BOXES WERE IN THE POSSESSION OF DEF
THAT THERE HAVE BEEN NO DOCUMENTS REMOVED OR ALTERED.
STATUS QUO IS MAINTAINED THAT WAS ORDERED BY THE BANKRUPTCY COURT.
A DECISION WILL BE MADE ON THE AUGUST 27 HEARING.
BOTH PARTIES SHALL FILE BRIEF LIST OF EXHIBITS AND WITNESSES.
THE COURT WILL REVIEW ALL MOTIONS/PLEADINGS THAT ARE RIPE ON AUGUST 27.
THE COURT ORDERS THAT ALL ELECTRONIC AND PAPER FILES INCLUDED IN THE BOXES
SHALL BE MAINTAINED BY THE THIRD PARTY.

Exhibit B



**Noel West Lane III**
1060 Ingalls Street
Lakewood, Colorado 80214

March 23, 2021

<u>**Sent This Date Via US Mail and Email**</u>

Joseph Elio
Law One
1434 Blake Street, Suite 200
Denver, CO 80202

Re:  Objection to Withdrawal, 2020CA1068

Dear Mr. Elio,

    This letter is a follow-up to my request made on March 22, 2021 for you to confirm that your client, Matthew C. Witt, is and remains in compliance with the Court's 7/3/19 Minute Order in 19-cv-30951 the matter on appeal in 2020CA1068.

    Please confirm that your client, Matthew C. Witt is in compliance with Judge Oeffler's Minute Order of 7/3/19 which reads in part,

"The Court Orders that all electronic and paper files included in the boxes shall be maintained by the third party."

Further, please confirm that your client has not removed or altered documents contained in the 44 Boxes maintained by the third party.

    For the record, "the third party" identified in the 7/3/19, 19-cv-30951 Minute Order is:

        All American Records Management
        15580 E Hinsdale Circle
        Centennial, CO 80112

    All American Records Management is "the third party" identified in the record of:

        Matthew Curtis Witt, ORDER 17-17630-MER, 17-1548-MER
        Discovery Dispute Hearing Rule 7026-1(d)
        Re: Pickup and Return of Boxes

    Please be so kind as to provide me with confirmation of your client's compliance with the Court's 7/3/19 Minute Order regarding "the third party" All American Records Management and confirmation that no documents have been altered or removed from the 44 Boxes.  I respectfully require your confirmation of your client's compliance on or before 5 o'clock P.M., Friday, March 26, 2021.

    Thank you in advance for your timely cooperation in this matter.  I believe objections to your withdrawal must be filed on or before April 1, 2021.

Sincerely yours,

cc: Torrey Livenick
    Eric Jonsen
    Kenneth Beuchler
    John Palmeri
    David Keil

2



Exhibit B

| | |
|---|---|
| COURT OF APPEALS<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>1300 Broadway<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
| Jefferson County District Court<br>Honorable Lily Wallman Oeffler<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>Case Number: 2019-cv-30951 | FILED IN THE<br>COURT of APPEALS<br>STATE OF COLORADO<br><br>DEC - 9 2021<br><br>Clerk, Court of Appeals |
| **Plaintiff/Appellee:**<br><br>MATTHEW CURTIS WITT<br><br>**Defendant/Appellant:**<br><br>NOEL WEST LANE III | |
| Noel West Lane III<br>In Pro Se<br>1060 Ingalls Street<br>Lakewood, CO 80214<br>Phone: 303-697-0462<br>E-mail: lane3co@outlook.comm | Court of Appeals Case Number: 2020CA1068 |

## DEFENDANT/APPELLANT'S REQUEST FOR JUDICICIAL NOTICE OF US BANKRUPTCY COURT COLORADO DISTRICT CHIEF JUDGE MICHAEL E. ROMERO'S DISMISSAL OF, AND HIS JUDICIAL NOTICE OF THE DISTRICT COURT ORDER AMONG THE ISSUES ON APPEAL IN 2020CA1068, IN DEFENDANT/APPELLANT'S MAY 10, 2021 ADVERSARY PROCEEDING 21-001100-MER, PURSUANT TO FRE 201(B) AND FRE 201(D), ADJUDICATIVE FACT ENTERED NOVEMBER 24, 2021(DOC# 68)

Comes now Defendant-Appellant Noel West Lane III ("Lane"), by his own

Defendant/Appellant's Request for Judicial Notice of US Bankruptcy Court Colorado

District Chief Judge Michael E. Romero's ("Romero") Dismissal of, and Romero's

1

Judicial Notice of the District Court Order Among the Issues on Appeal in 2020CA1068, in Defendant/Appellant's May10, 2021 Adversary Proceeding 21-001100-MER, pursuant to FRE 201(b) and FRE 201(d), Adjudicative Fact Entered November 24, 2021 (Doc# 68) and as such states the following:

Lane's Request for an Order of Judicial Notice of Romero's Dismissal of Lane's Adversary Proceeding, 21-001100-MER ("Request"), is a Request to notice an adjudicative fact that certain litigation occurred, [1] not a request to introduce new evidence.  Further, Lane's Request is not offered for "the truth of the matters within (such documents) and inferences to be drawn from them". [2]  Lane's Request is for an Order for Judicial Notice of the adjudicative fact of the existence of Official Records, Orders, and Exhibits of Romero's Dismissal and Romero's Judicial Notice of the District Court's Order on Appeal ("Notice").  Among the Official Records, Orders, and Exhibits are 65 responsive pleadings made by Lane and Witt et al in 21-001100-MER including Romero's last Order granting Lane Surreply and the final pleading before Romero's ruling on 21-001100-MER.  Romero's Dismissal and Notice cites six claims

---

[1] *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015) (granting party's motion for judicial notice of an adjudicative fact from a prior proceeding, and a District Court's Order (in the case at bar, on appeal), "to the extent we note the existence of and basic facts surrounding these actions").
[2] See id. (citing *Kushner v. Beverly Enters.*, 317 F.3d 820, 832 (8th Cir.2003)); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (refusing to take judicial notice of the facts underlying other cases—facts which are subject to reasonable dispute).

2

made by Lane as jurisdictional matters and Romero exercised his discretionary abstention [3] authority to the State and stated,

"Additionally, as is readily apparent from the claims, state law issues predominate over bankruptcy issues. Specifically, Lane asserts multiple claims for violations of the Colorado Rules of Professional Conduct and the Colorado Criminal Statutes. The issues to be presented to a state court, to the extent Lane has standing to do so, involve well-developed principles of Colorado law. There is nothing difficult or unsettled about the Colorado state law under which these claims are presented". See Romero Dismissal and Notice  And,

"Courts often look to the mandatory abstention provisions as a guide to whether they should exercise discretionary abstention. If most of the elements of mandatory abstention are present, they are inclined to exercise abstention." As to mandatory abstention, § 1334(c)(2) provides: Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such

---

[3] discretionary abstention, 28 U.S.C. § 1334(c)(1).

proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. [4]

Romero's Dismissal and Notice as adjudicative fact, denied all Motions to Strike made by the Plaintiff and the Defendants, Witt et al.

Romero's Dismissal and Notice "to the extent we note the existence of and basic facts surrounding these actions" See *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015), is an adjudicative fact and satisfies FRE Rule 201(b) and Rule 201(d).

"With respect to the presence of a related proceeding commenced in state court or other nonbankruptcy courts, there was at least one case dealing with the possession of the Boxes in question pending in State Court as referenced above, and *this Court can take judicial notice of the State Court's holding the Boxes belonged to Witt* (emphasis added). Although Lane filed a motion with respect to the Boxes in another adversary proceeding before this Court, such motion was denied as moot. [5] There is no independent basis for this Court's jurisdiction over the claims, and there is a high degree of remoteness of these claims to the main bankruptcy case, particularly in light of the status of the administrative case. As such, the Court finds sufficient grounds to

---

[4] 28 U.S.C. § 1334(c)(2 ).
[5] See Adv. Pro. No. 17-1548 MER at ECF No. 161.

abstain from hearing the claims, and the same shall be dismissed." Thus, Judicial Notice of Romero's Dismissal and Notice should be granted.

Romero concluded:

"Having reviewed the allegations and claims asserted by Lane, the Court finds it appropriate dismiss Claims One through Six in exercise of this Court's discretion to abstain, and to dismiss Claims Seven and Eight for failure to state a claim for which relief can be granted. The Court again emphasizes its Order from over two years ago: disputes relating to the Boxes are more appropriately heard by the State Court. Accordingly, IT IS HEREBY ORDERED The Motions to Strike are DENIED. Lane's Amended Complaint is DISMISSED. All other pending motions are DENIED AS MOOT." Thus, Judicial Notice of Romero's Dismissal and Notice should be granted.

Lane's Request for Judicial Notice of an adjudicative fact, Romero's Dismissal and Notice (Doc# 68), is made pursuant to FRE 201(b), FRE Rule 201(d), F.R.C.P. Rule 201, F.R.Civ.P. Rule 44, and their Colorado counterparts.

### Factual Background for Lane's Request for Judicial Notice of Romero's Dismissal of, and Romero's Judicial Notice of the District Court Order Among the Issues on Appeal in 2020CA1068

Lane herein incorporates by reference Lane's Opening Brief filed January 19, 2021.

Lane herein incorporates by reference Lane's Objection to Withdrawal of Counsel of Record, Joseph M. Elio and Justin Davis of Law One filed April 16, 2021.

5

Lane herein incorporates by reference Lane's Reply Brief filed on May 28, 2021.

Lane maintains that the basic timeline for Lane's Request is as follows:

1. July 20, 2020 – Notice of Appeal

2. January 19, 2021 – Opening Brief

3. May 10, 2021 – Answer Brief

4. May 10, 2021 – 21-001100-MER filed in US Bankruptcy Court

5. May 28, 2021 – Reply Brief

6. November 24, 2021 – Romero's Dismissal and Notice in 21-001100-MER

7. December 9, 2021 – Request for Judicial Notice of the existence of 21-001100-MER

## Conclusion

Lane's Request for an Order of Judicial Notice of an adjudicative fact is allowed and made pursuant to FRE 201(b), FRE Rule 201(d), F.R.C.P. Rule 201, F.R.Civ.P. Rule 44, and their Colorado counterparts.

Lane's Request for an Order of Judicial Notice of Romero's Dismissal of Lane's Adversary Proceeding Complaint, 21-001100-MER, is a Request to notice an adjudicative fact that certain litigation occurred, [6] not a request to introduce new evidence.

---

[6] *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015) (granting party's motion for judicial notice of an adjudicative fact from a prior

Lane's Request for an Order of Judicial Notice is not offered for "the truth of the matters within (such documents) and inferences to be drawn from them". [7] Lane's Request is an Order for Judicial Notice of the adjudicative fact of the existence of Official Records, Orders, and Exhibits of Romero's Dismissal and Romero's Judicial Notice of the District Court's Order.

**Wherefore**, for all the reasons stated in the paragraphs and exhibit(s) identified and incorporated by reference herein, Defendant-Appellant Lane respectfully requests the Colorado Court of Appeals to grant Defendant/Appellant's Request for an Order of Judicial Notice of US Bankruptcy Court Colorado District Chief Judge Michael E. Romero's Dismissal of, and his Judicial Notice of the District Court Order Among the Issues on Appeal in 2020CA1068, in Defendant/Appellant's May10, 2021 Adversary Proceeding 21-001100-MER, and any/all other consideration the Court deems appropriate.

Respectfully submitted this December 9, 2021.

Noel West Lane III, In Pro Se

---

proceeding, and a District Court's Order (in the case at bar, on appeal), "to the extent we note the existence of and basic facts surrounding these actions").
[7] See id. (citing *Kushner v. Beverly Enters.*, 317 F.3d 820, 832 (8th Cir.2003)); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (refusing to take judicial notice of the facts underlying other cases—facts which are subject to reasonable dispute).

7

1060 Ingalls Street
Lakewood, CO 80214

### Counsel for the Plaintiff

Plaintiff In Pro se:

Noel West Lane III
In Pro Se
1060 Ingalls Street
Lakewood, Colorado 80214

E-mail: lane3co@outlook.com

### Counsel(s) for the Defendants

Matthew C. Witt
2792 Greatwood Way
Highlands Ranch, Co 80126

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2021 I filed the foregoing in person with the Clerk of the Court and emailed and mailed a copy of the filing by USPS to all counsel of record:

Matthew C. Witt
2792 Greatwood Way
Highlands Ranch, Co 80126

*In Pro se*

Kenneth J. Buechler, Esq.
Buechler & Garber, LLC

8

999 18th Street, Suite 1230-S
Denver, Colorado 80202

*Attorneys for Defendant Nicole Witt*

Gordon Rees Scully Mansukhani LLP
Edward M. Hafer
John R. Mann
John M. Palmeri
555 17th Street, Ste. 3400
Denver, CO 80202

*Attorneys for Defendant Damon M. Semmens*

David E. Keil
191 University Blvd., Suite 250
Denver, CO 80206

*In Pro Se Defendant*

Jonsen Law Firm, LLC
Eric Richard Jonsen
555 Eldorado Blvd., Suite 200
Broomfield, CO 80021

*Attorney for Charles D. Snider, Jr., Charles D. Snider III, and Rekon, LLC*

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202

*Attorney for David Kahn*

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

9

Exhibit C

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: December 20, 2021 |
| Jefferson County<br>2019CV30951 | |
| **Plaintiff-Appellee:**<br><br>Matthew Curtis Witt,<br><br>v.<br><br>**Defendant-Appellant:**<br><br>Noel West Lane, III. | Court of Appeals Case<br>Number:<br>2020CA1068 |
| ORDER OF THE COURT | |

To:  Appellant

After review of the motion for judicial notice, the Court DENIES the

motion.

The case is at issue and an opinion will issue in due course.

BY THE COURT
Bernard, C.J.

Exhibit D

# UNITED STATES BANKRUPTCY COURT
## District of Colorado

In re:    MATTHEW CURTIS WITT

　　　　　Debtor.

Address:    2792 Greatwood Way
　　　　　Highlands Ranch, CO 80126

SSN:    XXX-XX-4130

| Case No.
| 17-17630-MER
|
| Chapter
| 7

FILED
KENNETH S. GARDNER, CLERK
2019 JUL 11 P 3:58
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

## NOTICE OF COMPLIANCE WITH ORDER OF JUNE 24, 2019 AND NOTICE OF INTERVENTION AND MODIFICATION OF ORDER BY JEFFCO DISTRICT COURT

---

Noel West Lane III, ("Lane") submits the following Notice of Compliance ("Notice") with Order of June 24, 2019 and Notice of Intervention and Modification of Order by Jeffco District Court regarding 44 Boxes of Documents ("Boxes") and states as follows:

### CERTIFICATION OF CONFERRAL

1.    The undersigned certifies that conferral with Matthew Curtis Witt did not occur.

2.    Matthew Curtis Witt ("Witt") filed Verified Complaint for Replevin or Alternative Relief on June 19, 2019 in district court County of Jefferson, Colorado, Judge Lily Wallman Oeffler, 2019CV30951.  Lane's three filed Objections and Motion for Interim Relief and Preliminary Injunction, each filed prior to July 3, 2019 hearing remain not ruled upon and Orders were issued in Minute Order modifying Judge Romero's Order removing the subject boxes and all electronic copies from Lane's possession until August 27, 2019.  Lane's objections to Judge Oeffler's Minute Order regarding Lane's appellate brief submittal date of July 28, 2019 were disregarded by Judge Oeffler.

### COMPLIANCE WITH ORDER

2.    Lane submits to the Court the following regarding Lane's compliance with this Court's Order of June 24, 2019:

1

a. The Boxes were removed from Lane's possession on July 2, 2019 by All American Records Management ("AARM") from their storage located at 1060 Ingalls Street, Lakewood, CO 80214 pursuant to Judge Romero's June 24, 2019 Order.  *See* Exhibit A

b. On June 19, 2019 Witt filed Verified Complaint for Replevin or Alternative Relief. *See* Exhibit B, Docket of 2019-cv-30951

c. Lane's appeal 19CA656 in re 2019-cv-31212 in part alleges violation of Lane's constitutional rights, civil rights, and right of due process specifically in regard to Lane's in Pro Se status and Lane's preclusion from timely access to filings made by Witt's attorneys using Colorado Courts E-filing System ("I.C.C.E.S.") in District Court, County of Jefferson, Colorado.

d. Upon information and belief Witt with prior knowledge of Lane's not being allowed access to I.C.C.E.S., and Witt being knowledgeable of Judge Pilkington's minute orders specifically regarding notice to in Pro se Lane by email and US Mail on the date of filing of any/all responsive pleadings,  deliberately undertook a legal strategy to intentionally violate Lane's constitutional rights, civil rights, and right of due process by filing in I.C.C.E.S. without timely notice to Lane.

e. Upon information and belief, Witt intentionally violated the minute orders of the presiding judge in 2017-cv-31212 with knowledge of all matters under appeal by Lane in 2017-cv-31212, and shopped Judge Oeffler's court in order to utilize I.C.C.E.S. in a different district court of Jeffco and in so doing with premeditation, violated Lane's constitutional rights, civil rights, and right of due process by making false affidavits, false allegations, and other conspiratorial acts outside of Lane's timely ability to reply and in so doing, deliberately interfered with Lane's ability to timely file Lane's appellate brief in 19CA656 which matters arise from the new evidence confirmed by evidence contained within the 44 boxes.

f. Judge Oeffler issued interim orders violating Lane's constitutional rights, civil rights, and right of due process based in part and/or in whole upon the false testimony of Witt's private investigator and the false statements and allegations of Witt's attorneys in 2017-cv-31212, 2019-cv-30951, 17-17360-MER, and 17-1548-MER.

g. Judge Oeffler's interim orders were made on 6/21/19, 6/24/19, 6/26/19, and 6/27/19 prior to the 7/3/19 hearing regarding the 44 Boxes without review and/or consideration of Lane's Objection to Witt's Verified Complaint for Replevin or Alternative Relief for Violating Colorado Notary Law filed on 7/1/19 three days prior to the 7/3/119 hearing, Lane's Objection to Substituted Service filed on 7/1/19 three days prior to the 7/3/19 hearing, Lane's Objection to Motion for Telephone Interview

2

of David Kahn filed on 7/1/19 three days prior to the 7/3/19 hearing, and Lane's Motion for Interim Relief and Preliminary Injunction filed on 7/3/19 four hours before the 7/3/19 hearing.

h.  Judge Oeffler's acknowledges in the transcript of the 7/3/19 hearing that she issued interim orders 14 days before the 7/3/19 hearing, 11 days before the 7/3/19 hearing, 9 days before the 7/3/19 hearing, and 8 days prior to the 7/3/19 hearing without consideration for Defendant Lane's timely filed objections and motion, based solely on Plaintiff Witt's testimony, assertions, and allegations and did not consider Defendant Lane's timely filed responsive pleadings because the Clerk's office of District Court Jefferson County had not entered them and they were not filed in I.C.C.E.S. *See* Exhibit D, page 8, lines 12-18; Exhibit D, page 9, lines 1-25; Exhibit D, page 10, lines 1-25; Exhibit D, page 15, lines 17-25; and Exhibit D, page 16, lines 1-8.

i.  Judge Oeffler acknowledges in the 7/3/19 hearing (*See* Exhibit D, page 16, lines 1-8 inclusive) that, because of Lane's in Pro se status and Jefferson County, Colorado's District Court prohibition on in Pro se access to I.C.C.E.S, Lane's timely filed Objections and timely filed Motion prior to the 7/3/19 hearing were not worthy of the same consideration afforded to Witt by Judge Oeffler.  Upon information and belief, I believe that Judge Oeffler's actions are comely referred to as judicial bias.

j.  Upon information and belief, Judge Oeffler's July 3, 2019 Minute Order violates Lane's constitutional rights, Lane's civil rights, and Lane's right of due process because by admission in hearing, 1) Judge Oeffler states that she has not considered Lane's timely filed objections and Motion prior to issuing interim orders (*See* Paragraph 2 h.), 2) Judge Oeffler does not have concerns that Lane is under an appellate brief deadline (*See* Exhibit D, page 16, lines 19-25), 3) Judge Oeffler does not have concerns that the Verified Complaint of Witt is flawed, and among other things, 4) Judge Oeffler is not concerned that she ordered confiscated Rekon, LLC's flash drive of documents made for Lane by Rekon, LLC.

k.  Thus by Judge Oeffler's interim orders issued without consideration for Lane's timely filed pleadings in 2019-cv-30951 and Judge Oeffler's admitted judicial bias in favor of Plaintiff Witt's allegations without consideration of Lane's timely filed pleadings, Judge Oeffler's Court has unilaterally chosen to pick winners and losers in the Colorado Appellate Court by interfering with the Defendant Lane's right of due process in appeal of Witt's previous verified complaint, 2017-cv-31212.

l.  Further, Judge Oeffler's admitted judicial bias as reflected in her Minute Order of 7/3/19 which allegedly relies solely on among other things the allegations, pleadings, and false testimony of Matthew Witt, and/or David, Kahn, and/or Torrey Livenick, and/or Shaun Christensen, and/or David Pugh, and/or Ken Beuchler, and/or Nicole

3

Witt, and/or Joseph Elio, and/or James Anderson, without considering Lane's timely filed Objections and Lane's timely filed Motion for Interim Relief and Preliminary Injunction, is made in part by Judge Oeffler by her admission in hearing that in Pro se pleadings although timely filed, are not considered for review and not afforded the Court's attention until days after an in Pro se filing is made (See Exhibit D, page 16, lines 1-25, and Exhibit D, Page 17, Lines 1-25) as opposed to the instant review afforded to Plaintiff Witt vis-à-vis the favoritism of I.C.C.E.S.

m. Finally, Defendant Lane's three timely filed Objections made on July 1, 2019 and Lane's Motion for Interim Relief and Preliminary Injunction, were not available to the court for consideration due to the inherent failure of I.C.C.E.S. to fairly represent the timely filings of in Pro se litigants, clearly violating Lane's right of due process, clearly violating Lane's civil rights, and clearly violating Lane's constitutional rights.

WHEREFORE, Lane respectfully submits its Notice of Compliance with Order of June 24, 2019.

Respectfully submitted on July 11, 2019.

Noel West Lane III, In Pro se
1060 Ingalls Street
Lakewood, CO 80214
Phone Number: 303-697-0462

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2019, I filed the foregoing in person with the Clerk of the Court and mailed a copy of the filing by USPS to all counsel of record:

| Attorneys for | Attorneys and Address |
| --- | --- |
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240 Wheat Ridge, Colorado 80033 |

4

Trustee

Tom H. Connolly
950 Spruce Street, Suite 1C
Louisville, Colorado 80027

Defendant(s)

Joseph M. Elio
1499 Blake Street, Ste. 1J
Denver, Colorado 80202

Kenneth J. Buechler
999 18th Street, Ste. 1230-S
Denver, CO 80202

Noel West Lane III, In Pro Se
1060 Ingalls Street

Lakewood, CO 80214

Exhibits

A – All American Records Management Receipt for 44 Boxes and 6/24/19 Order Acknowledgment.

B – 2019-cv-30951 Judge Oeffler 7/8/19 Docket List

C – Minute Order 7/3/19, Judge Oeffler Intervention and Modification of 6/24/19 Judge Romero Order

D – Transcript of 7/3/19 Judge Oeffler Hearing in 2019-cv-30951, intervening and modifying Judge Romero Order of 6/24/19 regarding the 44 Boxes

Exhibit A

5

**Pickup Receipt for Boxes**
**and**
**Return Receipt for Boxes**

**To:** Gary Waters, John Actor
    All American Records Management
    15580 E Hinsdale Circle
    Centennial, CO 80112 USA
    P: 303-373-5101

**From:** Noel West Lane III
    1060 Ingalls Street
    Lakewood, CO 80214
    P: 303-697-0462

**Date:** 7/2/19

**Subject:** Matthew Curtis Witt, ORDER 17-17630-MER and 17-1548-MER, Discovery Dispute
    Hearing Rule 7026-1(d), Re: Pickup and Return of Boxes (Order attached) by:
    All American Records Management

To whom it may concern,

    On Tuesday, July 2, 2019, All American Records Management picked up the subject Boxes from 1060 Ingalls Street, Lakewood, Colorado pursuant to Judge Romero's Order of June 24, 2019.

    All American Records Management shall return the Boxes to 1060 Ingalls Street, Lakewood, Colorado on Tuesday, July 16, 2019, pursuant to Judge Romero's Order of June 24, 2019.

Accepted By:

_____
    Name                             Date

Accepted By:

_____
    Name                             Date

6

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | |
| MATTHEW CURTIS WITT, | Case No. 17-17630 MER |
| Debtor. | Chapter 7 |
| REKON, LLC, | |
| Plaintiff. | Adv. Case No. 17-01548 MER |
| v. | |
| MATTHEW CURTIS WITT, | |
| Defendant. | |

### ORDER

THIS MATTER comes before the Court on the request by Defendant Matthew Curtis Witt ("Defendant") for a discovery dispute hearing pursuant to this Court's Local Bankruptcy Rule 7026-1(d).

Having reviewed the written discovery dispute report submitted by Defendant and the correspondence to the Court sent by Noel West Lane, III ("Lane"), the Court determines a discovery dispute hearing is unnecessary. In lieu of such a hearing, the Court orders as follows:

1) Defendant and Plaintiff Rekon, LLC, shall, per this Court's June 10, 2019 Minutes of Proceeding,[1] be permitted a period of fourteen (14) days to complete review of the boxes of documents in Lane's possession.

2) All American Records Management ("AARM") shall take possession of the boxes of documents on or before Friday, June 28, 2019.  Lane shall make the boxes of documents available and turnover the boxes of documents to AARM by that date. Defendant and Plaintiff shall have until July 12, 2019 (or 14 days from the date AARM takes possession of the documents)

---

[1] *In re Matthew Curtis Witt*, Case No. 17-17630 MER, ECF No. 212.

D17122   67604017139015

to complete their review.  The boxes of documents shall be returned to Lane by AARM at the earlier of one day after Defendant and Plaintiff complete review of the documents or July 13, 2019.

3) Except for making arrangements for AARM to take possession of and return the boxes of documents, Lane shall have no contact with AARM or its agents or representatives.

4) The costs of transportation and storage of the boxes of documents by AARM shall be borne by the Defendant.

IT IS SO ORDERED.

Dated June 24, 2019

BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

2

0I7I22        67604017139015

8



**All American**
Records Management

**Work Order: 0079516**
**Due Date: 7/1/2019   5:00:00PM**

Customer     COD999-Shred Projects

Address      Matthew Witt
             1060 Ingalls St.
             Lakewood, CO 80214

Priority     Scheduled Work Order

Requested By          Matthew Witt

Phone
Route
Dept                  Gary

Notes:

| Dept | Action |
|------|--------|

**Requested For: Matthew Witt**

Notes: Trip charge
**QTY:** 1.00     Shred Trip Charge $35

Notes: Transport not destruction
**QTY:** 44.00     Destroy Container $2.00

**Picked up at Customer**

_____ BOX          _____ FILE          _____ DOCUMENT          _____ MEDIA

**All American Records Management hereby certifies that the materials received on the above date have been
confidentially handled and destroyed and that the shredded material will be recycled.**

Driver Signature                    Customer Signature                    Manager Signature

7-1-19                              7/2/19

Date/Time                          Date/Time                             Date/Time

Printed     7/1/2019   8:35:25AM

Prepared By  JSLINGER               Created     7/1/2019   8:29:45AM     Page 1 of 1

9

12/30/21, 7:06 PM                                            Mail - Noel Lane - Outlook

## David Kahn Boxes

### Noel Lane <lane3co@outlook.com>
Tue 6/21/2016 10:16 AM

To: David Kahn <david.kahn@interdynaka.com>; jas@levinsitcoff.com <jas@levinsitcoff.com>

Cc: nrp@levinsitcoff.com <nrp@levinsitcoff.com>

📎 1 attachments (514 KB)
Kahn Lane Schedule of Box pickup 6-21-16.pdf;

Dear David and Jeremy,

As of 6/21/16, I have picked up 44 boxes of Matt Witt/CCI files.

The attachment shows the box list prepared by Nicole and the dates I picked up each box.

Thank you and Nicole for your assistance in this matter.

*Noel*

*Noel West Lane III*
*303.697.0497 (office)*
*303.887.3978 (mobile)*
*lane3co@outlook.com*

| | | | | | | |
|---|---|---|---|---|---|---|
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304911 | 1 | N 6/2-1 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304912 | 2 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304913 | 3 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304914 | 4 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304915 | 5 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304916 | 6 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304917 | 7 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304918 | 8 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304919 | 9 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304920 | 10 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304921 | 11 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304922 | 12 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304923 | 13 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304924 | 14 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304925 | 15 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304926 | 16 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304927 | 17 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304928 | 18 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304929 | 19 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304930 | 20 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304931 | 21 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304932 | 22 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304933 | 23 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304934 | 24 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304935 | 25 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304936 | 26 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304937 | 27 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304938 | 28 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304939 | 29 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304940 | 30 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304941 | 31 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304942 | 32 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304943 | 33 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304944 | 34 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304945 | 35 | N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304946 | 36 | N 4/12 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304947 | 37 | N 3/17 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304948 | 38 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304949 | 39 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304950 | 40 | N 6/21 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 09/16/2011 | K6300000304951 | 41 | 41 N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304952 | 42 | OK 42 N 5/26 |
| GDC10100 | Roberts Levin Rosenberg PC | 0 | 11/12/2012 | K6300000304953 | 43 | OK 43 |