## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: MATTHEW CURTIS WITT, Debtor.<br>Address: 2792 Greatwood Way Highlands Ranch, CO 80126<br>SSN: XXX-XX-4130 | Case No.17-17630-MER<br>Chapter 7 |
| NOEL WEST LANE III<br>Plaintiff(s),<br><br>v.<br><br>MATTHEW CURTIS WITT, DEFENDANT, AND MATTHEW CURTIS WITT, PRESIDENT AND SR.LOAN OFFICER, SILVER LEAF MORTGAGE, INC.SILVER LEAF MORTGAGE, INC.NICOLE WITT, NICOLE WITT, OWNER SILVER LEAFMORTGAGE, INC.ALL AMERICAN RECORDS MANAGEMENT DELTA SOLUTIONS DAVID KAHN DAVID KAHN, OWNER DELTA SOLUTIONS TORREY LIVENICK TORREY LIVENICK, ESQ. LIVENICK LAW MILLER & LAW P.C. DAVID B. LAWDAVID B. LAW, MILLER & LAW P.C. DAVID OPPENHEIMER DAVID OPPENHEIMER, MILLER & LAW P.C.DAVID OPPENHEIMER, DAVID S. OPPENHEIMER LAW GLENN MERRICK GLENN MERRICK & ASSOCIATES GLENN MERRICK, MERRICK, SHANER, BERNSTEIN, LLC FIVE (5) DOES Defendants | Adversary Proceeding No. 21-001100-MER |

---

## MOTION FOR SANCTIONS

---

COMES NOW Torrey Livenick, Torrey Livenick, Esq., and Livenick Law, LLC

(collectively "Defendants") by and through their counsel of record, Torrey Livenick, Esq. of

Livenick Law, LLC, and file the foregoing Motion for Sanctions.

COMPLIANCE WITH C.R.C.P. 121 § 1-15(8)

Conferral is not required. Defendants requested Lane's dismissal of claims on various occasions, but Noel West Lane, III ("Lane") declined to do so.

## I.  STATEMENT OF FACTS

1. Torrey Livenick is an attorney in good standing with the Supreme Court of Colorado with a bar number of 52787. Torrey Livenick, Esq. is the same individual as Torrey Livenick. Livenick Law, LLC is a Colorado Limited Liability Company formed May 15, 2019. Torrey Livenick is the sole member of Livenick Law, LLC.

2. Lane is not an attorney, nor has he ever attended law school. Nonetheless, he has been appearing as a pro se party in federal and state courts for over a decade. He is familiar with the Federal Rules of Civil Procedure, the Colorado Rules of Civil Procedure, and legal research.

3. As this court is well aware, Lane continually asserts that he is owed approximately $33 million by Debtor and associated parties. This number appears to come from the amount of debt Lane discharged in his personal bankruptcy[1].

4. Lane did not file a proof of claim in Witt's bankruptcy. Nonetheless, Lane has continually asserted that he is a "party of interest" to multiple persons' and corporations' claims.  "Party of interest" is not a legal term of art. It is a term Lane has devised in an apparent attempt to intervene in cases in which he has no standing.

---

[1] 13-10453-HRT

5.  Lane has been denied every single one of his attempts to intervene in Witt's bankruptcy.[2] Lane is aware he has no interest in the bankruptcy estate. Nevertheless, Lane filed the instant adversary.

6.  Lane frequently refers to the 44 boxes at issue as "evidence." However, both this Court and the Colorado Court of Appeals have ruled that the boxes are not evidence.

7.  Lane indicated several quotations that did not exist and fundamentally mischaracterized the holdings of cases in his Motion to Strike. When Defendants indicated the same, Lane replied, "Judge Romero will decide which argument is correct," and "Thank you for your observations. I decline your request to withdraw."[3] Judge Romero found that the quotations were not supported by the case law.[4]

8.  Defendants requested Lane withdraw his Complaint several times and cited the factual and legal reasoning why his Complaint was unfounded. Lane refused to do so.

9.  While Lane filed a Motion to Strike Defendants' Motion to Dismiss, he never responded in any substantive manner to Defendant's Motion to Dismiss.

10. This Court found Lane had no cognizable cause of action. Claims 1-6 and 9 were dismissed for lack of subject matter jurisdiction, while Claims 7-8 were dismissed for failure to state a claim upon which relief could be granted.

11. This Court allowed the Defendants to make Motions for Sanctions in his Order.

---

[2]  *See, e.g.,* Docket #100 in 17-17630-MER; 17-01548-MER Doc#:79

[3] *See* Exhibit 1

[4] *See* 21-01100-MER Doc#:68

3

## II.   LEGAL STANDARD

12.     Federal Rules of Bankruptcy Procedure 9011(c)(1) state that a party may move for sanctions against an opposing party.

13.     F.R.B.P. 9011(b) states "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or ***unrepresented party*** [emphasis added] is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> *F.R.B.P. 9011(b)*

## III.   ARGUMENT

14. Plaintiff should be sanctioned in the instant matter. Lane has violated every subsection of F.R.B.P. 9011(b). Defendants are therefore entitled to recovery as follows.

15. Lane filed a Motion to Strike Livenick as counsel for Defendants. Lane's Motion was predicated on the incorrect notion that LLCs must be represented by "outside"

4

counsel. Lane fabricated quotations that did not appear in the cited statutes or case law. Defendants informed Lane that the quotes did not appear in any of the citations nor did any of the cited cases or statutes support his arguments, yet Lane refused to withdraw his Complaint or Motion to Strike. This is a clear violation of F.R.B.P. 9011(b)(1).

16. The purpose of the Motion to Strike was to needlessly increase the cost of litigation for Defendants. Lane argued that attorney parties may not represent themselves or companies of which they are officers of in order to attempt the parties to increase attorney fees. He was advised several times that he was incorrect in his argument, but he refused to withdraw his Motion. This is a clear violation of F.R.B.P. 9011(b)(2).

17. Lane, who has neither attended law school nor taken (much less passed) the bar exam in any state, has been precluded from representing LLCs of which he is an officer in multiple cases. Lane has erroneously applied the restrictions on his *non-attorney* representations of his entities to attorney officers of other entities.

18. None of Lane's arguments were meritorious. This court found that it did not have jurisdiction over the claims asserted. Lane has been repeatedly informed that he has no interest in the underlying bankruptcy.

19. Lane had the opportunity to inspect the Boxes and confirm their existence or destruction and declined to do so. This is a clear violation of F.R.B.P. 9011(b)(3).

20. This Court informed Lane that State Court was the appropriate venue for suits regarding the Boxes.

21. Lane has failed in his attempts in Jefferson County to obtain access to the Boxes.

22. All evidence has been found against Lane; there is no outstanding evidence in the Bankruptcy Court that could conceivably be found in Lane's favor.

23. Defendants minimized their attorney fees. While Defendants were aware that Lane was precluded from any claims due to lack of subject matter jurisdiction, the Merrick Parties had already filed a Motion to Dismiss on the same grounds. Defendants were aware that the court had a *sua sponte* duty to review its subject matter jurisdiction and had a further duty to review its duties if a party raised the same

24. Defendants' Motion to Dismiss was based on the required affirmative defense of issue and claim preclusion.

25. The value of Defendants' responses to the unfounded filings was over $1,500.00.

26. Defendants should be awarded attorney fees in compensation for responses to an unfounded complaint and as a deterrent against Lane entering further frivolous filings.

27. This Court should also require Lane to submit all further filings through an attorney or with Court approval to ensure that his filings are meritorious.

## PRAYER FOR RELIEF

WHEREFORE Defendants pray for relief as follows:

1.  For a sanction of Attorney's Fees and Costs in the amount of $1,500.00;

2.  An Order requiring any further filings by Lane in this Court be through an attorney or approved by this Court; and

3.  Any other relief the Court may deem just and proper.

Respectfully submitted this 4th day of January, 2022

By: __/s/ Torrey Livenick__
Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, CO 80202
(720) 295-8616
torrey@livenicklaw.com