UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW CURTIS WITT, | ) | Case No. 17-17630-MER |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| NOEL WEST LANE, III, | ) | Adv. Proc. No. 21-001100 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW CURTIS WITT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**THE WITT PARTIES' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Defendants Matthew Curtis Witt ("Mr. Witt"), Nicole Witt ("Ms. Witt"), and Silver Leaf Mortgage Company, Inc. ("Silver Leaf") (Mr. Witt, Ms. Witt, and Silver Leaf collectively referred to as the "Witt Parties") through their undersigned counsel, submit their Reply in Support of Motion for Sanctions against Plaintiff Noel West Lane III ("Plaintiff"), and state as follows:

**I. Introduction**

Rather than successfully refuting the Witt Parties' Motion, Plaintiff's meandering, 60-page filing serves to only underscore the need for sanctions. He professes to understand why the Court dismissed his claims, yet still requests the Court enter default against the Witt Parties on his alleged claim for spoliation of evidence. He does so despite the Court's *clear* admonition disputes over the Boxes belong in the State Court. Plaintiff raises new, nonsensical claims for, *inter alia*, amalgamation and purported violations of 42 U.S.C. §1983 while paradoxically accusing the Witt Parties of expanding the litigation. In short, the Objection is a continuation of his ill-fated efforts

–1–

to obtain the relief sought in the Amended Complaint.

Although verbose, the Objection fails in its essential purpose: to show Plaintiff performed the requisite due diligence prior to filing the Complaint and/or Amended Complaint. As to his factual investigation, Plaintiff relies on communications with AARM, which pre-date Mr. Witt's April 13, 2021 email by more than 18 months. Wholly absent from the Objection is any explanation by Plaintiff to confirm his nine causes of action were well-founded in the law. Instead, Plaintiff predictably tries to hide behind his *pro se* status as an excuse for bringing legally deficient claims.

As discussed more fully below, Plaintiff failed completely to investigate whether the Complaint or the Amended Complaint had appropriate factual and legal support. The Witt Parties (and the other Defendants) were, in turn, forced to incur significant legal fees responding to Plaintiff's frivolous complaint. Sanctions are therefore mandatory.

II. **None of Plaintiff's Claims Survived the Motions to Dismiss.**

Plaintiff asserts sanctions cannot be entered because the Court did not dismiss his ninth cause of action. This argument is meritless. The Order states, in relevant part:

> Accordingly, IT IS HEREBY ORDERED
>
> The Motions to Strike are DENIED.
>
> *Lane's Amended Complaint is DISMISSED*. All other pending motions are DENIED AS MOOT.

*Dkt. No. 68, pg. 9* (emphasis added). Although the Court did not specifically reference the ninth claim in its conclusion, the Order was nevertheless unequivocal. The entirety of the Amended Complaint was dismissed. Plaintiff's argument his ninth claim survived the various motions to dismiss fails.

–2–

### III. Plaintiff Failed to Verify the Amended Complaint was Grounded in Fact and Law.

As noted in the Motion, Plaintiff failed to independently verify whether the Boxes had been destroyed. Instead, after receiving Mr. Witt's email, Plaintiff almost immediately filed a "Motion for Hearing" in Case No. 17-01548 based on the purported destruction of the Boxes. When the request for hearing was denied on May 3rd, Plaintiff re-filed his motion as a Complaint in this adversary proceeding on May 4, 2021. Plaintiff failed not once, but twice, to independently verify the status of the Boxes.

Plaintiff argues he complied with Rule 9011, Fed.R.Bankr.P., based on his "independent inquiry to AARM employees and [Plaintiff's] review of the AARM Boxes storage and delivery documents provided to [Plaintiff] by AARM." *Objection, pg. 14*. The only communications between Plaintiff and AARM included in the Objection are a "Pickup Receipt for Boxes and Return Receipt for Boxes" dated July 2, 2019, and AARM Work Order No. 0079516 dated July 1, 2019. *Id., pgs. 55 and 58*. It is entirely unclear how documents from July, 2019 support Plaintiff's contention he verified the status of the Boxes in May, 2021. To the contrary, it shows Plaintiff did nothing to independently verify Mr. Witt's statements prior to filing suit.

Plaintiff contends the filing was legally justifiable "upon information and belief and under [Plaintiff's] presumption," *inter alia*, the matters were proper for this Court; he needed to file promptly due to the statute of limitations; and Mr. Witt's "perceived intention to cause spoliation of the Evidence." *Id., pgs. 4-5*. Plaintiff's argument fails for two reasons. First, Plaintiff's misplaced justifications only describe his rationale for filing the Amended Complaint in this Court. It does not discuss the legal (let alone factual) bases as to the individual claims.

Second, Plaintiff's subjective belief in the propriety of the filing is not the appropriate standard for determining whether sanctions are warranted. Whether to enter sanctions against a party is judged by an objective standard. *In re Faires*, 123 B.R. 397, 404 (Bankr. D. Colo. 1991); *see also*, *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991). "A belief, no matter how sincere, that the law supports the signer's position is not sufficient to satisfy the requirements of Rule 11." *Id*. If sufficient research would show there was no legal basis for a litigant's position, sanctions must be imposed. *Id*.

The Objection describes Plaintiff's subjective view filing in the Bankruptcy Court was appropriate. Even if the Witt Parties concede Plaintiff acted in good faith (which is denied), his subjective, good faith belief is not grounds to avoid sanctions. The issue, rather, is whether Plaintiff exercised due diligence as to the legal basis of his claims based on an objective review of his actions.

Plaintiff failed to meet this standard. Plaintiff alleged causes of action for purported violations of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543. Even a cursory review of C.R.S. §18-8-610 would inform Plaintiff it is a criminal statute without any private cause of action. Similarly, the plain language of 11 U.S.C. §§542 and 543 shows the right to bring a turnover action is vested exclusively with the trustee (or the debtor in certain circumstances). The plain text of all three statutes alone should have informed Plaintiff he lacked basis to bring any of his claims against the Witt Parties, because he necessarily would have reviewed them to allege his claims.

Plaintiff's *pro se* does not insulate Plaintiff from sanctions. *Pro se* litigants are expected to comply with procedural requirements in the same fashion as a licensed attorney. *Shell v. Am. Fam. Rts. Ass'n*, 899 F. Supp. 2d 1035, 1044, fn. 2 (D. Colo. 2012); *In re Meltzer*, 534 B.R. 757, 762 (Bankr. N.D. Ill. 2015) (Rule 9011 applies to *pro se* litigants "just as it does to represented

–4–

parties and their lawyers."). Plaintiff's Objection provides a detailed history of the years he has spent representing himself in litigation against Mr. Witt in state and federal courts. He understands very well how to conduct legal research. The specious nature of the claims make it clear Plaintiff failed to do perform *any* research to confirm his claims had sound legal basis. Sanctions are therefore mandatory, Plaintiff's *pro se* status notwithstanding.

### IV. The Witt Parties have not Expanded the Litigation.

Astonishingly, Plaintiff accuses the Witt Parties of expanding the litigation because they are seeking sanctions. The only party expanding the litigation is Plaintiff. He has repeatedly submitted unauthorized filings, including numerous sur-replies[1] and motions for entry of default judgment.[2] Even in his Objection, Plaintiff seeks to expand the litigation by raising "claims" for "amalgamation" and purported violations of 42 U.S.C. §1983.[3] By contrast, the Witt Parties' Request for Sanctions is specifically authorized by rule. The Court, moreover, stated it would consider any parties' request for sanctions, provided such request complied with Rule 9011. *Order, pg. 9*. Any suggestion the Witt Parties have, at any point, expanded the litigation directly contradicts the record before the Court and the terms of the Order.

### V. Conclusion

The Boxes were never destroyed. It, therefore, cannot be contested Plaintiff failed to investigate the status of the Boxes prior to filing the Complaint or the Amended Complaint. Plaintiff nevertheless argues he performed adequate due diligence based on his communications

---

[1] *See e.g., Dkt. Nos 36, 50, and 54..*
[2] *See e.g., Dkt. Nos. 51 and 56.*
[3] Plaintiff's "claim" under 42 U.S.C. §1983 emphasizes his complete failure to perform due diligence as to any of his causes of action. "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S. Ct. 1827, 1830, 118 L. Ed. 2d 504 (1992) (emphasis added). There can be no cause of action against the Witt Parties for alleged violations of §1983. *Id.*

with AARM. The only evidence of such communications is documents pre-dating Mr. Witt's email by more than 18 months. It is entirely unclear how these communications with AARM show Plaintiff properly investigated the factual bases of the Complaint and the Amended Complaint.

Plaintiff likewise failed to research whether his claims had sound legal basis. Plaintiff's subjective belief he filed in the appropriate forum is irrelevant. The issue before the Court is whether Plaintiff acted objectively under the circumstances. It is apparent he did not. The plain text of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543 make clear Plaintiff had no causes of action against the Witt Parties. Sanctions pursuant to Fed.R.Bankr.P. 9011, are thus mandatory.

As set forth in the Motion, requiring Plaintiff to pay the Witt Parties' fees and costs incurred in litigating this matter, as well as enjoining any future filings in Mr. Witt's bankruptcy without approval of the Court represent the minimum sanctions needed to deter Plaintiff's behavior.

DATED: January 10, 2022

Respectfully submitted,

Buechler Law Office, LLC

/s/ Michael C. Lamb

_____
K. Jamie Buechler, #30906
Michael C. Lamb, #33295
999 18th Street, Suite 1230-S
Denver, Colorado 80202
720-381-0045 / 720-381-0382 FAX
Jamie@kjblawoffice.com
mcl@kjblawoffice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 10, 2022, I served by prepaid first class mail [or other acceptable means, i.e. via hand delivery] a copy of **THE WITT PARTIES' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

**Via U.S. Mail**:

Noel West Lane III
Attn Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214-2129

**Via CM/ECF**

| | |
|---|---|
| Shaun a. Christensen | David B. Law |
| Torrey Livenick | Glenn W. Merrick |
| Davis S. Oppenheim | Samuel J. Stoorman |

By: */s/ Gabriel Quintero*
For Buechler Law Office, LLC