# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No.<br>17-17630-MER |
| Debtor. | |
| | Chapter |
| Address:    2792 Greatwood Way<br>Highlands Ranch, CO 80126 | 7 |
| | |
| SSN:    XXX-XX-4130 | |
| | |
| NOEL WEST LANE III<br>Plaintiff | Adv. Proc. No. |
| MATTHEW CURTIS WITT, DEFENDANT,<br>AND | 21- 001100- MER |
| MATTHEW CURTIS WITT, PRESIDENT AND SR.<br>LOAN OFFICER, SILVER LEAF MORTGAGE, INC. | |
| SILVER LEAF MORTGAGE, INC. | |
| NICOLE WITT | |
| NICOLE WITT, OWNER SILVER LEAF<br>MORTGAGE, INC. | |
| ALL AMERICAN RECORDS MANAGEMENT | |
| DELTA SOLUTIONS | |
| DAVID KAHN | |
| DAVID KAHN, OWNER DELTA SOLUTIONS | |
| TORREY LIVENICK | |
| TORREY LIVENICK, ESQ. | |
| LIVENICK LAW | |
| MILLER & LAW P.C. | |
| DAVID B. LAW | |
| DAVID B. LAW, MILLER & LAW P.C. | |
| DAVID OPPENHEIM | |
| DAVID OPPENHEIM, MILLER & LAW P.C. | |
| DAVID OPPENHEIMER, DAVID S. OPPENHEIM<br>LAW | |
| GLENN MERRICK | |
| GLENN MERRICK & ASSOCIATES | |
| GLENN MERRICK, MERRICK, SHANER,<br>BERNSTEIN, LLC | |
| FIVE (5) DOES | |

1

Defendants

---

**PLAINTIFF NOEL WEST LANE III'S OBJECTION TO LIVENICK PARTIES'
MOTION FOR SANCTIONS PURSUANT TO RULE 9011 AND PURSUANT TO
CORRECTED ORDER DATED JANUARY 10, 2022**

---

Plaintiff Noel West Lane III ("Lane") In Pro se, by his own Objection to Livenick Parties' [1] Motion for Sanctions ("Motion for Sanctions") Pursuant to Rule 9011 and Pursuant to Corrected Order Dated January 10, 2022 and as such states the following:

1. Two Parties named as defendants in 21-001100-MER filed Motions for Sanctions against In Pro se Lane pursuant to Rule 9011. They are:

    a. Witt Parties' [2] Motion for Sanctions, entered on December 13, 2021 (Doc#:70), and

    b. Livenick Parties' Motion for Sanctions, entered on January 5, 2022 (Doc#: 74).

2. The Court issued its Order dismissing 21-001100-MER on November 24, 2021.

3. The Court issued its Corrected Order dismissing 21-001100-MER on January 10, 2022 (Doc#: 76).

4. Complaint (Doc#6) 21-001100-MER contains nine claims for relief and was entered on May 10, 2021.

5. Lane's Claims for Relief 1-6 were dismissed for lack of jurisdiction.

6. Lane's Claims for Relief 7, and 8 were dismissed for failure to state a claim upon which relief can be granted.

7. Lane's 9th Claim for Relief was dismissed for lack of jurisdiction in the Court's Corrected Order of Dismissal ("Corrected Order") of January 10, 2022.

8. Lane maintains that Livenick Parties filed its Rule 12(b) motion to interrupt discovery. [3]

9. Lane understands this Court's Corrected Order and acknowledges the Court's emphasis that, "disputes relating to the Boxes are more appropriately heard by the State Court.".

10. Lane incorporates herein by reference the following responsive pleadings in the two respective matters of sanctions at issue in 21-001100-MER:

---

[1] Torrey Livenick, Torrey Livenick, Esq., and Livenick Law, LLC
[2] Matthew C. Witt, Nicole Witt, and Silver Leaf Mortgage, Inc.
[3] See *Lisenbee & Moberly*, supra note 6, at 62

a. Lane's Objection to Witt Parties' Motion for Sanctions, entered on January 3, 2022 (Doc#: 73),

b. Witt Parties' Reply to Lane's Objection, entered on January 10, 2022 (Doc#: 75), and

c. Lane's Response to Witt Parties' Reply to Objection, entered on January 18, 2022 (Doc#: 78).

**Lane's Argument in Reply and Rebuttal to Livenick Parties' Assertions and Allegations Made Against Lane in Livenick Parties' Motion for Sanctions, I. <u>Statements of Fact</u>, II. <u>Legal Standard</u>, and III. <u>Argument</u>**

11. Lane herein replies to and/or rebuts Livenick Parties' assertions and allegations contained in Livenick Parties' Statement of Facts, Legal Standard, and Argument made in support of its Motion for Sanctions against Lane.

12. Lane maintains Livenick Parties' assertions and allegations made require discovery and hearing prior to ruling on Livenick Parties' Motion for Sanctions, and as such states as follows:

a. Paragraph 1 – Lane accepts Livenick Parties' assertion in Paragraph 1 as true and correct.

b. Paragraph 2 – Lane acknowledges that,

1. Lane is not an attorney,
2. Lane has not attended law school,
3. Lane exercised his rights pursuant to

"the Due Process Clause of the Fourteenth Amendment, which states in relevant part, No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.",

4. Lane is aware within the limits of his knowledge of and his lay persons' understanding of federal jurisdictions and state jurisdictions, that each jurisdiction has rules addressing civil procedures that apply to his constitutionally guaranteed right of due process and equal protection under the law,
5. Lane maintains in contravention of Livenick Parties' presumption by implication that only those who have attended law school are entitled to exercise their 14th Amendment rights, that all parties to any proceeding in any jurisdiction whether as defendant or as plaintiff are guaranteed due process and equal protection regardless of whether they attended a law school or not,
6. Lane maintains that it is an in pro se representative's responsibility under the law, just as it is the responsibility of a licensed attorney, to be knowledgeable that rules

3

and due process requirements and laws and statutes exist (collectively "rules"), and that these rules govern how the outcomes of a legal proceeding may be determined,

   a. however, Lane submits that his exercise of his 14th Amendment rights are not predicated upon whether he attended Law school or not or passed a bar in any state,

   b. Rather, Lane maintains that his right to seek redress as guaranteed by the 14th Amendment and its reciprocals in State Law and Statute does not begin by picking the correct jurisdiction out of many available jurisdictions in which to pursue his constitutional rights, but begins with Lane's googled reading and research (i.e. legal research) among other research to support Lane's presumption of the federal or state law(s) or statute(s) violated and whether Lane has sufficient evidence to support his presumption.

7. Lane maintains that Lane's presumption that the Court in 17-1548-MER had jurisdictionin 21-001100-MER is founded in the fact that 17-1548-MER flowed from 17-17630-MER and Lane was granted relief from stay in 17-17630-MER. Further 17-1548-MER is the same case that Livenick Parties identified in its Motion for Sanctions, and from which flowed 19-cv-30951 the subject matter whose issues are on appeal in 2020CA1068 and which appeal centers around the 44 Boxes of evidence that Witt Parties directed AARM to deposit in an unsupervised public location.

8. Lane maintains that he presumed that 21-001100-MER is within the jurisdiction of this Court as stated above in support of Lane's presumption of jurisdiction and as follows in further support of Lane's presumption that this Court was the proper jurisdiction for 21-001100-MER,

   a. Lane presumed as is stated in Lane's responsive pleadings identified above in Paragraph 3, Witt Parties' Motion for Sanctions that the correct jurisdiction was the court that originated the first order regarding the custodianship of the 44 Boxes.

   b. The court Lane presumed to be the origin of the first order regarding the custodianship of the 44 Boxes is the Court in 17-1548-MER.

   c. Some Defendants in 21-001100-MER challenged Lane's Complaint based on jurisdictional issues, some defendants challenged Lane's Complaint on issues relating to Lane's claims made for relief which may not be granted.

   d. No Defendant in 21-001100-MER filed an answer to 21-001100-MER.

   e. Lane replied to each and every legal challenge of Lane's Complaint made in this Court,

   f. The Court then ruled on the Nine Claims for Relief sought by Lane in 21-001100-MER.

   g. Lane maintains that the Court upheld Lane's 14th Amendment rights when it weighed the arguments made by Lane and the parties to Lane's complaint and ruled that it had discretionary jurisdiction to decide that it did not have

jurisdiction to decide 7 of the 9 claims made and that 2 claims did not have relief that could be granted.

9. Lane maintains that his 14th Amendment rights are founded in the fundamental requirement of due process which is the opportunity to be heard at a meaningful time and in a meaningful manner (*Arrington v. Helms* (11th Cir. 2006) 438 F.3d 1336, 1337 (procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner)).

10. Lane maintains that sanctions are not warranted against Lane because Lane violated no ***rules*** (emphasis added) and did research including case law and rules research prudently, when Lane exercised his 14th Amendment rights in the case at bar.

11. Lane maintains that Lane exercised his 14th Amendment rights with prudence and in accordance with the American Bar Association's, Practice of Law, (b)(3) Definitions, "Adjudicative body", (c)(3), and (d)(2)., among other rules. [4]

---

[4] American Bar Association, Practice of Law: (a)  The practice of law shall be performed only by those authorized by the highest court of this jurisdiction.
(b)  Definitions:
(1) The "practice of law" is the application of legal principles and judgment with regard to the circumstances or objectives of a person that require the knowledge and skill of a person trained in the law.
(2) "Person" includes the plural as well as the singular and denotes an individual or any legal or commercial entity.
(3) "Adjudicative body" includes a court, a mediator, an arbitrator or a legislative body, administrative agency or other body acting in an adjudicative capacity. A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.
(c)  A person is presumed to be practicing law when engaging in any of the following conduct on behalf of another:
(1) Giving advice or counsel to persons as to their legal rights or responsibilities or to those of others;
(2) Selecting, drafting, or completing legal documents or agreements that affect the legal rights of a person;
(3) Representing a person before an adjudicative body, including, but not limited to, preparing or filing documents or conducting discovery; or
(4) Negotiating legal rights or responsibilities on behalf of a person.
(d)  Exceptions and exclusions: Whether or not they constitute the practice of law, the following are permitted:
(1) Practicing law authorized by a limited license to practice;

12. Lane maintains that Lane exercised his 14th Amendment rights in the case at bar when Lane submitted his complaint in pro se under his presumption that this Court was the Court of Jurisdiction and that this Court as an "Adjudicative body" (see Footnote 4), "(an Adjudicative body) with jurisdiction herein…acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter.

13. Lane maintains that 21-001100-MER is within the discretionary jurisdiction of this Court (See Corrected Order, Doc#: 76) if it so chooses to grant discovery and hearing in Livenick Parties' (and by Livenick Parties' reference, Witt Parties et al) Motion for Sanctions.

14. Lane maintains that the decade of in pro se representation as asserted by Livenick Parties' is in actuality slightly more than five years. Lane's in pro se experience in the Witt Parties matters began in June 2016 when Matthew C. Witt ("Witt") filed his Federal RICO action 16-cv-01303 against Snider et al including Lane. Lane's experience as in pro se continued when Witt filed a State COCCA Complaint, 17-cv-31212, and then a State Replevin, 19-cv-30951 Complaint against 1 to 11 parties including Lane.

15. Lane denies Livenick Parties' Motion for Sanction assertions that Lane's in pro se Experience in 16-cv-01303, 17-cv-31212, and 19-cv-30951 and Lane's responsive pleadings including appeal (collectively "Complaints") in these matters is sufficient familiarity with FRCP, CRCP, and Legal research that Lane must agree with Livenick Parties and thereby conclude with Livenick Parties that Lane must forfeit his 14th Amendment rights to equal protection and due process without a court's review and ruling, and withdraw 21-001100-MER, and pay Livenick Parties' $1,500 in order to avoid Livenick Parties' threat of sanctions.

16. Lane denies Livenick Parties' allegation that the Complaints and their pleadings and hearings suffice as evidence that Lane's familiarity with FRCP, CRCP, and legal research precludes by law or by statute Lane from requesting that Lane's presumed Court of Jurisdiction, rule on jurisdiction among other things in Lane's legal exercise of his 14th Amendment rights in 21-001100-MER.

   a. the Court ruled that 7 of Lane's 9 claims are discretionary jurisdiction issues to be decided in state court. (See Corrected Order, Doc#: 76).

17. In the matter at issue, Livenick Parties' cited Lane's and Livenick Parties' Rule 408 settlement discussions regarding the Witt Parties' and Kahn, made on and about July 22, 2021 and the amount of settlement sought (See Livenick Parties' Exhibit 1, $1,500 Settlement Demand), which settlement discussion centered around

---

(2) Pro se representation;

whether this Court would rule in favor of Lane or rule against Lane in the matters at issue in 21-001100-MER, just as the ABA's definition of practicing law would have anyone, attorneys and in pro se representatives included, believe. See Footnote 3(b) Definitions (3) Adjudicative body Thus,

   a.   Sanctions are not warranted when both parties to an issue agree to disagree and submit the issue to a higher authority for ruling. See Livenick Parties' Exhibits to its Motion for Sanctions, Doc#: 74-1

   b.   Livenick Parties and Lane thoroughly discussed each other's positions and the other Parties' to 21-001100-MER. When neither party could agree, the issue(s) were decided by an Adjudicative body.

   c.   Lane calls to question Livenick Parties' attorney's apparent violation of the ***rules*** (emphasis added) when Livenick Parties' disclosed the dollar amount of its July 22, 2021 Rule 408 settlement proposal to Lane to the Court. See Livenick Parties' Exhibits to its Motion for Sanction, Doc#: 74-1

18. Lane denies Livenick Parties' Paragraph 2 allegations and assertions and Lane maintains in pro se legal experience in FRCP, CRCP, and legal research does not support Livenick Parties' assertion that Lane's familiarity with these rules is such that Lane must accept Livenick Parties' legal conclusion and pay Livenick Parties $1,500 in order to avoid unnecessary (i.e. "presumed to be unreasonable by Lane") and vexatious litigation in Livenick Parties' Motion to Dismiss and Sanctions.

19. Lane maintains that Livenick Parties assertion that Lane's decade as in pro se which is falsely made by double, is sufficient knowledge of the law as to cause Lane to intentionally forfeit his 14th Amendment rights under the threat of sanctions by Livenick Parties' based solely on Livenick Parties' ***own*** (emphasis added) interpretation of a federal cause of action made under color of law regarding in pro se rights, if Lane did not withdraw his complaint, is false. See "Adjudicative body", Footnote 4

20. Lane maintains that Livenick Parties threat to violate Lane's civil rights (i.e. 14[th]Amendment et al) is a violation of 42 U.S.C. § 1983 and the violation is evidenced by Livenick Parties threat to cause Lane excessive costs in violation of 28 U.S. Code § 1927, if Lane proceeds to exercise his 14th Amendment rights in the case at bar.

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, <u>62 Stat. 957</u>; <u>Pub. L. 96–349, § 3</u>, Sept. 12, 1980, <u>94 Stat. 1156.</u>)"

21. In the matter at issue, Livenick Parties' cited Lane's and Livenick Parties' Rule 408 settlement discussions (See Livenick Parties' Exhibit 1, $1,500 Settlement Demand) which centered around whether this Court would rule in favor of Lane or rule against Lane in the matters at issue in 21-001100-MER, just as the ABA's

definition of practicing law would have anyone, attorneys and in pro se representatives included, believe (see Footnote 3(b) Definitions (3) Adjudicative body) that,

    a.  Sanctions are not warranted when both parties to an issue agree to disagree and submit the issue to a higher authority for ruling. See Livenick Parties' Exhibits to its Motion for Sanction, Doc#: 74-1

    b.  Livenick Parties and Lane thoroughly discussed each other's positions. When neither party could agree, the issue(s) were decided by an Adjudicative body. *See* Footnote 4

c.  Paragraph 3 – Regarding Lane's business and personal bankruptcy, 1) they are of record, 2) the amounts of his business and personal bankruptcy were established by the Trustee assigned, and 3) Lane's Trustee determined that Lane's $33 million dollar indebtedness reflects business and personal worth sufficient to generate a $33 Million bankruptcy obligation arising from over 40 years of business effort, vis-à-vis Livenick Parties' assertion that five years of in pro se representation (without any prior or continuing law school education) is sufficient for Lane to accept Livenick Parties' positions in the law and the rules, without question, because Lane is in pro se.

d.  Paragraph 4 – Lane acknowledges the Court's rulings in its Corrected Order of January 10, 2022 and as such states:

    1.  Lane did not file a proof of claim in 17-17630-MER due to Lane's presumptions and experience in due process in state, local, and federal jurisdictions. Lane presumed that he must first obtain appellate court ruling on the discovery issues Lane raised regarding the 44 Boxes and the evidence contained therein in 17-cv-31212. Lane did not take the procedural due process action(s) that were necessary among other things, to protect his relief from stay granted by the Court in the matter of 17-17630-MER.

    2.  Lane presumed that Lane was a party in interest based on terminology and sentence structure used in responsive pleadings and orders referencing "interest" and "parties" as contained in the record of the case at bar.

e.  Paragraph 5 – Livenick Parties', "Lane has no "interest" in the Bankruptcy Estate":

    1.  For all the reasons contained in Lane's Objection to Livenick Parties' Motion for Sanctions and more, Lane presumed that his interests as a party to multiple litigations filed in multiple jurisdictions against multiple parties by Witt, all of which flow from the 2009 CCI bankruptcy and arise in part based upon Lane's belief that Witt committed mortgage fraud against Lane when Witt was president and sole shareholder of CCI.

f.  Paragraph 6 – Regarding the Spoliation of 44 Boxes which contains "evidence" (Livenick Parties' emphasis) of the personal and business affairs of Matt Witt and CCI among other things, presented to the Court in 17-1548-MER:

   1.  Lane denies Livenick Parties' assertion that this Court and the Colorado Court of Appeals have ruled the 44 Boxes are not evidence.
   2.  Lane maintains that the 44 Boxes is the evidence whose condition and custodianship is at issue in 2020CA1068 and was among the issues in 21-001100-MER.

g.  Paragraph 7 – "Lane indicated quotations that did not exist and fundamentally mischaracterized the holdings of cases in his Motion to Strike."

   1.  Lane denies Livenick Parties' allegations that "Lane indicated quotations that did not exist and fundamentally mischaracterized the holdings of cases in his Motion to Strike."
   2.  Lane maintains that Livenick Parties' allegations in Paragraph 7 are false and are not supported by the rulings made in part in the Court's Corrected Order and in part are not supported by the exhibits provided in support of Livenick Parties' Motion for Sanctions.

h.  Paragraph 8 – Defendants requested Lane to Withdraw his Complaint several Times

   1.  Lane maintains that Lane presumed that Livenick Parties' factual and legal reasoning was flawed after his review of Livenick Parties' Rule 408 settlement offer of $1,500 and their collective observations and statements of what was rules and what was law.
   2.  Lane maintains that Livenick Parties did not present rulings from an Adjudicative body in support of its Rule 408 settlement offer to Lane to pay Livenick parties $1,500 and withdraw his complaint.  Rather, Livenick Parties advised Lane that his interpretation of the rules was incorrect while Livenick Parties' interpretation of the rules was the correct interpretation.
   3.  Lane replied to Livenick Parties' settlement offer that he wished the Court to make an adjudicative body ruling based on the parties of interest's respective positions. See Livenick Parties' Doc#:74-1

i.  Paragraph 9 – Lane never responded to Livenick Parties' Motion to Dismiss in a substantive manner.

   1.  Lane denies Livenick Parties' allegation that Lane never responded to Livenick Parties' Motion to Dismiss and Request for Sanctions in a substantive manner, and
   2.  Lane's maintains that his Motion to Strike was a substantive manner of response which subsequently the Court parsed, ruled, and made a part of the Court's Corrected Order.

j. Paragraph 10 – No Cognizable cause of action

    1. Lane maintains that Livenick Parties' claim that the Court found no cognizable cause of action is misleading.

    2. Lane maintains that the Court used its discretionary authority regarding state and federal jurisdictions to rule that 7 of Lane's 9 claims should be decided in state court.

    3. Lane maintains that the Court did not rule on the efficacy of Lane's 7 claims. Rather the Court ruled only on the appropriate jurisdiction for these 7 claims.

    4. Lane maintains that the Court's ruling made on 2 of 9 claims that no relief could be granted is not sufficient reason to support Livenick parties' Motion for Sanctions.

k. Paragraph 11 – Lane acknowledges the Court's allowance for the Parties to 21-001100-MER to file Motions for Sanctions.

l. Paragraph 12 – affirmed

m. Paragraph 13 - affirmed

n. Paragraph 14 – denied

    1. Lane did not violate every subsection F.R.B.P. 9011(b).

o. Paragraph 15 – denied

    1. Lane's Motion was correctly submitted to the Court for ruling after a settlement discussion under Rule 408 achieved no agreement between the parties.

    2. Lane maintains that the Court ruled that Lane was partially correct though the Court ruled against Lane.

    3. Lane maintains that putting forth a motion based on the party's informed and presumed understanding of the rules and the law is not an actionable issue in support of Livenick Parties' Motion for Sanctions.

    4. Further Lane maintains that under the standard(s) that Livenick Parties' has opined in its Motion for Sanctions, no party represented in pro se or represented by an attorney would be able to question the efficacy of any rule or law already in existence, based solely on a party's informed, legal researched opinion which opinion may give rise to a dissenting position to be presented to the court for ruling by an adjudicative body.

    5. Lane maintains that 21-001100-MER is within the discretionary jurisdiction of this Court (See Corrected Order, Doc#: 76) if it so chooses to grant discovery and hearing in Livenick Parties' (and by Livenick Parties' reference, Witt Parties et al) Motion for Sanctions.

p. Paragraph 16 – denied

    1.  28 U.S. Code § 1927: Lane maintains that Lane did not intentionally or otherwise seek to unreasonably or vexatiously multiply the proceedings. (June 25, 1948, ch. 646, <u>62 Stat. 957</u>; <u>Pub. L. 96–349, § 3</u>, Sept. 12, 1980, <u>94 Stat. 1156</u>.),

q.  Paragraph 17 – denied in part

    1.  Lane maintains that Lane did not violate 28 U.S. Code § 1927.
    2.  Lane maintains that Lane did not intentionally or otherwise seek to unreasonably or vexatiously multiply the proceedings. (June 25, 1948, ch. 646, <u>62 Stat. 957</u>; <u>Pub. L. 96–349, § 3</u>, Sept. 12, 1980, <u>94 Stat. 1156</u>.),
    3.  Lane maintains that Livenick Parties' Motion for Sanctions Paragraph 17, would deny Lane's 14th Amendment rights guaranteed under the US Constitution to due process and equal protection and thus deny Lane's in pro se representation in the case at bar for the Livenick Parties' reasons that a) Lane has never attended law school, and 2) Lane has never passed a bar exam, in any state.

r.  Paragraph 18 – denied

    1.  Lane denies that "none of Lane's arguments were meritorious." Further Lane maintains that the Court clearly identified that Lane made substantive arguments in his responsive pleadings.
    2.  Lane presumed his "interest" in the 44 Boxes and their protection and preservation based upon the reasons previously stated above, and because Lane was granted relief from stay in 17-17630-MER by the Court to pursue among other things Lane's "interest as a party to 17-17630-MER" Witt's bankruptcy, and Lane's interest in the evidence contained in the 44 Boxes.

s.  Paragraph 19 – denied

    1.  Lane and AARM affirmed that the condition of all of the evidence contained in the 44 Boxes was consolidated into 42 Boxes as of the date that AARM took court ordered custody of the evidence of the 44 Boxes.
    2.  Witt Parties' own attorney in 17-1548-MER affirmed in affidavit 22 months after the fact that the 44 Boxes were subject to altering and spoliation when the evidence contained in the 44 Boxes was reduced by an unidentified amount so as to fit the remaining tampered with evidence into 39 Boxes.
    3.  Lane maintains that the chain of custody of the 44 Boxes of evidence in a pending proceeding, 2020CA1068, was irreparably destroyed and the contents of the 44 Boxes of evidence were forever altered by Witt Parties.
    4.  Lane maintains that his inspection of the contents of the 44 Boxes more than two years ago is moot because the evidence inspected in the 44 Boxes two years ago cannot be legally verified as the same contents in the remaining 39 boxes identified in affidavit by SAC and Miller & Law parties because:
        a.  The chain of custody is forever broken by Witt Parties for multiple reasons previously identified,

      b. Witt Parties' own attorney affirmed in affidavit that the evidence of the 44 Boxes had been altered and therefore subjected to spoliation while in Witt Parties possession and control,

      c. AARM's and Lane's responsive pleadings in the case at bar are substantive and their exhibits support Lane's claim of spoliation, altering, and tampering with evidence by Witt Parties, which altering of evidence was alleged to be assisted by Livenick Parties.

t.   Paragraph 20 - affirmed

u.  Paragraph 21 - denied

     1. Lane has not failed in his attempts in Jefferson County to obtain access to the boxes.

     2. 2020CA1068 is a fully briefed pending proceeding regarding the boxes and access to the evidence of the boxes on appeal and at issue with opinion in due course.

     3. Livenick Parties and their role in the spoliation of the 44 Boxes among other things including attorney malpractice by Livenick Parties are among the subject matters of 2020CA1068 on appeal.

v.  Paragraph 22 – denied

     1. Lane maintains that all evidence has not been found against Lane.

     2. Lane further maintains that outstanding evidence exists in the Bankruptcy Court that is found in Lane's favor.

     3. Lane maintains that Livenick Parties' assertions and allegations contained in its Paragraph's 1 through 22 inclusive does not support Livenick Parties' Motion for Sanctions and as such Livenick Parties' assertions and allegations in support of its Motion for Sanctions should be denied, and/or requires court ordered discovery and hearing pursuant to rules.

w.  Paragraph 23 – denied

     1. The Court's Order and the Court's subsequent Corrected Order were issued on November 24, 2021 and January 10, 2022 respectively.

     2. Livenick Parties' did not know the Court's ruling 4 months hence and whether the Court would rule for or against Lane when it threatened Lane with sanctions if Lane did not pay Livenick Parties $1,500 and withdraw 21-001100-MER on July 22, 2021.

     3. Livenick violated Rule 408 rules when it disclosed the amount of its settlement offer on July 22, 2021. See Livenick Parties' Motion for Sanctions, Exhibit.

x.  Paragraph 24 – denied

y.  Paragraph 25 – unsubstantiated by invoice or verified receipt of payment for services submitted concurrently with Livenick Parties' Motion for Sanctions and accompanying exhibit(s)

z. Paragraphs 26 – denied

　　1. Lane's maintains that Livenick Parties should not be awarded attorney's fees in compensation for Lane's unfounded complaint because:
　　　　a. Lane's complaint is not unfounded and the Court so ruled even though the Court dismissed Lane's complaint in part under its discretionary authority of jurisdiction,
　　　　b. Lane maintains that his complaint is not frivolous and that any award of sanctions to Livenick Parties based solely upon its assertions and allegations and exhibit(s) without first allowing Lane discovery and hearing would be a violation of Lane's equal protection and due process rights guaranteed under the 14th Amendment and its reciprocals in State Law and Statute.

aa. Paragraph 27 – Denied as an Unfounded Request for the Court to Infringe Lane's Constitutionally Guaranteed Right to Equal Protection and Due Process

　　1. Livenick Parties' presents no evidence that the Court should take judicial action and deny Lane's procedural due process rights as guaranteed under the equal protection and due process clause of the 14th Amendment and its reciprocals in State Law and Statute.
　　2. Rather, Livenick Parties makes assertions and allegations in its Motion for Sanctions that require discovery and hearing prior to ruling.
　　3. Lane maintains that 21-001100-MER is within the discretionary jurisdiction of this Court (See Corrected Order, Doc#: 76) if it so chooses to grant discovery and hearing in Livenick Parties' (and by Livenick Parties' reference, Witt Parties et al) Motion for Sanctions.

13. Lane maintains that Livenick Parties' Motion for Sanctions must be denied because:

a. Lane's maintains that Livenick Parties' Motion for Sanctions is not supported by *In re Faires*, 123 B. R. 397, 404 (Bankr. D. Colo. 1991); see also *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) because

"Lane did not intentionally or otherwise seek to unreasonably or vexatiously multiply the proceedings. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.),",

b. Lane did verify that the amended complaint was verified and grounded in fact and law and each of those facts and law are cited by Lane in Lane's amended complaint and because Lane presumed the evidence of Witt's statements and the AARM documents to be true and correct,

c. Lane did verify that the amended complaint was founded in fact and law when Lane verified Lane's presumption of Witt's and Witt Parties', and written statements and

written directions to AARM to be true and correct and that spoliation occurred as stated by Witt by and/or,

1. Engaging in conferral with Livenick Parties (See Doc#: 74-1),
2. Making direct contact at AARM's place of business with AARM's employees, and inquiring about the Witt Parties' directions among other things regarding the custody and preservation of the evidence contained in the Boxes,
3. Receiving from AARM's employees and reviewing and questioning AARM employees about Witt Parties' directions as identified in written instructions to AARM contained in the copies of the invoices and written orders evidencing Witt Parties' premeditated decision to cause spoliation to the Evidence under appeal,
4. Reviewing the record of the court in the pending proceeding 2020CA1068 for the purpose of verifying the Facts and Law of Lane's Amended Complaint including but not limited to the original order of this Court regarding possession of the Boxes which is on appeal (See 2020CA1068),
5. Witt Parties' written instructions directing AARM to deposit an unspecified number of the unknown number of the remaining Boxes of evidence in an unsupervised public location on an unsupervised loading dock which loading dock was not a contiguous part of SLM's office spaces,
6. Witt admitting to causing the chain of custody of the Boxes to be broken,
7. Witt admitting to causing the preservation of the integrity of the Evidence to be made impossible and forevermore unverifiable, by altering and causing spoliation of the evidence, thus
8. Lane maintains that Lane did verify that Lane's presumptions of the facts of Witt's statement(s) and the facts of AARM's documentation and Lane's AARM employee inquiries, and Lane's investigation of and presumption of Kahn's actions in violation of the terms and conditions of the Box Sharing Agreement governing the 44 Boxes, that Lane's Amended Complaint was grounded in Fact and Law and was true and correct.

   a. Further, Lane maintains that Lane verified his presumptions about which facts and law were applicable in Lane's Amended Complaint and submitted his verified facts and law to the Court for ruling on Lane's Amended Complaint,

   b. Additionally, Lane maintains that the Court's ruling dismissing Lane's Claims 1-6 and 9 for discretionary jurisdiction and dismissing Lane's Claims 7 and 8 does not in and of itself establish that Lane failed to verify the facts and law that Livenick Parties' Motion for Sanctions relies on in its Motion for Sanctions,

   c. Finally, Lane did verify the facts and law and Lane did cite the facts and law that Lane presumed to be at issue in Lane's Amended Complaint, and thereby

   d. Lane met the objective standard of *In re Faires* under the presumption that Witt's statement(s) was true and correct and that AARM's employee statements and AARM's receipt and delivery documents regarding the Boxes, including the Witt Parties' directions contained in the AARM Boxes receipt and delivery

documentation, are true and that Lane's presumption based on evidence that Livenick Parties assisted Witt in the spoliation of the evidence contained in the 44 Boxes was founded in fact and law.

9. Lane maintains that Lane filed 21-001100-MER because Lane's fully briefed appeal in the matter of possession of the Evidence, 2020CA1068, has not been ruled on and as such Lane presumed that Witt's statement contained in the April 13, 2021 email was true and correct and that Witt would and did cause spoliation of the Evidence with "intent to deprive" and that Livenick Parties assisted Witt Parties to 1) deny Lane equal protection and due process, and 2) in violation of 42 U.S.C. § 1983, all as Lane verified the facts and law of Lane's Amended Complaint and Livenick Parties inclusion as a party in the case at bar.

10. Livenick Parties maintain that in pro se litigants are expected to comply with procedural due process requirements just as is a licensed attorney. See *Shell v. Am. Fam. Rts. Ass'n, In re Metzer*

   a. Lane maintains that Lane has complied with procedural requirements pursuant to *Shell v.Am. Fam. Rts. Ass'n, In re Metzer* as is evidenced in Lane's due diligence and verification of facts and law as identified in Lane's Amended Complaint, and as identified by Lane in his Objection to Livenick Parties' Motion for Sanctions.

11. Further, Lane submits that just as attorneys licensed to practice in Colorado and as are in pro se representatives including Witt in 2020CA1068, each are required to comply with procedural requirements of the courts which include but are not limited to complying with the order(s) and procedural due process of the court(s) having jurisdiction.

12. Finally and as stated in Lane's Objection to Livenick Parties' Motion for Sanctions, Lane presumed that Lane's Amended Complaint would be allowed to proceed to discovery and therefore the veracity of Livenick Parties alleged complicity in Witt's spoliation of the evidence contained in the 44 Boxes among other things would be proven.

## CONCLUSION

14. Lane maintains to the Court that he complied with Rule 9011 and its counterpart in Rule 11(b) and 11(c) and that his due diligence in investigating Livenick Parties' alleged complicity in the spoliation of the Evidence prior to filing his complaint is thoroughly evidenced in the facts and law Lane cited in Lane's Amended Complaint and the facts and law that Lane reiterated in Lane's Objection to Livenick Parties' Motion for Sanctions.

15. Lane maintains to the Court that Livenick Parties' assertions that in pro se representatives are required to comply with procedural requirements just as are attorneys, implies that all attorneys comply with procedural requirements without error, while in pro se's do not. Yet, the matter at

issue in Lane's Amended Complaint is Livenick Parties' alleged assistance and complicity in In Pro se Witt's admission to destroying the Evidence of a pending proceeding, which admission is an admission of failure to comply with procedural requirements which failure to comply is the grounding in fact and law that serves to give rise to Lane's Amended Complaint.

16. Lane maintains to the Court that there is no reasonable man standard that would cause Lane or any other person to believe anything other than that after more than 6 years of Witt initiated litigation, Witt 's statement attesting to causing spoliation of the evidence under appeal was true and correct, because it came from Witt in his capacity as an In Pro se officer of the court and in his capacity as President and Senior Loan Officer of SLM, and because Lane exercised good due diligence when Lane verified the facts and law and then went directly to AARM to ask for and obtain from AARM, supporting evidence from AARM of Witt's intent to deprive by causing spoliation to the Evidence which spoliation was verified in facts and law by Lane prior to filing his Amended Complaint alleging Livenick Parties' complicity in Witt's admission to spoliation of the evidence contained in the 44 Boxes.

17. Lane maintains to the Court that Lane had no reason to doubt his reasonable man's presumption of the revenge motivation and Witt's engagement of Kahn Parties and Livenick Parties as participants in Witt's "vendetta" filings against Lane and Witt's threatened attacks on his wife and family and that Lane's presumption that Livenick Parties assisted Witt in the spoliation of the evidence contained in the 44 Boxes, was based in facts and law because,

"Witt repeatedly threatened Lane and Lane's family with financial ruin and threatened Lane's mental and emotional health with libelous and slanderous statements of pedophilia (See Doc#'s 47, 48, and 50) among others and disparaged Lane's good name and business reputation in his continuing efforts previously disclosed in 2020CA1068 and pleadings made by Witt Parties before this Court to among other things, enlist Livenick Parties in the spoliation of the evidence contained in the 44 Boxes for the purpose of obfuscating the alleged fraud evidence contained in the 44 Boxes which Lane believed flowed from and was governed under this Court's Order.".

**Lane Complied with Fed. R. Bankr. P. 9011**

18. Lane maintains his claims for relief made in 21-001100-MER are grounded in Lane's facts and law as cited in Lane's Amended Complaint and verified by Lane's due diligence in investigating the veracity of Witt's assertions which Witt assertions Lane presumed to be true and correct based upon Lane's independent inquiry to AARM employees, Lane's review of the AARM Boxes storage and delivery documents provided to Lane by AARM, and Lane's investigation of Livenick Parties' role in 19-cv-30951 under appeal in 2020CA1068, which alleged complicit role Lane maintains included assisting Witt in the spoliation of the evidence contained in the 44 Boxes.

19. Lane maintains that he complied with Fed. R. Bankr. P. 9011 and its reciprocal C.R.C.P 11 and Lane maintains damages, in this case Sanctions, cannot be certified under C.R.C.P. 54(b) and its reciprocal and substantially identical rule, Fed. R. Civ. P. 54(b). See *Faris v. Rothenberg*, 648 P.2d 1089 (Colo. 1982)

**No Certification of Damages**

20. Lane maintains that Livenick Parties' Motion for Sanctions cannot be certified under Fed. R. Civ. P. 54(b) because Federal courts have concluded that sanction orders for discovery or litigation abuses, may not be certified under the federal rule because such orders do not resolve any substantive claim for relief. Rather, like the division in *Henry v. Kemp*, supra, the federal courts hold that such orders are incidental to the substantive claims asserted in an action. See *Estate of Drayton v. Nelson*, 53 F.3d 165 (7th Cir.1994); *M.A. Mortenson Co. v. United States*, 877 F.2d 50 (Fed.Cir.1989); *Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co.*, 742 F.2d 369 (7th Cir.1984), cert. denied, 470 U.S. 1037, 105 S. Ct. 1409, 84 L. Ed. 2d 798 (1985); *Seigal v. Merrick*, 619 F.2d 160 (2d Cir.1980).

**Independent Inquiry**

21. Lane maintains Livenick Parties' Motion for Sanctions Pursuant to Rule 9011 fails in its assertion that, "Plaintiff failed to undertake independent inquiry or verification as to whether the Boxes were destroyed in part because of Livenick Parties' alleged complicity with Witt Parties spoliation of the evidence contained in the 44 Boxes", and because Lane's Amended Complaint contains Lane's verification of the Facts and Law as cited and as made a part of Lane's Amended Complaint.

22. Lane complied with Fed. R. Bankr. P. 9011 and specifically (a) and (b), procedural requirements, when,

   a. Lane signed the complaint, and when

   b. Lane verified that his Amended Complaint was grounded in facts and law as cited by Lane in his Amended Complaint.

**Rule 12(b), and Default – Livenick Parties' Failure to Answer**

23. Lane maintains that his Amended Complaint is grounded in fact and law. Among the facts and law verified in Lane's due diligence was that Federal Rules clearly require a defendant to comply with procedural requirements to answer or otherwise respond within 21 days after being served with a summons and complaint. Rule 12(a)(4)(A) provides that the filing of a Rule 12 motion, including a Rule 12(b) motion to dismiss, automatically extends the defendant's time to answer the complaint until fourteen days after notice of the court's resolution of the motion (unless the court sets a different date). However, the Federal Rules do not squarely address what is required of a defendant that responds to a complaint with a partial motion to dismiss. No federal appellate court has ever addressed this issue, nor have the federal district courts in at least 32 states, or any state court whose procedural rules are patterned after Rule 12.5. In *Gerlach v. Michigan Bell Telephone Co.* the minority view holds that Rule 12(a) does not suspend a defendant's obligation to respond to the plaintiff's claims that are not the subject of the defendant's partial motion to dismiss. The Federal court agreed that the defendant should be "entitled to narrow the scope of the litigation," it stated that such an effort did not suspend its obligation to respond to the counts remaining in the complaint. The court held that "[s]eparate counts are, by definition,

independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under [Rule] 12(b)."

 a. Livenick Parties did not answer Lane's Amended Complaint within the time frames specified, a procedural requirement for which Lane alleges attorneys for Livenick Parties did not comply.

## 28 U.S. Code § 1927 - Counsel's liability for excessive costs

24. Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)

 a. Lane maintains that Lane did not multiply the proceedings unreasonably or vexatiously as is clearly evident in Lane's responsive pleadings which confirm Lane's due diligence and inquiry to verify the Facts of the matter and Law and affirm Lane's presumption that Lane's Amended Complaint is grounded in Fact and Law, and

 b. Lane maintains that Livenick Parties did multiply the proceedings unreasonably or vexatiously as is clearly evident in Livenick Parties' and Lane's responsive pleadings which confirm Lane's due diligence and inquiry to verify the Facts of the matter and Law and affirm Lane's presumption that Lane's Amended Complaint is grounded in Fact and Law

## 42 U.S.C. § 1983

25. Lane maintains that his Facts and Law are grounded in Witt's admission that Witt "destroyed the Evidence" and that Livenick Parties created a federal cause of action when under color of law and with knowledge of pending proceedings, Livenick parties allegedly assisted Witt Parties and was complicit with Witt when Witt admitted to causing spoliation of the Evidence and his "intent to deprive" and thereby violated Lane's 14th Amendment right to equal protection and due process.

**Wherefore,** for all the reasons set forth in the paragraphs and exhibits identified above and incorporated by reference herein, Lane respectfully requests this Court to:

Deny Livenick Parties Motion for Sanctions Pursuant to Fed. R. Bankr. P. 9011, and rule that each Party to Lane's Amended Complaint which Lane maintains is grounded in facts and law, are to pay their own respective legal fees and costs without penalty, and grant Lane any and all further relief as the Court deems appropriate including but not limited to discovery and hearing on the facts and law in the matters of the Livenick Parties' Motion for Sanctions.

Respectfully submitted this 31st day of January 2022.



Noel West Lane Ill, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

<u>Counsel for the Plaintiff</u>

Plaintiff In Pro se:
Noel West Lane 111
In Pro Se

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January 2022 I mailed a copy of Plaintiff's Objection to Livenick Parties' Motion for Sanctions Pursuant to Rule 9011 and Pursuant to Corrected Order Dated January 10, 2022 via US Mail to the following parties and hand delivered to the Clerk of the Court:

| **Attorneys for** | **Attorneys and Address** |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |

| **Attorney for** | **Attorneys and Address** |
|---|---|
| | Kelsey_Buechler<br>999 18th St. Ste., 1230,<br>Denver, CO 8020 |

<u>Defendant</u>
1.   Matthew Curtis Witt,                        see above
6972 S. Vine St. #366
Centennial, Colorado 80122, and

<u>Defendants:</u>

2.   Silver Leaf Mortgage, Inc.                    see above
6972 S. Vine St #366,
Centennial, CO 80122.

3.  Matthew Curtis Witt, President and Sr. Loan Officer,     see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

4.  Nicole Witt,                                                            see above
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

**Attorney For**:                                          **Attorney Address:**
                                                           Samuel        J.         Stoorman
                                                           3400   E.   Bayaud   Ave.,   #   400
                                                           Denver, CO 80209

<u>Defendant</u>
5.  All American Records Management, Inc.
15580 E. Hinsdale Circle
Centennial, Colorado 80112.

6.  David Kahn, In Pro se
1114 Neon Forest Circle #2
Longmont, Colorado 80504.

7.  David Kahn DBA Delta Solutions.com,           In Pro se
1114 Neon Forrest Circle #2
Longmont, Colorado 80504.

8.  Torrey Livenick,                              In Pro se
730 17th St Ste 900,
 Denver, CO 80202.

9.  Torrey Livenick, Esq,                     In Pro se
730 17th St Ste 900,
Denver, CO 80202.

10. Livenick Law,                            In Pro se
730 17th St Ste 900,
Denver, CO 80202.

**Attorney for**                        **Attorneys and Address**
                                        Shaun A. Christensen, #23131
                                        Miller & Law P.C.
                                        1900 W. Littleton Blvd.
                                        Littleton, CO 80120

Defendants
11. Miller & Law P. C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

12. David B. Law,                          David B. Law
Miller & Law P.C.                          1900 West Littleton Boulevard
1900 West Littleton Boulevard,             Littleton, Colorado 80120.
Littleton, Colorado 80120.

13. David B. Law                           see above
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

**Attorney for**                           **Attorneys and Address**

Defendants
14. David Oppenheim                        David Oppenheim
1900 West Littleton Boulevard,             1900 W. Littleton Blvd.
Littleton, Colorado 80120.                 Littleton, Co 80120

15. David Oppenheim,                       see above
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

16. David Oppenheim,                       see above
David S. Oppenheimer Law
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

**Attorney for**                           **Attorney and Address**

Defendant
17. Glenn W. Merrick                       Glenn W. Merrick #10042
5360 Preserve Parkway, South,              Merrick, Shaner, and Bernstein, LLC
Greenwood Village, Colorado 80121.         4600 S. Syracuse St., 9th Floor
                                           Denver, CO 80237

18. G. W. Merrick & Associates             see above
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

19. Glenn W. Merrick,                      see above
Merrick, Shaner, and Bernstein LLC

4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

20. Defendant Five (5) Does