**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW CURTIS WITT, | ) | Case No. 17-17630-MER |
|                Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| NOEL WEST LANE, III, | ) | Adv. Proc. No. 21-1100 MER |
|                Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW C. WITT, *et al.,* | ) | |
|                Defendants. | ) | |

---

**THE WITT PARTIES' MOTION TO DISBURSE FUNDS**
**FROM REGISTRY OF COURT TO SATISFY SANCTIONS AWARD**

---

Defendant Matthew Curtis Witt ("Mr. Witt"), Nicole Witt ("Ms. Witt"), and Silver Leaf Mortgage Company, Inc. ("Silver Leaf") (Mr. Witt, Ms. Witt, and Silver Leaf are collectively referred to as the "Witt Parties"), through their undersigned counsel, pursuant to 28 U.S.C. §§2041 and 2042, Fed.R.Bankr.P. 7062, 7064, 7067 and 7069, Fed.R.Civ.P. 62, 64, 67, and 69, as well as C.R.C.P. 69 and 103, respectfully move this Court for an Order Disbursing the sum of $1,000 from the Registry of the Court posted by Plaintiff Noel West Lane III ("Plaintiff"), pursuant to the Court's Order of May 3, 2022 awarding them sanctions of the same amount, and state as follows:

1.	Plaintiff commenced this Adversary Proceeding by filing his Complaint on May 5, 2021. *See Docket No. 1.* The Complaint alleged causes of action against the Witt Parties and others for purported violations of C.R.S. §18-8-610 and 11 U.S.C. §§542 and 543. *See generally, Complaint.*

-1-

2.  A number of Defendants conferred with Plaintiff regarding the merits of his claims, including the Witt Parties.

3.  The Witt Parties provided Plaintiff with clear, unequivocal evidence and argument showing the Complaint lacked merit. *See e.g., Docket No. 10, at 2; Docket No. 11, at 2, and Docket No. 12, at 2.*

4.  Nevertheless, Plaintiff refused to withdraw the Complaint.

5.  The Witt Parties and several other Defendants then filed motions to dismiss, with the Witt Parties combining their Motion to Dismiss with a request for sanctions. *See Docket Nos. 9-12, 18, and 25.*

6.  The Court entered an Order Dismissing Plaintiff's Complaint on November 24, 2021. *See Docket Nos. 68 & 76.*

7.  Thereafter, the Witt Parties filed a Motion for Sanctions. *See Docket No. 70.*

8.  Following Plaintiff's Response and the Witt Parties' Reply, the Court granted the Witt Parties' Motion for Sanctions on March 9, 2022. *See Docket No. 89.* In its Order, the Court awarded the Witt Parties sanctions of $1,000.00 (the "Sanctions Award"). *Id.* Such award was required to be paid within 30 days. *Id.*

9.  Rather than pay such sanctions, Plaintiff filed a Notice of Appeal to the 10th Circuit Bankruptcy Appellate Panel. *See Docket No. 97.*

10.  Plaintiff then filed a motion to stay execution on the Sanctions Award. *See Docket No. 99.* Plaintiff sought to deposit the sum of $1,000 in cash with the registry of the Court in lieu of a bond, in order to obtain a stay under Fed.R.Bankr.P. 62 and Fed.R.Civ.P. 62(b). *Id.*

11. The Court granted Plaintiff's Motion for a Stay of Execution upon Plaintiff's deposit of cash for the Sanctions Award ("Stay Order"). *See Docket No. 101.*

12. On January 25, 2023, the 10th Circuit BAP entered its Opinion and Judgment denying Plaintiff's Appeal. *See Docket No. 106.*

13. Plaintiff then appealed this Court's Dismissal Order and the 10th Circuit BAP opinion to the full 10th Circuit Court of Appeals.

14. On December 8, 2023, the 10th Circuit Court of Appeals entered an Order and Judgment denying Plaintiff's appeal. *See Docket No. 110.*

15. Plaintiff then filed a Petition for Certiorari to the U.S. Supreme Court. *See Docket No. 111.*

16. On October 7, 2024, the U.S. Supreme Court denied Plaintiff's Petition for Certiorari. *See Docket No. 113.*

17. All time periods have now expired for Plaintiff's appeals of this Court's Order Dismissing this Adversary Proceeding and/or the Court's Sanctions Order. *See* Fed.R.Bankr.P. 8002.

18. The Court's Order Dismissing this Adversary Proceeding and Sanctions Award are now final orders.

## ARGUMENT

19. As the Court's orders are now final, the Witt Parties seek satisfaction of the Sanctions Award from the sum of $1,000 deposited by Plaintiff into the registry of the Court, pursuant to the Stay Order and the Sanctions Award. Fed.R.Civ.P. 62 (Fed.R.Bankr.P. 7062); 28 U.S.C. §2042. *See also*, Fed.R.Bankr.P. 7067; & Fed.R.Civ.P. 67.

20. This Court may issue an order providing for the Witt Parties' execution on the Plaintiff's funds deposited into the registry of the Court. *See* Fed.R.Civ.P. 64 (Fed.R.Bankr.P. 7064).

21. Alternatively, the Witt Parties may seek an order to execute on Plaintiff's funds deposited pursuant to the Stay Order under state law procedures. Fed.R.Bankr.P. 7069; Fed.R.Civ.P. 69; C.R.C.P. 69 & 103.

22. Under the Court's Sanctions Award and Stay Order, Plaintiff's funds remain on deposit with this Court's registry.

23. The Witt Parties seek an order from the Court disbursing Plaintiff's funds of $1,000 to counsel for the Witt Parties. Alternatively, the Witt Parties seek an order and writ of execution on Plaintiff's funds to satisfy the Sanctions Award. *Id.*

24. The Witt Parties also request this Court to disburse such funds to their counsel, Buechler Law Office, LLC, as the Sanctions Award was meant to compensate the Witt Parties for their attorney fees and costs incurred in connection with their motion to dismiss Plaintiff's vexatious Complaint.

WHEREFORE, The Witt Parties respectfully request this Court to enter an Order granting this Motion, Disbursement of the sum of $1,000 deposited by Plaintiff with the registry of the Court to satisfy the Sanctions Award, for Disbursement to be made and delivered to counsel for the Witt Parties, and to grant such other relief as this Court deems appropriate.

Dated: April 25, 2025.

Respectfully submitted,
BUECHLER LAW OFFICE, LLC

*/s/ K. Jamie Buechler*

_____
K. Jamie Buechler *(she/her)*, #30906
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
Jamie@KJBlawoffice.com
**ATTORNEY FOR THE WITT PARTIES**

## CERTIFICATE OF SERVICE

I certify that on April 25, 2025, I served a complete copy of the **THE WITT PARTIES' MOTION TO DISBURSE FUNDS FROM REGISTRY OF COURT TO SATISFY SANCTIONS AWARD** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Bankruptcy Rules:

**Via U.S. Mail and/or email**:
Noel West Lane, III
1060 Ingalls Street
Lakewood, CO 80214


**Via CM/ECF**:
Glenn W. Merrick
David Law
David S. Oppenheim
Shaun A. Christensen
Torrey Livenick
Samuel J. Storman & Associates PC


/s/ *Gabriel Quintero*

_____
For Buechler Law Office, LLC