# UNITED STATES BANKRUPTCY COURT
### District of Colorado

| | |
|---|---|
| In re:  MATTHEW CURTIS WITT | Case No. |
| | 17-17630-MER |
| Debtor. | |
| | Chapter |
| Address:   2792 Greatwood Way | 7 |
| Highlands Ranch, CO 80126 | |
| | |
| SSN:     XXX-XX-4130 | |
| | |
| NOEL WEST LANE III | |
| Plaintiff | Adv. Proc. No. |
| | 21- 001100- MER |
| MATTHEW CURTIS WITT, DEFENDANT, | |
| AND | |

MATTHEW CURTIS WITT, PRESIDENT AND SR.
LOAN OFFICER, SILVER LEAF MORTGAGE, INC.
SILVER LEAF MORTGAGE, INC.
NICOLE WITT
NICOLE WITT, OWNER SILVER LEAF
MORTGAGE, INC.
TORREY LIVENICK
TORREY LIVENICK, ESQ.
LIVENICK LAW
MILLER & LAW P.C.
DAVID B. LAW
DAVID B. LAW, MILLER & LAW P.C.
SHAUN A. CHRISTIENSEN, MILLER & LAW P.C.
SHAUN A. CHRISTENSEN,  APPEL, LUCAS &
CHRISTENSEN  P.C.
SHAUN A. CHRISTENSEN
DAVID OPPENHEIM
DAVID OPPENHEIM, MILLER & LAW P.C.
DAVID OPPENHEIM, DAVID S. OPPENHEIM
LAW
GLENN MERRICK
GLENN MERRICK & ASSOCIATES
GLENN MERRICK, MERRICK,
BERNSTEIN, SHANER, LLC
BUECHLER LAW OFFICE, LLC,
KELSEY JAMIE BUECHLER



FILED
CLERK OF COURT

JUN - 6 2025

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

1

MICHAEL LAMB, and | 

5 Does |

Defendants |

---

**PLAINTIFF NOEL WEST LANE III'S PRO SE**

**NOTICE OF MOTION AND MOTION PURSUANT TO 11 U.S.C. § 350(b) (RELIEF**

**FOR OTHER CAUSE); FED. R. CIV. P. 60(b) (INCORPORATED VIA BANKRUPTCY**

**RULE 9024) (NEWLY DISCOVERED EVIDENCE) AND RULE 60(b)(2) TO RE-OPEN**

**21-001100-MER DUE TO NEWLY DISCOVERED EVIDENCE IN THE RECORD OF**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO, THE**

**RECORD OF THE UNITED STATES BANKRUPTCY APPLELATE PANEL OF THE**

**TENTH CIRCUIT,  THE RECORD OF THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT, AND THE RECORD OF THE SUPREME COURT OF**

**THE UNITED STATES THAT MATTHEW CURTIS WITT, HIS ATTORNEYS, AND**

**DEFENDANTS COMMITTED MANIFEST FRAUD ON THE UNITED STATES**

**BANKRUPTCY COURT DISTRICT OF COLORADO WITH MANIFEST INTENT TO**

**DENY PLAINTIFF DUE PROCESS AND VIOLATE PLAINTIFF'S 5TH AND 14TH**

**AMENDMENT RIGHTS BY COMMITTING FRAUD ON THE COURT AS DEFINED**

**IN *KENNER V. C.I.R.,* 387 F. 3d 689 (1968); *KIUGH V. U.S.,* 620 F. Supp, 892 (D.S.C.**

**1985); *KATZBERG V. REGENTS OF UNIVERSITY OF CALIFORNIA* (2002) 127 Cal.**

**Rptr. 2d 482, 29 Cal. 4th 300, 58 P.3d 339; CONSTITUTIONAL LAW 640; *NUDD V.***

***BURROWS* (1875), 91 US 426, 23 Led 286, 290; *PEOPLE EX REL. BRZICA V. LAKE***

***BARRINGTON,* 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) AND BY**

**VIOLATING 28 U.S.C. APP. FED. R. CIV. P. RULE 1 AND BY VIOLATING 28 U.S.C. APP. FED. R. CIV. P. RULE 11(B)**

---

Comes now, Plaintiff Noel West Lane III Pro Se ("Lane") by His Own Notice of Motion and Motion ("Motion") Pursuant to 11 U.S.C. § 350(b) (Relief for Other Cause); Fed. R. Civ. P. 60(b) (Incorporated via Bankruptcy Rule 9024) (Newly Discovered Evidence); and Rule 60(b)(2) to Re-open 21-001100-MER Due to Newly Discovered Evidence in the Record of the United States Bankruptcy Court District of Colorado ("Bankruptcy Court"), the Record of the United States Bankruptcy Appellate Panel of the Tenth Circuit ("BAP"), the Record of the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), and the Record of the Supreme Court of the United States ("SCOTUS"), that Matthew Curtis Witt ("Witt"), His Attorneys, and Defendants Committed Manifest Fraud on the Bankruptcy Court with Manifest Intent to Deny Plaintiff Due Process and Violate Plaintiff's 5th and 14th Amendment Rights, by Committing Fraud on the Court as Defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290; *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994), and by Violating 28 U.S.C. App. Fed. R. Civ. Rule 1 and by Violating 28 U.S.C. App. Fed. R. Civ. P. Rule 11(b) states as follows:

## TABLE OF CONTENTS

| | Page # |
|---|---|
| JURISDICTION ...................................................................................... | 5 |
| PARTIES .............................................................................................. | 6 |

3

THRESHOLD MATTERS .................................................................................... 8

LIST OF RELATED PROCEEDINGS ............................................................ 18

CONSTITUTIONAL AND STATUTORY PROVISIONS ............. ....................... 23

TABLE OF AUTHORITIES ....................................................................... 27

CITATIONS OF THE OFFICIAL REPORTS ............................................... 28

STATEMENT OF THE CASE AND FACTS INSUPPORT OF LANE'S PRO SE

MOTION TO RE-OPEN 21-001100-MER ................................................ 29

THE NEW EVIDENCE OF DEFENDANTS' MANIFEST FRAUD ON THE

BANKRUPTCY COURT FROM THE RECORDS OF 21-001100-MER, 22-07, 23-1035,

AND 23-1336 23-1035 PRESENTED IN SIX PARTS ............................................ 43

PART 1

BACKGROUND HISTORY ............................................................... 44

PART 2

FACTS KNOWN TO BE IN THE RECORD OF THE BANKRUPTCY COURT .......... 47

PART 3

INFLUENCES ON THE COURTS ARISING IN THE MANIFEST FRAUD ON THE

BANKRUPTCY COURT IN THE FALSE TESTIMONY OF GASLIGHT AND FALSE

NARRATIVE OF LANE'S VENDETTA AGAINST WITT ...................................... 49

PART 4

WITT'S VINDICTIVE ACCUSATIONS AGAINT LANE ..................................... 52

PART 5

MANIFEST FRAUD ON THE BANKRUPTCY COURT IN THE REPRESENTATION

OF WITT AND OTHER DEFENDANTS BY LANE'S FORMER ATTORNEYS

WITHOUT AUTHORIZATION ………………………………………,,,,……... 53

**PART 6**

**GRAPHIC  PRESENTATION IN 3 CHARTS**

> CHART A.  DATE AND CASE NUMBER ………………………………..…… 57

> CHART B.  LITIGATION HISTORY SHOWN IN THE MANIFEST FRAUD OF

> FALSE TESTIMONY BY DEFENDANTS ………………..…………….... 61

> CHART C. MANIFEST FRAUD ON THE BANKRUPTCY COURT IN

> VIOLATION OF FED. R. CIV. R. 1 AND 11(B)(1)(2) and (B), THE

> REPRESENTATION OF DEFENDANTS BY LANE'S FORMER

> ATTORNEYS WITHOUT  AUTHORIZATION …………………..... 65

ARGUMENT ………………………………………………………… 70

SUMMARY OF MOTION FOR RE-OPENING 21-001100-MER ………………… 80

CONCLUSION ……………………………..…………………………..……… 82

APPENDIX ………………………………………………………..………… 25

**JURISDICTION**

1.  This Court has subject matter jurisdiction over matters arising in or related to a case under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e).

2.  This Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(b)(2)(I).

3.  Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

4.  This adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure.

5.  The Plaintiff does consent to re-opening 21-001100-MER and entry of new orders or judgement by the bankruptcy court on each claim, counterclaim, cross-claim, and third party claim,

## PARTIES

6.  Defendant Debtor Matthew C. Witt ("Witt") is an individual whose residence address is 2792 Greatwood Way, Highlands Ranch, Colorado 80126.

7.  Defendant Silver Leaf Mortgage, Inc. is a Colorado corporation ("SLM") whose address is 6792 Vine St #366, Centennial, CO 80122.

8.  Defendant Matthew Curtis Witt, is President and Sr. Loan Officer, of SLM.

9.  Defendant Nicole Witt ("NWit") is an individual whose residence is 2792 Greatwood Way, Highlands Ranch, Colorado 80126.

10. Defendant SLM is owned by NWitt.

11. Parties 6, 7, 8, 9, and 10 are collectively "Witt Parties".

12. Defendant Torrey Livenick ("Livenick") is an individual whose address is 730 17th St Ste 900, Denver, CO 80202.

13. Defendant Torrey Livenick, Esq. whose address is 730 17th St Ste 900, Denver, CO 80202.

14. Defendant Livenick Law whose address is 730 17th St Ste 900, Denver, CO 80202.

15. Parties 12, 13, and 14 collectively "Livenick Parties".

16. Defendant Miller & Law P. C. ("Miller and Law") a professional corporation whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

17. Defendant David B. Law, Miller & Law P.C. whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

18. Defendant David B. Law ("Law") an individual whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

19. Defendant Shaun A. Christensen, Miller & Law P.C. whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

20. Defendant Shaun A. Christensen ("Christensen"), an individual whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

21. Defendant David Oppenheimer an individual (Oppenheim") whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

22. Defendant David Oppenheimer, Miller & Law P.C. whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

23. Defendant David Oppenheimer, David S. Oppenheimer Law whose address is 1900 West Littleton Boulevard, Littleton, Colorado 80120.

24. Parties 16, 17, 18, 19, 20 , 21, 22, and 23 are collectively "Miller Parties".

25. Defendant Appel, Lucas & Christensen, a professional corporation ("ALC") whose address is 1624 Market Street, Suite 310, Denver, Colorado 80202.

26. Defendant Shaun A. Christensen ("Christensen"), an individual whose address is 1624 Market Street, Suite 310, Denver, Colorado 80202.

27. Parties 25 and 26 are collectively "ALC Parties".

28. Defendant Glenn w. Merrick ("Merrick") an individual whose address is 5360 Preserve Parkway, South, Greenwood Village, Colorado 80121.

29. Defendant Glenn Merrick & Associates whose address is 6300 S. Syracuse Way, Suite 220 Greenwood Village, CO 80111.

30. Defendant Glenn W. Merrick, Merrick, Shaner, and Bernstein LLC a limited liability Company ("MSB") whose address is 4600 S. Syracuse Street, 9th Floor Denver, CO 80237.

31. Parties 28, 29, and 30 are collectively "Merrick Parties".

32. Buechler Law Office LLC "BLO"), whose address is 999 18th Street, Suite 1230 S, Denver, CO 80202.

33. Kelsey Jamie Buechler ("Buechler"), whose address is 999 18th Street, Suite 1230 S, Denver, CO 80202.

34. Michael Lamb ("Lamb"), whose address is 999 18th Street, Suite 1230 S, Denver, CO 80202.

35. Parties 32, 33, and 34 are collectively "Buechler Parties".

## **THRESHOLD MATTERS [1]**

36. In summary, should all litigants including pro se litigants rely on the Federal Rules of Civil Procedure ("Rules") as Rules that all officers of the court [2] including those self-represented, are bound by and required to comply with in all testimony made before a Federal District Court, including the United States Bankruptcy Court District of Colorado ("Bankruptcy Court") in 21-001100-MER, and/or the United States Bankruptcy Appellate Panel for the Tenth Circuit ("BAP") in 22-07, and/or the United States Court of Appeals for the Tenth Circuit (10th Circuit") in 23-1035, and/or the Supreme Court of the United States ("SCOTUS") in 23-1336 (collectively hereinafter "Courts") to 1) secure a just [3] determination of every action and proceeding, and 2) are officers of the court including judicial officers bound by and required by the Rules to take notice and enforce the Rules when a litigant including a pro se litigant presents evidence to the Courts

---

[1] A fundamental issue that a court must decide before addressing other aspects of a case. Joseph Ray Powers, December 19, 2023.

[2] An officer of the court is any person including judges and attorneys, who has an obligation to promote justice and uphold the law, Cornell Law School, LII Legal Information Institute, July 2023.

[3] The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. United States Courts.

that an officer of the court has violated a Rule(s) for the purpose of achieving an unjust ruling against a litigant including a pro se litigant?

Specifically,

37. Did the Bankruptcy Court make a manifest error [4] when it failed to take notice of the evidence presented by Lane in 21-001100-MER that Defendant Witt expressed in writing his manifest intent [5] to commit manifest fraud on Lane and in manifest fraud cause the violation of Lane's 5th and 14th Amendment rights and deny Lane due process in the Bankruptcy Court and on appeal in Courts (*See* Page 42, Paragraph 65)?

38. Did the Bankruptcy Court make a manifest error and was it swayed by false testimony when it failed to take notice of the evidence presented by Lane in 21-001100-MER that Buechler Parties in violation of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3) with manifest intent to commit manifest fraud on the Bankruptcy Court and Courts, gave false testimony to the Bankruptcy Courts and Courts and advanced and advocated the gaslight and false narrative of Lane's vendetta [6] against Witt in contravention of the Record of 16-cv-01303-MKS-CBS which Witt filed in 2016 against Lane and from which litigation all subsequent litigation through and including 21-001100-MER Lane was forced to protect and/or defend himself for more than seven

---

[4] The term "manifest" implies that the error is apparent and not subject to reasonable debate. Courts assess whether the error is evident from the record or decision without extensive analysis, Administrative and Government Law, Legal Clarity Team January 22, 2025.

[5] Manifest intent is composed of the key components, 1) clarity in actions (i.e. Restatement (Second) of Contracts), 2) knowledge and voluntariness (i.e. Model Penal Code), and 3) determinative conduct (i.e. Uniform Commercial Code). Manifest intent means a clearly evident intent. [BancInsure, Inc. v. BNC Nat'l Bank, N.A., 263 F.3d 766 (8th Cir. N.D. 2001)].

[6] A vendetta is a private blood feud, often hereditary, in which a family seeks to avenge an injury to or a murder of one of its members upon the offender or his family." *Stephens v. Howells Sales Co.,* 16 F.2d 805 808 (D.N.Y. 1926)].

years in Courts to preserve in the Record of the Courts, Defendants' manifest intent to commit manifest fraud on the Bankruptcy Court and other Courts  (*See* Charts *infra*, Destruction of Evidence in a Pending Proceeding Page 47, Paragraph 80, Vindictive Accusations Page 52, Paragraph 82, and Former Attorneys Page 53, Paragraph 83)?

39. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER that Miller Parties with manifest intent committed manifest fraud on the Bankruptcy Court in violation of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3) when Miller Parties failed to disclose to the Bankruptcy Court in their motions to dismiss in 21-001100-MER that they provided legal advice to Witt which was adverse to Lane when they represented Witt without Lane's authorization in violation of Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3)?

40. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER that Miller Parties with manifest intent committed manifest fraud on the Bankruptcy Court in violation of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3) when Miller Parties failed to disclose to the Bankruptcy Court that Shaun A. Christensen as an attorney with Miller Parties in 21-001100-MER provided legal advice to Witt as Christensen and as ALC Parties which legal advice and testimony was adverse to Lane when Miller Parties represented Witt without Lane's authorization in violation of Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) (*See* Page 54, Paragraph 83k.2.)?

41. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence

presented by Lane in 21-001100-MER that Witt Parties and Livenick Parties with manifest intent committed manifest fraud on the Bankruptcy Court when each moved for sanctions from the Bankruptcy Court against Lane when both Livenick Parties and Witt Parties had 1) committed manifest fraud on the Bankruptcy Court with manifest intent to deny Lane due process and violate Lane's 5th and 14th Amendments by violating Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3), and in a final act Witt Parties moved and was granted Lane's $1,000 dollar sanctions bond [7] (*See* Exhibit 3)?

42. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER that Shaun A. Christensen and ALC as attorneys for Witt in violation of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3) failed to disclose to the Bankruptcy Court that Christensen's Affidavit made in support of Witt's destruction of evidence in a pending proceeding was made at the same time that Christensen as Miller Parties was representing Witt in violation Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3)?

43. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER that Glenn W. Merrick, Glenn W. Merrick and Associates, and Merrick, Shaner and Bernstein as attorneys for Witt in violation of Fed. R. Civ. P. 1 and Fed. R. Civ. P. 11(b)(1)(2) and (3) failed to disclose to the Bankruptcy Court that the Merrick Parties were representing Witt in violation Rules of Professional Conduct including Rule 3.3, Rule 4.1,

---

[7] The Buechler motion for release of the sanctions bond is clear evidence of Witt Parties and Buechler Parties manifest intent to commit manifest fraud on the Bankruptcy Court and Courts by advancing and advocating the false testimony in gaslight and false narrative of Lane's vendetta against Witt? (*See* Exhibit 3)

and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) (*See* Charts *infra*)?

44. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER of Defendants manifest intent to commit manifest fraud on the Bankruptcy Court and in its manifest error to take notice of the evidence of the false testimony directly and in omission by Defendants as presented by Lane from the Record in 21-001100-MER the Bankruptcy Court granted Witt Parties and Livenick Parties Sanctions against Lane in the amounts of $1,000 dollars each when each committed manifest fraud with manifest intent to sway the Bankruptcy Court in false testimony against Lane with the gaslight and false narrative of Lane's vendetta against Witt (*See* Exhibit 1 and Opinions *infra*)?

45. Did the Bankruptcy Court make a manifest error when it failed to take notice of evidence presented by Lane in 21-001100-MER that Witt with manifest intent committed manifest fraud on the Bankruptcy Court when Witt stated that he destroyed the evidence of his mortgage fraud on Lane with the intent to violate Lane's civil rights and deny Lane due process as guaranteed by the 5th and 14th Amendments of the Constitution (*See* page 42, Paragraph 65)?

46. Did the Bankruptcy Court make a manifest error when it applied judicial discretion to Lane's clerical error in miscounting the days to file his notice of appeal and denied Lane a just hearing on the evidence of Defendants' violation of Fed. R. Civ. P. 1 when the Bankruptcy Court was allegedly swayed by manifest fraud on the Court by Defendants and thus, the Bankruptcy Court errored in not allowing discovery and hearing of the substantive arguments made by Lane and did not allow Lane to present the clear evidence of manifest fraud by Defendants preserved in the Record?

47. Did the Bankruptcy Court or the Courts show the appearance of judicial bias or the

appearance of being swayed by Witt Parties' and Buechler Parties' false testimony of Lane's vendetta against Witt in its rulings against Lane in 21-001100-MER including the use of judicial discretion, or on appeal in their rulings against Lane under the influence of Buechler Parties false testimony of Lane's vendetta against Witt in 22-07, or 23-1035 (*See* Exhibit 1, Page 51 Paragraph 81.a.b.c.d. and Opinions *infra*)?

48. In *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944), did the Bankruptcy Court make a manifest error when it denied Lane a just hearing on the evidence of Defendants' manifest intent to commit manifest fraud on the Bankruptcy Court in violation of Fed. R. Civ. P. 1? Specifically,

a. Did the Bankruptcy Court err in not using its judicial discretion to void a clerical procedural error made by Lane because the Bankruptcy Court was swayed by Witt's manifest fraud of Lane's vendetta, thus the questions,

1. Is it a judicial officer's incumbent responsibility to each litigant to weigh manifest fraud versus clerical procedural error when a judicial discretion decision adverse to any litigant may be the cause of denying a pro se litigant or any litigant the right to a fair hearing on the evidence before a neutral decision maker which rises to show cause that,

2. Was Bankruptcy Court swayed by manifest fraud on the Court by Witt, and thus errored in not allowing discovery and hearing of the substantive arguments made by Lane and did not allow Lane to present the clear evidence of manifest fraud by Witt preserved in the Record, and as such

3. Did the Bankruptcy Court deny Lane due process by not following normal procedural rules for dismissal?

49. Did the Bankruptcy Court make a manifest error when it was swayed by Witt Parties' and Buechler Parties' advocating and advancing the false testimony in the gaslight and false narrative of Lane's vendetta against Witt in Fraud on the Court as defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290, and *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) to apply judicial discretion against Lane and order sanctions against Lane and did not void a pro se litigant's or any litigant's clerical or procedural errors when

    a. the Litigant has clearly presented the facts in evidence of manifest fraud on the court in the Litigant's pleadings and in the Defendants' subsequent replies, and

    b. the Litigant is not allowed to present clear evidence from the Record in support of the Litigant's allegations that Defendants gave false testimony to the Court in conspiracy to commit manifest fraud on the Court(s)?

50. Did the Bankruptcy Court make a manifest error when it was swayed by Defendants' direct or by omission in request for dismissal in lieu of answering 21-001100-MER, Fraud on the Court as defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290, and *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) to apply its judicial discretion and did not void a pro se litigant's or any litigant's clerical or procedural errors when

   a.  the Litigant has clearly presented the facts in evidence of manifest fraud on the court in the Litigant's pleadings and in the Defendants' subsequent replies, and

   b.  the Litigant is not allowed to present clear evidence from the Record in support of the Litigant's allegations that Defendants gave false testimony to the Court in conspiracy to commit manifest fraud on the Court(s)?

51. Did the Bankruptcy Court make a manifest error when it was swayed by Witt Parties' and Buechler Parties' advocating and advancing the false testimony of the gaslight and false narrative of Lane's vendetta against Witt in Fraud on the Court as defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290, and *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994), and dismissed 21-001100-MER without granting Lane a just hearing when

   a.  the Litigant has clearly presented the facts in evidence of manifest fraud on the court in the Litigant's pleadings and in the Defendants' subsequent replies, and

   b.  the Litigant is not allowed to present clear evidence from the Record in support of the Litigant's allegations that Defendants gave false testimony to the Court in conspiracy to commit manifest fraud on the Bankruptcy Court?

52. May a statute of limitations be used by the Bankruptcy Court to deny Lane's Motion to re-open 21-001100-MER when Lane's Motion is made based on newly discovered evidence that the rulings of dismissal and the rulings for sanctions against Lane are made based on Fraud on the Court as defined in *Kenner v. C.I.R.,* 387 F.3d 689 (1968); *Kiugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th

300, 58 P.3d 339 .Constitutional Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led

286,290, and *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644

N.E.2d 66 (Ill. App. Ct. 1994)?

53. May a statute of limitations be used by the Bankruptcy Court to deny Lane's Motion to

re-open 21-001100-MER when Lane's Motion is made based on newly discovered evidence that

the rulings of 1) dismissal and 2) sanctions against Lane were made when the Bankruptcy Court

was swayed by manifest fraud to apply judicial discretion as raised *supra* in *Bronson v. Schulten,*

104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944)

and as such Lane was denied a just hearing on the evidence and denied due process by the

Bankruptcy Court not following normal procedural rules for dismissal?

54. Did Buechler Parties show manifest intent to commit manifest fraud on the Courts when

the Buechler Parties failed to report to the Courts that the evidence of the Record of the Bankruptcy

Court and the evidence of the Record of BAP clearly shows that it was Witt who commenced

litigation against Lane in 2016 in 16-cv-01303-MKS-CBS and that in the subsequent seven years

of litigation in the Courts including SCOTUS and the Bankruptcy Court in 21-001100-MER,

Lane's every action was made to protect and defend himself in counterclaims in district courts and

in 21-001100-MER, including appeal and petition?

55. Did Witt's and Defendants' including Witt Parties and Livenick Parties and their respective

attorneys' in direct and by omission false testimony, violate Fed. R. Civ. P. 1 and Fed. R. Civ. P.

11(b)(1)(2) and (3) when they failed to disclose to the Bankruptcy Court that the Miller Parties,

the Merrick Parties including Christensen as both Miller and Law and Christensen as ALC, were

representing Witt in violation Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37

16

CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3)  (*See supra*)?

56. Does a Judge who is an officer of the court and a judicial officer, and bound by Fed. R. Civ. P. 1 need to consider accommodation to judicial discretion to provide fair hearing to all Litigants including Pro se Litigant Lane so that the due process clause of the Fourteenth Amendment is not violated when judicial discretion is used in error and a district court does not void a pro se litigant's or any litigant's clerical or procedural errors when

    a. the Litigant has clearly presented the facts in evidence of manifest fraud on the court in the Litigant's pleadings and in the Defendants' subsequent replies, and

    b. the Litigant is not allowed to present the clear evidence from the Record in support of the Litigant's allegations that Defendants gave false testimony to the Court in conspiracy to commit manifest fraud on the Court(s)?

57. The appeal orders in 22-07 and 23-1035 ruled only on the matter of my clerical procedural error.  No ruling was made by the Courts to address:

    a. Ruling on or scheduling a hearing on the evidence of Defendants' manifest fraud on the Bankruptcy Court and the Courts when they violated Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b),

    b. Ruling on or scheduling a hearing on the evidence of the Records in 22-001100-MER, 22-07, 23-1035, and 23-1336 as presented by Lane in his narratives of the Background History and the evidence showing the Defendants' manifest fraud with manifest intent to defame Lane with vindictive accusations (*See* Page 52, Paragraph 82)

c. Ruling on or scheduling a hearing on Defendants' failure to reply to or offer corrections to Lane's Background History narratives or Lane's graphic Charts presentation of the evidence of Defendants' manifest fraud on the Courts in 22-07, 23-1035, or 23-1336,

d. Ruling on or scheduling a hearing on the Defendants' failure to answer 21-001100-MER directly or by omission and in the alternative seeking only dismissal,

e. Ruling on or scheduling a hearing to review the evidence of manifest fraud on the Bankruptcy Court and Courts, when Witt Parties and Buechler Parties testified to the Bankruptcy Court and the Courts against Lane in the false testimony of Lane's Vendetta against Witt,

f. Ruling on or scheduling a hearing on the Bankruptcy Court's application of judicial discretion to deny Lane a just hearing on the evidence of the Records in 21-001100-MER, or

g. the BAP's or the Tenth Circuit's decision not to address denial of Lanes 5th and 14th Amendment rights to due process through the application of judicial discretion in 21-001100-MER, 22-07 and 23-1035.

## LIST OF RELATED PROCEEDINGS

*In re: Matthew Curtis Witt Case No. 17-17630-MER Chapter 7, Rekon, LLC Plaintiff, Matthew Curtis Witt, Defendant*, Adv. Proc. No. 17-17548-MER,

Noel West Lane III Respectfully Moves this Court for an Order Granting Hearing Pursuant to L.BK.R. 7026-1(D) and this Court's June 3, 2019 Order (Doc# 79) "with Respect to Discovery Issues Surrounding the 44 Boxes" and Debtor's April 13, 2021 9:53 PM MDT In Pro Se Confession to Destruction of the 44 Boxes on or before October 13, 2020 in Violation of this Court's Order(s) Granted Under 11 U.S.C. § 105(a) and Bankruptcy Code § 542 and § 543, In

Violation of Colorado Court of Appeals April 12, 2021 Order in 2020CA1068 Regarding Third

Party Custody and Protection of the 44 Boxes of Evidence from Spoliation, and in Violation of

C.R.C. Title 18 Criminal Code 118-8-610 and its U.S.C. Counterpart, with Leave to Amend;

Exhibit A

*Plaintiff/Appellee Matthew Curtis Witt, Defendant/Lane Noel West Lane III*, Court of Appeals

Case No. 2020CA1068, Defendant-Lane's Cross Motion for Affirmative relief Pursuant to C.A.R.

27(a)(3)(A) with Leave to Amend;

Exhibit B

*Matthew Curtis Witt Debtor Case No. 17-17630-MER Chapter 7 Rekon, LLC Plaintiff, Mathew*

*Curtis Witt Defendant* Adv. Proc. No. 17-1548-MER, Noel West Lane III Respectfully Moves this

Court for an Order of Judicial Notice of Evidence Pursuant to Bankruptcy Rule 9017, and F.R.C.P.

Rule 201, F. R. Civ. P. Rule 43, 44, and 44.1, and their Colorado Counterpart in Matthew Curtis

Witt's Bankruptcy Case Number 17-17630-MER and Related Case Numbers 17-1548-MER,

2017-cv-31212, 19CA656, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A);

Exhibit D

*Plaintiff-Appellee Matthew Curtis Witt, Defendant-Lane, Noel West Lane III and Defendants*

*David E. Keil, Damon Semmens, Charles D. Snider,Jr., Charles D. Snider, III, and RhonLan, LLC,*

*Third Party Defendant, Nicole Witt*, Case Number 19CA656,

Noel West Lane III In Pro Se Respectfully Moves this Court for an Order of Judicial Notice of

Existence of Official Records, Orders, Exhibits, and other Materials from Prior Related Cases

Pursuant to Bankruptcy Rule 9017, and F.R.C.P. Rule 201, F.R.Civ.P. Rule 43, 44, and 44.1, and

Their Colorado Counterparts in 19CA656, and Matthew Curtis Witt's Bankruptcy Case Number

17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951

Pursuant to 11 U.S.C. § 523(a)(20(A). And Further Grant an Order for Judicial Notice of Evidence without Hearing;

Exhibit E

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER Chapter 7 Rekon, LLC Plaintiff Matthew Curtis Witt Defendant,* Adv. Proc. No. 17-1548-MER

Noel West Lane III respectfully Moves this Court for an Order of Intervention Pursuant to Bankruptcy Rule 7024 Which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy;

Exhibit F

*In re: Matthew Curtis Witt Debtor, Case No. 17-17630-MER Chapter 7,*

Notice of Compliance with Order of June 24, 2019 and Notice of Intervention and Modification of Order by Jeffco District Court;

Exhibit G

*Plaintiff Matthew Curtis Witt v. Noel West Lane III Case Number: 2019-cv-30951*, Noel West Lane III In Pro Se Respectfully Moves this Court for an Order of Judicial Notice of Existence of Official Records, Orders, Exhibits, and other Materials from Prior Related Cases Pursuant to Bankruptcy Rule 9017, and F.R.C.P Rule 201, F.R.Civ. P. Rule 43, 44, and 44.1, and their Colorado Counterpart in 19CA656, and Matthew Curtis Witt's Bankruptcy Case Number 17-17630-MER, and Related Case Numbers 17-1548-MER, 2017-cv-31212, and 2019-cv-30951 Pursuant to 11 U.S.C. § 523(a)(2)(A), and Further Grant an Order for Judicial Notice of Evidence without Hearing.

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER, Chapter 7, Plaintiff, Matthew Curtis Witt Defendant, and Matthew Curtis Witt, president and Sr. Loan Officer, Silver Leaf*

*Mortgage, Inc., Silver Leaf Mortgage, Inc., Nicole Witt, Nicole Witt, Owner Silver Leaf Mortgage, Inc., All American Records Management, Delta Solutions, David Kahn, David Kahn, Owner Delta Solutions, Torrey Livenick, Torrey Livenick, Esq., Livenick Law, Miller & Law P.C., David B. Law, Miller & Law P.C., David Oppenheimer, David Oppenhwimer, Miller & Law P.C., David Oppenheimer, David S. Oppenheimer Law, Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick, Merrick Shaner, Bernstein, LLC Five(5) Does, Defendants,* Adv. Proc. No, 21-001100-MER,

Notice of Motion and Motion to Correct Typographical Errors in Complaint Entered May 5, 2021 and Submit Corrected Complaint Herein.

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER, Chapter 7, Noel West Lane III Plaintiff, Matthew Curtis Witt Defendant, and Matthew Curtis Witt, president and Sr. Loan Officer, Silver Leaf Mortgage, Inc., Silver Leaf Mortgage, Inc., Nicole Witt, Nicole Witt, Owner Silver Leaf Mortgage, Inc., All American Records Management, Delta Solutions, David Kahn, David Kahn, Owner Delta Solutions, Torrey Livenick, Torrey Livenick, Esq., Livenick Law, Miller & Law P.C., David B. Law, Miller & Law P.C., David Oppenheimer, David Oppenhwimer, Miller & Law P.C., David Oppenheimer, David S. Oppenheimer Law, Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick, Merrick Shaner, Bernstein, LLC Five(5) Does, Defendants,* Adv. Proc. No, 21-001100-MER

Plaintiff Noel West Lane III's Request to 1) Stay Results and 2) Schedule a Reconsideration Hearing Pursuant to 28 U.S.C. 59, Exhibit A Petitioner Noel West Lane III v. Respondent Matthew Curtis Witt Case No. 22SC224, App. A

20CA1068 Witt v Lane 02-24-2022 Colorado Court of Appeals, Court of Appeals No. 20CA1068

*Jefferson County District Court No. 19cv30951, Honorable Lily W. Oeffler, Judge, Matthew Curtis Witt Plaintiff-Appellee  v. Noel West Lane III, Defendant-Appellee,*

Judgement Affirmed, Division 1 Opinion by Judge Dailey, Fox, and Schutz, JJ concur, Not Published Pursuant to C.A.R. 35(e), Announced February 24, 2022, Matthew Curtis Witt Pro se, Noel West lane III Pro se.

*In re Matthew Curtis Witt Debtor, Noel West Lane III, Plaintiff-Lane, v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant-Appellee, Bankr. No. 17-17630 Adv. No. 21-01100 Chapter 7,* BAP No. CO-22-007

Statement of Issues to be Presented, Notice of Appeal and Statement of Election April 20, 2022; Order Denying Motion 21-001100-MER Doc#: 95, 4/15/22.

*In The United States Court of Appeals for the Tenth Circuit, Noel West Lane III, Plaintiff/Petitioner – Lane v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant/Respondent,* Appellee Case No. 23-1035, *On Appeal from the United States Bankruptcy Appellate Panel of the 10th Circuit, The Honorable Hall, Loyd, and Thurman, Bankrutpcy Judges,* BAP No. 22-007, Filing Party Noel West Lane III In Pro Se, April 11, 2023.

*In The United States Court of Appeals for the Tenth Circuit, Noel West Lane III, on behalf of himself as a pro se litigant and all others similarly situated, Plaintiff/Petitioner-Lane v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant/Respondent-Appellee, On Appeal from the United States Bankruptcy Appellate Panel of the 10th Circuit, The Honorable Hall, Loyd, and Thurman, Bankruptcy Judges,* BAP No. 22-007,

Petition for Rehearing by Both the Panel of the Honorable Eid, Carson, and Rossman, Circuit Judges, and En Banc, Filing Party Noel West Lane III In Pro Se, January 17, 2024.

*In the Supreme Court of the United States, Noel West Lane III, Petitioner v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Respondents On Petition for Rehearing by Both the Panel of the Honorable Eid, Carson, and Rossman, Circuit Judges, and En Banc United States Court of Appeals for the Tenth Circuit Case No. 23-1035,*

Petition for Writ of Certiorari in the Supreme Court of the United States, Filing Party Noel West Lane III, In Pro Se, June 15, 2024

## CONSTITUTIONAL AND STATUTORY PROVISIONS

58. United States Constitution, Amendment V: "…the guarantee of due process for all persons requires the government to respect all rights…protections afforded by the U.S. Constitution…Due process essentially guarantees that a party will receive a fundamentally fair, orderly, and just judicial proceeding…the identical text in the XIV Amendment explicitly applies this due process requirement to the states…".

59. United States Constitution, Amendment XIV: "… nor shall any State deprive any person of life, liberty, or property, without due process of law…"

60. Federal Rules of Civil Procedure,

    a. Fed. R. Civ. P. 1.: "to secure the just, speedy, and inexpensive determination of every action and proceeding."

    b. Fed. R. Civ. P. 11(b): "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(1)(2)…and,

        (3) the allegations and other factual contentions have evidentiary support …".

61. Federal Rules of Bankruptcy Procedure Rule 9002:

    a. "(a) (a) "Action" or "civil action" means an adversary proceeding or, when appropriate:

23

1. a contested petition;

2. a proceeding to vacate an order for relief; or

3. a proceeding to determine any other contested matter

b. "Appeal" means an appeal under 28 U.S.C. § 158.

c. "Clerk" or "clerk of the district court" means the officer responsible for maintaining the district's bankruptcy records (or the Courts' records).

d. "District court," "trial court," "court," "district judge," or "judge" means bankruptcy judge if the case or proceeding is pending before a bankruptcy judge.

e. "Judgment" includes any appealable order.

62. Rule 3.3: Candor Toward the Tribunal

a. A lawyer shall not knowingly:

1. make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; …

2. offer evidence that the lawyer knows to be false….

3. The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, …

63. Rule 4.1: Truthfulness in Statements to Others

a. In the course of representing a client a lawyer shall not knowingly:

1. make a false statement of material fact or law to a third person; or

2. fail to disclose a material fact to a third person when disclosure is necessary to avoid … fraudulent act by a client, …

64. Title 37 CFR § 11.103 Diligence.

a. A practitioner shall act with reasonable diligence and promptness in representing a client.

65. Rule 1.2: Scope of Representation & Allocation of Authority Between Client & Lawyer

a. A lawyer shall not counsel … assist a client, in conduct that the lawyer knows is criminal or fraudulent,

66. Rule 1.7: Conflict of Interest: Current Clients

a. … a lawyer shall not represent a client if the representation … A concurrent conflict of interest exists if:

1. the representation of one client will be directly adverse to another client; or

2. … assertion of a claim by one client … or other proceeding before a tribunal; and

3. the affected client gives informed consent, confirmed in writing.

67. Restatement of Law Governing Lawyers

a. … a lawyer has formed a client-lawyer relationship with a person affiliated with the organization, as well as with the organization, is determined under § 14… a lawyer's duties to a client are determined under § 16(3)…

**APPENDIX:**

*In re: Matthew Curtis Witt Case No. 17-17630-MER Chapter 7, Rekon, LLC Plaintiff, Matthew Curtis Witt, Defendant, Adv. Proc. No. 17-17548-MER, Motion to Intervene, ………………………………………………………………………………... 20, Exhibit 4, App. 1*

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER, Chapter 7, Plaintiff, Matthew Curtis Witt Defendant, and Matthew Curtis Witt, president and Sr. Loan Officer, Silver Leaf Mortgage, Inc., Silver Leaf Mortgage, Inc., Nicole Witt, Nicole Witt, Owner Silver Leaf Mortgage, Inc., All American Records Management, Delta Solutions, David Kahn, David Kahn, Owner Delta*

*Solutions, Torrey Livenick, Torrey Livenick, Esq., Livenick Law, Miller & Law P.C., David B. Law, Miller & Law P.C., David Oppenheimer, David Oppenhwimer, Miller & Law P.C., David Oppenheimer, David S. Oppenheimer Law, Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick, Merrick Shaner, Bernstein, LLC Five(5) Does, Defendants,* Adv. Proc. No, 21-001100-MER, Complaint ……………………………………..………………… 21, Exhibit 4, App. 2

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER, Chapter 7, Plaintiff, Matthew Curtis Witt Defendant, and Matthew Curtis Witt, president and Sr. Loan Officer, Silver Leaf Mortgage, Inc., Silver Leaf Mortgage, Inc., Nicole Witt, Nicole Witt, Owner Silver Leaf Mortgage, Inc., All American Records Management, Delta Solutions, David Kahn, David Kahn, Owner Delta Solutions, Torrey Livenick, Torrey Livenick, Esq., Livenick Law, Miller & Law P.C., David B. Law, Miller & Law P.C., David Oppenheimer, David Oppenheimer, Miller & Law P.C., David Oppenheimer, David S. Oppenheimer Law, Glenn Merrick, Glenn Merrick & Associates, Glenn Merrick, Merrick Shaner, Bernstein, LLC Five(5) Does, Defendants,* Adv. Proc. No, 21-001100-MER, Motion for Sanctions ……………………………………………….… 21, Exhibit 4, App. 3

*In re: Matthew Curtis Witt Debtor Case No. 17-17630-MER, Chapter 7, Noel West Lane III Plaintiff, Matthew Curtis Witt, et al., Defendants,* Request for Stay and Reconsideration, …………………………………….…………………………………………..…… **21,** Exhibit 4**,** App. 4

*In re Matthew Curtis Witt Debtor, Noel West Lane III, Plaintiff-Lane, v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant-Appellee,* Bankr. No. 17-17630 Adv. No. 21-01100 Chapter 7, BAP No. CO-22-007, Opinion …………….……… 22, Exhibit 4, App. 5

*In re Matthew Curtis Witt Debtor, No West Lane III, Plaintiff-Lane v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant-Respondents* Case No. 23-1035 (BAP No. 22-007 -CO) (Bankruptcy Appellate Panel), Order and Judgement … 22,  Exhibit 4, App. 6

*In re Matthew Curtis Witt Debtor, Noel West Lane III, Plaintiff-Lane v. Matthew Curtis Witt, Nicole Witt, Torrey Livenick, and Livenick Law, Defendant- Respondents* (Bankruptcy Appellate Panel) Order petition for Rehearing is denied .................................... 22, Exhibit 4, App. 7

*In the Supreme Court of the United States Case No. 23-1336* ........................... Exhibit 4

## TABLE OF AUTHORITIES                    Page #

*Bronson v. Schulten,*104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) ......... 13, 16, 42, 73, 74, 75, 76, 77, 78, 80, Exhibit 4, i, xii, xviii, 5, 8

*Stephens v. Howells Sales Co.,* 16 F.2d 805, 808 (D.N.Y. 1926)) ....................…........ Exhibit 4, 3

*Kenner v. C.I.R.,* 387 F.3d 689 (1968) ................…..................... 2, 3, 14, 15, 27, 70, 71, 80, 81

*Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985) ...........…......... 2, 3, 14, 15, 27, 70, 71, 72, 80, 81

*Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640) .......................……..…...... 2, 3, 14, 15, 27, 70, 71, 80, 81

*Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290 ........ 2, 3, 14, 15, 16, 27, 70, 71, 72, 80, 81

*People ex Rel. Brzica v. Lake Barrington,* 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) ...........................………… 2, 3, 14, 15, 16, 27, 70, 71, 72, 80, 81

11 U.S.C. § 105(a) ...............................................……..… 18, Exhibit 4, iii, xviii

Bankruptcy Code § 542 and § 543 .............................................…..... 18, Exhibit 4, iii, xviii

C.R.C. Title 18 Criminal Code 118-8-610 ...............................…..… 18, 19, Exhibit 4, iv, xviii

C.A.R. 27(a)(3)(A) .......................................…..….............. 19, Exhibit 4, iv, xviii

Bankruptcy Rule 9017 ......................…....….............…........ 19, 20, Exhibit 4, iv, xviii

28 U.S.C. App. Fed. R. Civ. P ...........…..... 5, 8, 9, 10, 11, 12, 13, 16, 17, 23, 36, 38, 40, 44, 47, 56, 65, 68, 70, 71, 72, 73, 77, 78, 79, 80, 81, 82

28 U.S.C. App. Fed. R. Civ. P. Rule 11(b)(1)(2)(3)( ...... 3, 5, 9, 10, 11, 16, 17, 23, 36, 38, 39, 40, 42, 44, 47, 56, 65, 68, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 81

F.R.C.P. Rule 201 …………………………………… 19, 20, Exhibit 4, iv, v, vii, xviii

Fed. R. Civ. P. Rule 43, 44, and 44.1 ……………………………… 19, 20, Exhibit 4, iv, v, xviii

Fed. R. Civ. P. 55(a) ……………………………………………….. 20, Exhibit 4, xviii

11 U.S.C. § 523(a)(2)(A) …………………………………………… 20, Exhibit 4, iv, vii, xviii

11 U,S.C. § 350(b) …………………………………………………..…… 2, 3, 28

Fed. R. Civ. P, Rule 60(b)(Incorporated via Bkr. 9024) ………………………..…… 2, 3, 28

Fed. R. Civ. P. Rule 60(b)(2) ……………………………………………..… 2, 3, 28

F. R. Bankr. P. 7001(6) ……………………………………………..…… 5, 28, 34

F.R. Bankr. P. 9002(a) ..………………………………………………… ….. 33

Title 11 Pursuant to 28 U.S.C. § 1334(b)(e) ……………………………..…………… 5, 28, 34

28 U.S.C. § 158 …………………………………..……………………….. 33

28 U.S.C. § 1409(a) ……………………………………………………… 5, 28, 34

28 U.S.C. § 157(b)(2)(1) ………………………………………..…… 5, 28, 34

28 U.S.C. 59 …………………………………..………………….... 21, Exhibit 4, ix, xviii

28 U.S.C. § 1254(1) ……………………………..………………… Exhibit 4, xviii, xxi

Bankruptcy Rule 7024 Which Incorporates Civil Rule 24 into Adversary Proceedings in Bankruptcy …………………………………………………... 20, Exhibit 4, vi, xviii

C.A.R. 35(e) ……………………………………….................................… 22, Exhibit 4, ix, xix

Rule 3.3, Rule 4.1,and 37 CFR 11.103 .. 10, 11, 12, 16, 24, 36, 37, 38, 42, 77, Exhibit 4, xix, 8, 23

C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9   Restatement of Law Governing Lawyers §14 and § 16(3) …………………...… 10, 11, 12, 17, 25, 36, 37, 38, 42, 53, 77, 82, Exhibit 4, xix, 8, 23

M.C.J.C. Rule 2.2 ……………………………………………..…… 28, 41, Exhibit 4, xix, 7

Civil Rights Act of 1871 …………………………...…………..……………… 28, Exhibit 4, xix, 8, 19

U. S. Constitution Amendment V …………………………..………... 28, 47, Exhibit 4, xix, xxi

U. S. Constitution Amendment XIV ……………………...…………. 29, 47, Exhibit 4, xix, xxi

**CITATIONS OF THE OFFICIAL REPORTS** (For cases from federal courts):

The opinion of the United States court of appeals appears at Exhibit 4 Appendix 6 to the petition and is unpublished.

The opinion of the United States bankruptcy appellate panel appears at Exhibit 4 Appendix 5 to the petition and is unpublished.

The opinion of the United States bankruptcy court appears at Exhibit 4 Appendix 4 to the petition and is unpublished.

The opinion of the United States bankruptcy court appears at Exhibit 4 Appendix 3 to the petition and is unpublished.

The opinion of the United States bankruptcy court appears at Exhibit 4 Appendix 2 to the petition and is unpublished.

The opinion of the United States bankruptcy court appears at Exhibit 4 Appendix 1 to the petition and is unpublished.

## STATEMENT OF THE CASE
## AND
## FACTS IN SUPPORT OF LANE'S PRO SE MOTION TO RE-OPEN 21-001100-MER

68. My Motion to re-open 21-001100-MER is not a request for a just hearing on the 7 triable state court claims identified by the Bankruptcy Court in 21-001100-MER (*See* Opinions *supra*).

69. My Motion is a request to re-open 21-001100-MER for a just hearing of the newly discovered evidence of manifest fraud committed by Defendants and their attorneys including the Buechler Parties on the Bankruptcy Court and now proven in the evidence of the Record of the Courts in 21-001100-MER, 22-07, 23-1035, and 23-1336.

70. My Motion is a request to re-open 21-001100-MER for a just hearing of the newly

discovered evidence (hereinafter "new evidence") of manifest intent of the Defendants and their attorneys including the Witt Parties and the Buechler Parties now proven in the Record of the Courts to deny Lane his due process guaranteed by the 5th and 14th Amendments and in denying Lane due process, violate Lane's civil rights.

71. My Motion to re-open 21-001100-MER is a Pro se plea for equal justice and due process denied to Lane because of manifest fraud on the Bankruptcy Court by Defendants and their Attorneys. The manifest fraud with manifest intent is clear in the evidence of the Record of Related Proceedings and in the Record of the Courts [8] including the Record of the Supreme Court of the United States.

**Statement of Case in Plain English**

(*See* Background History *infra*):

72. I am a pro se litigant. I was a successful businessman for over 30 years until I borrowed $12 million dollars as a construction loan from Witt's commercial lending company in 2008. I learned in less than a year that Witt as president and sole shareholder of his lending company was allegedly running a foreclosure scheme on his borrowers and that Witt had allegedly committed mortgage fraud (hereinafter "mortgage fraud") on me and was trying to put my project into loan

---

[8] The Record of the Courts in Lane's Motion to Re-open 21-001100-MER is wholly contained in United States District Courts

The Record of Witt's manifest fraud spans both State District Courts and United States District Courts for a total period of 16 years commencing in 2009 when Witt first filed bankruptcy and continued through and including 2025 when Witt waived his right of reply and failed to correct the Charts, Statement of Case and Facts, and Background History in SCOTUS 23-1336.

Witt Parties and Buechler Parties consummated their action of manifest fraud on the Courts of advancing and advocating the false testimony of the gaslight and false narrative of Lane's vendetta against Witt in 2025, when together they confirmed their false testimony in manifest fraud and motioned for the Bankruptcy Court to release Lane's $1,000 dollar Sanction bond to Witt Parties (*See* Exhibit 2).

default so that he could foreclose on it. I turned Witt into his investors and reported Witt's alleged fraud to his corporate attorney.

Witt filed bankruptcy for his lending company in 2009 to allegedly hide his mortgage fraud on me and his other borrowers. I hired the Miller Parties including David Oppenheimer, and Glenn Merrick to defend me in Witt's bankruptcy. Miller Parties and Merrick spent 4 years in bankruptcy court and other courts against Witt and ran me out of $2 million dollars in legal fees and costs.

In 2013 Miller Parties told me to file bankruptcy on my single asset LLC but failed to file a Reservation of Rights Letter ("ROR") to protect my interests in my LLC. Witt's Trustee filed a claim against me personally and my single asset LLC and forced me into involuntary bankruptcy. I tried to save my businesses, and my home and I tried to bring Witt to justice for his mortgage fraud and Bankruptcy Court fraud as a pro se litigant following my bankruptcy.

Witt tried to stop me from proving his fraud on the Bankruptcy Court and filed a RICCO complaint against me in 2016. I was pros se because I had lost all my financial resources, my home, and my businesses when I was forced into bankruptcy by the actions of my attorneys the Miller Parties including David Oppenheim and Glenn Merrick, and Witt's bankruptcy Trustee.

I won against Witt's RICCO and the case was dismissed. In 2017 Witt filed a COCCA complaint against me to try and stop my counterclaims against him for bankruptcy and mortgage fraud. I won again and the COCCA complaint was dismissed. I tried to counterclaim against Witt. I was unsuccessful because I had no legal training and because my own attorneys, Miller Parties and Merrick Parties began helping Witt to defeat me in court. My own attorneys allegedly helped Witt for the purpose of hiding their malpractice advice to me to bankrupt my LLC without them filing an ROR letter.

31

In 2018 I came to the realization that as a pro se litigator I did not have the knowledge to be successful in court against Witt and his legally trained attorneys and against my own legally trained former attorneys who were representing Witt without my written authorization.

In 2018 I learned that if I could manage to stay in court against Witt I had a chance to create in his and the attorneys' own direct and by omission, a legal Record of Witt's, his attorneys' and my own former attorneys' false testimony to the courts so that I could file a complaint against Witt, his attorneys and my former attorneys for fraud against me and for fraud on the courts.

For five years I filed pleadings in 7 jurisdictions of United States Colorado District Courts including Bankruptcy Court, State and Federal Appellate Courts, BAP, and State and Federal Supreme Courts. In five years from 2018 through and including 2023 I caused Witt, his attorneys, and my former attorneys to file pleadings in 7 jurisdictions that preserved forever the evidence of their fraud on me and their manifest fraud on the Bankruptcy Court, the BAP, the Tenth Circuit, and SCOTUS.

As a pro se litigant I have preserved in the records of the courts, Witt's, his attorneys, and my former attorneys' manifest intent to commit manifest fraud on the Bankruptcy Court in 21-001100-MER.

In the following I have presented the preserved evidence of Witt's and their manifest fraud on the Bankruptcy Court and on appeal the Courts in narrative and in graphic charts by date, case number, and exhibits from the records of the courts so that there can be no doubt of their manifest intent and their manifest fraud on the Bankruptcy Court.

Thus, in my Motion to re-open 21-001100-MER, I am respectfully requesting to be granted my 5th and 14th Amendment guaranteed right to due process to be heard for just hearing on the evidence of the Record preserved in the Clerks of the Courts' records in 7 jurisdictions.

**Statement of Case and Facts as a Pro se Litigant without Legal Training:**

73. The requested re-opening of 21-001100-MER is proper because Witt Parties and Buechler Parties were made aware of Witt's first filing of 16-cv-01303-MER, in 21-001100-MER and knowingly continued to violate Lane's 5th and 14th Amendment rights to due process when they advanced and advocated their false testimony of Lane's vendetta [9] against Witt in contravention of the Record in 21-001100-MER, 22-07, 23-1035, and 23-1336 in violation of Fed. R. Civ. P. 1, Fed. R. Civ. P. 11(b), Federal Rules of Bankruptcy Procedure Rule 9002 (a), and 28 U.S.C. § 158.

74. The requested re-opening of 21-001100-MER is proper because at all times Defendants, including Witt Parties, Miller Parties, Merrick Parties, Buechler Parties, and ALC Parties had knowledge that Witt's filing of 16-cv-01303-MER three years after Lane was forced into involuntary bankruptcy by Defendants Miller Parties failure to file a Reservation of Rights Letter ("ROR"), was the source and the beginning of 7 years of Lane's pro se defense against Witt's racketeering complaints against Lane.

75. Miller Parties gave Lane the legal advice to bankrupt his single asset limited liability corporation, Fall River Village, LLC I, without filing a ROR letter to preserve Lane's rights to his LLC.

76. Witt Parties, their attorneys, and my former attorneys knew that all subsequent legal action by Lane were solely for the purpose of seeking a just hearing of the evidence of Witt's fraud on Lane when Lane won dismissal of 16-cv-01303-MKS-CBS and sought counterclaims against Witt

---

[9] A vendetta is a private blood feud, often hereditary, in which a family seeks to avenge an injury to or a murder of one of its members upon the offender or his family." *Stephens v. Howells Sales Co.,* 16 F.2d 805 808 (D.N.Y. 1926)].

and others following Witt's filing of another racketeering, COCCA, complaint against Lane in 17-cv-31212 (*See* Background History and Charts infra, and Exhibit 2 [10]).

77. The requested re-opening of 21-001100-MER is proper because the manifest fraud against this Bankruptcy Court has its beginnings in the United States Bankruptcy Court District of Colorado ("Court") under its subject matter jurisdiction over matters arising in or related to cases 09-17238-MER, 09-17437-MER, and 17-17630-MER under Title 11 pursuant to 28 U.S.C. § 1334(b) and (e) and the Court has core subject jurisdiction over this action pursuant to 28 U.S.C. §157(b)(2)(I). Further, venue in this district is proper pursuant to 28 U.S.C. §1409(a) and this adversary proceeding is commenced pursuant to F.R. Bankr.P. 7001(6) of the Federal Rules of Bankruptcy Procedure because:

    a. Witt bankrupted his mortgage company Commercial Capital, Inc. ("CCI") of which Witt was president and sole shareholder in April 2009 under 09-17238-MER for the purpose to conceal his alleged $12 million dollar mortgage and construction loan fraud on Lane which Witt made to Lane in May 2008 [11], and

---

[10] Witt Parties and Livenick Parties filed a waiver of rights with SCOTUS by Buechler Parties and waived their right to reply to or correct Lane's Charts, Statement of Case and Facts, and Background History of the case in 23-1336. Witt Parties and Livenick Parties did not correct the histories of the cases in 21-001100-MER, 22-07, and 23-1035. Witt Parties, Livenick Parties, and Buechler Parties maintained the false testimony of Lane's vendetta as true testimony including in 22-07 and 23-1035, when the evidence of the Record shows that Witt first filed a RICO against Lane in 2016 in 16-01303-MKS-CBS and from that date forward to 23-1336 filed in 2023 each action by Lane in State District Courts and Federal District Courts, was defensive litigation by Lane Pro se to obtain due process pursuant to his rights as guaranteed under the 5th and 14th Amendments. (See List of Related Proceedings *supra* and Chart I *infra*).

[11] Witt filed a waiver of rights with SCOTUS by Buechler Parties and waived his right to reply to or correct Lane's Charts, Statement of Case and Facts, and Background History of the case in 23-1336. Livenick Parties filed a waiver of rights in 23-1336. Witt and Livenick did not correct the histories of the cases in 21-001100-MER, 22-07, 23-1035, and 23-1336 (*See* waivers, Exhibit 2).

b. Defendants Miller Parties including David Oppenheim and Glenn W. Merrick & Associates including Glenn W. Merrick defended Lane against Witt in CCI's bankruptcies and adversary proceedings against Witt when Witt was president and sole shareholder of CCI, and

c. Defendants' Miller and Law including David Oppenheim committed malpractice against Lane when they instructed Lane to bankrupt Lane's single asset limited liability corporation to which Witt had made the $12 million dollar loan and which loan Witt required Lane to personally guarantee repayment to Witt; without Miller Parties including David Oppenheim first filing a Reservation of Rights Letter on Lane's behalf thus causing Lane to be forced into involuntary bankruptcy in 2013 by Witt's Trustee in 09-17238-MER. Further,

d. Defendants Miller Parties including David Oppenheim and Shaun A. Christensen, Shaun A. Christensen and ALC Parties, and Defendants Merrick Parties including Glenn W. Merrick and Merrick, Shaner and Bernstein, began representing Witt and Witt Parties without Lane's authorization for the purpose of concealing Miller Parties including David Oppenheim's malpractice against Lane. And

e. Defendants Miller Parties including Defendant Shaun A. Christensen as an attorney for Miller and Law and as an attorney for Defendant Appel, Lucas, and Christensen representing Witt, and Defendants Merrick Parties including Glenn W. Merrick and Merrick, Shaner, and Bernstein each representing Witt without Lane's written

---

By filing waivers in 23-1336, Witt Parties, Livenick, Parties and Buechler Parties maintained that their false testimony of Lane's vendetta was true testimony in 21-001100-MER, 22-07, 23-1035, and 23-1336. (See List of Related Proceedings *supra* and Chart I *infra*).

authorization committed manifest fraud on the Bankruptcy Court with manifest intent to deny Lane due process:

1. By violating Fed. R. Civ. P. 1. and denying Lane the right "to secure the just, speedy, and inexpensive determination of every action and proceeding", and

2. By violating Fed. R. Civ. P. 11(b) and denying Lane his 5th and 14th Amendment rights when they each committed manifest fraud on the Bankruptcy Court when as, "an attorney they certified to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the allegations and other factual contentions of Lane, did not have evidentiary support", sought dismissal of Lane's complaint 21-001100-MER, and failed to notice the Bankruptcy Court that with manifest intent they were conspiring to deny Lane due process and committing manifest fraud on the Bankruptcy Court by violating the Rules of Professional Conduct Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) by their violation of other Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) against Lane.

3. The manifest intent is clear in Witt's and Witt's attorneys' manifest fraud of false testimony by Witt and Witt's attorneys to the Bankruptcy Court and other courts including those Courts on appeal by Lane.

4. The manifest fraud is committed in the Bankruptcy Court by Witt and Witt's attorneys in violation Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) by concealing their violation of Rules of Professional Conduct, Rule 3.3, Rule 4.1, and 37 CFR

11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3).

5. The manifest fraud on the Bankruptcy Court is contained wholly in the evidence of the Records of the proceedings in the United States Bankruptcy Court District of Colorado (hereinafter "Bankruptcy Court") in 21-001100-MER, the United States Bankruptcy Appellate Panel for the Tenth Circuit (hereinafter "BAP") in 22-07, the United States Court of Appeals for the Tenth Circuit (hereinafter "10th Circuit") in 23-1035, and the Supreme Court of the United States (hereinafter "SCOTUS") in 23-1336.

6. The manifest fraud in the Bankruptcy Court occurred when Witt and Witt's attorneys failed in their duty under Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) by concealing their violation of Rules of Professional Conduct, Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) to correct the Bankruptcy Courts false impression of Lane's vendetta against Witt and swayed the Bankruptcy Court to rule against Lane and deny Lane his 5th and 14th Amendment rights to due process.

7. The manifest fraud on the Bankruptcy Court is proven in the record of 2020 CA 1068 that Witt had knowledge of his fraud on the court when he answered 2020 CA 1068 as in pro se litigator and withheld his knowledge of his fraud on the court in violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) as a pro se litigator and committed manifest fraud on the Bankruptcy Court when he knowingly violated Rules of Professional Conduct, Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C.

37

and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3).

8.  Witt's and Witt's attorneys including my former attorneys committed fraud on the Bankruptcy Court in their false testimony of Lane's Vendetta against Witt directly, and by omission in default, when they moved for dismissal without answering Lane's complaint and thus in their failure to disclose to the tribunal their knowledge of Witt's and their manifest fraud on the Bankruptcy Court that Witt first filed racketeering claims against Lane in 2016 and Lane's subsequent actions in Courts were defensive actions against Witt's alleged fraud on the Bankruptcy Court.

9.  Each attorney in 21-001100-MER had a duty to the Bankruptcy Court as an officer of the court to verify Witt's and Witt's attorneys' claims of vendetta. They did not.

10. Each attorney and pro se litigator and litigant Witt had a duty to the Bankruptcy Court to disclose their knowledge of the evidence contained in the Record of Witt's actions against Lane, and each committed manifest fraud on the Bankruptcy Court with manifest intent when they violated Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) and failed to disclose their prior actions including violation of Rules of Professional Conduct, Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) when they failed to disclose to the Courts Witt's and Witt's attorneys fraud on the Bankruptcy Court in the false testimony of Lane's Vendetta against Witt directly and by omission by moving for dismissal without answering 21-001100-MER.

11. The manifest fraud on the Bankruptcy Court in Lane's appeal of the Bankruptcy Courts Orders to other Courts arises in Witt's and Witt's attorneys use of the gaslight and false narrative of Lane's Vendetta against Witt in repetitious false testimony to the Bankruptcy Court and other Courts and Witts and their vilification of Lane in defamation of character in both electronic and public forum (*See* Page 47 Paragraph 80, Page 52 Paragraph 82, and Exhibit 1).

12. Witt and Witt's attorneys assassinated Lane's character by failing to correct pleadings made to the Courts for the purpose to 1) sway the Bankruptcy Court and other Courts against Lane, and 2) convince other attorneys to disregard their duties under Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) in Witt's manifest intent to character assassinate Lane as a pedophile. And Witt's manifest intent to violate Lane's Constitutional Rights (*See* Page 47 Paragraph 80 and Page 52 Paragraph 82).

13. The manifest fraud on the Bankruptcy Court by Witt and Witt's attorneys, and former attorneys resulted in Lane's catastrophic personal, financial, and professional defamation of character loss, and Lane's loss of his due process rights guaranteed under the 5th and 14th Amendments denied when Witt and Witt's attorneys gave false testimony to the Bankruptcy Court and Courts,

14. Witt and Witt's attorneys including my former attorneys failed in their duty to advise the Bankruptcy Court and other tribunals that Witt and Witt's attorneys gave false testimony to the Bankruptcy Court and other courts that Witt in his first filed actions against Lane when Witt or they,

a.   filed a Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") in 16-cv-01303-MKS-CBS (*See* Chart 1*infra*), and

b.   failed to advise and correct the Bankruptcy Court that Witt through his attorneys were advancing the gaslight and false narrative of Lane's Vendetta against Witt.

c.   filed his first racketeering complaint against Lane to stop Lane from disclosing newly discovered evidence of Witt's mortgage fraud against Lane and manifest fraud on the Bankruptcy Court in 21-001100-MER and in CCI's 09-17238-MER and 09-17437-MER bankruptcies by Witt as President and sole shareholder of CCI.

15. The Bankruptcy Court's allegedly had knowledge that Defendant Witt admitted to, "destroying the evidence of his alleged mortgage fraud against the Petitioner" [12], in a pending proceeding and caused irreparable harm to Lane in vindictive accusation(s) made against Lane during litigation such as stating to Defendants and their attorneys that, "the Lane is a mentally unstable pedophile", "destroy him financially" [13], and in narrative, negatively influence the attorneys' to make false testimony against Lane, but was swayed to cast doubt on Lane's claims made to the Bankruptcy Court for a fundamentally fair, orderly, and just judicial proceeding.

16. Pursuant to Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) no litigant or expert may make false testimony to influence judicial discretion so that inadvertent clerical or

---

[12] *See* Respondent Witt's written admission in evidence Page 47 Paragraph 80 *infra*.

[13] *See* Vindictive Accusations of Witt Page 52, Paragraph 82 *infra*.

procedural errors arising in a pro se litigant's or any litigant's failure to correctly interpret the statutes and laws governing the Bankruptcy Court's judicial jurisdiction [14] cause a judicial officer including attorneys, judges and magistrates to deny any litigant a fair hearing on the evidence. Particularly in this matter of my Motion to re-open 21-001100-MER when the error was made in counting the days for filing a notice of appeal from the date of a decision on a motion for reconsideration rather than from the date of the original order.

17. No attorney or officer of the court may cause judicial discretion to be influenced or swayed by false testimony, vindictive accusations, proceedings that require a technical response, and other instances of where pro se litigants are placed at an unfair advantage in litigation based upon their financial resources to hire legal representation, or political and social issues that individually and/or together may be the cause of any litigant being denied their U. S. Constitution guaranteed right to a fair hearing. Further most judicial codes of conduct note in Comment 4 that, "it is not a violation of this Rule for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard", and with minor changes have adopted Comment 4 to Rule 2.2, "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially."

---

[14] Lane in acknowledged "no procedural training", established a Record in evidence of Defendants' testimony and cases for this Motion to re-open 21-001100-MER.

18. Defendants' manifest fraud in the false testimony of Lane's vendetta so swayed judicial discretion in 21-001100-MER that Lane was denied fair hearing in judicial discretion and sanctioned by the Bankruptcy Court, even though Lane without financial ability to afford legal representation was acknowledged by the Bankruptcy Court to have made 7 of 9 claims in 21-001100-MER as triable issues (*See* Opinions *supra*).

19. All litigants who give false testimony should be made aware by the Bankruptcy Court in re-opening 21-001100-MER of SCOTUS's decision in *Bronson v. Schulten,* 104 U. S. 410, (1881), its decision in *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944), and a judicial officer's incumbent responsibility to each litigant to weigh manifest fraud versus clerical or procedural error when a judicial discretion decision adverse to any litigant may be the cause of denying a pro se litigant, here Lane, or any litigant the right to a fair hearing on the evidence before a neutral decision maker. And further,

20. *Bronson v. Schulten,* 104 U. S. 410, (1881) and SCOTUS in its decision in *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) is supported in Lane's evidence among other evidence from the Record under the headings, Background History; Influences of False Testimony in Gaslight and False Narrative on the Courts, a violation Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) by not disclosing violations of Rule 3.3, Rule 4.1, and 37 CFR 11.103; Vindictive Accusations of Respondents; Representation of Respondents by Lane's Former Attorneys Without Authorization, a violation of C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3);

and Charts 1. 2, and 3 which graphically show a Date and Case Number Litigation History of False Testimony (i.e. Exhibit 1), Vindictive Accusation (*See* Page 52 Paragraph 82), and Representation by Lane's Former Attorneys Without Authorization (*See* Page 53 Paragraph 83).

78. New Evidence of Manifest Fraud on the Bankruptcy Court

<u>**THE NEW EVIDENCE OF DEFENDANTS' MANIFEST FRAUD ON THE**</u>

<u>**BANKRUPTCY COURT FROM THE RECORDS OF 21-001100-MER, 22-07, 23-1035,**</u>

<u>**AND 23-1336 IS PRESENTED IN SIX PARTS:**</u>

<u>**PART 1**</u>

**BACKGROUND HISTORY,**

<u>**PART 2**</u>

**FACTS KNOWN TO BE IN THE RECORD OF THE BANKRUPTCY COURT,**

<u>**PART 3**</u>

**INFLUENCES ON THE COURTS ARISING IN THE MANIFEST FRAUD ON THE BANKRUPTCY COURT IN THE FALSE TESTIMONY OF GASLIGHT AND FALSE NARRATIVE OF LANE'S VENDETTA AGAINST WITT,**

<u>**PART 4**</u>

**WITT'S VINDICTIVE ACCUSATIONS AGAINT LANE,**

<u>**PART 5**</u>

**MANIFEST FRAUD ON THE BANKRUPTCY COURT IN THE REPRESENTATION OF WITT AND OTHER DEFENDANTS BY LANE'S FORMER ATTORNEYS WITHOUT AUTHORIZATION, AND**

<u>**PART 6**</u>

**GRAPHIC PRESENTATION IN 3 CHARTS SHOWING**

**A. DATE AND CASE NUMBER,**

**B. LITIGATION HISTORY SHOWN IN THE MANIFEST FRAUD OF FALSE**

**TESTIMONY BY DEFENDANTS, AND**

**C. MANIFEST FRAUD ON THE BANKRUPTCY COURT IN VIOLATION OF**

**FED. R. CIV. R. 1 AND 11(B)(1)(2) and (B), FAILURE TO DISCLOSE TO THE**

**BANKRUPTCY COURT THE REPRESENTATION OF DEFENDANTS BY LANE'S**

**FORMER ATTORNEYS WITHOUT LANE'S AUTHORIZATION**

79. **Part 1- Background History**

May 19, 2008 I closed a $12 million dollar loan with Commercial Capital, Inc. ("CCI") to develop a $22 million dollar project of 64 condominiums in Estes Park, Colorado. I personally guaranteed the $12 million dollar loan to Respondent Matthew Curtis Witt as a requirement of my loan from Witt, CCI's president and sole shareholder.

Witt required me in the loan to obtain a $1 million-dollar second trust deed on an $8 million dollar spec home Witt had constructed in Colorado. The $1 million dollar 2nd TD was held by Witt's partner in the custom home. My purchase of the 2nd TD required me to sell the home immediately after closing on my loan and repay the $1 million dollar 2nd TD to my construction loan. Witt refused to release the custom home after closing and transferred $17,000+ dollars per month from my construction loan to pay the spec home's mortgage and home owners insurance on his home without my approval. I gave Witt a written notice to cease all unauthorized withdrawals from my construction loan by Witt. Witt continued to withdraw $17,000+ per month from my construction following the arson of Witt's custom home and following my written notice to cease all mortgage fraud withdrawals. I alleged that Witt had committed mortgage fraud and

reported my allegations to Witt's investor who was providing CCI's capital.   I reported Witt's alleged fraud to Witt's corporate attorney, Andrew Derickson.  The custom home was burned down in total loss in an unsolved arson shortly after I reported my allegations of mortgage fraud to Witt's CCI investor, Witt's corporate attorney, and subsequently the Trustee and the Bankruptcy Court in 09-17238-MER.   Witt continued to draw over $17,000/month from my CCI loan following the arson. Witt failed to name me as additionally insured on the homeowner's policy. Witt collected on the arson loss of the home. Full funds were not disbursed to me under the homeowner's policy.  Witt filed Chapter 11 Bankruptcy for CCI and CCIF in April 2009 following the loss of the arson of the custom home and following my allegations of Witt's mortgage fraud and Witt's foreclosure scheme which I made to his investor and Witt's corporate attorney.

David Oppenheim and David Oppenheim, Miller & Law were my attorneys and defended me against Witt's C11s of CCI and Witt's alleged mortgage fraud in Witt's bankruptcies of CCI and CCI Funding 1, LLC.    Oppenheim promoted his bankruptcy expertise as a past clerk for Bankruptcy Judge Michael E. Romero (hereinafter "MER").   MER was the presiding judge in Witt's CCI bankruptcies and 12 of the original Related Cases. Oppenheim and Miller & Law were experienced in construction, bankruptcy, and insurance litigation. Oppenheim and Miller & Law approved my engagement of Glenn Merrick & Assoc. (hereinafter "Merrick") an expert in bankruptcy defense. Miller & Law and Merrick represented me before MER when Oppenheim told me to bankrupt my single asset Estes Park LLC as its sole shareholder. Oppenheim and Miller & Law and Merrick failed to issue a Reservation of Rights Letter ("ROR") in the bankruptcy of my Estes Park project to preserve my interests and avoid being forced into involuntary bankruptcy. Oppenheim's instruction to bankrupt my project without an ROR gave cause to CCIs' Trustee to force me into a $33 million dollar Chapter 7 in January 2013. My C7 bankruptcy was settled and

all I had remaining was a $150,000 rental as a personal residence and my 2 used vehicles.

Witt was motivated to sue me in 16-cv-01303-MKS-CBS ("Witt RICO") by vengeance and used vindictive accusation and false testimony to destroy me personally and to destroy my financial ability to obtain legal expertise against Witt for alleged mortgage fraud, fraud on the Bankruptcy Court in CCI's C11, and fraud on the three Courts in false testimony of Defendants, their attorneys, and my former attorneys. Witt's RICO racketeering complaint was first filed against me in 2016. Witt filed his COCCA racketeering complaint against me in 2017. I won both cases and they were dismissed.

Witt filed his RICO and his COCCA complaints against me for reporting his mortgage fraud to his investor in CCI and to the Bankruptcy Court. Witt knew I was bankrupt and had no financial means to engage an attorney to defend myself. Witt desired to eliminate my future financial viability of seeking just hearing of his alleged mortgage fraud, and just hearing of his fraud on the Bankruptcy Court. I had no choice but to protect and defend myself as a pro se litigant against Witt's RICO and COCCA complaints so that I was not found in default of Witt's claims for huge monetary damages against me.

Witt, Defendants, Defendants' attorneys, and my former attorneys made false testimony in all its iterations under oath to all three Courts. They claimed I commenced vendetta litigation against Defendants in contradiction of the evidence in the Record of the 20 Related Cases identified in this Motion. Their false testimony was made to sway the Bankruptcy Court to apply judicial discretion regarding my clerical procedural error, and by making false testimony cause the Bankruptcy Court to deny me my civil right in judicial discretion to present evidence for fair and just hearing. My former attorneys acting as Witt's attorneys without my authorization are shown below in Charts. My C-7 was caused by defending against Witt's mortgage fraud and my personal

guarantee of $12 million dollars in Witt's CCI bankruptcies. I defended myself pro se against Witt's defamation of my character including Witt's and other's false testimony of gaslight and the false narratives of vendetta against Witt which were testified to under oath 1) by Witt, Witt's attorneys in 2009 to conceal Witt's alleged mortgage fraud in May 2008, and 2) later by my former attorneys. My former attorneys made subsequent false testimony directly and by omission in their requests for dismissal without answering 21-001100-MER as Witt's attorneys and to conceal their failure to issue an ROR letter following their direction to me bankrupt my Estes Park single asset LLC. (*See* Charts 1, 2, and 3 below*)*.

80. **Part 2 - Facts Known to be in the Record of The Bankruptcy Court:**

    a.  Witt's Admission to Manifest Fraud on the Bankruptcy Court in His Admission to Tampering with Evidence and Spoliation of Evidence to Cause Destruction of Evidence in a Pending Proceeding,

    b.  Witt's Stated Manifest Intent to Violate Lane's Civil Rights, and

    c.  Lane's Former Attorneys Unauthorized Representation of Witt before the Bankruptcy Court and Other Courts in violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b).

Witt admitted to destroying the evidence of his alleged mortgage fraud on Tuesday, April 13, 2021, 9:52 PM as pro se in 2020CA1068 (23-1035 #10011084176, Page 389):

"Hi Noelle, Where are you? Cat got your tongue? Please respond. Your ramblings make my day and week brighter. I personally love your appeal due to your pro-se and ICES rights being unconstitutional. My legal ownership of the 44 boxes which I CERTIFY NOW THAT I HAD DESTROYED 6 MONTHS AGO is the absolute perfect venue for you to scream about your constitutional rights! Is that the 28TH Amendment or the 100th that you refer to? Or maybe the New Lain Amendment? Your constitutional ramblings are the butt of jokes in the legal

community. Please send more unconstitutional defense and appeals."

d. The Bankruptcy Court allegedly had first-hand knowledge of Witt's admission to destroying the evidence of his mortgage fraud in my Adversary Proceeding 21-001100-MER and in 17-17630-MER Adv. Proc. 17-1548-MER (*See* Charts below) but was swayed by false testimony by Defendants.

e. In 21-001100-MER the Bankruptcy Court allegedly had first-hand knowledge of Witt's actions for 12 years prior to my filing Adversary Proceeding 21-001100-MER in the Bankruptcy Court but was swayed by false testimony by Defendants.

f. In 21-001100-MER the Bankruptcy Court allegedly had 12-years first-hand knowledge that my former attorneys represented me in 09-17238-MER, 09-17437-MER, 09-1530-MER, 1:09-cv-00724-WDM-MEH, 11-1251-MER, and 11-11413-MER but was swayed by false testimony of Defendants.

g. In 21-001100-MER the Bankruptcy Court allegedly had 12-years first-hand knowledge to conclude that my former attorneys were now advising Witt and receiving legal notices of the status of my appeals against Witt in other courts' but was swayed by false testimony to apply its judicial discretion to:

   1. Disregard Witt's admission of destruction of evidence following ordering Lane to release it in to Witt's possession,

   2. Rely on false testimony under oath made by my former attorneys Miller & Law and Merrick directly and by omission who were now representing Witt, and

   3. Rely on my former attorneys' and others testimony, in their unauthorized representation of Witt in 12 of the 20 Related Cases: 17-11705-MER, 17-17630-MER, 17-1548-MER,18SA6 in re 17-cv-31212, 19-cv-30951, 19CA656 in re

19-cv-3095, 12020SC516 in re 19-cv-30951, 2020SA218 in re 19-cv-30951,

20CA1068 in re 30951, 21-001100-MER, each adverse to Lane's claims.

81. **Part 3 – False Testimony to Sway the Court Arising in the Manifest Fraud on the Bankruptcy Court in the False Testimony of Gaslight and False Narrative of Lane's Vendetta Against Witt**

Lane maintains that the Charts that follow support his assertion that false testimonies under oath by Defendants, their attorneys, and Lane's former attorneys swayed the Bankruptcy Court and swayed it to rule in judicial discretion against Lane despite the evidence of manifest fraud on the court and despite Witt's admission to destroying the evidence of his manifest fraud during pending proceedings and litigation while the evidence was in his possession by order of the Bankruptcy Court.

Lane maintains that the manifest fraud on the Bankruptcy Court is clearly shown in the evidence from the Record which includes the evidence of false testimony and vindictive accusation to destroy Lane, made by Witt to Defendants' attorneys and Lane's Former Attorneys in the one-year period of pending proceedings during 2020 to 2021. The one-year period precedes Lane's filing of 21-001100-MER. The one-year period of manifest fraud precedes 21-001100-MER and three courts' orders governing the protection and preservation of the evidence remanded to Witt's possession.

Defendants and their attorneys advanced the false narrative of vendetta and other false testimonies in 2020 through 2023 in the Bankruptcy Court and other Courts and the Bankruptcy and other Courts were swayed by Defendants' and their attorneys' false testimony against Lane when the Bankruptcy Court and other Courts were issued their orders in judicial discretion based on Lane's clerical procedural error. The Courts did not rule on the issues of manifest fraud and

49

manifest fraud with manifest intent.  Witt commenced all litigation against Lane in the 12 years prior to Lane filing 21-001100-MER.  Lane only filed counterclaims and appeals in continuing defense against Witt's original 16-cv-01303-MKS-CBS other racketeering claims, and matters Witt filed against Lane in other Related Cases.

Lane maintains that if the Bankruptcy Court knew of the Defendants' false testimony, then in the light of the evidence of manifest fraud on the courts as presented in evidence from the Record, and not concealed in the false testimony of Lane's vendetta, the Bankruptcy Court would have reviewed the substantive arguments made by Lane with judicial discretion based on the facts of this case and that the normal procedural rules for dismissal would have been followed.

Lane identifies the advocacy and advancement of false testimony by Defendants and their attorneys as a manifest fraud on Lane and manifest fraud on the Bankruptcy Court with the purpose to sway the Bankruptcy Court to apply judicial discretion so that Lane was denied his civil right to fair and just hearing,

Lane presents in the Charts from the Record's evidence an enterprise by Defendants and their attorneys to sway the Courts to apply judicial discretion against Lane when judicial discretion in the light of manifest fraud requires normal procedural steps to ensure a pro se litigant or any litigant their rights as guaranteed under the 5th and 14th Amendments.

Pro se Lane clearly presents as the enterprise of false testimony to sway judicial discretion against Lane by date and case number, and by the parties in the Record whom in enterprise with Defendants advanced the false narrative vendetta directly and indirectly by omission in answer in pleadings and/or in answer by failure to answer in default.  The Defendants' parties include Witt Parties, Livenick Parties, the Witt and Witt Parties' attorney(s), and Lane's former attorneys each identified as named Defendants in 21-001100-MER including 5 Does (Doc. #010110844176) and

50

in his Motion for rehearing of 21-001100-MER. Lane maintains that all pleadings contained in the Record including Witt's racketeering complaints, originated in false testimony and mortgage fraud against Lane by Witt in 2009 and are shown in the Charts that follow below.

Lane maintains that Witt Parties' and Livenick Parties', Defendants and their attorneys' false testimony in answer is also false testimony in default for failure to answer Lane's complaint. Lane maintains that Destruction of Evidence is defined in tampering, spoliation, and concealment (Doc.# 010110844176 Pages 455-458) and that concealment and spoliation is admitted to by Witt on April 13, 2021 prior to Lane's filing 21-001100-MER. Lane maintains that Witt's admission to destruction of evidence in a pending proceeding is also made in Witt's capacity as a pro se litigator by omission in Witt's Answer Brief in 2020CA1068 [15].

Lane maintains that in the alternative to filing answers to Lane's complaint and establishing objection to Lane's allegations, Defendants and others filed motions for dismissal (Doc. #010110814176 Page 479 Order last paragraph). Defendants and others elected default in failure to answer [16] and relied on the Bankruptcy Court granting dismissal founded and swayed in the influences of gaslighting (Doc. #010110842454 Page: 21, Footnotes 23), vendetta, and other influences to sway judicial discretion against and unfavorable to pro se Lane.

---

[15] Witt Parties, Livenick Parties, and their attorneys and the Five Does in 21-001100-MER represented and/or advised Witt Parties in Replevin, 19-cv-30951 and 2020CA1068 against Lane in manifest fraud. Following Lane's notice to Colorado Courts of Witt's admission to manifest fraud including tampering with evidence to cause spoliation and violate Lane's constitutional rights to fair hearing, Lane filed 17-1548-MER (Intervention), 18SA6 (Judicial Notice), replied to Witt's 19-cv-30951 (Replevin), 19CA656 (Judicial Notice), 2020SA218 (Judicial Notice), and 2020CA1068 (Judicial Notice) (*See* Related Cases). Lane has no procedural training in judicial law, Rules of Civil Procedure, Rules of Professional Conduct, or state and federal statute.

[16] *See* Doc. #010110814176 Page: 1577, 1578 Default Paragraph 37.

Lane cites to examples of the false narrative vendetta in all its iterations swaying judicial discretion in the Bankruptcy Court against Lane, and subsequently the Bankruptcy Appellate Panel and the Tenth Circuit in the Bankruptcy Court's and the two other courts' orders:

    a.  Doc. #010110814176 Page 234 Order, "Lane is no stranger to litigation",

    b.  Doc. #010110814176 Page 233 Order, "increased legal fees to Defendants",

    c.  Doc. #010110814176 Page 488 Order, "The proceeding is the most recent attempt",

    d.  Doc. #010110814176 Page 480 Order, "Lane's previous unsuccessful efforts",

82. **Part – 4 Witt's Vindictive Accusations Against Lane**

Defendant Witt sent False Testimony and Vindictive Accusations in defamation of Lane's character to others including his attorneys and forwarded the Vindictive Accusations to Lane in blind copy:

"Well after 11 years we just won and its final in all courts. Lane has filed hundreds of made up psychopathic and schizophrenic claims against me over 11 years. It's like he is infatuated with me personally. Why would he pursue me personally for eleven years? Who knows, maybe he is a pedophile and is upset that he cannot have and control me. I certainly don't know. His incredible infatuation with me is absolutely over the top and insane, and I can only just guess what could be behind all of that illness. He is clearly mentally ill and we need to get him evaluated asap. I don't know why would he file such claims over 10 years other than he wants to control me. Who knows? Regardless, Now I want to aggressively go after him and his personal and family assets for the hundreds of thousands of dollars in legal fees spent to defeat his mentally ill and personal infatuation claims. We all have been aware that he illegally put his house in his wife's name 2 years ago which was textbook fraudulent transfer, which we will put at the top of our list of assets

to go after and seize.  I want to collect every dollar and get every cent that was spent from Lane's

mentally ill claims.  Please go forward aggressively and get every single dollar back for me. Matt."

Examples of Witt's gaslight and false narrative of vendetta:

a. Witt's False Narrative of vendetta: "Now your 12 year long harassment of me is quickly

coming to a sad end."

b. Witt's False Testimony advocating Lane's vendetta against Witt: "Your hundreds of fake

claims in courts, …"

c. Witt's false testimony advocating Lane's vendetta is controverted in the evidence of the

Record.

Witt commenced his vendetta of false narratives(s) against appellant in false testimony given

to the Court in 2016 in 16-cv-01303 KMT a related Case which Lane won.

83. **Part 5 - Manifest Fraud on the Bankruptcy Court in the Representation of**

**Witt and Other Defendants by Lane's Former Attorneys Without Authorization**

My former attorneys from 2009 – 2021 were in violation of Federal Rules of Professional

Conduct, Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) by violating Rule 3.3, Rule 4.1, and 37 CFR

11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing

Lawyers §14 and § 16(3) because they did not seek from me and did not have authorization from

me to represent Witt and because they  violated rules governing their professional conduct before

the Bankruptcy Court.

In appeal in 23-1035 Document: 010110894797 and Witt's directions to his attorneys and

others the Bankruptcy Court is clearly shown from the Record of the Courts

a. Witt's false testimony arising in the gaslight and false narratives of vendetta,

b. Witt's assertions copied to others in false narrative when Witt challenges Lane to file more pleadings in the Bankruptcy Court and other courts Court that assert Constitutional Rights violations(s) by Witt and Witt's admission to others of his intent to destroy Lane's civil rights.

Witt, Defendants, Defendants' attorneys who are all officers of the Bankruptcy Court and Lane's former attorneys Miller & Law, P.C., David Oppenheim, David Oppenheim Law, and Glenn W. Merrick, Glenn Merrick & Associates, and Merrick, Shaner, and Bernstein, LLC, officers of the Bankruptcy Court provided legal representation to Witt which was adverse to Lane (*See* Chart 2). My former attorneys are shown in the narrative below by the years they represented Lane and by the years when they represented and Witt without my authorization: Miller & Law P.C.

a. David B. Law, 2009 – 2013,

b. David B. Law, Miller & Law P.C., attorney for Lane 2009 – 2013,

c. David S. Oppenheim, attorney for Lane 2009 – 2017,

d. David S. Oppenheim, Miller & Law, Attorney for Lane 2009 – 2017,

e. David. S. Oppenheim, David. S. Oppenheim Law, Attorney for Lane 2009 – 2017,

f. Glenn Merrick , attorney for Lane 2009-2017,

g. Glenn Merrick, Attorney for Lane 2009 – 2017,

h. Glenn Merrick & Associates, Attorney for Lane 2009 – 2017, and

i. Glenn Merrick, Merrick, Shaner, Bernstein, LLC attorney for Lane 2009 – 2017.

My former attorneys who became Witt's attorneys after the fact without my authorization and were adverse to me in their act(s) of concealment of their failure to file a reservation of rights letter and preserve my rights in their recommended bankruptcy of my Estes Park project, are (*See* Chart

2):

j. Miller & Law P.C. David. S. Oppenheim, Miller & Law, David. S. Oppenheim and David. S. Oppenheim Law, of Counsel to Miller & Law 2017 – 2021,

k. Shaun A. Christensen, Miller & Law 2017 -2021 (concurrently representing Witt without my authorization as Shaun A. Christensen Appel Lucas & Christensen, PC in 2017 – 2021),

    1. made an Affidavit against Lane in support of Witt to the Bankruptcy Court denying Witt's destruction of evidence in a pending proceeding and attested his affidavit as Shaun A. Christensen Appel Lucas & Christensen, P.C. and as ALC Parties,

    2. Christensen is identified in Chart 2 in 2021 as Miller Parties and the evidence of the Record shows Christensen as a Miller & Law attorney forwarding Lane's appeal status to Witt and other Witt attorneys including my former attorneys by email on 4/30/21 1:23 PM,

"From: Shaun A. Christensen, Miller & Law,

To: Matt Witt <mattw@silverleafmortgage.com>,Dan Duggan  DanD@silverleafmortgage.com,

Cc: Glenn Merrick gwm@msbfirm.com, Subject: VICTORY!

Matt & Dan, I am pleased to be sending you copies of the Order and Judgment in your favor. Rekon is awarded nothing. Congrats, Shaun A Christensen, Esq. Miller & Law"

l. Glenn Merrick 2009 – 2013, Represented Lane in Witt's C-11 et al (*See* Chart 2) as Lane's attorney when SAC sent the above email to Glenn Merrick at Merrick, Shaner, Bernstein, LLC:

    a. My former attorneys Miller & Law, David Oppenheim, David Oppenheim Law, Glenn W. Merrick, Glenn Merrick & Associates, and Merrick, Shaner, and Bernstein provided legal representation to Witt without my authorization.

84. **Graphic Presentation in 3 Charts**

    a.  Chart A - Chart A – Date and Case Number Graphic of Witt's Yearly Litigation Against Lane, 20 Related Trial Court Cases - 2008 to 2023

    b.  Chart B – Graphic of Litigation History Shown by Case Number, Date, and Attorneys' Manifest Fraud of False Testimony and Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) By Defendants, and

    c.  Chart C – Graphic of Manifest Intent to Commit Manifest Fraud on the Bankruptcy Court in the Representation of Defendants by Lane's Former Attorneys in Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b)

NOTE: All Charts are derived from the Records of the Courts. Charts 1, 2, and 3 are presented by Date and Case Number in Timeline from earliest to present. The Charts are presented to show the yearly progression of litigation actions commenced by Witt against Lane to conceal Witts $12 million dollar loan and mortgage fraud on Lane in 2008 and Witt's subsequent $200 million dollar bankruptcy of his mortgage company Commercial Capital, Inc. following Lane's disclosure to Witt's investors and CCI's corporate attorney of Witt's alleged mortgage fraud enterprise of commercial lending to distressed borrowers and then causing their loan default and his subsequent foreclosure on their assets for his own gain.

Witt continued his pattern of fraud on the Bankruptcy Court and other courts through continuous litigation from 2009 to 2016. In 2016 Witt filed his first racketeering complaint against Lane under the Racketeer Influenced and Corrupt Organizations Act to stop Lane from disclosing Witt's fraud on the Bankruptcy Court in 2009.

The 20 Related Cases began in 2008 with Witt's alleged mortgage fraud on Lane. Witt began all complaints against Lane first when he filed RICO and COCCA Complaints against Lane in

2016 and 2017. The racketeering complaints against Lane were filed in false testimony, vindictive accusations, and in proceedings that required a technical response and in other instances of where Lane pro se was placed at an unfair advantage in litigation based upon lack of financial resources to hire legal representation. Lane had to defend against Witt's fraud on the Bankruptcy Court and other courts and claims for financial damage caused by Lane, in defamation against Lane, and in manifest fraud with manifest intent on the Courts, as a pro se litigant.

85. **Chart A – Chart A – Date and Case Number Graphic of Witt's Yearly Litigation Against Lane, 20 Related Trial Court Cases - 2008 to 2023**

| Chart A – Date and Case Number Graphic of Witt's Yearly Litigation Against Lane 20 Related Trial Court Cases - 2008 to 2023 | | | | |
|---|---|---|---|---|
| Witt Filed Actions and Denied Lane Due Process for 12 Years Prior to 21-001100-MER. Witt Parties, Livenick Parties, Buechler Parties, and Others Gave False Testimony Under Oath including the gaslight and False Narrative of Lane's Vendetta Against Witt to the Bankruptcy Court and Courts in Manifest Fraud with Manifest Intent in 21-001100-MER, 22-07, 23-1035, and 23-1336. | | | | |
| **Witt as Plaintiff ("Witt")** | **Lane as Defendant ("Lane")** | **Proximate Cause of Action** | **Case Number** | **Year** |
| Witt | Lane | Witt alleged Mortgage Fraud Against Lane | Lane Purchases $1 million 2nd TD from Witt 's Partner om Witt's Custom Home and Personally Guarantees $12 Million Construction Loan to Witt as CCI Owner | 2008 |
| Witt | | Witt's CCI C11 as President and Sole Shareholder to Conceal Alleged | 09-17238-MER | 2009 |

| | | | | |
|---|---|---|---|---|
| | | Mortgage Fraud on Lane | | |
| Witt | | Witt's CCIF Funding 1 C11 of his Special Purpose Entity to Conceal Alleged Mortgage Fraud on Lane | 09-17437-MER | 2009 |
| Witt | Lane | Witt's CCI C11 Adv. Proc. Against Lane | 09-1530-MER | 2009 |
| Witt | Lane | Re: Witt's CCI C11 Various Banks suing Witt for Mortgage Fraud on Witt's Custom Home | 1:09-cv-00724-WDM-MEH | 2009 |
| Witt | | Witt's CCI C11 in re 1:09- cv-00724-WDM-MEH, Alleged Mortgage Fraud and Other Claims | 11-1251-MER | 2011 |
| Witt | | Witt C7filed and withdrawn in Alleged Obstruction of Justice 11-11413-MER | 11-11413-MER | 2011 |
| Witt | Lane | Witt RICCO against Lane Lane Wins RICO and it's Dismissed, Lane Denied Counterclaim Due Process as Pro se | 16-cv-01303-KMT | 2016 |
| Witt | Lane | Witt COCCA against Lane Lane Wins COCCA and it's Dismissed, L a n e D e n i e d C o u n t e r c l a i m D u e  P r o c e s s  a s | 17-cv-31212 | 2017 |

| | | Pro se | | |
|---|---|---|---|---|
| Witt | | Witt C7 17-17630-MER Allegedly to Deny Lane Due Process and Obstruct Justice | 17-17630-MER | 2017 |
| Witt | Lane | Witt C7 17-17630-MER Adversary Proceeding | 17-1548-MER Lane denied Access to Bankruptcy Court Proceeding against Witt | 2017 |
| Witt | Lane | Witt COCCA v. Lane Counterclaim Lane Appeals for Judicial Notice | 18SA6 in re 17-cv-31212 | 2018 |
| Witt | Lane | Witt Replevin v. Lane Alleged to Obtain Evidence of Witt Mortgage Fraud Documents Under Order from Bankruptcy Court; Witt Expresses Intent to Destroy Evidence in a Pending Proceeding | 19-cv-30951 | 2019 |
| Witt | Lane | Witt Replevin v. Lane Lane Appeals Fraud and Alleged Destruction of Evidence in a Pending Proceeding by Witt and Seeks Judicial Notice | 9CA656 in re 19-cv-30951 | 2019 |
| Witt | Lane | Witt Replevin v. Lane Lane Appeals Fraud and Destruction of Evidence in a Pending Proceeding and Requests Judicial Notice | 20SC516 in re 19-cv-30951 | 2020 |

59

| | | | | |
|---|---|---|---|---|
| Witt | Lane | Witt Replevin v. Lane Lane Appeals Fraud and Destruction of Evidence in a Pending Proceeding and Requests Judicial Notice | 20SA218 in re 19-cv-30951 | 2020 |
| Witt | Lane | Witt Replevin v. Lane Lane Appeals Fraud by Witt as a Pro se Litigator and Requests Judicial Notice when Witt Admits to Destruction of Evidence in a Pending Proceeding and Witt's Intent to Violate Lane's Civil Rights to Due Process | 20CA1068 in re 19-cv-30951 | 2020 |
| Lane | Witt | Witt C7 17-17630-MER Lane files Adversary Proceeding for Manifest Fraud with Manifest Intent for Admitting to Destruction of Evidence in a Pending Proceeding to Violate Lane's Civil Rights to Due process; Bankruptcy Court Identifies 7 Lane Claims Against Defendants as Triable Issues | 21-001100-MER in re 17-1548-MER | 2021 |
| Lane | Witt | Witt C7 17-17630-MER in re 21-001100-MER; Lane Appeals Clerical Procedural Error and Claims Manifest Fraud of Vendetta on the | BAP No. CO 22-007 in re 21-001100-MER | 2022 |

| | | | | | |
|---|---|---|---|---|---|
| | | Bankruptcy Court | | | |
| Lane | Witt | Witt C7 17-17630-MER in re 21-001100-MER; Lane Appeals Manifest Fraud of Vendetta on the Bankruptcy Court and Clerical Procedural Error | 10th Circuit 23-1035 | | 2023 |
| Lane | Witt | SCOTUS - Lane files Petition for Manifest Fraud of Vendetta and Review of Judicial Discretion in Denying Lane Due Process for a Clerical Procedural Error, Witt Parties, Livenick Parties, and Buechler Parties Waive Right to Reply and Correct Lane's Petition | 23-1336 | | 2023 |

86. **Chart B – Graphic of Litigation History Shown by Case Number, Date, and Attorneys' Manifest Fraud of False Testimony and Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) By Defendants**

| Chart B - Graphic of Litigation History Shown by Case Number, Date, and Attorneys' Manifest Fraud of False Testimony and Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) By Defendants | | | | | | |
|---|---|---|---|---|---|---|
| Showing Witt Attorneys and Lane's Former Attorneys Representing Witt without Lane's Authorization to Represent Witt in Related Trial Court Cases 2008 to 2023 | | | | | | |
| Witt | Lane | Cause of Action | 20 Related Cases and Case Number | Year | 20 Related Cases Where Witt is Represented by | 20 Related Cases Showing Lane Attorneys |

| | | | | | Lane Former Attorneys | |
|---|---|---|---|---|---|---|
| Witt | Lane | Witt alleged Mortgage Fraud on Lane | Lane's Personal Guarantee of $12 million dollars to Witt | 2008 | | Rechlitz Law P. C. |
| Witt | | Witt, CCI C11 to Allegedly Conceal Witt Alleged Mortgage Fraud on Lane | 09-17238-MER | 2009 | | Miller Parties, and Merrick Parties |
| Witt | | Witt, CCI/CCIF C11to Allegedly Conceal Witt's Mortgage Fraud on Lane | 09-17437-MER | 2009 | | Miller Parties, and Merrick Parties |
| Witt | Lane | Witt/CCI C11 Adversary Proceeding v. Lane | 09-1530-MER | 2009 | | Miller Parties, and Merrick Parties |
| Witt | Lane | Witt, CCI C11 Banks sue Witt for Mortgage Fraud | 1:09-cv-00724-WDM-MEH | 2009 | | Miller Parties, and Merrick Parties |
| Witt | | Witt/CCI C11 in re 1:09-cv-00724-WDM-MEH | 11-1251-MER | 2011 | | Miller Parties, and Merrick Parties |

| | | | | | |
|---|---|---|---|---|---|
| Witt | | Witt C7 11-11413-MER | 11-11413-MER | 2011 | | Miller Parties, and Merrick Parties |
| Lane's | | C-7 | | 2013 | Not A Related Case [17] |
| Witt | Lane | Witt RICO Lane Wins Dismissed | 16-cv-01303-KMT | 2016 | | Lane Pro se Miller Parties, and Merrick Parties |
| Witt | Lane | Witt COCCA Lane Wins Dismissed | 17-cv-31212 | 2017 | | Lane Pro se Miller Parties, and Merrick Parties |
| Witt | | Witt C7 17-11705-MER | 17-11705-MER | 2017 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | | Witt C7 17-17630-MER | 17-17630-MER | 2017 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt C7 17-17630-MER Adversary Proceeding | 17-1548MER | 2017 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt COCCA Lane Counter Claim | 18SA6 in re 17-cv-31212 | 2018 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt Replevin v. Lane | 19-cv-30951 | 2019 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |

---

[17] Lane's C-7 is a settled matter and not a related case.

| | | | | | | |
|---|---|---|---|---|---|---|
| Witt | Lane | Witt Replevin v. Lane Appealed | 19CA656 in re 19-cv-30951 | 2019 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt Replevin v. Lane Appealed | 2020SC516 in re 19-cv-30951 | 2020 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt Replevin v. Lane Appealed | 2020SA218 in re 19-cv-30951 | 2020 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Witt | Lane | Witt Replevin v. Lane Appealed | 20CA1068 in re 19-cv-30951 | 2020 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |
| Lane | Witt | Witt C7 17-17630-MER Adversary Proceeding | 21-001100-MER in re 17-1548-MER | 2021 | Witt uses Lane Former Attorneys: Miller Parties, and Merrick Parties | Lane Pro se |

Intentionally Blank

87. **Chart C – Manifest Intent to Commit Manifest Fraud on the Bankruptcy Court in the Representation of Defendants by Lane's Former Attorneys in Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b)**

| Chart C – Manifest Intent to Commit Manifest Fraud on the Bankruptcy Court in the False Testimony of Lane's Vendetta Against Witt including the Identification of Lane's Former Attorneys Representing Witt in Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) | | | | |
|---|---|---|---|---|
| Party | Court | 20 Related Cases and Case Number | Year | **20 Related Cases** <br><br> **Lane's Attorneys, Lane's Former Attorneys Representing Witt without Lane's Authorization, and the False Testimony of Vendetta** |
| **Witt** | | Witt Alleged Mortgage Fraud <br><br> Lane's Personal Guarantee of $12m to Witt | 2008 | | Miller & Law, <br><br> Glenn Merrick & Associates |
| 2009 - 2021: 20 Related Cases of Witt Litigation Includes 8 Related Cases Before the Bankruptcy Court <br> 09-17238-MER, 09-17437-MER.  09-1530-MER, in re 1:09- cv-00724-WDM-MEH 11-1251-MER, 11-11413-MER, 17-11705-MER. 17-17630-MER, 17-1548-MER, and 21-0001100-MER | | | | |
| | **Court** | **Case** | **Year** | **Former Attorneys Representing Lane and Witt Attorneys Use of the False Testimony of the Gaslight and False Narrative of Lane's Vendetta Against Witt** |
| **Witt** | BK Court MER | 09-17238-MER | 2009 | Witt C11 of CCI, Lane represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court MER | 09-17437-MER | 2009 | Witt C11 of CCI Funding 1, LLC Special Purpose Entity, Lane Represented by Miller Parties and Merrick Parties |

| | | | | |
|---|---|---|---|---|
| **Witt** | BK Court MER | 09-17238-MER, 09-437-MER, O9-1530-MER | 2009 | Witt Adversary Proceeding Against Lane, Lane Represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court Mer | 1:09-cv-00724- WDM-MEH, in re 1:09- cv-00724-WDM-MEH 11-1251-MER | 2009 and 2011 | Witt's alleged Mortgage Fraud and Insurance Fraud, Bankruptcy Court and Federal District Court, Lane Represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court Mer | Witt C7  11-11413-MER | 2011 | Lane Represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court MER | 09-17238-MER, 09-17437-MER, 17-11705-MER | 2017 | Adversary Proceeding Witt Represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court MER | 17-17630-MER | 2017 | Witt C7 Witt Represented by Miller Parties and Merrick Parties |
| **Witt** | BK Court MER | 17-17630-MER Witt C7, 17-1548-MER | 2017 and 2021 | Adversary Proceeding, Lane Denied Due Process by Bankruptcy Court, Lane's Former Attorneys Advise Witt, Witt Parties' 1st use of False Testimony Vendetta, Notice to Courts of Witt 's Vindictive Accusations, and Notice to Court of Witt's Admission to Destruction of Evidence of Alleged Mortgage Fraud with Witt's Statement of Manifest Intent to Violate Lane's Civil Rights |
| **Witt** | CO Supreme Crt | 19-cv-30951, 18SA6 | 2019 | Judicial Notice of Witt's Alleged Manifest Fraud and Alleged Intent to Tamper with and Cause Spoliation of Evidence in a Pending Proceeding |
| **Witt** | Distr Ct CO Jeffco | 19-cv-30951 | 2019 | Witt Replevin filed Upon Receipt of MER Order to Lane to Release Alleged Mortgage Fraud Evidence to Witt, Lane Advises Bankruptcy Court of Witt's Alleged Intent to Tamper with and Cause Spoliation of Evidence in a Pending Proceeding |
| **Witt** | CO Appellate Court | 19-cv-30951, 19CA656 | 2019 | Appeal of Replevin by Lane, Lane Presents Witt 's Alleged Statement to Tamper with and Cause Spoliation of Evidence in a Pending Proceeding and Destroy the Evidence of Witt's Alleged |

| | | | | |
|---|---|---|---|---|
| | | | | Mortgage Fraud on Lane including Witt's Manifest Intent to Violate Lane's Civil Rights. Lane's Former Attorneys Miller Parties, and Merrick Parties Represent Witt without Lane's Authorization |
| **Witt** | CO Sup. Crt. | 19-cv-30951, 2020SA218 | 2020 | Writ of Certiorari Question re Pro se Access to ICCES Being Denied to Lane, Lane's Former Attorneys Miller Parties and Merrick Parties Advise Witt without Lane's Authorization |
| **Witt** | CO Supreme Court | 2020SC516 | 2020 | Writ of Certiorari Denial of Pro se Access to Electronic Notification, Lane's Former Attorneys Miller Parties and Merrick Parties Advise Witt without Lane's Authorization |
| **Witt** | CO Appellate Court | 20CA1068 | 2020 and 2021 | Appeal 1) 2021 Cross Motion re Witt's Admission of Manifest Intent to Commit Manifest Fraud and Cause Tampering with and Spoliation of Evidence by Destruction of Evidence in a Pending Proceeding, 2) Witt's stated Manifest Intent to Violate Lane's Civil Rights, 3) Lane's Objection to Withdrawal of Law One due to Witt's Stated Intent to Commit Manifest Fraud as Witt Pro se Enters His Appearance as a Pro se Litigator, 4) Lane's first Notice of the then 15 Related Witt Cases, and 5) Lane's Former Attorneys Miller Parties and Merrick Parties Represent Witt without Lane's Authorization |
| **Witt** | BK Court MER | In re 17-17630 | 2020 | False Testimony and Witt's Vindictive Accusation Contained in His May 15, 2020 Email to Lane's Former Attorneys including Witt's Defamation, Slander, and Libel of Lane, and Witt's Direction to Defendants Attorneys to Financially Destroy Lane |
| **Witt** | BK Court MER | In re 17-17630 and 2020CA1068 | | False Testimony of Vendetta and Witt as His own Pro se Litigator in 2020CA1068 failure to Deny 1) Destroying Evidence in a Pending Proceeding, 2) Witt's Alleged Mortgage Fraud on Lane, and 3) Lane's Former Attorneys Miler Parties and Merrick Parties Representing Witt without Lane's Authorization |

| | | | | |
|---|---|---|---|---|
| **Witt** | BK Court MER | 17-17630-MER Witt C7, Adversary Proceeding 21-001100-MER | 2021 | False Testimony by Witt and Witt's 4/30/21 Vindictive Accusation Email to Village Idiot (Lane), "read it and weep asshole", Lane's Former Attorney Miller Parties and Shaun Christensen Miller & Law, and Shaun Christensen as ALC Parties, and Merrick Parties' Evidence of Representing Witt without Lane's Authorization when Miller Parties and ALC Parties, Shaun A. Christensen emails Lane's Former Attorneys, "I am pleased to send you, judgement in your favor" against Lane |
| **Lane** | BK Court MER | 17-17630-MER Witt C7, Adversary Proceeding 21-001100-MER | 2021 | Complaint – Manifest Fraud by Defendants, Lane's Former Attorneys 1) Violate Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b), 2) Advise Witt without Lane's Authorization, and 3) Witt makes Vindictive Accusations Against Lane, 4) Witt's Admission to Tampering with and Spoliation to Cause Destruction of Evidence in a Pending Proceeding and 5) Witt's Manifest Intent to Violate Lane's Civil Rights |
| | BK Court MER | 17-17630-MER Adv Proc 21-001100-MER | | False Testimony of Vendetta and Witt Identifies 15 Co-Conspirators in Witt's Manifest Fraud on the Bankruptcy Court and Witt's Manifest Intent to Violate Lane's Civil Rights, "Hi Noelle, there are 15 (Attorneys and Defendants) waiting to hear about...your constitutional rights" |
| | BK Court MER | 17-17630-MER Witt C7, Adversary Proceeding 21-001100-MER | 2021 | Defendants' Manifest Fraud and False Testimony of Lane's Vendetta Against Witt, Defendants Use of Manifest Fraud and Violation of Fed. R. Civ. P. 1. and Fed. R. Civ. P. 11(b) to Sway the Bankruptcy Court to Order Sanctions Against Lane for filing 21-001100-MER in Contravention of the Evidence of 1) Witt's Admission to Tampering with Evidence of the Record and Witt's Admission to Tampering with and Spoliation to Cause Destruction of Evidence in a Pending Proceeding following the 4/13/21 Confirmation of AARM's release of the Evidence to Witt, "The records released to Witt 8/6/2020, 2) Witt's Admission to Destroying the Evidence of His Alleged Mortgage Fraud in October 2020 6 mons. Prior to Witt's Written Admission on 4/13/21 to Destroying the Evidence of His Mortgage Fraud on Lane 5 Months after Witt's Directions to the Defendants on 5/15/20 to Destroy Lane. |

| | BK Court MER | 17-17630-MER Adv Proc 21-001100-MER | | 2021 | False Testimony, Manifest Fraud on the Bankruptcy Court Admitted in Witt's June 23, 2021 Threat to Destroy Lane for filing 21-001100-MER, and Witt's Confirmation in His 2020 Email to Defendants and Lane's Former Attorneys to Destroy Lane | |
|---|---|---|---|---|---|---|
| Lane | | Witt C7 17-17630-MER Adversary Proceeding | 21-001100-MER  in re 17-1548-MER | 2021 | Witt Represented by My Former Attorneys Miller Parties and Merrick Parties including Shaun A. Christensen as ALC Parties Representing Witt and Shaun A. Christensen as Miller Parties Representing Witt without Lane's Authorization | Lane In Pro se, |
| Lane | | C7 17-17630-MER Adversary Proceeding Appealed | BAP No. CO 22-07 in re 21-001100-MER | 2022 | Manifest Fraud of the False Testimony of Lane's Vendetta Against Witt stated in Pleadings by Witt Parties, Livenick Parties and Buechler Parties | Lane In Pro se, |
| Lane | | Witt C7 17-17630-MER Adversary Proceeding Appealed | 10th Circ23-1035 in re BAP CO 22-07 in re 21-001100-MER | 2023 | Manifest Fraud of the False Testimony of Lane's Vendetta Against Witt Stated Under Oath in the Replies of Witt Parties, Livenick Parties, and Buechler Parties | Lane In Pro se |
| Lane | | Witt C7 17-17630-MER Adversary Proceeding 21-001100-MER | Petition to SCOTUS, 23-1336 | | Witt Parties and Livenick Parties Waive Their Rights to Reply to Lane's Evidence from the Records of the Courts presented to SCOTUS in 23-1336's Background History, Narratives, and Graphic Charts of Defendants' Manifest Fraud with Manifest Intent to Deny Lane Due Process and Violate | Lane In Pro se |

| | | | | Lane's Civil Rights as Stated in Lane's Petition to SCOTUS | |
|---|---|---|---|---|---|

## ARGUMENT

88. Pages 1 – 69 inclusive and Paragraphs 1 through 87 are incorporated herein by reference.

89. My Argument for re-opening 21-001100-MER is based on newly discovered evidence pursuant to 11 U.S.C. § 350(b) (Relief for Other Cause); Fed. R. Civ. P. 60(b) (Incorporated via Bankruptcy Rule 9024) (Newly Discovered Evidence); and Rule 60(b)(2) and is made within the 12 month threshold for newly discovered evidence of false testimony in manifest fraud with manifest intent as defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290, *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994), and codified in 28 U.S.C. App. Fed. R. Civ. P. Rule 1 and by Violating 28 U.S.C. App. Fed. R. Civ. P. Rule 11(b) which Fraud on the Court is made by Witt Parties and Livenick Parties and affirmed by their waiver of their right to reply to Lane's petition in 23-1336 and SCOTUS's ruling in 23-1336 which waiver allowed their false testimony to stand uncorrected and to be entered as evidence in the Record of SCOTUS (*See* Exhibit 2).

90. Further, Buechler Parties entered under Does, allowed their false testimony in the gaslight and false narrative of Lane's vendetta against Witt, a Fraud on the Bankruptcy Court, a Fraud on the BAP, a Fraud on the 10th Circuit, and a Fraud on SCOTUS to be entered into evidence of the Record of SCOTUS when they waived their right to reply to Lane's Petition in 23-1336 and in waiver affirmed that they violated 28 U.S.C. Fed. R. Civ. P. Rule 1 and together Witt Parties, Livenick Parties, and Buechler Parties committed Fraud on the Court as defined in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents*

*of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional

Law 640); and *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290, *People ex Rel. Brzica v.*

*Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994), and codified

in 28 U.S.C. App. Fed. R. Civ. P. Rule 1 and by Violating 28 U.S.C. App. Fed. R. Civ. P. Rule

11(b) (*See* Exhibit 2).

91. My underlying argument for re-opening 21-001100-MER is made *infra* in my answers

to the issues raised in Threshold Matters *supra* and are as follows *infra*.

92. My underlying argument is made in the precedents for Fraud on the Bankruptcy Court as

Fraud on the Court is defined *infra* and thus my conclusion in argument is that the orders of the

Bankruptcy Court including the Order(s) for Dismissal and the Order(s) for Sanction are null and

void and no statute of limitations applies because Defendants committed Fraud on the Bankruptcy

Court in false testimony directly and by omission  for requesting dismissal in lieu of answering

21-00-1100-MER and as defined in:

    a.  *Kenner v. C.I.R.*, 387 F.3d 689 (1968);

       "A decision produced by fraud upon the court is not in essence a decision at all, and

       never becomes final."

    b.  *Kiugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985);

       "Judgment is a void judgment if court that rendered judgment lacked jurisdiction of

       the subject matter, or of the parties, or acted in a manner inconsistent with due

       process,"

    c.  *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th

       300, 58 P.3d 339.Constitutional Law 640);

"Every constitutional provision is self-executing to the extent that everything done in violation of it is void."

d. *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286, 290;

"Fraud destroys the validity of everything into which it enters,"

e. *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994)

"Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court."

93. My underlying argument is made in Defendants' by and through their attorneys' including Buechler Parties and Witt as a pro se litigator in 2020CA1068, in their manifest fraud on the Bankruptcy Court by violating:

a. Fed. R. Civ. P. 1. United States Courts

"to secure the just, speedy, and inexpensive determination of every action and proceeding.", and

b. 28 USC App. Fed. R. Civ. P. 11(b)(1)(2)(3) and (4). United States Courts

"Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

94. My underlying argument against Shaun A. Christensen as Miller Parties, and Shaun A. Christensen as ALC Parties, and ALC Parties, now entered as Does is found in Paragraphs 1 through 87 and in Argument and incorporated herein by reference (*See* Page 54, Paragraph 83.k.2).

95. My underlying argument against Defendants and Does is found in the precedents for manifest fraud on the Bankruptcy Court with manifest intent as Fraud on the Court is defined in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) when manifest fraud is used to sway a court, here the Bankruptcy Court, to apply judicial discretion improperly and deny any litigant including pro se litigants without the financial resources to obtain expert counsel, due process in violation of their 5th and 14th Amendment rights.

96. My address to the issues raised in Threshold Matters is as follows:

a. Paragraph 36 – Yes, all litigants including self -represented litigants are bound pursuant to 28 U.S.C. App. Fed. R. Civ. P. 1 all officers of the court including judicial officers

and those self-represented are bound by oath of office to comply with 28 U.S.C. App.
Fed. R. Civ. P. Rule 11

b. Paragraph 37 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court in false testimony as defined *supra* (*See* Opinions*)*.

c. Paragraph 38 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court in false testimony as defined *supra* (*See* Page 51, and Paragraph 81.a.b.c.d.).

d. Paragraph 39 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court in false testimony as defined *supra*.

e. Paragraph 40 – Yes, the Bankruptcy Court erred when the Bankruptcy Court was swayed by Fraud on the Court in direct false testimony and by omission in false testimony as defined *supra* and influences to sway the Courts (*See* Page 51, Paragraph 81.a.b.c.d.).

f. Paragraph 41 – the Bankruptcy Court was swayed by Fraud on the Court in false testimony as defined *supra*.

g. Paragraph 42 – Yes, the Bankruptcy Court erred when the Bankruptcy Court was swayed by Fraud on the Court in direct false testimony and by omission in false testimony as defined *supra*.

h. Paragraph 43 – Yes, the Bankruptcy Court erred when the Bankruptcy Court was swayed by Fraud on the Court by false testimony in omission and in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra*.

i. Paragraph 44 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.*, 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court and in false testimony as defined *supra (See* Opinions *supra*).

j. Paragraph 45 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.*, 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court and in false testimony as defined *supra (See* page 51, Paragraph 81.a.b.c.d.).

k. Paragraph 46 – pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.*, 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra.*

l. Paragraph 47 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.*, 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants in violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra.*

m. Paragraph 48 – Yes, the Bankruptcy Court erred when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants in violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra*.

n. Paragraph 49 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra*.

o. Paragraph 50 – Yes, the Bankruptcy Court erred pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11, as defined *supra*.

p. Paragraph 51 – Yes, the Bankruptcy Court erred when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra*.

q. Paragraph 52 – No, there is no statute of limitations when a litigant commits Fraud of the Court and each order or ruling is null and void pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra*.

r. Paragraph 53 – No, there is no statute of limitations when a litigant commits Fraud of the Court and each order or ruling is null and void pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra.*

s. Paragraph 54 – Yes, the Buechler Parties committed manifest fraud with manifest intent in 23-1035 when they knowingly advocated and advanced the false testimony of Lane's vendetta against Witt in gaslight and false narrative pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in false testimony by omission in Defendants including Does violation of 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra.*

t. Paragraph 55 – Yes, Witt's and Defendants' including Witt Parties and Livenick Parties and their respective attorneys' including Buechler Parties in direct and by omission false testimony, violated Fed. R. Civ. P. 1 and Fed. R. Civ. P. Rule 11(b)(1)(2) and (3) when they failed to disclose to the Bankruptcy Court that the Miller Parties, the Merrick Parties including Christensen as both Miller and Law and Christensen as ALC, were representing Witt in violation Rules of Professional Conduct including Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3) (*See supra*). Further, the Witt Parties, Livenick Parties, Merrick Parties, Miller Parties, ALC Parties, and Buechler Parties committed manifest fraud with manifest intent in 21-001100-MER

when they knowingly advocated and advanced the false testimony of Lane's vendetta against Witt in gaslight and false narrative and Christensen and ALC Parties advanced false testimony in support of Witt in affidavit that Witt's admission to tampering with evidence to cause spoliation and violate Lane's civil rights was a misstatement and thus is manifest fraud on the Bankruptcy Court with manifest intent pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944) when the Bankruptcy Court was swayed by Fraud on the Court as defined *supra* and in direct false testimony by omission in false testimony defined *supra* denied Lane due process with manifest intent to violate Lane's civil rights as guaranteed in the 5th and 14th Amendments.

u. Paragraph 56 – Yes, all officers of the court including judicial officers are bound by 28 U.S.C. App. Fed. R. Civ. P. Rule 1 and must consider accommodation to judicial discretion to provide fair hearing to all litigants including pro se litigants when the evidence of the Record of the Bankruptcy Court shows clear evidence of Fraud on the Court pursuant to precedent set in *Bronson v. Schulten,* 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.,* 322 U.S. 238 (1944), Fraud on the Court as defined *supra,* and in direct false testimony and by omission in false testimony when Defendants violated 28 U.S.C. App. Fed. R. Civ. P. Rule 1 as defined *supra* and in violation 28 U.S.C. App. Fed. R. Civ. P. as defined *supra* and in manifest Fraud on the Court as defined *supra,* denied Lane due process with manifest intent to violate Lane's civil rights as guaranteed in the 5th and 14th Amendments.

97. Paragraph 57 – No rulings by the Bankruptcy Court or the BAP or the 10th Circuit are issued on the issue of manifest fraud or manifest intent to commit fraud on the Bankruptcy

Court by Defendants, Does, and their attorneys. The appeal orders in 22-07 and 23-1035 ruled only on the matter of my clerical procedural error. No ruling was made by the Bankruptcy Court or Courts to address:

a. Ruling on or scheduling a hearing on the evidence of Defendants' manifest fraud on the Bankruptcy Court and the Courts when they violated 28 U.S.C. App. Fed. R. Civ. P. 1. and 28 U.S.C. App. Fed. R. Civ. P. 11(b), or

b. Ruling on or scheduling a hearing on the evidence of the Records in 22-001100-MER, 22-07, 23-1035, and 23-1336 as presented by Lane in his narratives of the Background History and the evidence showing the Defendants' manifest fraud with manifest intent to defame Lane with vindictive accusations (*See* Page 52, Paragraph 82), or

c. Ruling on or scheduling a hearing on Defendants' failure to reply to or offer corrections to Lane's Background History narratives or Lane's graphic Charts presentation of the evidence of Defendants' manifest fraud on the Courts in 22-07, 23-1035, or 23-1336 (*See* Waivers Exhibit 2), or

d. Ruling on or scheduling a hearing on the Defendants' failure to answer 21-001100-MER directly or by omission and in the alternative seeking only dismissal, or

e. Ruling on or scheduling a hearing to review the evidence of manifest fraud on the Bankruptcy Court and Courts, when Witt Parties and Buechler Parties testified to the Bankruptcy Court and the Courts against Lane in the false testimony of Lane's Vendetta against Witt (See Exhibit 1), or

f. Ruling on or scheduling a hearing on the Bankruptcy Court's application of judicial discretion to deny Lane a just hearing on the evidence of the Records in 21-001100-MER (*See* Page 51, Paragraph 81.a.b.c.d.) or

g.  the BAP's or the Tenth Circuit's decision not to address denial of Lanes 5th and 14th Amendment rights to due process through the application of judicial discretion in 21-001100-MER, 22-07 and 23-1035, therefore

v.  Lane's Motion to re-open 21-001100-MER is ripe for hearing the evidence in the Record of 21-001100-MER clearly showing Defendants, Does, and their attorneys manifest Fraud on the Court with manifest intent pursuant to precedent set in *Bronson v. Schulten*, 104 U. S. 410, (1881) versus *Hazel-Atlas Glass Co. v Hartford-Empire Co.*, 322 U.S. 238 (1944), Fraud on the Court as defined *supra* and in direct false testimony and by omission in false testimony when Defendants including Does violated 28 U.S.C. App. Fed. R. Civ. P. Rule 1 as defined *supra*, and in violation 28 U.S.C. App. Fed. R. Civ. P. Rule 11 as defined *supra* and in manifest Fraud on the Court as defined *supra*, denied Lane due process with manifest intent to violate Lane's civil rights as guaranteed in the 5th and 14th Amendments.

### SUMMARY OF MOTION TO RE-OPEN 21-001100-MER

In summary of Lane's Motion to Re-open 21-001100-MER based on the precedents established by State and Federal District Courts including precedents set or affirmed by SCOTUS as cited *supra*, and in summary of the evidence of the Record in 21-001100-MER, and the Records of my appeal in BAP, 10th Circuit, and my petition in SCOTUS (*See* Exhibit 4):

98. The Defendants and their attorneys including Witt Parties, Livenick Parties, and Buechler Parties committed manifest fraud on the Bankruptcy Court in 21-001100-MER when they made false testimony of Lane's vendetta against Witt under oath to sway the Bankruptcy Court and influence its judicial discretion in false testimony as defined in precedent set in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of*

*University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290; *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) for the purpose to deny Lane due process and just hearing on the evidence.

99. Pursuant to precedent in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290; *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) there is no statute of limitations for fraud on the court as the orders issued in fraud on the court are null and void and every order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court (*See supra*).

100. Pursuant to precedent in *Kenner v. C.I.R.*, 387 F.3d 689 (1968); *Kiugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Katzberg v. Regents of University of California* (2002) 127 Cal.Rptr.2d 482, 29 Cal.4th 300, 58 P.3d 339 .Constitutional Law 640); *Nudd v. Burrows* (1875), 91 US 426, 23 Led 286,290; *People ex Rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420,425, 644 N.E.2d 66 (Ill. App. Ct. 1994) the Bankruptcy Court's orders of dismissal in 21-001100-MER and the Bankruptcy Court's orders of sanctions against Lane are null and void.

101. Defendants committed manifest fraud on the Bankruptcy Court when they violated 28 U.S.C. App. Fed. R. Civ. P. Rule 1 and 28 U.S.C. App. Fed. R. Civ. P. Rule 11 and failed to disclose to the Bankruptcy Court their representation of Witt and their knowledge of the evidence contained in the records of the Related Cases as evidenced by their violation of the Rules of

Professional Conduct, Rule 3.3, Rule 4.1, and 37 CFR 11.103, C.R.P.C. and M.R.P.C. Rule 1.2, Rule 1.7, Rule 1.9, and Restatement of Law Governing Lawyers §14 and § 16(3).

102.   Defendants gave manifest false testimony with manifest intent to sway the Bankruptcy Court against Lane and influence the Bankruptcy Court to apply its judicial discretion and deny Lane due process in its orders of dismissal of 21-001100-MER and its orders of sanctions against Lane, and in their manifest fraud on the Bankruptcy Court to sway the Bankruptcy Court in false testimony and influence it to deny Lane just hearing when they violated 28 U,S.C. Fed. R. Civ. P. 1 and caused the Bankruptcy Court to advise Lane to pursue his 7 triable claims made in 21-001100-MER in State District Court rather than in the Bankruptcy Court in which

a. Witt first committed fraud on the court in 09-17238-MER and fraud against Lane in 09-17238-MER, 09-437-MER, Adversary Proceeding O9-1530-MER and 1:09-cv-00724-WDM-MEH, in re 1:09- cv-00724-WDM-MEH 11-1251-MER as is affirmed in a preponderance of evidence in testimony under oath in the Records of the BAP and the Record of the 10th Circuit and affirmed in the Record of SCOTUS in Witt Parties and Livenick Parties waiver of reply to Lane's petition 23-1336 (*See* Waivers Exhibit 2). And further, affirmed in Witt's testimony under oath that Witt caused tampering and spoliation of the evidence  of his mortgage fraud on Lane in a pending proceeding for the purpose to deny Lane due process and violate Lane's civil rights.

## CONCLUSION

**Wherefore**, for all the reasons set forth in the paragraphs and pages identified above and incorporated by reference herein, Lane respectfully requests this Court to grant his Notice of Motion and Motion to Re-Open 21-001100-MER.

Respectfully submitted,

Noel West Lane III, In Pro Se
1060 Ingalls Street
Lakewood, CO 80214

#### **Counsel for the Plaintiff**

Plaintiff In Pro se:
Noel West Lane III
In Pro Se

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2025 I mailed a copy Plaintiff's Notice of Motion and Motion Pursuant to 11 U.S.C. § 350(b) (Relief for Other Cause); Fed. R. Civ. P. 60(b) (Incorporated via Bankruptcy Rule 9024) (Newly Discovered Evidence); and Rule 60(b)(2) Respectfully Requests to Re-Open 21-001100-MER and Show Cause from the Record of New Evidence that Matthew Curtis Witt, His Attorneys, and Defendants Committed Manifest Fraud on the United States Bankruptcy Court District of Colorado with Manifest Intent to Deny Plaintiff Due Process and Violate Plaintiff's 5th and 14th Amendment Rights, a Civil Rights Violation Motion was served via US Mail to the following parties and hand delivered to the Clerk of the Court:

| **Attorneys for** | **Attorneys and Address** |
| --- | --- |
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |
| Trustee | Tom H. Connolly<br>950 Spruce Street, Suite 1C<br>Louisville, Colorado 80027 |

Defendant

83

1.   Matthew Curtis Witt
2792 Greatwood Way,
Highlands Ranch, Colorado 80126, and

Defendants:

2.   Silver Leaf Mortgage, Inc.
6972 S. Vine St #366,
Centennial, CO 80122.

3.   Matthew Curtis Witt, President and Sr. Loan Officer
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

4.   Nicole Witt
Silver Leaf Mortgage
6972 S. Vine St #366
Centennial, CO 80122.

5.   Torrey Livenick
730 17th St Ste 900,
 Denver, CO 80202.

6.   Torrey Livenick, Esq.
730 17th St Ste 900,
Denver, CO 80202.

7.   Livenick Law
730 17th St Ste 900,
Denver, CO 80202.

8.   Miller & Law P. C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

9.   David B. Law,
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

10. David B. Law
1900 West Littleton Boulevard,
 Littleton, Colorado 80120.

11. Shaun A. Christensen, Miller & Law P.C.

1900 West Littleton Boulevard,
Littleton, Colorado 80120.

12.  Shaun A. Christensen,
1900 West Littleton
Boulevard, Littleton, Colorado 80120.

13. Appel, Lucas & Christensen, a professional corporation
1624 Market Street, Suite 310
Denver, Colorado 80202

14.  Shaun A. Christensen,
1624 Market Street, Suite 310,
Denver, Colorado 80202

15. David Oppenheimer
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

16. David Oppenheimer,
Miller & Law P.C.
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

17. David Oppenheimer,
David S. Oppenheimer Law
1900 West Littleton Boulevard,
Littleton, Colorado 80120.

18. Glenn W. Merrick
5360 Preserve Parkway, South,
Greenwood Village, Colorado 80121.

19. Glenn Merrick & Associates
6300 S. Syracuse Way, Suite 220
Greenwood Village, CO 80111.

20. Glenn W. Merrick,
Merrick, Shaner, and Bernstein LLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237.

21. Buechler Law Office LLC,
999 18th Street, Suite 1230 S,
Denver, CO 80202.

22. Kelsey Jamie Buechler,
999 18th Street, Suite 1230 S,
Denver, CO 80202.

23. Michael Lamb,
999 18th Street, Suite 1230 S,
Denver, CO 80202.

24. Defendant Five (5) Does

Exhibits 1, 2, 3, 4

## UNITED STATES BANKRUPTCY COURT
### District of Colorado

| | |
|---|---|
| In re:    MATTHEW CURTIS WITT | Case No. |
| | 17-17630-MER |
| Debtor. | |
| | Chapter |
| Address:    2792 Greatwood Way | 7 |
| Highlands Ranch, CO 80126 | |
| | |
| | |
| SSN:    XXX-XX-4130 | |
| | |
| | |
| NOEL WEST LANE III | |
| Plaintiff | Adv. Proc. No. |
| | 21- 001100- MER |
| MATTHEW CURTIS WITT, DEFENDANT, | |
| AND | |
| MATTHEW CURTIS WITT, PRESIDENT AND SR. | |
| LOAN OFFICER, SILVER LEAF MORTGAGE, INC. | |
| SILVER LEAF MORTGAGE, INC. | |
| NICOLE WITT | |
| NICOLE WITT, OWNER SILVER LEAF | |
| MORTGAGE, INC. | |
| TORREY LIVENICK | |
| TORREY LIVENICK, ESQ. | |
| LIVENICK LAW | |
| MILLER & LAW P.C. | |
| DAVID B. LAW | |
| DAVID B. LAW, MILLER & LAW P.C. | |
| SHAUN A. CHRISTIENSEN, MILLER & LAW P.C. | |
| SHAUN A. CHRISTENSEN,  APPEL, LUCAS & | |
| CHRISTENSEN  P.C. | |
| SHAUN A. CHRISTENSEN | |
| DAVID OPPENHEIMER | |
| DAVID OPPENHEIMER, MILLER & LAW P.C. | |
| DAVID OPPENHEIMER, DAVID S. OPPENHEIMER | |
| LAW | |
| GLENN MERRICK | |
| GLENN MERRICK & ASSOCIATES | |
| GLENN MERRICK, MERRICK, | |
| BERNSTEIN, SHANER, LLC | |
| BUECHLER LAW OFFICE, LLC, | |

87

KELSEY JAMIE BUECHLER
MICHAEL LAMB , and

5 Does

Defendants

---

**PROPOSED ORDER GRANTING PLAINTIFF NOEL WEST LANE III'S PRO SE NOTICE OF MOTION AND MOTION PURSUANT TO 11 U.S.C. § 350(b) (RELIEF FOR OTHER CAUSE); FED. R. CIV. P. 60(b) (INCORPORATED VIA BANKRUPTCY RULE 9024) (NEWLY DISCOVERED EVIDENCE) AND RULE 60(b)(2) TO RE-OPEN 21-001100-MER DUE TO NEWLY DISCOVERED EVIDENCE IN THE RECORD OF UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO, THE RECORD OF THE UNITED STATES BANKRUPTCY APPLELATE PANEL OF THE TENTH CIRCUIT, THE RECORD OF THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT, AND THE RECORD OF THE SUPREME COURT OF THE UNITED STATES THAT MATTHEW CURTIS WITT, HIS ATTORNEYS, AND DEFENDANTS COMMITTED MANIFEST FRAUD ON THE UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO WITH MANIFEST INTENT TO DENY PLAINTIFF DUE PROCESS AND VIOLATE PLAINTIFF'S 5TH AND 14TH AMENDMENT RIGHTS BY COMMITTING FRAUD ON THE COURT AS DEFINED IN KENNER V. C.I.R., 387 F. 3d 689 (1968); KIUGH V. U.S., 620 F. Supp, 892 (D.S.C. 1985); KATZBERG V. REGENTS OF UNIVERSITY OF CALIFORNIA (2002) 127 Cal. Rptr. 2d 482, 29 Cal. 4th 300, 58 P.3d 339; CONSTITUTIONAL LAW 640; NUDD V. BURROWS (1875), 91 US 426, 23 Led 286, 290, PEOPLE EX REL. BRZICA V. LAKE**



**Insert this side up into time stamper.** *(gray bar here)*

PLEASE COMPLETE THIS FORM AND INCLUDE WITH ANY
PAYMENTS OR DOCUMENTS PLACED IN BOX.
A RECEIPT WILL BE MAILED TO YOU.

**Please write legibly**

Case Number: 21-001100-MER

Name: Noel Lane

Phone Number: (303) 697-0462

Amount Enclosed: $ O

What is payment for: n/a