Exhibit 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................iii – v

STATEMENT OF THE ISSUES..........................................................1

STATEMENT OF THE CASE..............................................................1

    A. The CCI Bankruptcy and Kahn Loan........................................2

    B. Appellant's Vendetta Against Mr. Witt....................................2

    C. The Lane Bankruptcy..............................................................3

    D. The Box Share Agreement......................................................4

    E. The Witt Bankruptcy and Rekon Adversary............................5

    F. The Lane Adversary................................................................6

ARGUMENT.......................................................................................11

    A. Appellant's Notice of Appeal was not Timely.........................11

        1. Appellant did not Timely Appeal the Dismissal Order.........12

        2. Appellant did not Timely Appeal the Sanctions Order or the Order Denying Motion for New Trial............................13

    B. Appellant is Judicially Estopped from Pursuing his Purported Claims Against Mr. Witt..................................................................14

    C. The Bankruptcy Court did not Abuse Its Discretion by Denying the Motion for New Trial.................................................................14

    D. The Bankruptcy Court did not Abuse its Discretion by Entering the Sanctions Order.......................................................................16

## I. STATEMENT OF THE ISSUES

A. Whether the Appellant timely filed his notice of appeal pursuant to Fed.R.Bankr.P. 8002(a)(1).

B. Whether the Bankruptcy Court abused its discretion by denying Appellant's "Request to 1) Stay Results and 2) to Schedule a Reconsideration Hearing Pursuant to 28 U.S.C. 59."

C. Whether the Bankruptcy Court erred by entering sanctions against Appellant for his violations of Rule 9011, Fed.R.Bankr.P.

D. Whether the Bankruptcy Court erroneously dismissed Appellant's 1st – 6th and 9th causes of action under principles of discretionary abstention.

E. Whether the Bankruptcy Court erred in dismissing Appellant's 7th and 8th causes of action for failure to state a claim upon which relief may be granted.

## II. STATEMENT OF THE CASE

As the Bankruptcy Court noted, the case on appeal is "the most recent attempt made by Noel West Lane, III to air his grievances against…Matthew Curtis Witt and a number of other players involved in previous litigation before this Court…" *Appellant Appendix ("Appellant App.")*, pg. 257. Given Appellant Noel West Lane, III's ("Appellant") years long pursuit of Appellee Matthew Witt ("Mr. Witt"), it is necessary to provide a brief history between the parties in order to properly frame this appeal.

1

### A. The CCI Bankruptcy and Kahn Loan

Mr. Witt was the President of Commercial Capital, Inc. ("CCI"). *Id.*, pgs. 171 and 470. CCI was a commercial real estate lender. *Id.*, pg. 426. On approximately November 11, 2005, CCI and David Kahn executed a promissory note in which Mr. Kahn lent CCI $100,000, with interest at 25% per annum (the "Kahn Loan"). *Id.* CCI ultimately defaulted on the Kahn Loan. *Id.* CCI filed for bankruptcy on April 22, 2009. *Id.*, pg. 171. Later in 2009, Mr. Kahn obtained a judgment against Mr. Witt for $207,452 in the District Court for Douglas County, Colorado. *Id.*

In 2012, Mr. Kahn learned a storage unit belonging to Mr. Witt was set for auction. *Id.*, pg. 471. Mr. Kahn purchased the unit in the hopes its contents would assist in his collection efforts against Mr. Witt. *Id.* The contents of the unit included 44 boxes of documents supposedly relating to Mr. Witt's personal and business dealings. *Id.*, pg. 471.

### B. Appellant's Vendetta Against Mr. Witt

In August, 2015, Appellant contacted Mr. Kahn to gauge his interest in entering an agreement to split any recovery from Mr. Witt obtained from documents contained in the 44 boxes. *Id.*

Appellant's interest in the documents arose from alleged claims against CCI and/or Mr. Witt asserting they purportedly defrauded Appellant and/or Appellant's

entities in or around May, 2008. *Id.*, pg. 14. The alleged fraud supposedly forced Appellant into his own personal bankruptcy and caused Appellant's businesses to fail. *Id.*, pgs. 30, 37, and 180. Appellant lays the blame for his financial collapse solely at the feet of Mr. Witt. *Id.*, pgs. 37 and 180. Appellant, however, did not file suit or otherwise obtain a judgment against Mr. Witt with respect to the purported fraud or any other causes of action, nor has ever alleged he has any such liquidated claim. *Id.*, pg. 471. Nevertheless, Appellant has doggedly pursued his personal vendetta against Mr. Witt for years.

C.    **The Lane Bankruptcy**

Appellant filed his own Chapter 7 bankruptcy case on January 14, 2013, case no. 13-10453-HRT (the "Lane Bankruptcy"). *Supplemental Appendix ("Supp. App.")*, pgs. S001 – S014. Appellant failed to list his purported claims against Mr. Witt among his assets. *Id.*, pg. S031.

D.    **The Box Share Agreement**

In February, 2016, Appellant and Mr. Kahn entered into an agreement whereby Mr. Kahn would allow Appellant possession, but not ownership, of the 44 boxes of documents (the "Box Share Agreement"). *Id.* The Box Share Agreement also set forth how the parties would split the proceeds from any recovery from Mr. Witt derived from the documents. *Id.* Appellant took possession of the 44 boxes shortly thereafter. *Id.* Appellant continues to insist the boxes contain evidence of

3

192