**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: <br><br> Matthew Curtis Witt, <br><br>     Debtor. | Case No. 17-17630 MER <br><br> Chapter 7 |
| Noel West Lane, III, <br><br>     Plaintiff, <br><br> v. <br><br> Matthew Curtis Witt, et al. <br><br>     Defendants. | Adversary No. 21-01100 MER |

## ORDER DENYING MOTION TO RECONSIDER

    THIS MATTER comes before the Court on the "Motion to Refile His Timely Filed July 17, 2025 Motion" filed by Plaintiff Noel West Lane, III ("**Lane**"), which the Court deems a Motion to Reconsider.[1]

    On June 6, 2025, Lane filed a Motion to Reopen this adversary proceeding. The Court denied his request by order dated June 24, 2025 ("**June 24 Order**"). Over three weeks later, on July 17, 2025, Lane filed a Motion to File His Notice of Appeal, asking the Court to grant him an extension of time to appeal the June 24 Order and to certify a direct appeal to the Tenth Circuit.[2] The Court denied these requests in an order dated August 1, 2025 ("**August 1 Order**").[3] Lane's Motion to Reconsider argues the August 1 Order was wrongly decided.

    Lane's Motion to Reconsider is governed by Fed. R. Civ. P. 59, made applicable to this contested matter by Fed. R. Bankr. P. 9023. This rule requires the movant to set forth a factual and legal basis warranting reconsideration. Grounds for such a motion include "(1) an intervening change in the controlling law, (2) new evidence previously

---

[1] ECF No. 123.

[2] ECF No. 120.

[3] ECF No. 121.

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[4]  Thus, relief under Rule 59 is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[5]  Motions to reconsider under Rule 59 are regarded with disfavor.[6]  A motion to reconsider should not rehash old arguments already rejected by the Court, or advance new arguments that could have been raised earlier.[7]

Lane's Motion fails to present a change in controlling law, previously unavailable new evidence, or any clear error.  He argues the August 1 Order is wrongly decided because the Court "misread [his] narrative" and failed to review evidence he attached to his original motion, namely purported "email logs."  The Court fully considered Lane's argument that he allegedly did not receive service of the June 24 Order and reviewed "email logs" he attached to his motion.  The Court simply did not find his argument or email logs persuasive given that the Bankruptcy Noticing Center ("BNC") has filed Certificates of Mailing in this proceeding showing it emailed every order entered in this case—including the June 24 Order—to Lane at the same email address, lane3co@outlook.com.[8]  Lane admits he specifically requested BNC provide email service to him at this email address and that he has received copies of other orders from BNC at that address.   His screen shots showing he searched for past emails sent by BNC to an account called lane3co@hotmail.com do not establish the BNC somehow failed to email the June 24 Order to Lane at lane3co@outlook.com.  Accordingly, it is hereby.

ORDERED that the Motion to Reconsider is DENIED.

Dated: June 24, 2025.                                            BY THE COURT:

                                                                              Michael E. Romero, Judge
                                                                              United States Bankruptcy Court

---

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5] *Id*.

[6] *Kerber v. Qwest Group Life Ins. Plan*, 727 F.Supp.2d 1076, 1077 (D. Colo. 2010).

[7] *Servants of Paraclete v. Does*, 204 F.3d at 1012; *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.").

[8] ECF Nos. 28, 42, 66, 69, 77, 81, 90, 93, 96, 104, 107, 116, 119, 122.