**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Matthew Curtis Witt,<br><br>Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |
| Noel West Lane, III,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Curtis Witt, et al.<br><br>Defendants. | Adversary No. 21-01100 MER |

**ORDER DENYING MOTION TO REOPEN**

THIS MATTER comes before the Court on the Motion to Reopen Adversary Proceeding Under 11 U.S.C. § 350(b) filed by the Plaintiff Noel West Lane, III ("**Lane**") on August 11, 2026 ("**Second Motion to Reopen**").[1]

Lane filed his original complaint in this adversary proceeding on May 4, 2021, asserting nine claims against various parties, including the Debtor, Matthew Witt ("**Debtor**"). Lane's claims center on allegations of the destruction, or involvement in the destruction, of 44 boxes of "evidence" (the "**Boxes**").[2] On January 10, 2022, this Court entered its "**Corrected Order**" dismissing Lane's complaint. In that Corrected Order, the Court dismissed two of Lane's claims for failure to state a claim upon which relief can be granted and dismissed the other seven claims based on lack of jurisdiction or, in the alternative, if jurisdiction existed, based on discretionary abstention.[3] On April 15, 2022, the Court denied Lane's motion to reconsider the Corrected Order.[4] On March 9, 2022, the Court entered an Order imposing sanctions on Lane (the "**Sanctions Order**").[5] In the Sanctions Order, the Court noted that it had previously warned Lane that this was not the appropriate forum for adjudicating disputes relating to the Boxes.

[1] ECF No. 150.

[2] See ECF No. 76.

[3] ECF No. 76, at 9.

[4] ECF No. 95.

[5] ECF No. 89.

Still, Lane nevertheless filed his complaint based on those precise disputes. Lane appealed both the Sanctions Order and the Corrected Order, but his appeal was unsuccessful.

Two months after losing on appeal, on June 6, 2025, Lane filed his first motion to reopen this adversary proceeding ("**First Motion to Reopen**").[6] In that Motion, Lane argued he has new evidence of "manifest fraud" committed by other parties and that this Court committed various errors in its Corrected Order. The Court denied the First Motion to Reopen, concluding that Lane was either rehashing old arguments or presenting arguments he made or should have made in his appeal. Lane then filed another unsuccessful appeal.

In his Second Motion to Reopen, Lane once again seeks to reopen this adversary proceeding. As authority for reopening, Lane cites 11 U.S.C. § 350(b). That section, however, applies to requests to reopen a main bankruptcy case and is inapplicable to adversary proceedings.[7] In substance, Lane appears to be asking for relief from the Corrected Order under Fed. R. Civ. P. 60(b), made applicable to this proceeding by Fed. R. Bankr. P. 9024. Lane does not specify the subsection of Rule 60(b) on which he relies. The only grounds Lane asserts for setting aside the Corrected Order are that "the Court identified seven of nine issues as triable in another forum" and that those issues "were not adjudicated on the merits" and he seeks to "proceed on the merits of the unresolved claims."[8]

Lane misstates the holding of the Corrected Order. That Order determined that this Court lacked "related to" jurisdiction over the seven claims and, even if "related to" jurisdiction existed over those claims, discretionary abstention was warranted given that the claims were based purely on state law and had no impact on the Debtor's main bankruptcy case. The fact that Lane has apparently failed to resolve the seven claims in any other forum does not change this Court's conclusion about dismissal for lack of jurisdiction or abstention. This is especially true now because the Debtor's main bankruptcy case has been closed for over four years. Furthermore, Lane has already had an opportunity to seek reconsideration of the Corrected Order and to appeal it, and those attempts were unsuccessful. Lane provides no legitimate grounds to seek further reconsideration of the Corrected Order.

Lane's repeated attempts to continue litigation about the Boxes in this forum border on frivolous and an abuse of the judicial process. If Lane continues his attempts to revisit the Corrected Order or to seek relief related to the Boxes, the Court will consider the imposition of sanctions. Accordingly, the Court hereby

---

[6] ECF No. 117.

[7] *See Andover Senior Care, LLC v. Called To Care Investments Kansas, LLC (In re Andover Senior Care, LLC)*, 2024 WL 1144425, at *16 (Bankr. D. Kan. March 14, 2024)

[8] ECF No. 150, ¶ 1-2.

ORDERS that the Motion is DENIED.

Dated: August 24, 2026.

BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court